UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER MCCROBIE

                                 Plaintiff,

v.                                                         Civil Action No. _____

PALISADES ACQUISITION XVI, LLC AND
HOUSLANGER & ASSOCIATES, PLLC.

                                 Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Christopher McCrobie, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Palisades Acquisition XVI, LLC, ("Palisades") is a foreign limited liability company organized and existing under the laws of the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Palisades Acquisition XVI, LLC regularly attempts to collect debts alleged to be due another.

7. Defendant, Houslanger & Associates, PLLC is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Houslanger & Associates, PLLC regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a credit card debt to Providian Financial. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter allegedly defaulted on the subject debt.

14. That sometime after the alleged default, Providian Financial assigned the subject debt to Centurion Capital Corporation

15. That Centurion Capital Corporation filed an action against the Plaintiff in Buffalo City Court in or about August 6, 2006.

16. That Centurion Capital Corporation obtained a default judgment against the Plaintiff in said court on or about March, 2007.

17. That on or before October, 2014, Palisades retained the services of Houslanger & Associates to proceed with post judgment enforcement against the Plaintiff on the Centurion Capital Corporation judgment

18. That on or about October 7, 2014, Houslanger & Associates forwarded an income execution on behalf of Palisades to Plaintiff's place of employment pursuant to the judgment obtained in the City Court for the City of Buffalo in favor of Centurion Capital Corporation.

19. That prior to the Plaintiff's employer receiving the aforementioned income execution, no assignment was filed in the City Court of Buffalo by Centurion Capital Corporation as judgment creditor to Defendant Palisades.

20. That prior to the Plaintiff's employer receiving the aforementioned income execution, Plaintiff was never provided of any notice of an assignment of the Centurion Capital Corporation judgment to Defendant Palisades.

21. That Defendant Palisades had no legal right to restrain and garnish Plaintiff's wages.

22. At all times relevant herein, Houslanger & Associates was Palisades's agent-in-fact.

23. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9), U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1), 15 U.S.C. §1692f(5) and 15 U.S.C. §1692f(6) by sending an income execution to Plaintiff's place of employment when they were not the proper judgment creditor.

    B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f (1), 15 U.S.C. §1692f(1), 15 U.S.C. §1692f (5) and 15 U.S.C. §1692f(6) by improperly trying to garnish Plaintiff's wages.

26. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 6, 2014

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com