Case 1:15-cv-00019-JTC Document 7-3 Filed 05/19/15 Page 1 of 8
Case 1:14-cv-00425-JTC Document 3 Filed 06/04/14 Page 1 of 2

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | |
|---|---|
| ALISA A. ARGENTERI f/k/a ALISA A. ZAK <br> *Plaintiff* <br> v. <br> CREDIGY RECEIVABLES INC. and <br> HOUSLANGER & ASSOCIATES, PLLC <br> *Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. 14-CV-425 - C |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CREDIGY RECEIVABLES INC.
2877 PARADISE ROAD - #303
LAS VEGAS, NEVADA 89109

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: The Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Avenue, Suite 1A
Amherst, New York, 14226
(716)564-3288

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 6/4/2014

CLERK OF COURT

*[signature]*

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print   Save As...   Reset

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

ALISA A. ARGENTERI f/k/a ALISA A. ZAK )
)
*Plaintiff* )
)
v. ) Civil Action No. 14-CV-425 - C
CREDIGY RECEIVABLES INC. and )
HOUSLANGER & ASSOCIATES, PLLC )
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* HOUSLANGER & ASSOCIATES, PLLC
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: The Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Avenue, Suite 1A
Amherst, New York, 14226
(716)564-3288

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 6/4/2014

*Signature of Clerk or Deputy Clerk*

Case 1:14-cv-00425-JTC Document 3-1 Filed 05/19/15 Page 4 of 8
Case 1:14-cv-00425-JTC Document 3-1 Filed 06/04/14 Page 2 of 2

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALISA A. ARGENTERI f/k/a ALISA A. ZAK

                              Plaintiff,

v.                                                   Civil Action No. _____

CREDIGY RECEIVABLES, INC AND
HOUSLANGER & ASSOCIATES, PLLC.

                              Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Alisa A. Argenteri f/k/a Alisa A. Zak, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Credigy Receivables, Inc, ("Credigy") is a foreign limited liability company organized and existing under the laws of the State of Nevada and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Credigy Receivables, Inc, regularly attempts to collect debts alleged to be due another.

1

7. Defendant, Houslanger & Associates, PLLC is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Houslanger & Associates, PLLC regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a Visa credit card debt to First Select Corporation. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That First Select Corporation filed an action against the Plaintiff in Buffalo City Court in or about July 29, 1999.

15. That First Select Corporation obtained a default judgment against the Plaintiff in said court on or about December 8, 1999.

16. That on or before April, 2014, Credigy retained the services of Houslanger & Associates to proceed with post judgment enforcement against the Plaintiffs on First Select Corporation's judgment against the Plaintiff.

17. That on or about April 22, 2014, Houslanger & Associates forwarded a restraining notice and information subpoena on behalf of Credigy to Plaintiff's financial institution pursuant to the judgment obtained in the City Court for the City of Buffalo in favor of First Select Corporation.

18. That on or about April29, 2014, Key Bank, Plaintiff's bank, forwarded a notice to Plaintiff, Alisa Argenteri indicating that her checking account has been restrained by Defendant Houslanger & Associates.

19. That prior to the Plaintiff's account being restrained, no assignment was filed in the City Court of Buffalo by First Select Corporation as judgment creditor to Defendant Credigy.

20. That prior to the Plaintiff's account being restrained, Plaintiff was never provided of any notice of an assignment of the First Select Corporation judgment to Defendant Credigy.

21. That Defendant Credigy had no legal right to restrain Plaintiff's bank account.

22. At all times relevant herein, Houslanger & Associates was Credigy's agent-in-fact.

23. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9), U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1), 15 U.S.C. §1692f(5) and 15 U.S.C. §1692f(6) by sending an improper restraining notice and information subpoena to Plaintiff's bank when they were not the proper judgment creditor.

    B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f (1), 15 U.S.C. §1692f(1), 15 U.S.C. §1692f (5) and 15 U.S.C. §1692f(6) by improperly restraining Plaintiff's bank account.

26. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

3

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 2, 2014

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com