BUFFALO CITY COURT

STATE OF NEW YORK

---

First Select Corporation

           Plaintiff

vs.

Alisa A. Zak, et. al.,

           Defendant

---

INDEX NO: 12147

ASSIGNMENT OF JUDGMENT

THIS INDENTURE, made this 27th day of December, 2002 between First Select Corporation (the "Assignor"), 5040 Johnson Drive, Pleasanton, CA 94588, and Credigy Receivables Inc. (the "Assignee"), 2877 Paradise Road, Suite 303, Las Vegas, NV 89109.

WHEREAS, Judgment was entered in the above referenced Court in favor of First Select Corporation, and against Alisa A. Zak in the sum of $4,942.03 plus interest on November 9, 1999 and was recorded under Instrument Number 200002140157 in the Erie County Clerk's office; and

WHEREAS, the Assignee is now the owner of said Judgment,

NOW THEREFORE WITNESSETH, that the Assignor, in consideration of $10.00 received and duly paid and other good and valuable consideration has sold, assigned and transferred and by these presents hereby sells, assigns and transfers to the Assignee, the said Judgment and all monies that may be had or obtained by means thereof, or upon any proceedings to be had thereupon. The assignee has the right to take all lawful proceedings for the recovery of the money due or to become due on said Judgment; and upon payment, to acknowledge satisfaction or discharge the same. The Assignor hereby covenants that there is now due on the Judgment the sum of $0.00, including interest and that the Assignor will not collect or receive the same or any part thereof nor release or discharge said Judgment, but will allow all lawful proceedings therein to be taken by the Assignee; and that Sharinn & Lipshie, PC, is no longer retained as attorney for plaintiff.

IN WITNESS WHEREOF, this assignment has been duly executed by the Assignor and Assignee the day and year first above written.

**First Select Corporation, Assignor**

By: Credigy Receivables Inc., Assignee as
Attorney in Fact for First Select Corporation

BY: _____
Scott Loynd
Vice President
Credigy Receivables Inc.
See Exhibit "A"

Dated: 7-11-14

**Credigy Receivables Inc., Assignee**

BY: _____
Scott Loynd
Vice President
Credigy Receivables Inc.

Dated: 7-11-14

STATE OF GEORGIA      )
                      ) SS:
COUNTY OF GWINNETT    )

The foregoing instrument was sworn to and subscribed before me this 11th day of July, 2014 by Scott Loynd, Vice President, personally known to me to be the individual whose name is subscribed to the within instrument.

_____
NOTARY PUBLIC
My Commission expires 11/18/2019

Chrystal M. Jackson
Notary Public
Gwinnett County, Georgia
My Commission Expires 11/18/2019

CITY COURT
CITY OF BUFFALO

#31291S

COURT INDEX # 12147/99

**JUDGMENT**

FIRST SELECT CORPORATION
        PLAINTIFF
   AGAINST
ALISA A ZAK
VICTOR ARGENTIERI
        DEFENDANT(S)

FILE NO. PNB06776
ACCT NO. 4168100001303690
CLIENT NO. VISA

AMT CLAIMED IN COMP LESS PMTS ON ACCT $.00
ATTORNEY'S FEES ALLOWED
INTEREST FROM April 13, 1999

$4,599.73
$250.00 *waived ml*
$222.30

| | TOTAL |
|---|---|
| COSTS BY STATUTE | $20.00 |
| SERVICE OF SUMMONS AND COMPLAINT | $25.00 |
| FILING OF SUMMONS AND COMPLAINT | $35.00 |
| PROSPECTIVE EXECUTION FEE | $25.00 |
| TRANSCRIPT & DOCKETING | $15.00 |

$5,072.03 (crossed out)
$4,822.03 *ml*

Total   $120.00

$5,192.03 (crossed out)
$4,922.03 *ml*
$4942.03

STATE OF NEW YORK, COUNTY OF NASSAU:
   The undersigned, and attorney admitted to practice in the State of New York, associated with attorneys for plaintiff, under penalties of perjury, affirms the following to be true: The disbursements specified above have been or will necessarily be made or incurred and are reasonable in amount.
   Defendant(s) have failed to appear, answer or move, and the time to do so has expired. Plaintiff is entitled to a judgment by default. That the attorneys for plaintiff are not employees of plaintiff but are outside counsel. That any attorneys fees were duly fixed and allowed by this court. With respect to any defendants not included in the judgment, deponent desires to sever the action against them under CPLR Section 3215. Deponent deposited a copy of the Summons in separate post-paid envelopes in an official depository of the U.S. Postal Service in Garden City, New York addressed to each defaulting defendant's actual residence address, business address where actual address is unknown or last known residence address set below, on the following dates respectively: September 12, 1999  Each envelope bore the legend "Personal and Confidential" not indicating that it was from an attorney or concerned an alleged debt. Pursuant to affidavits of service on file herein, deponent alleges that defendants are not in military services.
October 26, 1999

JOSEPH A MORRONE, JR.
SHARINN & LIPSHIE, P.C.
200 GARDEN CITY PLAZA, #506
GARDEN CITY, NY 11530

Judgment Entered On: **NOV 09 1999**

   Adjudged that FIRST SELECT CORPORATION   plaintiff, residing at 5040 JOHNSON DRIVE PLEASANTON, CA 94588
Recover of ALISA A ZAK and VICTOR ARGENTIERI residing at 124 DAVEY ST BUFFALO NY 14206-1416 the sum of $4,849.73 with interest of $222.30 making a total of $5,072.03 together with $120.00 costs and disbursements, amounting in all to $5,192.03 and that plaintiff have execution therefore.

