UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER MCCROBIE,

                              Plaintiff,

        -against-

PALISADES ACQUISITION XVI, LLC
AND HOUSLANGER & ASSOCIATES, PLLC
AND TODD HOUSLANGER

                              Defendants.

Civil Action No. 15-cv-00018-JTC

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Warshaw Burstein, LLP
Scott E. Wortman, Esq.
555 Fifth Avenue
New York, NY 10017
Direct Dial: (212) 984-7723
E-mail: swortman@wbcsk.com

Attorneys for Defendants

{897814.1 }

# TABLE OF CONTENTS

**Section**

Preliminary Statement ........................................................................................................1

Statement of Facts ............................................................................................................2
      The Underlying State Court Lawsuit .................................................................3

Standard of Review ..........................................................................................................4
      The FDCPA........................................................................................................5

**Point I**: Plaintiff's Claims are Time Barred by the Applicable Statute of Limitations ...................6

**Point II:** NY CPLR 5019(C) does not Require an Assignments to be Recorded in Order for an Assignment to be Deemed Valid........................................................................................9

**Point III:** Plaintiff's Implication that Defendants Lack Standing does not Rise to the Level of a Material Statement Under the FDCPA .........................................................................13

**Point IV:** The Rooker-Feldman Doctrine Bars Plaintiff's Collateral Attack on the State Court Judgment ...................................................................................................................14

**Point V:** The Doctrine of Abstention Precludes Plaintiff from Re-Litigating Issues in the Instant Court that could have been Raised in the Intertwined State Court Matter.......................................16

**Point VI:** All Allegations Against Todd Houslanger in his Individual Capacity Must be Dismissed ........................................................................................................................17

**Point VII:** Mere Recitations of the Elements of Various FDCPA Claims are Insufficient to Withstand a Motion for Failure to State a Claim ........................................................19

**Point VIII:** Since Plaintiff has Failed to State a Claim under the FDCPA, the Court Should Choose to Decline to Exercise Jurisdiction over Plaintiff's State Law Claim................................21

Conclusion ......................................................................................................................24

# TABLE OF AUTHORITIES

**Federal Cases**

Adv. Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ............................... 11

Allison v. Whitman & Meyers, L.L.C., No. 13-CV-696-JTC, 2015 U.S. Dist. LEXIS 24050 (W.D.N.Y. Feb. 25, 2015) ....................................................................................................................... 18

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ............................................................................... 5

Ashcroft v. Iqbal, 129 S. Ct. 1937, 556 U.S. 662, 173 L. Ed. 2d 868 (2009) ............................... 4

Atuahene v. City of Hartford, 10 F. App'x 33 (2d Cir. 2001) ...................................................... 20

Avgerinos v. Palmyra-Macedon Cent. Sch. Dist., 690 F. Supp. 2d 115 (W.D.N.Y. 2010) ......................... 4

Bank of N.Y. Mellon v. Sakala, No. CV. NO. 11-00618 DAE-BMK (Foreclosure), 2012 U.S. Dist. LEXIS 57343, 2012 WL 1424665 (D. Haw. Apr. 24, 2012) .................................................................. 12

Banque Arabe et Internationale D'Investissement v. Bulk Oil, Inc., 726 F. Supp. 1411 (S.D.N.Y. 1989) ... 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................... 4, 5

Birch v. Pioneer Credit Recovery, Inc., 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007) ........... 21

Bullock v. Credit Bureau of Greater Indianapolis, 272 F. Supp. 2d 780 (S.D. Ind. 2003) ........................ 15

Cal. Pub. Emples.' Ret. Sys. v. N.Y. Stock Exch., Inc. (In re NYSE Specialists Sec. Litig.), 503 F.3d 89 (2d Cir. 2007) ....................................................................................................................... 19

Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340 (E.D.N.Y. 2010) .............. 16

Church of Holy Trinity v. United States, 143 U.S. 457, 12 S. Ct. 511, 36 L. Ed. 226 (1892) ................... 12

Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976) .......................................... 16, 17

DirecTV, Inc. v. Rowland, No. 04-CV-297S, 2005 U.S. Dist. LEXIS 2454, 2005 WL 189722 (W.D.N.Y. Jan. 22, 2005) ................................................................................................................... 22

Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2009) ...................................................... 13

Eckhaus v. Blauner, No. 94 Civ. 5635 (CSH), 1997 U.S. Dist. LEXIS 9043, 1997 WL 362166 (S.D.N.Y. June 25, 1997) ................................................................................................................... 10

Gabriele v. Am. Home Mortg. Servicing, 503 F. App'x 89, No. 12-985-cv, 2012 U.S. App. LEXIS 24478, 2012 WL 5908601 (2d Cir. Nov. 27, 2012) ............................................................................. 13

Gomez v. Pfizer, Inc., 675 F. Supp. 2d 1159 (S.D. Fla. 2009) ...................................................... 20

Gregory v. Daly, 243 F.3d 687 (2d Cir. 2001) ....................................................................... 17

Hahn v. Triumph P'ships L.L.C., 557 F.3d 755 (7th Cir. 2009) ...................................................... 14

Harold v. Steel, 773 F.3d 884 (7th Cir. 2014) ....................................................................... 15

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ............................................................................. 4

Hasbrouck v. Arrow Fin. Servs. L.L.C., No. 1:09-CV-748, 2011 U.S. Dist. LEXIS 53928 (N.D.N.Y. May 19, 2011) ....................................................................................................................... 13

Hayrioglu v. Granite Capital Funding, L.L.C., 794 F. Supp. 2d 405 (E.D.N.Y. 2011) ............................. 21

In re Merrill Lynch Ltd., 7 F. Supp. 2d 256 (S.D.N.Y. 1997) ...................................................... 8

In re Schubert, No. 91 Civ. 7423 (RLC), 1992 U.S. Dist. LEXIS 6891, 1992 WL 112351 (S.D.N.Y. May 13, 1992) ........................................................................................................................................ 10

Kelley v. Med-1 Solutions, L.L.C., 548 F.3d 600 (7th Cir. 2008) ............................................... 14

Klein v. Solomon & Solomon, P.C., No. 3:10cv1800 (WWE), 2011 U.S. Dist. LEXIS 127606 (D. Conn. Oct. 27, 2011) ......................................................................................................................... 13

Lane v. Fein, Such & Crane, L.L.P., 767 F. Supp. 2d 382 (E.D.N.Y. 2011) .............................. 13

Lanza v. Merrill Lynch & Co., 154 F.3d 56 (2d Cir. 1998) ........................................................... 8

Law Research Serv., Inc. v. Martin Lutz Appellate Printers, Inc., 498 F.2d 836 (2d Cir. 1974) ............... 10

Lindbergh v. Transworld Sys., 846 F. Supp. 175 (D. Conn. 1994) .............................................. 12

Litle v. Arab Bank, Public Ltd., 507 F. Supp. 2d 267 (E.D.N.Y. 2007) ....................................... 7

Majerowitz v. Stephen Einstein & Assocs., No. 12 Civ. 4592 (ILG) (RLM), 2013 U.S. Dist. LEXIS 115664, 2013 WL 4432240 (E.D.N.Y. Aug. 15, 2013) ................................................................. 12

