Positive

As of: July 22, 2015 10:12 PM EDT

# Musah v. Houslanger & Assocs., PLLC

United States District Court for the Southern District of New York

November 16, 2012, Decided; November 16, 2012, Filed

12 Civ. 3207

**Reporter**
2012 U.S. Dist. LEXIS 164292; 2012 WL 5835293

ZAKARI MUSAH, Plaintiff, -against- HOUSLANGER & ASSOCIATES, PLLC, Defendant.

**Subsequent History:** Dismissed by, in part *Musah v. Houslanger & Assocs., PLLC, 2013 U.S. Dist. LEXIS 121152 (S.D.N.Y., Aug. 17, 2013)*

## Core Terms

assignee, Collections, restraining, fail to state a claim, information subpoena, allegations, motion to dismiss, effective, assigned, notice

**Counsel: [*1]** For Plaintiff: Elizabeth Ann Shollenberger, SCHLANGER & SCHLANGER, LLP, Pleasantville, NY.

For Defendant: Jonathan B. Bruno, KAUFMAN, BORGEEST & RYAN, LLP, New York, NY.

**Judges:** ROBERT W. SWEET, U.S.D.J.

**Opinion by:** ROBERT W. SWEET

## Opinion

**Sweet, D.J**.

Defendant Houslanger & Associates, PLLC ("Houselanger" or "Defendant"), has moved, pursuant to *Fed. R. Civ. P. 12(b)(6)* ("*12(b)(6)*"), to dismiss the complaint of plaintiff Zakari Musah ("Musah" or "Plaintiff") for failure to state a claim. Based upon the conclusions set forth below, the Defendant's motion is granted and the complaint is dismissed with leave to amend within twenty days.

**Prior Proceedings**

On April 24, 2012, Musah filed a complaint against Houslanger ("Complaint"), alleging that Musah received an information subpoena and restraining notice ("Information Subpoena") in May 2011 stating that a restraint had been placed upon his bank account in an attempt to collect on a 1997 judgment ("Judgment") entered in Bronx County Civil Court against Musah and in favor of a party called FCC National Bank ("FCC"). Compl. ¶ 11. The Information Subpoena, which was signed by Houslanger, stated on its face that "the current judgment creditor/assignee is Palisades Collections, [*2] LLC." Id. at ¶ 11-12.

Musah alleges that in sending the Information Subpoena and restraining the Plaintiff's bank account, Houslanger violated (1) the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA"); and (2) *N.Y. Judiciary Law § 487* ("*Section 487*").

According to Musah, Houslanger's attempt to collect the Judgment on behalf of a party—Palisades Collections LLC ("Palisades")—that did not possess a right to that judgment constituted numerous violations of the FDCPA, in that Houslanger: (i) falsely represented that it had the right to restrain Musah's account on behalf of Palisade, in violation of *15 U.S.C. § 1692e*; (ii) falsely represented that the debt had been assigned to Palisades, in violation of *15 U.S.C. § 1692e(2)(A)*; (iii) sent out a debt collection communication without conducting a meaningful review of the court file, in violation of *15 U.S.C. § 1692e(3)*[1]; (iv) took action that cannot legally be taken by restraining Musah's account to collect on behalf of an entity that did not have the

---

[1] Contrary to Plaintiff's suggestion, *15 U.S.C. § 1692e(3)* does not mandate a "meaningful review of the court file," see Compl. ¶ 35, but rather simply prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." *15 U.S.C. § 1692e(3)*. Musah acknowledges in his Complaint that Houslanger is, in fact, a law office, see Compl. ¶ 8, and moreover makes no allegations that Houslanger's attorneys are not properly licensed to practice. *§ 1692e(3)* is therefore inapplicable, so this element of Musah's FDCPA claim fails **[*4]** as a matter of law on this basis, as well as for the reasons set forth below.

rights to the debt, in violation of 15 U.S.C. § 1692e(5); (v) used a false representation to obtain information by serving Musah's bank with the Information Subpoena to gather [*3] information about Musah, in violation of 15 U.S.C. § 1692e(10); (vi) engaged in unfair and unconscionable practice by taking steps to restrain Musah's bank account without assuring that Palisades had a right to the funds in question, in violation of 15 U.S.C. § 1692f; (vii) attempted to collect an unauthorized debt (since the assignment was not effective), in violation of 15 U.S.C. § 1692f(1); and (viii) took nonjudicial action to effect dispossession absent a present right to the dispossessed property by causing Musah's bank account to be restrained, in violation of 15 U.S.C. 1692f(6). See Compl. ¶¶ 31-39.

