⚠ **Caution**
As of: July 22, 2015 10:15 PM EDT

# *Richardson v. AllianceOne Receivables Mgmt.*

United States District Court for the Southern District of New York

April 23, 2004, Decided ; April 23, 2004, Filed

03 Civ. 5519 (DLC)

**Reporter**
2004 U.S. Dist. LEXIS 6943; 2004 WL 867732

ROBIN S. RICHARDSON, Plaintiff, -v- ALLIANCEONE RECEIVABLES MANAGEMENT, INC., Defendant.

**Disposition:** Defendant's motion to dismiss granted. Plaintiff's cross-motion for judgment on pleadings or to amend complaint denied.

## Core Terms

debt collector, Consumer, pleadings, notice, license number, motion for judgment, collection, amend, debt collection practice, debt collection, ordinance

## Case Summary

**Procedural Posture**

Plaintiff filed a proposed class action against defendant debt collector alleging violations of the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C.S. § 1692 et seq.* The debt collector moved for judgment on the pleadings pursuant to *Fed. R. Civ. P. 12(c)*. Plaintiff cross-moved for judgment on the pleadings and moved for leave to amend her complaint.

**Overview**

Plaintiff claimed that a collection letter she received from the debt collector failed to include its City of New York Department of Consumer Affairs license number, as required by New York City, N.Y., R. tit. 6, § 1-05 (city ordinance). The letter in dispute included the required notice under the FDCPA and the debt collector's address and toll-free telephone number. The court found that while the debt collector's failure to list its license number could violate the city ordinance, there was no basis to conclude that this minor deficiency rendered the collection letter false, deceptive, or misleading within the meaning of the FDCPA. The violation of a technical city ordinance not specific to debt collection activities which resulted in no identifiable harm to plaintiff was insufficient to state a claim under the FDCPA. Leave to amend was denied because there was no merit to plaintiff's argument that the debt collector's failure to include its license number on the letter constituted an unfair or unconscionable attempt to collect a debt. It was undisputed that the debt collector was properly licensed and that the letter provided the information required by the FDCPA.

**Outcome**

The debt collector's motion for judgment on the pleadings was granted. Plaintiff's motion for judgment on the pleadings was denied, as was her motion for leave to amend the complaint.

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Judgments > Pretrial Judgments > General Overview

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

***HN1*** The standard for evaluating a motion for judgment on the pleadings under *Fed. R. Civ. P. 12(c)*, is the same as that under *Fed. R. Civ. P. 12(b)(6)*. A court may dismiss an action pursuant to *Rule 12(b)(6)* only if it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief. In construing the complaint, the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. Given the federal rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

Evidence > Judicial Notice > General Overview

Evidence > Judicial Notice > Adjudicative Facts > General Overview

Evidence > Judicial Notice > Adjudicative Facts > Public Records

**HN2** With regard to a motion brought under *Fed. R. Civ. P. 12(c)*, in addition to the pleadings, the court may consider documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. A court may take judicial notice of a public record pursuant to *Fed. R. Evid. 201(b)*.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN3** The Fair Debt Collection Practices Act (FDCPA), *15 U.S.C.S. § 1692 et seq.*, was designed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *15 U.S.C.S. § 1692(e)*. Congress intended the FDCPA to encourage states, and presumably local governments, to enact stronger laws to address the problem of abusive debt collection methods. An alleged violation of state or local law, however, is insufficient to state a claim under the FDCPA.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN4** The Fair Debt Collection Practices Act, *15 U.S.C.S. § 1692 et seq.*, establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights. *15 U.S.C.S. § 1692g* lists the required contents of a debt collection notice.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN5** See *15 U.S.C.S. § 1692e(5)*, *(10)*.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN6** When determining whether the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C.S. § 1692 et seq.*, has been violated, courts must employ an objective standard based on how the least sophisticated consumer would interpret the notice received from the debt collector. The purpose of this standard is two-fold: (1) to ensure the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) to protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. A debt collector is held to violate the FDCPA if it conveys information in a manner that is confusing or contradictory, clouding the required message with uncertainty. At the same time, the least sophisticated consumer standard incorporates a "concept of reasonableness" that is presumed to guide even the most naive debtor.

Governments > Local Governments > Licenses

**HN7** See New York City, N.Y., R. tit. 6, § 1-05.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Governments > Local Governments > Finance

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN8** The violation of a technical city ordinance not specific to debt collection activities that results in no identifiable harm to a plaintiff is insufficient to state a claim under the Fair Debt Collection Practices Act, *15 U.S.C.S. § 1692 et seq.*

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN9** The contention that every violation of state law raises a federal claim under the Fair Debt Collection Practices Act, *15 U.S.C.S. § 1692 et seq.*, reflects a

false, narrow, and overly mechanical reading of the statute.

