⚠️ **Caution**
As of: July 22, 2015 10:41 PM EDT

# Klein v. Solomon & Solomon, P.C.

United States District Court for the District of Connecticut

October 27, 2011, Decided; October 28, 2011, Filed

3:10cv1800 (WWE)

**Reporter**
2011 U.S. Dist. LEXIS 127606; 2011 WL 5354250

JACK KLEIN, Plaintiff, v. SOLOMON AND SOLOMON, P.C., JULIE SOLOMON, Defendants.

## Core Terms

motion to dismiss, misleading, allegations, promissory note, consumer, mortgage, reasonable inference, factual allegations, materially false, proper plaintiff, debt collection, ability to pay, representations, installment, Collection, requests, reasons, days

## Case Summary

### Overview

Complaint alleging that a lender violated the FDCPA, *15 U.S.C.S. § 1692*, in connection with the collection of a debt, was dismissed because the complaint did not contain any allegations of false representations that could have been construed as material so as to mislead plaintiff in his repayment of or challenge to the debt.

### Outcome

Motion granted.

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

**HN1** The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. The complaint must contain the grounds upon which the claim rests through factual allegations sufficient to raise a right to relief above the speculative level. A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.

Banking Law > Consumer Protection > Fair Debt Collection > Communications With Debtors

**HN2** The Fair Debt Collection Act (FDCPA), *15 U.S.C.S. § 1692*, prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. *15 U.S.C.S. § 1692e*. Courts apply an objective test based on the understanding of the "least sophisticated consumer" to determine whether a violation occurred. Even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading. Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt.

**Counsel:** [*1] For Jack Klein, Plaintiff: J. Hanson Guest, LEAD ATTORNEY, Guest & Associates, Hartford, CT.

For Solomon & Solomon PC, Julie B. Solomon, Esq., Defendants: Cristin E. Sheehan, James L. Brawley, Michelle Napoli-Lipsky, LEAD ATTORNEYS, Morrison, Mahoney LLP, Hartford, CT.

**Judges:** Warren W. Eginton, Senior United States District Judge.

**Opinion by:** Warren W. Eginton

## Opinion

**MEMORANDUM OF DECISION ON MOTION TO DISMISS**

Scott Wortman

Case 1:15-cv-00018-JTC   Document 17-9   Filed 07/28/15   Page 2 of 3

Page 2 of 3
2011 U.S. Dist. LEXIS 127606, *2

The genesis of this action is a debt collection action pending in Superior Court of Connecticut related to a promissory note issued to plaintiff Jack Klein. In the instant action, plaintiff alleges that defendants Solomon and Solomon, P.C. and Attorney Julie Solomon made statements in the underlying state court action that violated the Fair Debt Collection Act ("FDCPA"), *15 U.S.C. § 1692*.

Defendants have filed a motion to dismiss. For the following reasons, the motion to dismiss will be granted.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

On October 9, 2009, defendants initiated an action entitled CitiMortgage, Inc. v. Jack Klein in Waterbury Superior Court. Attorney Solomon later moved to amend the caption on the basis that Citibank, N.A., not [*2] CitiMortgage, was actually the proper plaintiff.

The complaint asserted that CitiMortgage was a "National Banking Association" that had "extended credit under a credit installment agreement" to plaintiff prior to the commencement of the action to collect a debt incurred by plaintiff.

On January 28, 2010, plaintiff filed a Request to Revise directing defendants to correct the alleged false statement. Attorney Solomon did not respond to the Request to Revise within thirty days as required by the Connecticut Practice Book. She filed the Revised Complaint three days after the Superior Court ordered her to comply with the Request to Revise.

In the Revised Complaint, Attorney Solomon alleged that plaintiff entered into a promissory note with Mortgage It, Inc. that was assigned to CitiMortgage. Solomon deleted the false allegation that CitiMortgage had "extended credit" to plaintiff under a credit installment agreement.

On December 11, 2009, Attorney Solomon filed a motion for default against plaintiff. An accompanying affidavit to the motion stated that CitiMortgage had been retained to collect the debt, and then later stated that CitiMortgage was the owner of the debt.

In February 2010, Attorney [*3] Solomon responded to plaintiff's discovery requests by making allegedly false and misleading representations; objected to certain requests that she indicated were irrelevant; and represented that the promissory note, mortgage and assignment of the mortgage were the only documents supporting CitiMortgage's claim of ownership of the debt.

## DISCUSSION

***HN1*** The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)*. When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)*. The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged [*4] conduct. *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1944, 173 L. Ed. 2d 868 (2009)*.

***HN2*** The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *15 U.S.C. § 1692e*. Courts apply an objective test based on the understanding of the "least sophisticated consumer" to determine whether a violation occurred. See *Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993)*. Even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. *Hasbrouck v. Arrow Fin. Servs. LLC, 2011 U.S. Dist. LEXIS 53928, 2011 WL 1899250, *3 (N.D.N.Y. 2011)*. Courts considering a FDCPA violation have looked to whether a statement is <u>materially</u> false or misleading. *Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011)*. Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. *Hasbrouck, 2011 U.S. Dist. LEXIS 53928, 2011 WL 1899250, at *4*.

In this instance, the allegations of the complaint describe procedural defects in connection with state court litigation. However, the complaint does not contain any allegations of false representations [*5] that could be

construed as material so as to mislead plaintiff in his repayment of or challenge to the debt. Plaintiff argues that defendants' failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he was forced to defend against an improper party. However, plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred. Accordingly, the motion to dismiss will be granted.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. # 20] is GRANTED. The clerk is instructed to close this case.

/s/ Warren W. Eginton,

Senior U.S District Judge

Dated this 27th day of October 2011, at Bridgeport, Connecticut.