No *Shepard's* Signal™
As of: July 22, 2015 10:44 PM EDT

# Allison v. Whitman & Meyers, LLC

United States District Court for the Western District of New York

February 25, 2015, Decided; February 25, 2015, Filed

13-CV-696-JTC

**Reporter**
2015 U.S. Dist. LEXIS 24050

AMY ALLISON, Plaintiff, -vs- WHITMAN & MEYERS, LLC, JOSEPH GOHO, Defendants.

## Core Terms

allegations, summary judgment motion, debt collector, Collection, summary judgment, corporate veil, material fact, violations, genuine

**Counsel:** [*1] For Amy Allison, Plaintiff: Fredrick Schulman, LEAD ATTORNEY, Fredrick Schulman & Associates, New York, NY.

For Whitman & Meyers, LLC, Joseph Goho, Individually, Defendants: Justin S. White, LEAD ATTORNEY, Shelby Bakshi & White, Williamsville, NY.

**Judges:** JOHN T. CURTIN, United States District Judge.

**Opinion by:** JOHN T. CURTIN

## Opinion

### BACKGROUND

On July 1, 2013, plaintiff Amy Allison filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), *15 U.S.C. § 1692, et seq.* and seeking judgment against defendant Whitman & Meyers, LLC. Item 1. On July 18, 2013, she filed an amended complaint adding defendant Joseph Goho individually. Item 5. Whitman & Meyers filed an answer to the complaint on July 26, 2013 (Item 6), and defendant Goho filed an answer on July 29, 2013. Item 10. After unsuccessful settlement negotiations and referral to the court's Alternative Dispute Resolution program, defendant Goho filed a motion for summary judgment dismissing the complaint as against him. Item 22. Plaintiff filed a response to the motion on November 3, 2011, and the matter was considered submitted. Item 26. For the reasons that follow, the motion is granted.

### FACTS

In her amended complaint, plaintiff states [*2] that defendant Goho "is a member-manager and/or shareholder" of Whitman & Meyers, LLC and, upon information and belief, "oversees its day-to-day operations." Item 5, ¶ 10. In her complaint, plaintiff has alleged that "Defendants" initiated collection activities to recover a debt, including disclosing the details of plaintiff's alleged debt to plaintiff's mother and threatening legal action against plaintiff. Additionally, "Defendants" accepted payment for the alleged debt from plaintiff's aunt, and never provided validation of the alleged debt. Item 5, ¶¶ 23-34. In support of the motion for summary judgment, defendant states that plaintiff has alleged no specific conduct on the part of defendant Goho that violated the FDCPA and that individual liability is thus inappropriate.

In opposition to the motion, plaintiff has submitted the Certificate of Amendment of Articles of Incorporation for Whitman & Meyers, LLC, filed August 1, 2013, changing the name of the corporate entity to Atlantic Resolution Group, LLC and listing Joseph Goho as a "Member" of the LLC. Item 26-1.

### DISCUSSION

Pursuant to *Fed. R. Civ. P. 56(a)*, summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."[1] The moving party [*3] bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. Fed. R. Civ. p. 56(c); see also Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited [*4] to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). Mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. See Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The FDCPA imposes liability on "debt collectors" who engage in prohibited activities. 15 U.S.C. § 1692e. While the Second Circuit has not ruled explicitly on whether an individual employee of a debt collection agency can be liable under FDCPA as a "debt collector," many courts have recognized that "individual liability may be imposed where the defendant sought to be held liable personally engaged in the prohibited conduct." Krapf v. Prof'l Collection Servs., Inc., 525 F.Supp.2d 324, 327 (E.D.N.Y. 2007) (citing cases); see also Rivero v. Cach LLC, 2014 U.S. Dist. LEXIS 33748, 2014 WL 991721, *1 n. 5 (E.D.N.Y. Mar. 13, 2014); Castro v. Green Tree Servicing LLC, 959 F.Supp.2d 698, 705 n. 8 (S.D.N.Y. 2013); Williams v. Prof'l Collection Servs., Inc., 2004 U.S. Dist. LEXIS 30639, 2004 WL 5462235, *4 (E.D.N.Y. Dec. 7, 2004) (("A high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt.") (citation omitted). Additionally, the Federal Trade Commission has opined [*5] that "[s]ince the employees of a debt collection agency are 'debt collectors,' they are liable for violations to the same extent as the agency." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097-02 (Dec. 13, 1988). While not adopting a respondeat superior theory of liability, courts have held that personal involvement can lead to a finding that an individual is a "debt collector" within the meaning of the FDCPA, and thereby render him liable for its violation. Krapf, 525 F.Supp.2d at 327.

