UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER McCROBIE,

                            Plaintiff,

               -vs-                                                 15-CV-18-JTC

PALISADES ACQUISITION XVI, LLC,
HOUSLANGER & ASSOCIATES, PLLC,
and TODD HOUSLANGER,

                            Defendants.
_____

APPEARANCES:    LAW OFFICES OF KENNETH HILLER (TIMOTHY HILLER, ESQ., of Counsel), Amherst, New York, for Plaintiff

                        WARSHAW BURSTEIN, LLP (SCOTT E. WORTMAN, ESQ., of Counsel), New York, New York, for Defendants.

On January 6, 2015, plaintiff Christopher McCrobie filed this action seeking damages against defendants Palisades Acquisition XVI, LLC ("Palisades") and Houslanger & Associates, PLLC ("Houslanger & Associates"), based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*. (Dkt. #1). On May 19, 2015, prior to service of a responsive pleading and without leave of court, plaintiff filed an "amended" complaint adding Todd Houslanger, attorney for Palisades and Houslanger & Associates, as a defendant, as well as adding a cause of action for violation of New York General Business Law ("NYGBL") § 349, and several factual allegations pertaining to events occurring after the date of the original pleading (First Amended Complaint, Dkt. # 7).

In lieu of an answer, defendants moved pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the action for failure to state a plausible claim for relief under the FDCPA or GBL, and for lack of subject matter jurisdiction (Dkt. #17), and the court entered an order setting a briefing schedule for response and reply (Dkt. #18).  Instead of responding to the motion to dismiss, plaintiff filed a motion (Dkt. # 19) pursuant to Fed. R. Civ. P. 15(a) for leave to file a second amended complaint, styled as a "consumer class action brought on behalf of consumers subjected to" defendants' alleged violations of the FDCPA and GBL (Proposed Second Amended Complaint, Dkt. #19-3, p.1), and seeking to add Palisades' corporate parent, Asta Funding, Inc., as an additional defendant, as well as claims for declaratory and injunctive relief and punitive damages.  The court amended the scheduling order to provide the opportunity for further briefing to fully address the issues raised by the motions (Dkt. #23), and briefing is now complete (*see* Dkt. ##25, 28).[1]

For the reasons that follow, defendants' motion to dismiss is granted, and plaintiff's motion for leave to file a second amended complaint is denied.

## BACKGROUND

The pertinent facts, as alleged in the First Amended Complaint (the operative pleading at issue here, *see In re AIG Advisor Grp. Sec. Litig.*, 309 F. App'x 495, 497 n. 1

---

[1] Briefing was completed on October 14, 2015, upon receipt of plaintiff's "Reply In Further Support of Plaintiff's First Motion To Amend His Complaint" (Dkt. #28), which the court accepted as timely filed by order entered October 19, 2015 (Dkt. #30, granting plaintiff's motion for extension of time).  Defendants immediately moved for reconsideration of the order granting an extension, and the court promptly held a status conference at which counsel agreed to hold the motions in abeyance pending the outcome of mediation, in accordance with the court's established procedures for alternative dispute resolution (*see* Dkt. ##32, 33).  Upon entry of certification of completion of mediation without settlement, the parties were advised during a further status conference on February 2, 2016, that the motions would be taken under advisement by the court without further briefing or oral argument (Dkt. #37).

(2d Cir. 2009)) and taken as true for the purposes of determining the issues raised by the pending motions,[2] are as follows:

On August 11, 2006, a small claims collection action was filed against Mr. McCrobie in Buffalo City Court by Centurion Capital Corporation ("Centurion"), as assignee of Providian Financial (the original creditor), seeking judgment on a defaulted credit card debt in the amount of $780.12, with interest (Dkt. #7, ¶ 16; *see also* Dkt. #25-2, pp. 11, 12 (Summons and Complaint, Index No. G07295/06)).[3] The summons and complaint in the City Court action were served on October 20, 2006, "by substitute service (posting and mailing)" at 1201 Hertel Avenue in Buffalo, "an old address of [Mr. McCrobie]'s" (Dkt. #7, ¶ 17; *see also* Dkt. #25-2, p. 14 (Affidavit of Service, Index No. G07295/06)). Mr. McCrobie did not answer or otherwise respond to the complaint in the City Court small claims action, and default judgment in favor of Centurion was obtained against Mr. McCrobie on or about

---

[2]The court notes that the original complaint in this action consisted of just over three pages, with thirteen paragraphs of factual allegations. The First Amended Complaint now consists of over fourteen pages, including a four-page introductory narrative regarding plaintiff's views on the "staggering number of default judgments … issued against New York residents in recent years as a result of suits brought by debt buyers and debt collectors" in small claims courts (*see* Dkt. #7, p. 3). The factual allegations in the First Amended Complaint have been expanded to twenty-five paragraphs, including a narrative of email discussions and document exchange between opposing counsel (with copies of the emails and documents attached as exhibits) which took place during March, April and May 2015 – long after the filing of the original complaint (*see* Dkt. # 7, ¶¶ 23-29). As reflected in the discussion herein, the court has reached its determination of the issues raised by the parties' respective motions without considering the statements of fact or other representations of factual material contained in these narratives and exhibits unless otherwise specifically noted, and notwithstanding the pleading transgressions embodied in the First Amended Complaint (see Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 15(d) (requiring leave of court "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented")).