$4,599.73 *ml*   $4,922.03 *ml*   $4,822.03 *ml*
                                 $4942.03

CLERK

EXHIBIT "A"

## POWER OF ATTORNEY – PURCHASE AND SALE AGREEMENT

(a) First Select, Corp., a Delaware corporation ("<u>Seller</u>"), hereby irrevocably constitutes and appoints Credigy Receivables, Inc., a Nevada corporation ("<u>Attorney</u>'"), with full power of substitution, acting through any officer, employee or agent appointed by Attorney, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Seller and in its own name, or, if specifically authorized below, in the name of Seller, from time to time, for the purpose of carrying out the terms of that certain Purchase and Sale Agreement, dated as of December 27, 2002, by and between Seller and Attorney as Purchaser thereunder (collectively the "<u>Agreement</u>"; capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement) to take any and all appropriate action to accomplish, and to execute and deliver any and all documents and instruments which may be necessary or desirable to accomplish, the purposes of the Agreement; and, without limiting the generality of the foregoing, Seller hereby grants to Attorney, the power and right, at any time, to do the following:

(i) in the name of Seller or in its own name, endorse Seller's name upon any checks, drafts, notes, acceptances, money orders and other remittances received by Seller or Purchaser on account of the Acquired Assets;

(ii) in Attorney's own name, direct any party liable for any payment under or in respect of any of the Acquired Assets to make payment of any and all monies due or to become due thereunder, directly to Attorney or Purchaser or as Attorney shall direct;

(iii) in Attorney own-name, in sign and endorse any invoices express bills, drafts against debtors, assignments, verifications, and notices in connection with accounts and other documents constituting or related to the Acquired Assets;

(iv) in Attorney's own name, settle, compromise or adjust any suit, action, or proceeding described above and, in connection therewith, give such discharges or releases as Attorney may deem appropriate;

(v) in Attorney's own name, file any claim or take or commence any other action or proceeding in any court of law-or equity-or otherwise deemed appropriate by Attorney for the purpose of collecting any and all such monies due under the Acquired Assets whenever payable;

(vi) in Attorney's own name, commence and prosecute any suits, actions or proceedings of law or equity in any court of competent jurisdiction to enforce any other right in respect of the Acquired Assets;

(vii) in Attorney own name, defend any suit, action or proceeding brought against Seller with respect to the Acquired Assets if Seller does not defend such suit, action or proceeding or if Attorney believes that Seller is not pursuing such defense in a manner that will maximize the recovery with respect to the Acquired Assets; and

*Power of Attorney (Agreement)*

1

(viii) (A) in Seller's name (provided Attorney's status as attorney-in-fact is disclosed) or in Attorney's own name, execute such documents as are necessary or desirable to:
(1) assign Seller's right, title and interest in and to judgments relating to the Accounts;
(2) substitute Purchaser for Seller as plaintiff in any litigation or bankruptcy proceeding or;
(3) assign Seller's right, title and interest in Accounts subject to consumer credit counseling service agreements, and

(B) in Attorney's own name, execute such pleadings, instruments, assignments, bills, receipts, affidavits, certifications and other documents as Attorney deems necessary to effectuate the full transfer of the Acquired Assets to Purchaser or to assist in the enforcement or collection of any Acquired Asset; and

(b) Seller hereby authorizes Attorney shall lawfully, and in accordance with the Agreement, do or cause to be done by virtue hereof and waives notice of presentment, protest and dishonor of any instrument endorsed by Attorney pursuant to this Power of Attorney or in connection with the transactions contemplated by the Agreement. The power of attorney granted pursuant to this Power of Attorney is a power coupled with an interest and shall be irrevocable for a period commencing on-the Servicing Transfer Date and ending twenty-four (24) months thereafter.

(c) The powers conferred on Attorney hereunder are solely to protect Purchaser's interests in the Acquired Assets and shall not impose any duty upon it to exercise any such powers. Attorney shall not be responsible to Seller for any act taken in good faith and with due care to protect Purchaser's interest, or any failure to take such action.

(d) Notwithstanding any other provisions herein, this Power of Attorney is subject to the terms and conditions of the Agreement.

IN WITNESS WHEREOF, the undersigned has executed this Power of Attorney this of December 30Th, 2002.

**FIRST SELECT, CORP.**

By: _[signature]_
Name: Anthony Vuoto
Title: Chief Financial Officer

40576533.2

*Power of Attorney (Agreement)*

2

## Bill of Sale

First Select, Inc., for value received and in accordance with the terms of the Purchase and Sale Agreement between First Select, Inc. and Credigy Receivables Inc. ("PURCHASER"), dated as of December 27, 2002 (the "Agreement"), does hereby sell, assign and transfer to PURCHASER, its successors and assigns, all right, title and interest in and to the Acquired Assets, without recourse and without representation or warranty, including without limitation relating to collectibility, except to the extent of any representations or warranties expressly stated in the Agreement.

Executed on _Dec. 30, 2002_

FIRST SELECT, INC.

By _[signature]_
Print Name _Joseph Saunders_
Title _____