McKithen v. Brown, 626 F.3d 143 (2d Cir. 2010) ....................................................................... 15

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ........................................................................................................................................ 16

Musah v. Houslanger & Assocs., P.L.L.C., 962 F. Supp. 2d 636, No. 12 Civ. 3207, 2013 U.S. Dist. LEXIS 121152, 2013 WL 4516786 (S.D.N.Y. Aug. 17, 2013) ..................................................... 9, 23

Musah v. Houslanger & Assocs., P.L.L.C., No. 12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y. Nov. 16, 2012) ....................................................................................................................... 9

New York v. Hendrickson Bros., 840 F.2d 1065 (2d Cir. 1988) ................................................... 8

Niagara Mohawk Power Corp. v. Black River, 673 F.3d 84 (2d Cir. 2012) ......................... 16, 17

Ochre L.L.C. v. Rockwell, No. 12 CIV. 2837 (KBF), 2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012) ........................................................................................................................................ 20

Okyere v. Palisades Collection, L.L.C., 961 F. Supp. 2d 508 (S.D.N.Y. 2013) ......................... 23

Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002) ............................................................. 7

Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057 (7th Cir. 2000) ................... 18

Rhulen Agency, Inc. v. Alabama, 896 F.2d 674 (2d Cir. 1990) .................................................. 14

Richardson v. AllianceOne Receivables Mgmt., No. 03 Civ. 5519 (DLC), 2004 U.S. Dist. LEXIS 6943 (S.D.N.Y. Apr. 23, 2004) .......................................................................................................... 11

Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256 (2d Cir. 1995) ..................................... 21

Sheehy v. New Century Mortg. Corp., 690 F. Supp. 2d 51 (E.D.N.Y. 2010) ............................. 22

Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995) ........................................................................ 20

Spagnola v. Chubb Corp., 574 F.3d 64 (2d Cir. 2009) ............................................................... 21

Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406 (2d Cir. 2008) ............................................ 6

Strobel v. RJM Acqs. L.L.C., No. 13-CV-2467(JS)(AKT), 2014 U.S. Dist. LEXIS 14936 (E.D.N.Y. Feb. 6, 2014) ........................................................................................................................................ 10

United Republic Ins. Co. v. Chase Manhattan Bank, 315 F.3d 168 (2d Cir. 2003) ................... 14

United States v. Eilberg, 507 F. Supp. 267 (E.D. Pa. 1980) ........................................................ 8

Wade v. Rosenthal, No. CV-11-5672 (FB)(VVP), 2012 U.S. Dist. LEXIS 123182 (E.D.N.Y. Aug. 29, 2012) ........................................................................................................................................... 7

Wahl v. Midland, 556 F.3d 643 (7th Cir. 2009) ............................................................................. 14

Wallace v. Wash., 683 F.3d 323 (6th Cir. 2012) ........................................................................... 14

Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-cv-1111 (SRU), 2012 U.S. Dist. LEXIS 136408 (D. Conn. Sept. 24, 2012) .................................................................................................. 14

Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012) ................................................ 14

Wayee v. Recovery's Unlimited, Inc., No. 09 Civ. 3809 (AKH), 2009 U.S. Dist. LEXIS 96087 (S.D.N.Y. Oct. 15, 2009) .............................................................................................................................. 12

White v. Goodman, 200 F.3d 1016 (7th Cir. 2000) ...................................................................... 17

Woodford v. Action Agency, 239 F.3d 517 (2d Cir. 2001) ........................................................... 16


**Federal Statutes**

15 U.S.C. § 5 (2012) ...................................................................................................................... 9

15 U.S.C. § 349 (2012) ............................................................................................................ 21, 22

15 U.S.C. § 1692 (2012) ................................................................................................................. 1

15 U.S.C. § 1692e (2012) ........................................................................................................ 12, 13

15 U.S.C. § 1692(e) (2012) ............................................................................................................ 6

15 U.S.C. § 1692a(6) (2012) ........................................................................................................ 19

15 U.S.C. § 1692e(3) (2012) .......................................................................................................... 9

15 U.S.C. § 1692e(9) (2012) ........................................................................................................ 19

15 U.S.C. § 1692f(5) (2012) ......................................................................................................... 19

15 U.S.C. § 1692f(6) (2012) ......................................................................................................... 19

15 U.S.C. § 1692g(a) (2012) ......................................................................................................... 11

15 U.S.C. § 1692k(d) (2012) ...................................................................................................... 6, 8

15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, 1692f(1), 1692f(5), 1692f(6) (2012) ........................................................................................................................................ 1, 12, 13

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 5

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 14

Fed. R. Civ. P. 12(h)(3) ................................................................................................................ 14


**State Court Opinions**

Centurion Capital Corp. v. Guarino, 38 Misc. 3d 1216  .............................................................. 23

Colonial Credit Corp. v. Beyers, 46 Misc. 3d 1221 ..................................................................... 23

Fleet Mech. Serv. Corp. v. Romaz Props., 54 A.D.3d 995 (2d Dep't 2008) ............................... 22

In re Rouss, 221 N.Y. 81, 116 N.E. 782 (1917) ........................................................................... 12

Ladino v. Bank of Am., 52 A.D.3d 571 (2d Dep't 2008) ............................................................. 22

Landau, P.C. v. LaRossa, Mitchell & Ross, 11 N.Y.3d 8, 892 N.E. 380, 862 N.Y.S.2d 316 (2008) ......... 11

N.Y. Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) .................................................. 22

Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999) .................................................. 22

**State Statutes**

N.Y. C.P.L.R. 3025 ...................................................................................................................... 11

N.Y. C.P.L.R. 5019 ...................................................................................................................... 10

N.Y. C.P.L.R. 5019(C) .................................................................................................................. 9

N.Y. C.P.L.R. 5019(c) ........................................................................................................ 2, 3, 4, 10

N.Y. Gen. Bus. Law § 349 ........................................................................................................ 1, 21

**Other**

16 C.F.R. pt. 349 (2014) ............................................................................................................... 22

16 C.F.R. pt. 600 (2014) ............................................................................................................... 22

John F. Manning, The Absurdity Doctrine, 116 Harv. L. Rev. 2387 (2003) ............................................. 12

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants Palisades Acquisition XVI, LLC ("Palisades"), Houslanger & Associates, PLLC ("Houslanger & Associates") and Todd Houslanger (collectively, "defendants"), in support of their motion to dismiss plaintiff's amended complaint (hereinafter "complaint") pursuant to Fed R. Civ. P. §§ 12(b)(6) and 12(b)(1). The complaint asserts claims against the defendants under the Fair Debt collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA" or "the Act"), specifically alleging that defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, 1692f(1), 1692f(5) and 1692f(6). Additionally, plaintiff alleges that defendants violated N.Y. Gen. Bus. Law § 349 ("GBL").