Houslanger filed the instant motion to dismiss on August 20, 2012, and the motion was marked fully submitted on October 3, 2012.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b) (6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b) (6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across [*5] the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Plaintiff Fails to State a Claim for Violation of the FDCPA**

All of the FDCPA violations alleged by Musah are grounded on the premise that FCC's assignment of the Judgment to Palisades was not legally effective, and therefore that Houslanger had no right to collect the Judgment on behalf of Palisades. Musah bases this contention on his reading of N.Y. C.P.L.R. § 5019(c)("5019(c)"), which states:

> **Change in judgment creditor**. A person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed [*6] to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment.

Musah has contended that the statute not only requires that any assignment of judgment be filed with the relevant court, but also mandates that, absent such filing, the assignment does not take effect. See Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mem. Opp.") at 4-5. Since Palisades failed to file FCC's assignment of the Judgment, Musah has contended that the assignment to Palisades was ineffective pursuant to 5019(c), and that as a result Palisades never had a right to the Judgment and, by extension, Houslanger did not have the right to act on behalf of Palisades to collect the Judgment. Id. at 2-3.

However, 5019(c) is "not meant to benefit the debtor, should the assignment not be recorded," Eckhaus v. Blauner, No. 94 Civ. 5635(CSH), 1997 U.S. Dist. LEXIS 9043, 1997 WL 362166, at *4 (S.D.N.Y. June 26, 1997), but rather "is clearly intended for the benefit of the assignee, being designed to protect him against payment of the judgment to the wrong party." Law Research Serv., Inc. v. Martin Lutz Appellate Printers, Inc., 498 F.2d 836, 840 (2d Cir. 1974). [*7] As such, "section 5019(c) does not require assignments to be recorded" in order for those assignments to be deemed valid, Schubert v. Ostano, No. 91 Civ. 7423(RLC), 1992 U.S. Dist. LEXIS 6891, 1992 WL 112351, at *5 (S.D.N.Y. May 13, 1992), and the assignee of a judgment may attempt to enforce that judgment and collect from the debtor even if the filing requirement of 5019(c) has not been satisfied. See Law Research, 498 F.2d at 839

(holding that an assignment of judgment was "valid when executed" despite not being filed at that time, and further stating that "[w]e hold that filing [pursuant to 5019(c)] was not in any event necessary to perfect the assignment of the judgment").[2]

Musah has cited Tri City Roofers, Inc. v. Northeastern Indus. Park, 61 N.Y.2d 779, 461 N.E.2d 298, 473 N.Y.S.2d 161 (N.Y. 1984), which involves a judgment debtor who repaid the wrong party, having not received notice that the right to the judgment had been assigned from the initial creditor to a third party. The Court of Appeals held that even though the assignment [*9] was filed with the court pursuant to 5019(c), the debtor could not be held responsible for the erroneous payment, since notice of the assignment had not been given. See id. at 780-82. This holding has no bearing on the salient question here—whether or not an assignment of judgment is effective absent a 5019(c) filing—except, perhaps, to the extent that it tends to impliedly support the holding in Law Research that 5019(c)'s filing requirement is intended to protect the assignee.

With respect to the other two cases cited by Musah—Kohl v. Fusco, 164 Misc. 2d 431, 624 N.Y.S.2d 509 (N.Y. Civ. Ct. 1994), and Chase Bank USA, N.A. v. Cardello, 896 N.Y.S.2d 856, 27 Misc. 3d 791 (N.Y. Civ. Ct. 2010)—the question of whether or not they support Musah's reading of 5019(c) need not be reached, since absent a contrary holding by the New York Court of Appeals, the Second Circuit's holding in Law Research—which unequivocally states that an assignment of judgment is effective even without a 5019(c) filing, see supra—is binding authority on the issue for federal district courts within the Circuit. See Cowen & Co. v. Tecnoconsult Holdings Ltd., No. 96 Civ. 3748, 1996 U.S. Dist. LEXIS 9763, 1996 WL 391884, *4 (S.D.N.Y. July 11, 1996) ("Although this Court may look [*10] to lower court decisions for guidance on questions of state law, this Court is bound only by decisions by the New York Court of Appeals and the Court of Appeals for the Second Circuit.").