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > Pleading & Practice > Pleadings > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

Civil Procedure > Judgments > Pretrial Judgments > General Overview

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

Civil Procedure > Judgments > Relief From Judgments > Altering & Amending Judgments

**HN10** While leave to amend should be freely given when justice so requires, *Fed. R. Civ. P. 15(a)*, leave to amend need not be granted when amendment would be futile. A proposed amendment would be futile if it could not withstand a motion for judgment on the pleadings. The same standard applies to a motion to dismiss and a motion for judgment on the pleadings.

Banking Law > Consumer Protection > Fair Debt Collection > General Overview

Banking Law > Consumer Protection > Fair Debt Collection > Unfair Practices

Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Fair Debt Collection Practices Act

**HN11** See *15 U.S.C.S. § 1692f*.

**Counsel:** **[*1]** For Plaintiff: Adam J. Fishbein, Esq., Woodmere, New York.

For Defendant: Jonathan D. Elliot, Kleban & Samor, P.C., Southport, Connecticut.

Of Counsel for Defendant: John K. Rossman, Moss & Barnett, Minneapolis, Minnesota.

**Judges:** DENISE COTE, United States District Judge.

**Opinion by:** DENISE COTE

**Opinion**

*OPINION AND ORDER*

DENISE COTE, District Judge:

On July 23, 2003, Robin S. Richardson ("Richardson") filed this proposed class action against AllianceOne Receivables Management, Inc. ("AllianceOne"), a debt collector, alleging violations of the Fair Debt Collection Practices Act, *15 U.S.C. §§ 1692, et seq.* (the "FDCPA"). Richardson's claims arise from her receipt of a collection letter from AllianceOne that failed to include its City of New York Department of Consumer Affairs license number ("License Number"), as required by New York City ordinance, New York City Rules, Tit. 6, § 1-05. AllianceOne has moved to dismiss this action on the pleadings pursuant to *Rule 12(c), Fed. R. Civ. P.*, and Richardson has filed a cross-motion for judgment on the pleadings and a motion for leave to amend the complaint. For the reasons **[*2]** that follow, AllianceOne's motion for judgment on the pleadings is granted, and Richardson's crossmotion for judgment on the pleadings and her motion for leave to amend are denied.

*Background*

The following facts are taken from the complaint and the documents on which the complaint relies, unless otherwise noted. On March 19, 2003, AllianceOne sent Richardson a letter (the "Letter") seeking to collect a balance of $ 3,583.22 that AllianceOne stated she owed its client, FCNB. The Letter reads as follows:

> Your account has been listed with our office for collection by the referenced client. If paid in full to this office, all collection activity will be stopped.
>
> For your convenience we can arrange for automatic deductions from your checking account. Please feel free to call us if you wish to discuss this matter.
>
> This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office **[*3]** in writing within 30 days from receipt of this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy

of such judgment or verification. If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The Letter is written on AllianceOne stationery and includes its address and toll-free telephone number, but does not include the debt collector's License Number.

AllianceOne has attached to its Answer a copy of its City of New York Department of Consumer Affairs license as a debt collection agency. This is a public record, the authenticity of which Richardson does not dispute.

*Discussion*

1. *Motion for Judgment on the Pleadings*

**HN1** The standard for evaluating a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is the same as that under Rule 12(b)(6), Fed. R. Civ. P. *Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)*. A court may dismiss **[*4]** an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)* (citations omitted). In construing the complaint, the court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002)*.

**HN2** In addition to the pleadings, the court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)* **[*5]** (citation omitted). A court may take judicial notice of a public record pursuant to Rule 201(b), Fed. R. Evid. *Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000)*.

**HN3** The FDCPA was designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also *Alibrandi v. Financial Outsourcing Services, Inc., 333 F.3d 82, 85 (2d Cir. 2003)*. Congress intended the FDCPA to encourage states, and presumably local governments, to enact stronger laws to address the problem of abusive debt collection methods. *Silver v. Woolf, 694 F.2d 8, 13 (2d Cir. 1982)*. An alleged violation of state or local law, however, is insufficient to state a claim under the FDCPA. *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1100 (9th Cir. 1998); *Lindbergh v. Transworld Systems, Inc., 846 F. Supp. 175, 181 (S.D.N.Y. 1994)*.

**HN4** The **[*6]** FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2001)* (citation omitted); 15 U.S.C. § 1692g (listing required contents of debt collection notice). Richardson alleges violations of Sections 1692e(5) and (10) of the FDCPA ("Sections 1692e(5) and (10)"), which provide in relevant part:

> **HN5** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (5) *The threat to take any action that cannot legally be taken* or that is not intended to be taken.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

(Emphasis supplied.)