In this case, plaintiff seeks to hold defendant Goho personally liable as a "member-manager and/or shareholder" of the debt collection agency. She alleges, upon information and belief, that defendant Goho "oversees the day-to-day operations" of Whitman & Meyers, LLC . Item 5, ¶ 8. She further alleges that defendants are debt collectors for purposes of the FDCPA. Item 5, ¶12. The complaint contains no allegations of specific conduct by defendant Goho in the alleged FDCPA violations. In the factual allegations of the complaint, plaintiff merely recites the actions of the "Defendants," without specifying any particular actions of Mr. Goho. Where a plaintiff alleges no specific conduct on the part of an individual defendant, dismissal of the complaint is appropriate. See Ostrander v. Accelerated Receivables, 2009 U.S. Dist. LEXIS 27321, 2009 WL 909646, *7 (W.D.N.Y. Mar. 31, 2009) (complaint [*6] dismissed as to president of collection agency where plaintiff failed to allege any specific

---

[1] The court notes that, although the motion is fashioned as one for summary judgment, defendant failed to file a statement of material facts pursuant to Local Rule 56(a)(1). The motion is essentially a motion for judgment on the pleadings pursuant to **Fed. R. Civ. P. 12(c)**, but the court will treat it as one for summary judgment, as plaintiff has submitted material outside the pleadings.

conduct to support liability); *cf. Musso v. Seiders*, 194 F.R.D. 43, 47 (D. Conn. 1999) (personal liability sufficiently alleged where individual defendant knew of allegedly unlawful procedures and either approved or ratified them).

Despite a lack of specific factual allegations detailing defendant Goho's violations of the FDCPA, plaintiff argues that defendant Goho may be held liable under a theory of "piercing the corporate veil." The doctrine of alter ego liability or "piercing the corporate veil" permits the owner of a corporation or a corporate affiliate, under certain limited circumstances, to be held liable for the corporation's obligations. *See, e.g., Morris v. N.Y.S. Dep't of Taxation & Fin., 82 N.Y.2d 135, 623 N.E.2d 1157, 1160, 603 N.Y.S.2d 807 (N.Y. 1993)*; accord *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 138 (2d Cir. 1991)* ("The doctrine ... is invoked 'to prevent fraud or to achieve equity.'") (quoting *Int'l Aircraft Trading Co. v. Mfrs. Trust Co., 297 N.Y. 285, 79 N.E.2d 249, 252 (N.Y. 1948))*.

In order to pierce the corporate veil, a party must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 306 F.Supp.2d 482, 485 (S.D.N.Y. 2004)*; see also, *Freeman v. Complex Computing Co., 119 F.3d 1044, 1052 (2d Cir. 1997)*. With respect to the first of these requirements, New York courts consider a variety [*7] of factors, including:

> the intermingling of corporate and personal funds, undercapitalization of the corporation, failure to observe corporate formalities such as the maintenance of separate books and records, failure to pay dividends, insolvency at the time of a transaction, siphoning off of funds by the dominant shareholder, and the inactivity of other officers and directors.

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 18 (2d Cir. 1996)*.

In addition, a court will pierce the corporate veil only when a "fraud or wrong" has been committed. *Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 n. 2 (2d Cir. 1997)* (citing *Morris, 82 N.Y.2d 135, 623 N.E.2d 1157, 1160-61, 603 N.Y.S.2d 807* ("[T]he New York Court of Appeals held that a conjunctive test was applicable and required a showing of both domination and fraud or wrong to justify the piercing of a corporate veil.")); *EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005)*. It is well established that the claimed fraud or injustice "must consist of more than merely the tort or breach of contract that is the basis of the plaintiff's lawsuit." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 183 (2d Cir. 2008)*. After all, "[t]o hold otherwise would render the fraud or injustice element meaningless." *Id*.

It is apparent from a review of the amended complaint that plaintiff pleaded no facts in support of her theory that defendant Goho should be individually liable as the alter ego of the corporate defendant. The amended complaint alleges only that defendant Goho is [*8] a "member-manager and/or shareholder" of the corporate defendant and that he "oversees its day-to-day operations." Item 5, ¶ 10. In her brief in opposition to the motion for summary judgment, plaintiff has argued that Whitman & Meyers was inadequately capitalized, that the business was operated out of defendant's Goho's residence, and that defendant Goho changed the corporate name of the business after the filing of this action in an attempt to avoid liability for FDCPA violations. The only proof plaintiff has offered in opposition to the motion for summary judgment is the Certificate of Amendment of Articles of Incorporation for Whitman & Meyers, LLC, filed August 1, 2013, changing the name of the corporate entity to Atlantic Resolution Group, LLC and listing Joseph Goho as a "Member" of the LLC. Item 26-1. Even viewing the evidence in the light most favorable to the plaintiff, plaintiff has offered no proof that defendant Goho failed to comply with corporate formalities and exercised complete domination over Whitman & Meyers, LLC for the purpose of committing a wrong against plaintiff. Plaintiff's conclusory statements in her argument are inadequate to raise a genuine issue of material fact supporting individual or alter ego liability on the part of defendant [*9] Goho.

**CONCLUSION**

Based on the foregoing, the motion for summary judgment (Item 22) is granted and the complaint is dismissed as to defendant Goho.

So Ordered.

/s/ John T. Curtin

Scott Wortman

JOHN T. CURTIN

United States District Judge

Dated: February 25, 2015

Scott Wortman