[3]In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiff['s] possession or of which plaintiff [ ] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Jones v. Rivera*, 2015 WL 8362766, at *2 (S.D.N.Y. Dec. 7, 2015).

March 8, 2007, in the amount of $982.12 (Dkt. #7, ¶ 18; *see also* Dkt. #25-2, p. 9 (Affirmation of Regularity and Default Judgment, Index No. G07295/06)). More than seven and a half years later, on or about October 7, 2014, Houslanger & Associates forwarded an Income Execution to Mr. McCrobie's place of employment directing satisfaction of the judgment pursuant to the garnishment procedures of Section 5231 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."), and advising that Palisades–as assignee to the judgment obtained in favor of Centurion–was the current creditor on the debt (Dkt. #7, ¶ 21; *see also* Dkt. #19-8, pp. 1-3).

As plaintiff in this action, Mr. McCrobie alleges that prior to service of the Income Execution on October 7, 2014, he was not aware that a default judgment was obtained against him in the City Court small claims action in March 2007, nor was he aware of any assignment of the judgment to Palisades for collection (Dkt. #7, ¶¶ 19, 22-23). Plaintiff claims that defendants' attempt to collect the judgment on behalf of Palisades without proof of a valid assignment constitutes false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of several provisions of the FDCPA and NYGBL § 349, causing plaintiff to suffer economic and emotional harm (Dkt. #7, ¶¶ 38-44).

Defendants move to dismiss the complaint on the following grounds:

1. Plaintiff's FDCPA claims are time barred by operation of the one-year statute of limitations if 15 U.S.C. § 1692k(d).
2. The question whether the assignment of the judgment was valid under state law does not provide a basis for relief under the FDCPA.

3. The *Rooker–Feldman* doctrine prohibits this court from exercising subject matter jurisdiction over plaintiff's claims for relief under federal law for injury caused by a state court judgment.

4. Under the standard of *Colorado River Water Conservation District v. United States*, the court should abstain from exercising jurisdiction over plaintiff's claims out of deference to the parallel litigation in state court.

5. There is no basis for the individual capacity claims against Todd Houslander.

6. Plaintiff has failed to plead facts sufficient to sustain a claim for violation of any of the specific FDCPA provisions cited in the complaint.

6. In the absence of a viable federal claim, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claim.

As indicated, in response to the motion to dismiss, plaintiff moved for leave to file a Second Amended Complaint seeking to once again significantly expand the scope of the litigation[4] by asserting a class action on behalf of all consumers with addresses in the State of New York who have had their wages garnished or had money taken from their bank accounts pursuant to post-judgment remedies initiated and enforced against them by defendants (*see* Dkt. #19-3, ¶¶ 76, 89); adding Palisades' corporate parent as an additional defendant; and adding claims for declaratory and injunctive relief and punitive damages.

---

[4]Considering sheer volume alone, the Proposed Second Amended Complaint consists of 38 pages and 100 numbered paragraphs, including 58 separate "Factual Allegations" replete with legal argument, case law citations, and references to unrelated reported cases involving claims brought and defended by the same attorneys involved in the present action.

For the reasons that follow, defendants' motion to dismiss is granted, and plaintiff's motion for leave to amend is denied as futile.

## DISCUSSION

**I.      Motion to Dismiss**

As indicated, defendants seek dismissal of the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and in the alternative, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[5]  In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  In order to survive the motion to dismiss, the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' " *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Hunter v. Capital Management Services, LP*, 2013 WL 6795630, at *2 (W.D.N.Y. Dec. 19, 2013).  This standard does not require "heightened fact pleading of specifics, but only

---

[5]Ordinarily, when a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 C. Wright and A. Miller, Federal Practice and Procedure, § 1350, p. 548 (1969)).  The courts have also recognized that, "[a]s there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939), *cited in Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006) (noting that Second Circuit has considered challenges to subject matter jurisdiction under both Rules 12(b)(1) and 12(b)(6), but that 12(b)(1) is the more appropriate rule).  Here, since defendants opened the volley with the argument that plaintiff's FDCPA claims should be dismissed as untimely pursuant to Rule 12(b)(6), the court finds it appropriate to address this primary argument for dismissal as an initial matter.

enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants primary argument for Rule 12(b)(6) dismissal is that plaintiff's FDCPA claims are untimely under 15 U.S.C. § 1692k(d), which requires that an action to enforce "any liability created by" the statute must be brought "within one year from the date on which the violation occurs."[6] *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (motion to dismiss an action as barred by statute of limitations "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted"); *see also DeJesus v. BAC Home Loans Servicing, LP*, 2014 WL 4804999, at * 4 (E.D.N.Y. Sept. 26, 2014). Defendants maintain that even if the factual allegations in the First Amended Complaint are accepted as true and all reasonable inferences are drawn in favor of plaintiff, plaintiff's cause of action for violation of the FDCPA would have accrued, at the latest, on March 8, 2007, when the default judgment was obtained in Buffalo City Court, and therefore, this action–filed more than seven years later on January 6, 2015–is untimely. Plaintiff contends that his FDCPA cause of action accrued on August 28, 2014, the date on which an employee of defendant Houslanger & Associates signed

---

[6]Section 1692k(d) specifically provides:

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

the Income Execution (*see* Dkt. ##19-8), or later on or about October 7, 2014, when plaintiff claims to have been made aware of the "violation" upon service of the Income Execution at his place of employment (*Id.* at ¶¶ 21-23).

Courts within the Second Circuit that have considered the issue have regularly held that in determining the date on which the "violation" occurs for purposes of accrual of a cause of action under the FDCPA, "there is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (citing *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 n. 2 (2d Cir. 1992)). An "unlawful communication" includes either (1) a debt collection letter/notice, or (2) service of a summons and complaint by a debt collector. *See, e.g., Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 57 (D.Conn. 2011) (listing cases); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 126 (2d Cir. 2002) (noting that the statute of limitations for FDCPA violations begins to run either upon serving a summons and complaint or the mailing of a debt collection notice).

In this case, accepting as true the operative factual allegations and drawing all reasonable inferences in plaintiff's favor, plaintiff has at least plausibly alleged sufficient facts to provide a basis for finding that the FDCPA "violation" occurred, and the one-year period began to run, as of August 28, 2014, the date on which an employee of defendant Houslanger & Associates signed the allegedly invalid N.Y.C.P.L.R. § 5231 Income Execution (*see* Dkt. #19-8, p. 1; Dkt. #28, p. 4), or later on or about October 7, 2014, when plaintiff claims to have been made aware of the "violation" upon service of the Income

Execution at his place of employment (Dkt. #7, ¶¶ 21-23).  Since both of these dates fall within the limitations period of section 1692k(d), the court declines the invitation to dismiss plaintiff's FDCPA cause of action as untimely.

This finding is not to suggest, however, that plaintiff's cause of action for violation of the FDCPA has nothing to do with the circumstances of the default judgment obtained in the state court debt collection action.  Rather, the very basis for plaintiff's claim in federal court is the central allegation that defendants pursued state law post-judgment remedies to enforce the default judgment without authorization to do so–an argument directly and undeniably tied to the validity of the state court judgment itself.  In recognition of this posture, defendants seek dismissal of the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on application of the *Rooker-Feldman* doctrine, which arises from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970); *accord Hoblock v. Albany Cty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.").  "The doctrine applies when a litigant seeks to reverse or modify a state court judgment or asserts claims that are 'inextricably intertwined' with state court determinations." *Park v. City of N.Y.*, 2003 WL 133232, at *7 (S.D.N.Y. Jan.16, 2003) (quoting *Feldman*, 460 U.S. at 482–84 n.

16); *Craig v. Saxon Mortgage Servs., Inc.*, 2015 WL 171234, at *5 (E.D.N.Y. Jan. 13, 2015).

In *Hoblock,* upon rigorous re-examination of the *Rooker–Feldman* doctrine in light of the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Second Circuit noted that *Exxon Mobil* had confined the scope of the *Rooker–Feldman* doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, *quoted in Hoblock*, 422 F.3d at 85.  The Second Circuit delineated four requirements for the application of *Rooker–Feldman*: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal citations and quotation marks omitted); *see also McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010); *Done v. Option One Mortgage*, 2011 WL 1260820, at *5 (E.D.N.Y. Mar. 30, 2011). As discussed below, all four of these requirements are satisfied in this case.

First of all, as reflected above, plaintiff had lost the state court collection action, and judgment had been entered against him, long before he commenced his action in this court. The jurisdictional facts presented by way of the parties submissions further reflect

that on August 27, 2015[7] (nearly 8½ years after entry of the default judgment, and 8 months after filing the complaint in this court), Mr. McCrobie filed a motion in Buffalo City Court to vacate the underlying default judgment, which was granted by the city court judge in a Memorandum and Order dated February 2, 2016 (Dkt. #38-1); and that Palisades (as assignee of Centurion) has indicated its intention to file a motion for reargument in City Court (*see* Dkt. #39).  Thus, despite many years of inactivity, and regardless of the grounds asserted by the parties or relied upon by the city court judge, the issues pertaining to the validity of the default judgment and its execution pursuant to the provisional remedies provided by state law are presently being litigated in state court.  Nonetheless, there can be no dispute that for purposes of application of the *Rooker-Feldman* doctrine, the federal court plaintiff lost in state court, and the state court judgment forming the basis for the federal court complaint was rendered long before this action was commenced.  *See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 347-48 (E.D.N.Y. 2010) (citing numerous cases in which courts have applied *Rooker–Feldman* where federal action seeks review of previous state court judgment, regardless of whether litigants have also sought state court review of the judgment).