In this action, plaintiff attempts to conjure legal conclusions merely through the naming of statutes without attaching substance. In fact, plaintiff's entire basis for this lawsuit is a shot in the dark conclusion that Palisades is not the proper judgment creditor, thereby reaching a self-serving non-judicial determination that defendants, as a joint and inseverable group, do not have the legal right to enforce a valid judgment currently entered in state court against Plaintiff.[1] Plaintiff supports this uninformed and ill-conceived legal conclusion as against all defendants on **(1)** informal email correspondence and attachments consisting of confidential settlement dialogue between the parties,[2] and **(2)** plaintiff's reliance on his own attorneys as expert witnesses, speaking to their "years of knowledge on the part of plaintiff's attorneys as to the inner working of the practices of third party debt buyers…"[3]

As a threshold matter, the entire complaint against the defendants must be dismissed because plaintiff's factual allegations do not plausibly suggest an entitlement to relief under the FDCPA or GBL. Furthermore, defendants respectfully submit that plaintiff's complaint should be dismissed as against the defendants due to the following: **(1)** plaintiff's claims are time barred by the applicable statute of

---

[1] See Plaintiff's Complaint, ¶ 39.
[2] Id., Complaint Exhibit A-B.
[3] Id., ¶ 37.

limitations; **(2)** N.Y.C.P.L.R. § 5019(c) does not require an assignments to be recorded in order for an assignment to be deemed valid; **(3)** plaintiff's implications that defendants lack standing do not rise to the level of a material statement under the FDCPA; **(4)** the Rooker-Feldman doctrine bars plaintiff's collateral attack on the state court judgment; **(5)** the doctrine of Abstention precludes Plaintiff from re-litigating issues in the instant Court that could have been raised in the intertwined state court matter; **(6)** plaintiff does not even attempt to demonstrate a basis for piercing the corporate veil, and thus all allegations against Todd Houslanger in his individual capacity must be dismissed; **(7)** mere recitations of the elements of various FDCPA claims are insufficient to withstand a motion for failure to state a claim; and **(8)** since plaintiff has failed to state a claim under the FDCPA, the Court should choose to decline to exercise jurisdiction over plaintiff's state law claim.

## <u>STATEMENT OF FACTS</u>

Plaintiff is a defendant and judgment debtor in a state court matter (Buffalo City Court, CV-007295-06/BU) that was brought to recover amounts due on a debt that was not timely paid.[4] Judgment on plaintiff's debt was originally obtained in favor of predecessor assignor Centurion Capital Corporation against Plaintiff on or about March 8, 2007.[5] Defendant Palisades purchased the judgment against Plaintiff and is the valid assignee and current owner of plaintiff's debt.[6] Palisades is a company that is alleged to be in the business of attempting to collect debts.[7] Defendant Houslanger & Associates is a law firm allegedly specializing in collections and is Palisades' attorney

---

[4] Id., ¶¶ 4,12, 14.
[5] Id., ¶ 18.
[6] Id., at Complaint Exhibits A-B. *In defendants' view, the informal email correspondence and attachments (at Complaint Exhibit A-B) consisting of confidential settlement dialogue between the parties is palpably improper for inclusion in the complaint and has no evidentiary value. It should also be noted, that judgment creditor Palisades is in possession of a complete bill of sale and chain of title consistent with the CPLR and rules of the City Court. Though for purposes of this Rule 12 motion, defendants will not be goaded by plaintiff into engaging in non-judicial and unsupportable post-judgment discovery in the state court matter. Furthermore, consistent with Rule 12, defendants will accept the factual allegations in the complaint – since even though inaccurate, they do not plausibly suggest an entitlement to relief.*
[7] Id., ¶ 6.

in the state court matter against instant plaintiff.[8] The remaining defendant, Todd Houslanger, is alleged to be both an employee and owner of defendant Houslanger & Associates.[9]

**The Underlying State Court Lawsuit**

On 8/11/2006 a collection action was filed against plaintiff in Buffalo City Court under Index No. Cv-007295-06/BU.[10] On or about March 8, 2007 a default judgment was obtained against instant plaintiff,[11] but plaintiff allegedly had no knowledge of the judgment until around October 7, 2014 when plaintiff's employer allegedly received an income execution on behalf of Palisades pursuant to the aforementioned state court judgment.[12] Plaintiff claims that because he is not in possession of proof that defendant Palisades is the proper judgment creditor, that therefore, defendants have no right to enforce the judgment.[13]

Plaintiff alleges that as a result of defendant's acts, which allegedly amount to not filing a proper notice of assignment with the state court, plaintiff is nervous, upset, and anxious and suffers from emotional distress.[14] Surprisingly, plaintiff and his counsel have made *no* effort to vacate the state court judgment or dismiss the state court action. Presumably plaintiff is aware that if a genuine issue exists as to standing, or whether plaintiff was served or had knowledge of the lawsuit instituted in the City Court of Buffalo, the dispute would be resolved through **(1)** filing a motion to vacate the judgment; **(2)** issuing an order to show cause, or **(3)** through requesting a traverse hearing – *and not by suing the judgment creditor and their counsel in federal court*.

The allegations contained in the complaint stand in sharp contrast with what the complaint does not allege, and what this action apparently does not involve. In particular, the complaint does

---

[8] Id., ¶ 8 and Complaint Exhibit A.
[9] Id., ¶ 9.
[10] Id., ¶ 16.
[11] Id., ¶ 18.
[12] Id., ¶ 21
[13] Id., ¶ 29
[14] Id., ¶ 31

not allege that defendants committed any abusive or deceptive practices or that plaintiff does not owe the debt to Palisades, much less that any entity other than Palisades asserts that it is entitled to plaintiff's payments on the debt/judgment. Thus, given what is not alleged, the gist of the complaint is that plaintiff questions whether Palisades was validly transferred the debt, which is based not on any conflicting claims by entities seeking payments, but rather, the "years of knowledge on the part of Plaintiff's attorneys as to the inner working of the practices of third party debt buyers…"[15]

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss is intended to test the legal sufficiency of a complaint. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Avgerinos v. Palmyra Macedon Cent. Sch. Dist., 690 F. Supp. 2d 115, 125 (W.D.N.Y. 2010) (Telesca, J.) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). A claim is facially plausible when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 126. However, pleadings that are no more than conclusions are not entitled to the assumption of truth. *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.,* 690 F. Supp. 2d 115, 125 (W.D.N.Y. 2010).

In *Twombly*[16] and *Iqbal*[17], the United States Supreme Court held that a plaintiff is required to plead factual allegations sufficient to state a plausible claim. It is not enough to plead the elements of a cause of action in a conclusory fashion, and then attempt to obtain discovery to fill in the blanks. *Iqbal*, at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, neither "a formulaic recitation of the elements of a cause of action,"

---

[15] Id., ¶ 37.
[16] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (U.S. 2007)
[17] Ashcroft v. Iqbal, 129 S. Ct. 1937, 556 U.S. 662, 173 L. Ed. 2d 868 (U.S. 2009)

nor "'naked assertion[s]' devoid of 'further factual enhancement,'" will suffice to satisfy the requirements of Rule 8. *Twombly*, 550 U.S. at 555.