Since 5019(c) does not require that an assignment be filed with the court in order for the assignee to be entitled to enforce the judgment, and since Musah does not allege any other defects with the assignment from FCC to Palisade or reasons that Houslanger did not have a right to collect on the Judgment[3], Musah's FDCPA allegations are without basis, and he fails to state a claim against Houslanger for violation of the FDCPA.

**Plaintiff Fails to State a Claim for Violation of N.Y. Judiciary Law § 487**

---

[2]  Musah has cited footnote twelve in the Law Research opinion, see Mem. Opp. at 7-8, which states that:

> Filing under § 5019(c) also serves to assist the assignee in directly enforcing the judgment against the judgment against the judgment debtor. With his right to the judgment a matter of court record, the assignee himself can invoke the court's process against the judgment debtor. See, e.g., N.Y.C.P.L.R. § 5225(a).

Law Research, 498 F.2d at 840 n.12. However, contrary to Musah's contention, footnote twelve does not dilute the strength of [*8] the Court's express holding that "filing [pursuant to 5019(c)] was not in any event necessary to perfect the assignment of judgment," id. at 839, nor does it imply, as Musah would suggest, that a 5019(c) filing must occur in order for an assignee to gain the right to attempt collecting on the assigned judgment. Footnote twelve is *dicta* that provides helpful advice to a judgment assignee by noting that filing an assignment of judgment pursuant to 5019(c) could be advantageous for the assignee, as it would permit the assignee to invoke the court's process to assist in collecting on the judgment. It does not suggest that an assignee is not free to attempt to collect on the judgment by means other than obtaining a court order. For example, the assignee could, as Houslanger did here, serve an information subpoena and restraining order. See N.Y.C.P.L.R. § 5222.

[3]  In his opposition brief, Musah argues for the first time the argument that Houslanger was not authorized to collect on the judgment because Musah had not been notified of the assignment of the judgment from FCC to Palisade. See Mem. Opp. at 10-12. However, "[i]n considering a motion to dismiss for failure to state a claim under **Rule 12(b)(6)**, a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. [. . .] Accordingly, memoranda and supporting affidavits in opposition [*11] to a motion to dismiss cannot be used to cure a defective complaint." Goodman v. Port Authority of New York and New Jersey, 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012) (internal citations and quotation marks omitted). Since the Complaint does not contain allegations relating to the lack of notice to Musah, the "additional factual assertions, provided in his opposition papers . . ., are inadmissible." Id. at 381. Accordingly, Musah's notice argument has not been considered in ruling on the instant motion.

Scott Wortman

Section 487 of the Judiciary Law prohibits an attorney or counselor from (1) engaging in any deceit or collusion, or consenting to any deceit or collusion, with intent to deceive the court or any party; or (2) willfully delaying a client's suit with a view to his own gain, or willfully receiving any money or allowance for or on account of any money which he has not laid out, or becomes answerable for. N.Y. Jud. Law § 487.

Musah's contention that Houslanger is guilty of violating Section 487 is premised upon his allegation that Houslanger engaged in deceit, in violation of § 487(1), by "knowingly and falsely represent[ing] [*12] that [it] had authority to collect a judgment obtained by FCC National Bank when [it] knew or should have known that its client Palisades Collections LLC had never taken the steps necessary to obtain authority to collect on that judgment." Compl. ¶ 45. As set forth above, FCC's assignment of the Judgment to Palisades was indeed effective. See supra § III(A). Since Musah does not allege any alternative basis to support his claim, he fails to state a claim against Houslanger for violation of Section 487.

**IV. Conclusion**

For foregoing reasons, defendant Houslanger's motion to dismiss the complaint is granted with leave to amend within 20 days.

It is so ordered.

**New York, NY**

**November 16, 2012**

/s/ Robert W. Sweet

**ROBERT W. SWEET**

**U.S.D.J**.

Scott Wortman