**HN6** When determining whether the FDCPA has been violated, courts must **[*7]** employ an objective standard based on how the least sophisticated consumer would interpret the notice received from the debt collector. *Kropelnicki, 290 F.3d at 127*. The purpose of this standard is two-fold: "(1) [to] ensure the protection of all consumers, even the naive and the trusting, against

deceptive debt collection practices, and (2) [to] protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Id. (citation omitted). A debt collector is held to violate the FDCPA if it conveys information in a manner that is confusing or contradictory, clouding the required message with uncertainty. DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001). At the same time, the least sophisticated consumer standard incorporates a "concept of reasonableness" that is presumed to guide even the most naive debtor. McStay v. I.C. System, Inc., 308 F.3d 188, 190-91 (2d Cir. 2002); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

Richardson argues, first, that AllianceOne violated Section 1692e(10) by failing to publish its License Number on the Letter, [*8] preventing her from obtaining information about AllianceOne from the Department of Consumer Affairs (the "Department") and from filing a complaint with that agency. Richardson's claim is without merit. It is undisputed that the Letter contains the information required by the FDCPA. See 15 U.S.C. § 1692g. AllianceOne's name, address, and phone number are included in the Letter, and she has failed to explain why she could not contact the Department based on the information provided. While AllianceOne's failure to list its License Number may violate a New York City ordinance, [1] there is no basis to conclude that this minor deficiency renders the Letter false, deceptive, or misleading within the meaning of the FDCPA.

 [*9] Richardson's second argument is that AllianceOne violated Sections 1692e(5) and (10) by threatening to continue collection activity when it was not acting in compliance with the City Ordinance. It is undisputed, however, that AllianceOne is licensed as a debt collector in New York. [2] **HN8** The violation of a technical City ordinance not specific to debt collection activities resulting in no identifiable harm to Richardson is insufficient to state a claim under the FDCPA. As the Honorable Jose A. Cabranes explained, **HN9** the contention that every violation of state law raises a federal claim under the FDCPA "reflects a false, narrow, and overly mechanical reading" of the statute. Lindbergh, 846 F. Supp. at 181; see also Wade, 87 F.3d at 1100 ("We disagree with Wade that debt collection practices in violation of state law are per se violations of the FDCPA.").

 [*10] 2. *Motion for Leave to Amend*

**HN10** While leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave to amend need not be granted when amendment would be futile. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003). A proposed amendment would be futile if it could not withstand a motion for judgment on the pleadings. Id.; Patel, 259 F.3d at 126 (same standard applies to motion to dismiss and motion for judgment on the pleadings).

Richardson seeks to amend her complaint to assert that the Letter sent by AllianceOne also gives rise to a claim under Section f of the FDCPA ("Section 1692f"), which provides in relevant part: **HN11** "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. There is no merit to Richardson's argument that AllianceOne's failure to include its License Number on the Letter constitutes an unfair or unconscionable attempt to collect a debt. It is undisputed that AllianceOne is properly licensed as a debt collector, and that the Letter  [*11]  provides the information required of a debt collection notice by the FDCPA. AllianceOne provided information by which Richardson could identify the company and seek information from the Department of Consumer Affairs. Richardson's proposed amendment would be futile because she has failed to state a claim for unfair or unconscionable debt collection practices under Section 1692f.

*Conclusion*

AllianceOne's motion for judgment on the pleadings is granted. Richardson's motion for judgment on the pleadings is denied, as is her motion for leave to amend the complaint.

---

[1]   The New York City Rules provide in relevant part: **HN7** "Any advertisement, letterhead, receipt or other printed matter of a licensee must contain the license number assigned to the licensee by the New York City Department of Consumer Affairs. The license number must be clearly identified as a New York City Department of Consumer Affairs number and must be disclosed and disseminated in a lawful manner." New York City Rules, Tit. 6, § 1-05 (the "City Ordinance").

[2]   AllianceOne's status as a licensed debt collector distinguishes this case from all those cited by Richardson in support of her claim. Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471 (M.D. La. 1995); Russey v. Rankin, 911 F. Supp. 1449, 1459 (D.N.M. 1995); Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1452 (D. Nev. 1994); Gaetano v. Payco of Wisconsin, Inc., 774 F. Supp. 1404, 1414-15 (D. Conn. 1990).

| | |
|---|---|
| SO ORDERED: | DENISE COTE |
| Dated: April 23, 2004 | United States District Judge |
| New York, New York | |