Nor can it reasonably be disputed that by filing the federal court action, plaintiff seeks damages for injuries caused not only as a direct result of defendants' allegedly deceptive conduct in enforcing the state court judgment, but also–by logical extension–as a direct result of the judgment itself.  Indeed, the foundation for plaintiff's entire case is that

---

[7] It is noted that August 27, 2015 is also the date on which plaintiff filed his motion in this action seeking leave to file a Second Amended Complaint, one day prior to the deadline for responding to defendants' motion to dismiss.

the Income Execution issued on behalf of Palisades pursuant to N.Y.C.P.L.R. § 5231 is invalid absent proof that Centurion properly assigned the right to enforce the state court judgment to Palisades. As indicated, the issues regarding the validity of the underlying judgment, the subsequent assignment, and the garnishment order–all dependent for resolution on state law–are currently pending before the state court by virtue of the February 2, 2016 order vacating the default judgment.

Likewise, there can be no question that by bringing this action challenging the lawfulness of defendants' conduct under federal law, plaintiff is requesting this court to review not only the legality of defendants' initiation of state law post-judgment remedies to enforce a state court default judgment on behalf of the purported assignee-creditor, but also the facts and circumstances of the state court's entry of the judgment and the validity of the purported assignment of the right to its enforcement. Viewed in this light, the complaint necessarily raises questions as to the integrity of the underlying judgment which are central to the merits of, and "inextricably intertwined" with, the state court's determination of the issues pending before it, and this court cannot envision a scenario in which it could grant the relief sought by plaintiff in federal court without the risk of a ruling inconsistent with the relief granted in state court. This is precisely what the *Rooker–Feldman* doctrine forbids.

Based upon this assessment, and taking the well-pleaded allegations in the complaint as true and giving plaintiff the benefit of all reasonable inferences to be drawn from those allegations, the court finds that plaintiff's federal claims in this action are inextricably intertwined with the state court's determinations involving the default judgment entered in Buffalo City Court in March 2007, precluding this court's exercise of subject

matter jurisdiction by application of the *Rooker-Feldman* doctrine. The court therefore grants defendants' motion pursuant to Rule 12(b)(1) dismissing plaintiff's FDCPA claims for lack of subject matter jurisdiction.

Plaintiff also claims that defendants' conduct–*i.e.*, enforcement of post-judgment remedies without proper proof of the right to do so–violates NYGBL § 349, invoking the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, under section 1367(c)(3), the court may decline to exercise supplemental jurisdiction over a state law claim when the court has "dismissed all claims over which it has original jurisdiction." In this regard, the Second Circuit has instructed that when the district court determines that it lacks subject matter jurisdiction over the federal claims, "[i]t would … be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's claim brought pursuant to NYGBL § 349.

II. **Motion for Leave To Amend**

Plaintiff seeks leave pursuant to Fed. R. Civ. P. 15(a) to amend the pleadings by, among other things, asserting a class action on behalf of New York consumers subjected to defendants' alleged violations of the FDCPA and GBL. As explained by the Second Circuit, although Rule 15(a) directs the court to grant leave to amend "freely … when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district

court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

> A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. If the amendment proposed by the moving party is futile, it is not an abuse of discretion to deny leave to amend. An amendment is futile if the proposed amended pleading would be subject to immediate dismissal for failure to state a claim or on some other ground. The party opposing a motion to amend bears the burden of establishing that an amendment would be futile.

*Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) (internal quotation marks, citations, and alterations omitted).

As reflected in the discussion above, the burden has been met in this case. The causes of action in the proposed Second Amended Complaint, although significantly expanded by class allegations, are based upon the same course of conduct alleged as grounds for the FDCPA and GBL claims asserted in the operative First Amended Complaint, and would therefore be subject to immediate dismissal for lack of subject matter jurisdiction and lack of a basis for the exercise of supplemental jurisdiction.

Accordingly, plaintiff's motion for leave to file a Second Amended Complaint is denied as futile.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint (Dkt. #17) is granted, and plaintiff's motion for leave to amend (Dkt. #19) is denied.

The Clerk of the Court is directed to enter judgment in favor of defendants.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: March 24, 2016
p:\pending\2015\15-18.mar18.2016