Rule 8 directs that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). In spite of Rule 8, plaintiff begins his complaint with a 3 ½ page soliloquy[18] asking this Court to ascribe factual and legal conclusions to defendants' actions based on unconnected news articles from the <u>Boston Globe,</u> the <u>New York Times</u>, the <u>Chicago Tribune</u>, as well as an unrelated study by the <u>New Economy Project</u> and <u>comments furnished by consumer advocates</u>.[19] In contrast to plaintiff's misguided speculation in assuming what he seeks to establish, in *Twombly* and *Iqbal*, Supra, the Supreme Court articulated a two-pronged approach to be used as a means of determining whether a pleading meets the Rule 8 standard. A District Court evaluating a motion to dismiss under Rule 12(b)(6) is guided to first "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, with what remains of the pleading after this first step, the District Court should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681. Here, plaintiff fails to include sufficient factual allegations to cross the line "between possibility and plausibility of entitle to relief." *Twombly*, 550 U.S. at 557.

### The FDCPA

The FDCPA was enacted to provide a remedy to consumers against abusive debt collection practices and to provide parity to the collection industry. The FDCPA expressly states: "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not

---

[18] See Plaintiff's Complaint, pages 1 – 4.
[19] Id.

competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## POINT I
## PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE
## APPLICABLE STATUTE OF LIMITATIONS

When a defendant raises a statute of limitations defense in a pre-answer motion to dismiss, dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 426 (2d Cir. 2008) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). Dismissal under Rule 12(b)(6) of time barred claims is proper because "[t]imeliness is 'material when testing the sufficiency of a pleading.'" *Staehr*, 547 F.3d at 426 (quoting Fed. R. Civ. P. 9(f)).

Under 15 U.S.C. § 1692k(d), "[t]o enforce a violation of the FDCPA, an action 'may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*." Here, the court should not read the FDCPA to allow plaintiff to usher in an untimely claim premised on a different set of activities and parties. As plaintiff asserts, on 8/11/2006, a collection action was filed against plaintiff in Buffalo City Court under Index No. Cv-007295-06/BU.[20] On or about March 8, 2007 a default judgment was obtained against instant plaintiff,[21] but plaintiff conveniently alleges that he had no knowledge of the judgment until around October 7, 2014.[22] However, while plaintiff affirmatively alleges that service of process was effectuated on an old mailing address, plaintiff does not actually claim that he was unaware of the Buffalo City Court action, which was filed by Palisades' predecessor in-interest back in 2006. What's more, although

---

[20] Id., ¶ 16.
[21] Id., ¶ 18.
[22] Id., ¶ 21

plaintiff ineffectively questions the efficacy of the assignment of judgment to defendant Palisades (which took place in the year <u>2007</u>), plaintiff does not deny having knowledge of the assignment, or deny any other debt collection activities related to the Buffalo City Court action – **spanning the length of** *nine full years*.

Plaintiff makes a half-hearted attempt to salvage any claims based on an assignment of judgment from 2007 (that somehow has manifested into a federal lawsuit), by seeming to argue that equitable tolling applies wholesale to any FDCPA claim. However, plaintiff has not alleged merely enough to demonstrate that equitable tolling - although not even expressly raised - is warranted in this action. As summarized in *Wade v. Rosenthal*, 2012 U.S. Dist. LEXIS 123182 (E.D.N.Y. Aug. 29, 2012):[23] "Equitable tolling applies only in the rare and exceptional circumstance," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff," ...  In the Second Circuit, the doctrine will be applied "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights," Pearl v. City of Long Beach, 296 F.3d 76, 85 (2d Cir. 2004) (internal quotations omitted), which means "a situation where a plaintiff 'could show that it would have been impossible for a reasonably prudent person to learn' about his or her cause of action." Id. (quoting Miller v. Int'l Telephone & Telegraph Corp., 755 F.2d 20, 24 (2d Cir. 1985) (emphasis in original)); see Litle v. Arab Bank, PLC, 507 F. Supp. 2d 267, 276 (E.D.N.Y. 2007). Where fraudulent concealment is offered as the basis for equitable tolling, as the plaintiff may be attempting here, the plaintiff is required to establish that **(1)** the defendant wrongfully concealed material facts relating to its wrongdoing; **(2)** the concealment prevented plaintiffs' discovery of the nature of the claim within the limitations period; and **(3)** the plaintiffs exercised due diligence in pursuing the discovery of the claim during the period they seek to have

---

[23] See Defendants' Exhibit <u>A</u>

tolled. Litle, 507 F. Supp. at 276, citing Corcoran v. New York Power Auth., 202 F.3d 530, 543 (2d Cir. 1999) and State of N.Y. v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988). The facts that establish each of these three elements must be pleaded with particularity. E.g., In re Merrill Lynch Ltd. Partnerships Litig., 7 F. Supp. 2d 256, 274 (S.D.N.Y. 1997)  [9] aff'd, 154 F.3d 56 (2d Cir. 1998)."

Here, Plaintiff can never allege that it was "impossible" for him to learn about this action or judgment filed in Buffalo City Court, because he voluntarily admits that he was aware of the underlying debt.[24] Moreover, as discussed above, plaintiff does not actually claim that he was unaware of the underlying Buffalo City Court collection action, and plaintiff does not deny having knowledge of the assignment or any other debt collection activities related to the Buffalo City Court action. Plaintiff's attempt to create a whole new equitable standard by impliedly arguing that tolling implies because of alleged improper service – without alleging more - ignores that plaintiff must demonstrate that he exercised due diligence in discovering the facts concerning his claim before any tolling will come into play. Plaintiff does not allege any efforts undertaken to discover the facts concerning his claims, let alone with the particularity required by the courts for equitable tolling to apply.

Plaintiff's contention that the FDCPA allows recovery for all acts relating to the same debt and debt-collection activities regardless of the passage of time or discrete quality of the act is unpersuasive. Even reading all inferences in favor of plaintiff, his pleadings demonstrate that plaintiff's claims against defendants arose many years prior to the filing of the instant action and are barred by operation of 15 U.S.C. § 1692k(d).

---

[24] See Plaintiff's Complaint, ¶¶ 12-14.

**POINT II**
**N.Y.C.P.L.R. § 5019(C) DOES NOT REQUIRE AN ASSIGNMENTS TO BE RECORDED IN ORDER FOR AN ASSIGNMENTS TO BE DEEMED VALID**

There are no magic words or phrases that are required to effectuate a valid assignment under New York law. Rather, "[u]nder New York law, an assignment is valid only where the assignor retains no control over the funds, no authority to collect and no power to revoke.  The use of the word 'assign' is not essential to effect a valid assignment. In fact, "[A]ny act or words are sufficient which show an intention of transferring the chose in action to the assignee, when the assignor is divested of all control and right to cause of action and the assignee is entitled to control it and receive its fruits." *Banque Arabe et Internationale D'Investissement v. Bulk Oil (USA), Inc.*, 726 F. Supp. 1411, 1417 (S.D.N.Y. 1989), citing *Advance Trading Corp. v. Nydegger & Co. Inc.,* 127 N.Y.S.2d 800, 801 (Sup. Ct. 1953).

It is worth noting, that instant defendants faced a similar issue in the case of *Musah v. Houslanger & Assocs., PLLC*, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y. Nov. 16, 2012),[25] where some of the FDCPA violations alleged by Plaintiff were grounded on the premise that the assignment of the Judgment to Palisades was not legally effective, and therefore that Houslanger had no right to collect the Judgment on behalf of Palisades. *Id.,* at 5.  Much like the plaintiff in *Musah*, Plaintiff's case in the present instance hinges on the allegation that "prior to the Plaintiff's employer receiving the aforementioned income execution, no assignment was filed in the City Court of Buffalo."[26] As demonstrated by the court in *Musah*¸ the basis for such a contention is erroneously

---

[25] See Defendants' Exhibit B. See also, *Musah v. Houslanger & Assocs., PLLC* (*Musah II)*, 962 F. Supp. 2d 636, 2013 U.S. Dist. LEXIS 121152, 2013 WL 4516786 (S.D.N.Y. 2013) (Upholding *Musah I*, finding that §5019(c) does not require that an assignment be filed with the court in order for the assignee to be entitled to enforce a judgment issued against a judgment debtor, but also finding that plaintiff adequately plead a claim under 15 U.S.C. §1692e(3) with regards to meaningful attorney review of the notice of assignment). *In the instant matter, plaintiff does not allege that defendants violated 15 U.S.C. §1692e(3).*
[26] See Plaintiff's Complaint, ¶ 22.

extrapolated from the provision of CPLR which requires "[a] person other than the party recovering a judgment who becomes entitled to enforce it, [to] file in the office of the clerk of the court in which the judgment was entered…a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order." *See* N.Y.C.P.L.R. § 5019(c). However, complying with § 5019(c) is not a necessary requirement to effectuate a valid assignment in NY. As held by the court in *Musah*,[27] "…5019(c) is 'not meant to benefit the debtor, should the assignment not be recorded,' *Eckhaus v. Blauner*, No. 94 Civ. 5635(CSH), 1997 U.S. Dist. LEXIS 9043, 1997 WL 362166, at *4 (S.D.N.Y. June 26, 1997), but rather 'is clearly intended for the benefit of the assignee, being designed to protect him against payment of the judgment to the wrong party.' *Law Research Serv., Inc. v. Martin Lutz Appellate Printers, Inc.*, 498 F.2d 836, 840 (2d Cir. 1974). As such, 'section 5019(c) does not require assignments to be recorded' in order for those assignments to be deemed valid, *Schubert v. Ostano,* No. 91 Civ. 7423(RLC), 1992 U.S. Dist. LEXIS 6891, 1992 WL 112351, at *5 (S.D.N.Y. May 13, 1992), and the assignee of a judgment may attempt to enforce that judgment and collect from the debtor even if the filing requirement of 5019(c) has not been satisfied. *See Law Research*, 498 F.2d at 839 (holding that an assignment of judgment was 'valid when executed' despite not being filed at that time, and further stating that '[w]e hold that filing [pursuant to 5019(c)] was not in any event necessary to perfect the assignment of the judgment')." See also, *Strobel v. RJM Acquisitions LLC*, 2014 U.S. Dist. LEXIS 14936 (E.D.N.Y. Feb. 6, 2014)[28] - holding that **(1)** any perceived deception regarding receipt, or lack thereof, of the notice of assignment would not be material; and **(2)** that CPLR Section 5019 does not require assignments to be recorded in order for those assignments to be deemed valid).

---

[27] Supra, at 6 -7.
[28] See Defendants' Exhibit <u>C</u>

No matter how artfully plaintiff drafts the pleadings, he cannot escape the fact that there are no connections between the laws of the State of New York and the FDCPA governing a notice of assignment. In fact, the FDCPA does have its own provision governing notice under 15 U.S.C. § 1692g(a) (detailing the content of the notice of debt provided that must be provided by the debt collector within five days after the initial communication with a debtor). And here, plaintiff does not deny receiving proper notice from defendants as expressly governed by the FDCPA, which would include, *inter alia*, the name of the current creditor and law firm.

While plaintiff's foundational premise regarding the assignment is baseless and unsubstantiated, even if the assignment was technically defective, such a defect should neither result in the dismissal of the state court action nor be the predicate of an FDCPA claim. Instead, if appropriate, the underlying state court collection complaint would simply be amended. Under CPLR § 3025 amendments to pleadings are liberally granted. Where an assignee is found to lack standing because of some defect in the formal assignment, the defect is curable. *See, e.g., Advanced Magnetics, Inc. v. Bayfront Partners,* 106 F.3d 11, 20-21 (2d Cir. 1997). Additionally, if the state court dismissed the collection actions on lack of standing grounds those dismissals would be without prejudice. See *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 892 N.E. 380, 862 N.Y.S.2d 316 (2008) (noting that dismissal on lack of standing grounds or other forms of procedural inadequacy is not intended to have a determinative effect on the merits of the action).

What's more, an alleged violation of state or local law does not necessarily rise to the level of stating a claim under the FDCPA." *Richardson v. AllianceOne Receivables Mgmt.*, 2004 U.S. Dist. LEXIS 6943, *5 (S.D.N.Y. Apr. 23, 2004).[29] Similarly, in *Wayee v. Recovery's Unlimited, Inc.* plaintiff alleged that he received a debt collection letter from Defendant containing an expired New

---

[29] See Defendants' Exhibit <u>D</u>

York City Department of Consumer Affairs ("DCA") License Number. 2009 U.S. Dist. LEXIS 96087, *1-2 (S.D.N.Y. Oct. 15, 2009).[30] Plaintiff did not allege that defendant was unlicensed when it sent the letter, but rather that it was licensed under a different number. *Id*. As a result, plaintiff alleged that consumers were not able to gain any information concerning Defendant from the DCA. *Id*.  The court held that "Plaintiff points to no authority suggesting that the use of an expired license number by a licensed debt collector constitutes a violation of § 1692e."*Id*. at *3. Correspondingly, as the Honorable Jose A. Cabranes explained, the contention that every violation of state law raises a federal claim under the FDCPA "reflects a false, narrow, and overly mechanical reading" of the statute. *Lindbergh v. Transworld Sys.*, 846 F. Supp. 175, 181, (D. Conn. 1994)

In addition, to the extent plaintiff bases his claim on the allegation that the assignment to Palisades is invalid, the claim must fail because plaintiff lacks standing to challenge the validity of the assignment. *See Bank of New York Mellon v. Sakala, 2012 U.S. Dist. LEXIS 57343, 2012 WL 1424665, at *5 (D. Haw. Apr. 24, 2012)* (dismissing FDCPA claim for lack of standing where claim was based on violation of the Pooling and Services Agreement to which the borrower was not a party).

In essence, Plaintiff is asking this court to find a violation of the FDCPA that would protect plaintiff's acknowledged default on a debt against compliant debt collectors through a bizarre and idiosyncratic construction of the FDCPA. See, *Majerowitz v. Stephen Einstein & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 115664, 2013 WL 4432240 (E.D.N.Y. Aug. 15, 2013).[31]

---

[30] See Defendants' Exhibit E
[31] "To find a violation of the [FDCPA] here would be protecting a known defaulting debtor against a compliant debt collector by a bizarre and idiosyncratic construction of it. 'Consequences cannot alter statutes, but may help to fix their meaning. Statutes must be so construed, if possible, that absurdity and mischief may be avoided.' In re Rouss, 221 N.Y. 81, 91, 116 N.E. 782 (1917) (Cardozo, J.); see also Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S. Ct. 511, 36 L. Ed. 226 (1892) ("It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers."); John F. Manning, The Absurdity Doctrine, 116 Harv. L. Rev. 2387 (2003)."

## POINT III
## PLAINTIFF'S IMPLICATION THAT DEFENDANTS LACK STANDING DOES NOT RISE TO THE LEVEL OF A MATERIAL STATEMENT UNDER THE FDCPA

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 U.S. Dist. LEXIS 53928, *at 11-12 (N.D.N.Y. May 19, 2011).[32] Courts considering an FDCPA violation have looked to whether a statement is materially false or misleading. *Gabriele v. Am. Home Mortg. Servicing*, 503 Fed. Appx. 89, 2012 U.S. App. LEXIS 24478, 2012 WL 5908601 (2d Cir. 2012); *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp.2d 382, 389 (E.D.N.Y. 2011). Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. *Hasbrouck*, 2011 U.S. Dist. LEXIS 53928, at *11. Complaints that allege "procedural defects in connection with state court litigation" without "allegations of false representation that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt" are insufficient as a matter of law. *Klein v. Solomon and Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606, at *4-5 (D. Conn. 2011).[33] In other words, "[i]n assessing FDCPA liability, [courts] are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010); *see also Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 U.S. Dist. LEXIS 136408, at *14 (D. Conn. Sept. 24, 2012) ("Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by subjecting debt

---

[32] See Defendants' Exhibit F
[33] See Defendants' Exhibit G

collectors to frivolous claims.");[34] *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 374 (4th Cir. 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) ("[A] statement must be materially false or misleading to violate Section 1692e."); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense").

In the instant matter, plaintiff does not plausibly allege that defendants impeded his ability to pay or challenge the debt that he incurred.

## POINT IV
## THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFF'S COLLATERAL ATTACK ON THE STATE COURT JUDGMENT

A challenge pursuant to the *Rooker-Feldman* Doctrine is for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and should be considered as a threshold issue because "if [the court] must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990); *United Republic Ins. v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003); Fed R. Civ. P. 12(h)(3). Plaintiff cannot credibly argue that *Rooker-Feldman* is inapplicable as Plaintiff's federal action effectively constitutes a collateral attack on the state court by way of the state court judgment against plaintiff.  In fact, a state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court."  *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. Ind. 2008).

---

[34] See Defendants' Exhibit <u>H</u>

As stated by Hon. Judge Easterbrook of the Court of Appeals for the Seventh Circuit in applying the *Rooker-Feldman* doctrine to a similar FDCPA claim, "garnishment orders enforcing a judgment are final and appealable [in state court]." *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. Ind. 2014). Likewise, here, plaintiff cannot credibly argue that he is not asking this Court to hear and decide a case that has already been fully decided in state court. As appropriately expressed in *Bullock v. Credit Bureau of Greater Indianapolis*, 272 F. Supp. 2d 780 (S.D. Ind. 2003), the problem here is that plaintiff's theory is that defendants violated the FDCPA by seeking exactly what the state awarded. In other words, plaintiff cannot avoid *Rooker-Feldman* by simply framing his claim in a way that feigns an imaginary universe wherein a state court did not already determine the legitimacy of the state court action. Even assuming, *arguendo* that all the state court's decisions throughout the case leading to the judgment and garnishment against plaintiff were completely erroneous and without any basis in law, this federal Court would still lack subject matter jurisdiction. Here, all of the conduct is specifically related to the state court judgment and defendants' standing to enforce the judgment.

*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: **(1)** the plaintiff lost in state court; **(2)** the plaintiff complains of injuries caused by the state court judgment; **(3)** the plaintiff invites district court review of that judgment; and **(4)** the state court judgment was entered before the plaintiff's federal suit commenced. *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). In the instant case, **(1)** plaintiff lost in state court; **(2)** plaintiff expressly complains of injuries (wage garnishment) directly related to and intertwined with the state court judgment; **(3)** plaintiff is impliedly inviting this Court to review the state court judgment; and **(4)** the state court judgment against plaintiff was entered many years before plaintiff's federal suit commenced. Therefore, such scrutiny by this Court would amount to post hoc federal court review of an already concluded state court litigation. Accordingly, since plaintiff is seeking

all the relief that would result if the state court judgment were overturned, this amounts to an attack on final dispositive determinations made by the state court in every manner except in name[35]. As follows, this Court should dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

**POINT V**
**THE DOCTRINE OF ABSTENTION PRECLUDES PLAINTIFF FROM RE-LITIGATING ISSUES IN THE INSTANT COURT THAT COULD HAVE BEEN RAISED IN THE INTERTWINED STATE COURT MATTER**

As stated by the Second Circuit in *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) "[T]he abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction," and "in this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction." *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal quotation marks and brackets omitted). Additionally, as stated in *Niagara Mohawk Power*, *Supra*, "in *Colorado River*,[36] in evaluating whether *Colorado River* abstention is appropriate, federal district courts are to consider six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction,' Moses H. Cone, 460 U.S. at 16:[37] **(1)** whether the controversy involves a res over which one of the courts has assumed jurisdiction; **(2)** whether the federal forum is less inconvenient than the other for the parties; **(3)** whether staying or dismissing the federal action will avoid piecemeal litigation; **(4)** the order in which the actions were filed, and whether proceedings have

---

[35] *See, Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.,* 701 F. Supp. 2d 340 (E.D.N.Y. 2010) ("Here, read as a whole, the complaint appears to allege that defendants have engaged in a pattern of vexatious litigation and harassment of plaintiffs since approximately 2001 and that, because of this pattern of litigation and harassment, plaintiffs have suffered emotional and financial injury…The 2007 civil court judgment was clearly one of the main events in this pattern, and the complaint can be construed as alleging injuries that occurred as a result of the judgment… Additionally, the complaint alleges that plaintiffs have suffered financial and emotional distress as a result of defendants' conduct. Construed this way, the civil court judgment was a cause of plaintiffs' injuries, and this Court would necessarily have to review the state-court judgment to decide plaintiffs' claims.") Id. 348 -349.
[36] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)
[37]  *Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

advanced more in one forum than in the other; **(5)**whether federal law provides the rule of decision; and **(6)** whether the state procedures are adequate to protect the plaintiff's federal rights…"

The Supreme Court has explained that none of these factors alone is necessarily determinative, but, instead, a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Niagara Mohawk Power, Supra*, at 101. Considering plaintiff's claims against defendants go to the very heart of the state court matter, there is undoubtedly the potential for parallel litigation being carried out in state court to determine the rights of the parties with respect to the same questions of law (*the alleged questions of standing; proper assignment; the integrity of the state court judgment; and the enforceability of the judgment*). Thus, under the doctrine of Abstention, the state court is the appropriate jurisdiction for issuing a final ruling on this matter. See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); and *Gregory v. Daly*, 243 F.3d 687, 702 (2d Cir. 2001).

Since the state court action was filed many years prior to the federal action and dismissing the federal action will avoid piecemeal litigation, this matter should be dismissed. Moreover, state law provides the rule of decision and the state procedures are more than adequate to protect plaintiff's rights.

## POINT VI
## ALL ALLEGATIONS AGAINST TODD HOUSLANGER
## IN HIS INDIVIDUAL CAPACITY MUST BE DISMISSED

"The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil…." *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) (citation omitted) (holding that the FDCPA filed against the shareholder was frivolous); see also *Pettit v. Retrieval Masters Creditor Bureau, Inc*.,

211 F.3d 1057 (7th Cir. 2000) (holding that the president and largest shareholder was not personally liable: "the extent of control exercised by the officer or shareholder is irrelevant to determining his liability under the FDCPA.") Generally, the law of the state of incorporation governs corporate veil-piercing analysis.[38]

Recently, in February of 2015, this Court refused to pierce the veil to hold an individual liable for an alleged FDCPA violation.  *See Allison v. Whitman & Meyers, LLC,* 2015 U.S. Dist. LEXIS 24050 (W.D.N.Y. Feb. 25, 2015).[39] As this Court explained - under New York law, to pierce the corporate veil, a party must establish that **(1)** the owners exercised complete domination of the corporation in respect to the transaction attacked; and **(2)** that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury. *Id.* With respect to the first of these requirements, New York courts consider a variety of factors, including: the intermingling of corporate and personal funds, undercapitalization of the corporation, failure to observe corporate formalities such as the maintenance of separate books and records, failure to pay dividends, insolvency at the time of a transaction, siphoning off of funds by the dominant shareholder, and the inactivity of other officers and directors. *Id*. at *6-7.

In *Allison*, plaintiff failed to satisfy this first prong because the plaintiff pleaded no facts to support her theory that the individual defendant should be individually liable as the alter ego of the corporate defendant. The complaint alleged only that the individual defendant was a "member-manager and/or shareholder" of the corporate defendant and that the individual defendant "oversees its day-to-day operations." Likewise, in the instant matter, plaintiff does not plead any facts to support his theory that Todd Houslanger should be individually liable as the alter ego of Houslanger

---

[38] Houslanger and Associates, PLLC is a New York State Domestic Professional Service Limited Liability Company, See NYS Department of State, Division of Corporations Entity Information (http://www.dos.ny.gov/corps/bus_entity_search.html), DOS ID# 3285901.
[39] See Defendants' Exhibit I

and Associates.

What's more, in addition to not pleading or even implying that Todd Houslanger failed to comply with corporate formalities, or that he exercised complete domination of the corporation in respect to committing a wrong against plaintiff, plaintiff does not even allege that Todd Houslanger is a debt collector as defined by 15 U.S.C. § 1692a(6). Thus, even viewing the allegations in the light most favorable to the plaintiff, there is no support for piercing the corporate veil.

### POINT VII
### MERE RECITATIONS OF THE ELEMENTS OF VARIOUS FDCPA CLAIMS ARE INSUFFICIENT TO WITHSTAND A MOTION FOR FAILURE TO STATE A CLAIM

Rather than assert facts in support of legal conclusions, plaintiff simply alleges elements of various claims. However, these mere recitations of the elements of various FDCPA claims are insufficient to withstand a motion for failure to state a claim. This Court may dismiss these ill advised FDCPA allegations for a failure to state a claim when the pleadings lack any cognizable basis in law. *See e.g., In re NYSE Specialists Sec. Litig.,* 503 F.3d 89 95 (2d Cir. 2007) (court may disregard a plaintiff's legal conclusions, deductions or opinions couched as factual allegations). Plaintiff's complaint contains no specific facts beyond conjecture to support Plaintiff's claims.

Just by way of example, plaintiff alleges a violation of 15 U.S.C. § 1692e(9), but plaintiff does not elaborate how or what notice created a false impression as to its source. Similarly, plaintiff alleges a violation of 15 U.S.C. § 1692f(5), but has not pleaded any details of any such charges, any concealment, nor any alternative/misleading purpose to any communication regulated by this section. Correspondingly, it is entirely unclear what non-judicial threats to effect dispossession or disablement of property plaintiff refers to in raising a claim under 15 U.S.C. § 1692f(6). Considering enforcement of a judgment through a wage garnishment is a judicial remedy, the alleged action necessarily refers to judicial rather than to non-judicial.

These are a few pertinent examples of how plaintiff is attempting to subject defendants to FDCPA liability simply for exercising their professional obligations, and it is manifest that the facts stated by plaintiff in the complaint are insufficient to state a claim under the FDCPA.

Furthermore, lumping all defendants together without any elaboration or distinction of activity for each alleged violation is fatal to plaintiff's claims asserted in every single cause of action. Rule 8(a) requires, at a minimum, that a complaint give each individual defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford,* 10 F. App'x. 33, 34 (2d Cir. 2001) citing *Ferro v. Ry Express Agency, Inc.,* 296 F.2d 847, 851 (2d Cir 1961) and *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir 1995). Where multiple defendants have been sued, the complaint "must provide a plausible factual basis to distinguish the conduct of each of the defendants" in order for the pleading to meet the Rule 8 standard. *Ochre LLC v. Rockwell Architecture Planning & Design,* No. 12-CV-2837, 2012 U.S. Dist. LEXIS 172208, at *16 (S.D.N.Y. Nov. 28, 2012).[40] A plaintiff cannot merely "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 Fed. Appx. at 34.

This superficial method of pleading is insufficient to place the instant defendants on notice of the claims plaintiff is asserting against each of them individually, and thereby fails to meet the minimum standards under Rule 8. *See, e.g., Gomez v. Pfizer,* 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009) (plaintiffs failed to explain each defendant's duty "as well [as] their individual breaches of that duty;" thus, dismissal of plaintiff's claim was appropriate).

---

[40] See Defendants' Exhibit J

**POINT VIII**
**SINCE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FDCPA, THE**
**COURT SHOULD CHOOSE TO DECLINE TO EXERCISE JURISDICTION OVER**
**PLAINTIFF'S STATE LAW CLAIM**

In addition to bringing claims under the FDCPA, Plaintiff additionally alleges that Defendants, through the same course of conduct, violated N.Y. Gen. Bus. Law § 349, *et seq.* ("GBL"). Though in the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6), courts should abstain from exercising pendent jurisdiction. *Birch v. Pioneer Credit Recovery, Inc.,* 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 52 (2d Cir.1986). Since Plaintiff has failed to state a claim under the FDCPA, Plaintiff's state law claim should also be dismissed. *See, Spagnola v. Chubb Corp.*, 574 F.3d 64, 2009 U.S. App. LEXIS 16679 (2d Cir. N.Y. 2009). Likewise, this Court should decline to exercise jurisdiction over these state law claims.

However, should this Court choose to exercise jurisdiction over the state cause of action, it is evident that Plaintiff has failed to state a claim under the GBL. In order to state a claim under GBL § 349, a plaintiff must allege: "**(l)** the act or practice was consumer-oriented; **(2)** the act or practice was misleading in a material respect; and **(3)** the plaintiff was injured as a result." *Spagnola v. Chubb*, 574 F.3d 64.74 (2d Cir. 2009) (citing *Maurizio v. Goldsmith*, 230 F.3d 518,521 (2d Cir. 2000) (per curiam)). "[T]he gravamen of [a GBL § 349] must be consumer injury or harm to the public interest." *Securitron Magnalock Com. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995).

Here, plaintiffs has failed to plead that defendants were engaged in a "consumer-orientated" act or affirmatively sought transactions with consumers. *See, e.g., Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp.2d 405, 410 (E.D.N.Y. 2011); *Sheehy v. New Century Mortg. Corp.*,

690 F. Supp.2d 51 (E.D.N.Y. 2010); *Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615 (1999). Indeed, the complaint fails to allege that defendants directed their actions to the general public. Further, the Complaint does not allege that defendants sell, promote, or advertise goods or services to consumers. And despite plaintiff's attacks on defendants' conduct in the collection action, conduct by a party in the course of litigation (or any other legal proceeding) as a matter of law is not consumer-oriented activity within the ambit of GBL §349. *DirecTV, Inc. v. Rowland*, 2005 U.S. Dist. LEXIS 2454, 2005 WL 189722 at *8 (W.D.N.Y. Jan. 22, 2005) (holding that defendants' alleged mailing of letters threatening litigations fell outside the scope of § 349 because such conduct was not consumer-oriented). As the Federal Trade Commission has stated, in the context of the Fair Credit Reporting Act, "*litigation is not a 'business transaction' involving the consumer.*" 16 C.F.R. Part 600, 1990 WL 342991, at 26 (May 4, 1990) (emphasis supplied). A defendant in a collections lawsuit (such as the instant plaintiff) is a party to a private contract – and New York law is clear that "private contract disputes which are unique to the parties do not fall within the ambit of [GBL §349(b)]." *Flax*, 54 A.D.3d at 995 (*quoting Oswego*, 85 N.Y.2d at 25); *see also New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321, 639 N.Y.S.2d 283 (1995) (striking §349 claim over policy coverage and processing of an insurance claim); *Ladino*, 52 A.D.3d at 574 (finding that issuing a loan to a third party without knowledge of the Plaintiff did not constitute a violation of § 349).

In order to develop and enhance his GBL claim, plaintiff boldly alleges that "Defendants have routinely engaged in an attempt to collect debts (often including an attempt to enforce post-judgment remedies) without documentation sufficient to prove they have any right to collect on the

subject debts."[41] To support these frivolous and defamatory allegations, plaintiff manufactures and distorts the results of four unrelated cases.[42]

1.  In the case of *Musah v. Houslanger & Assocs., PLLC,* the case settled and a stipulation of dismissal was filed with the court on 5/30/2014. There were no adverse findings of fact - or for that matter - any findings of fact by the court prior to settlement and dismissal of the action.

2.  Similarly, in *Okyere v. Palisades Collection*, plaintiff's citation to a decision on a motion to dismiss is not equivalent to a factual finding by a court. In fact, despite plaintiff's mischaracterization, there were no factual findings made by the court prior to settlement and dismissal of the action.

3.  With regards to *Centurion Capital Corp. v Guarino*, 38 Misc. 3d 1216(A), 966 N.Y.S.2d 345, 2012 N.Y. Misc. LEXIS 6001, 2012 NY Slip Op 52435(U), 2012 WL 6950269 (N.Y. Civ. Ct. 2012), the court expressly concluded in favor of Palisades, holding that "based on the submission from Palisades Acquisition XVI, all stays on maintaining litigation brought by these five plaintiffs and enforcement of the judgments entered in their favor in Richmond County are lifted. Palisades Acquisition XVI, may take steps to enforce these judgments and litigate any of the matters brought by these five plaintiffs not yet reduced to judgment." Furthermore, the discrepancies alluded to by the court, did not involve instant defendants. Instead the genesis of the issues stemmed from an unconnected debt collection law firm shutting its doors and subsequently entering into receivership.

---

[41] See Plaintiff's Complaint, ¶ 32.
[42] *See Okyere v. Palisades Collection*, LLC, 961 F.Supp.2d 508, 510 (S.D.N.Y. 2013); *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 2013 U.S. Dist. LEXIS 121152, 2013 WL 4516786 (S.D.N.Y. 2013); *Centurion Capital Corp. v. Guarino*, 38 Misc. 3d 1216(A), 966 N.Y.S.2d 345 (Civ. Ct. 2012); *Colonial Credit Corp. v. Beyers*, 46 Misc. 3d 1221(A) (N.Y. Civ. Ct. 2015). Plaintiff's Complaint, ¶ 32.

**4.** Likewise, plaintiff cavalierly misinformed this Court by alleging that defendants were sanctioned in *Colonial Credit Corp. v. Beyers*. However, it appears that plaintiff selectively chose to leave out the subsequent case history, including the final decision order from Hon. Philip S. Straniere, in which he expressly ordered "the sanctions assessed by order dated February 19, 2015… are cancelled and vacated."[43]

Because plaintiff fails to plead facts sufficient to support a GBL violation, the § 349 claims must be dismissed.


## <u>CONCLUSION</u>

This entire lawsuit against defendants is based on plaintiff's implausible purported unfamiliarity with collection activities related to the Buffalo City Court action against plaintiff – spanning the length of <u>nine full years</u>, as well as **(1)** informal email correspondence improperly attached to this complaint, consisting of mischaracterized confidential settlement dialogue between the parties; **(2)** plaintiff's attorneys alleged years of knowledge as to the inner working of the practices of third party debt buyer; and **(3)** a 3 ½ page introductory soliloquy by plaintiff, which asks this court to ascribe factual and legal conclusions against defendants based on completely unconnected news articles from the <u>Boston Globe,</u> the <u>New York Times</u>, the <u>Chicago Tribune</u>, as well as an unrelated study by the <u>New Economy Project</u> and <u>comments furnished by consumer advocates</u>. Based on this and for all the reasons set forth above, defendants respectfully request that the Court dismiss the claims asserted in plaintiff's Amended Complaint with prejudice, and any such other and further relief that the Court deems necessary and proper.

---

[43] See *Colonial Credit Corp. v. Beyers*, at Defendants' Exhibit <u>K</u>

Dated: New York, NY
       July 28, 2015


                                        Respectfully submitted,

                                        /S/ Scott E. Wortman
                                        Warshaw Burstein, LLP
                                        By: Scott E. Wortman, Esq.
                                        555 Fifth Avenue
                                        New York, NY 10017
                                        (212) 984-7723
                                        swortman@wbcsk.com