Exhibit I



# Law Offices of
# Kenneth
# Hiller PLLC

#168100

Main Office: 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226
Telephone: (716) 564-3288   Facsimile: (716) 332-1884
Toll Free Number: (877) 236-7366
www.kennethhiller.com

October 15, 2015

Todd Houslanger, Esq.
Houslanger & Associates, PLLC
37 New York Avenue
Huntington, New York 11743

RE:    **Centurion Capital Corporation Assignee of Providan Financial CO
       v. Christopher McCrobie**

       **Index No. 007295-06**

Dear Mr. Houslanger:

Enclosed please find the Order to Show Cause for the above mentioned matter. Returnable in front of Judge Betty Calvo-Torres October 23, 2015 at 9:30 am at City Court of the City of Buffalo.

Should you have any question please contact our office.

Very truly yours,

Seth J. Andrews

SJA/gb

*Social Security Disability, Consumer Litigation and Long Term Disability*

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                              Plaintiff,                    Index No. 007295-06

v.

CHRISTOPHER MCCROBIE

                              Defendant.

## ORDER TO SHOW CAUSE

On reading and filing the Affirmation of Seth Andrews, Esq., dated October 8, 2015, and

exhibits attached thereto; and the Affidavit of Christopher Mccrobie sworn to on October 8,

2015, and exhibits attached thereto:

**ORDERED**, that Plaintiff, show cause at a hearing before this Court at the 50 Delaware

Ave, Buffalo, New York on Oct. 23rd , 2015 at 930 a.m./p.m., or as soon

thereafter as counsel can be heard, why an Order should not be made: (i) quashing the subpoena

served on Chase Bank USA, N.A, dated September 14, 2015 pursuant to  CPLR §2304 (ii) and

issuing a Restraining Order preventing Plaintiff from any further post judgement enforcement as

well as issuing an subpoenas until the Defendant's previously filed motion to vacate the default

judgement is ruled on by this Court and why Defendant should not have such other and further

relief as may be just, proper and equitable; and it is further

**ORDERED**, that Plaintiff, its agents, servants, and employees, and all persons acting on its behalf is hereby stayed from any post judgement enforcement as well as issuing any subpoenas pending a final decision and order in this proceeding; and it is further

**ORDERED**, that service of a copy of this Order, together with the papers on which it is granted, by overnight service or by facsimile upon the Plaintiff's Attorney, Houslanger & Associates, PLLC, 372 New York Ave, Huntington, NY 11743, on or before Oct. 16th _____, 2015, be deemed good and sufficient service; and it is further

**ORDERED**, that papers in opposition to this application be served on counsel for Defendant, Law offices of Kenneth Hiller, 6000 North Bailey Avenue, Amherst New York, 14226, Seth Andrews, Esq., by facsimile or overnight service on or before Oct. 20th _____, 2015; and it is further

**ORDERED**, that Defendant's Reply papers to Plaintiff's opposition to this application be served by facsimile or overnight service on or before Oct. 22nd _____, 2015.

DATED: OCT 1 5 2015 _____, 2015

Hon. _____
BETTY CALVO-TORRES

ENTER: OCT 1 5 2015

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                        **Plaintiff,**                    **Index No. 007295-06**

v.

CHRISTOPHER MCCROBIE

                        **Defendant.**

## AFFIDAVIT OF CHRISTOPHER MCCROBIE

Christopher Mccobie being duly sworn, deposes and says:

1. That I am the defendant in the above entitled action and make this affidavit in support of my motion to quash the subpoena served on Chase Bank, USA N.A ("Chase") as well as stay any post judgment enforcement, including issuing any further subpoena's to any party pertain to this matter.

2. That I received a notice from Chase dated September 23, 2015 wherein the letter stated it received a subpoena in connection with this case and that it would provide the information requested unless I provided a Court Order stating that they do not have to comply with the request or a Court filed motion to quash the subpoena. Copies of the letter as well as the subpoena are attached as **Exhibit A and B.**

3. Prior to receiving this notice from Chase, I never was provided a copy of the subpoena either to my person directly or through my counsel, the Law Office of Kenneth Hiller PLLC.

4. Prior to receiving this notice, I had no knowledge that Todd Houslanger had issued a subpoena on behalf of his client, Palisades Acquisition XVI, LLC instructing Chase to provide any and all records of an alleged Providian account in my name.

                                        Christopher Mccrobie

Sworn to before me this
_____ of October, 2015

BETH J. ANDREWS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
COMMISSION EXPIRES ___9-8-16___

# EXHIBIT A



Kimberly Stinson
Facsimile: (317) 757-7421

National Subpoena Processing
Mail Code IN1-4054
7610 West Washington Street
Indianapolis, Indiana 46231

9/23/2015

Christopher D McCrobie
6 Maple Dr
Bowmansville, NY 14026-0000

We received a subpoena/summons for the matter below

Subpoena Type:  Subpoena Duces Tecum
Case Name:  Centurion Capital Corporation Assignee of Providian Financial Co -against- Christopher McCrobie
Case Number.:  CV-007295-06/BU
JPMorgan Chase File Number.:  SB678044-FI

Dear Christopher D McCrobie:

We are writing to let you know Chase Bank USA, N.A. received a subpoena/summons in connection with the case above.

As legally required, Chase Bank USA, N.A. will provide the information to the requesting party on the due date listed on the subpoena/summons unless:

- You provide a copy of a court-filed Motion to Quash the subpoena/summons, or
- You provide a Court Order stating that we do not have to comply with the request.

We enclosed a copy of the subpoena/summons for your reference.

**Here's what to do if you have questions**

- If you have questions about the subpoena/summons, you can call the issuing party.  Their contact information is listed on the subpoena/summons.
- If you have questions about our response to the request, please call us at 1-317-757-7422.

If you have legal representation, please provide your attorney a copy of this letter and the enclosed subpoena/summons.

Sincerely,

Kimberly Stinson
Document Review Specialist

Enclosed:  Subpoena/Summons

LCSubp590615
JPMorgan Chase Bank, N.A. Member FDIC

# EXHIBIT B

CITY COURT OF BUFFALO
COUNTY OF ERIE

NSP 09 / 18 / 2015 AM Index Number:

CV-007295-06/BU

------------------------------------------------x

CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN
FINANCIAL CO,

                    Petitioner/Plaintiff(s)

          - against -                          SUBPOENA
                                               DUCES TECUM

CHRISTOPHER MCCROBIE,

                    Defendant(s),

------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK
TO:
     Chase Bank USA, N.A.
     National Subpoena Processing          Confidential Information Redacted
     7610 West Washington Street, IN1-4054
     Indianapolis, IN  46231

          In an action in CITY COURT OF BUFFALO, COUNTY OF ERIE
between CENTURION CAPITAL CORPORATION ASSIGNEE OF
PROVIDIAN FINANCIAL CO, as Plaintiff(s) and CHRISTOPHER
MCCROBIE, as Defendant(s), who are all parties named in said action. The
current creditor, as the assignee to whom this debt is owed, is Palisades
Acquisition XVI, LLC.

          NOW THEREFORE WE COMMAND that you provide us with any and
all evidence of an account established at PROVIDIAN FINANCIAL CORP in
the names of CHRISTOPHER MCCROBIE and further copies of the original
signed contract, credit card application, card member agreement, copies of all
statements and charge receipts, and copies of the checks for payment from the
period 9/22/2000 through the present and copies of any evidence showing the
charges made by the Defendant. The original or once assigned account number on
this account is Acc#              The last digit may be missing due to
security purposes. If you are unable to locate a credit account under said account
number please provide any documentation under any credit accounts for the
Defendant, CHRISTOPHER MCCROBIE under his social security number
listed on the cover letter.
          Production of the above to the office designated below should be provided
to us within (7) days. PLEASE TAKE NOTICE that false swearing on such
examination or failure to comply with this Subpoena is punishable as a "Contempt
of Court."
Dated:     September 14, 2015
           Huntington, New York

                              Todd E. Houslanger, Esq.   FILE: 168100
                              HOUSLANGER & ASSOCIATES, PLLC
                              Attorney for Current Judgment Creditor
                              372 New York Avenue
                              Huntington, NY  11743
                              (631) 427-1140

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

|                          |                          |
|--------------------------|--------------------------|
| **Plaintiff,**           | **Index No. 007295-06**  |
| v.                       |                          |

CHRISTOPHER MCCROBIE

**Defendant.**

---

## AFFIRMATION SETH J. ANDREWS, ESQ.

Seth J. Andrews, an attorney at law, duly licensed to practice in the State of New York, hereby affirms that the following statements are true under penalties of perjury:

1. That I am an attorney with the Law Office of Kenneth Hiller PLLC, the attorneys for the Defendant herein.

2. That my office first became aware of the Subpoena Duces Tecum served on Chase Bank USA, N.A. ("Chase") dated September 14, 2015 upon receiving a voice message from Mr. Mccrobie on October 1, 2015.

3. Prior to this message, my office was never provided with any notice of the subpoena that was served on Chase.

4. On August 28, 2015, the Defendant filed a motion with the Court to vacate the default judgement held by Centurion Capital Corporation ("Centurion"). Plaintiff's counsel, Todd Houslanger of Houslanger & Associates, PLLC was served with the motion on September 3, 2015. A copy of the affidavit of service for the motion is attached as **Exhibit A**.

5. As the subpoena is dated September 14, 2015, clearly Mr. Houslanger issued this subpoena after receipt of the Defendant's motion papers and was aware of my office's filing of Mr. Mccrobie's motion to vacate the default judgment entered against him by Centurion.

6. CPLR 2303 states that "a copy of any subpoena duces tecum served in a pending civil judicial proceeding shall also be served, in the manner set forth in rule twenty-one hundred three of this chapter, on each party who has appeared in the civil judicial proceeding so that it is received by such parties promptly after service on the witness and before the production of books, papers or other things. N.Y. C.P.L.R.§ 2303 (McKinney).

7. Neither Mr. Mccrobie nor his attorneys were ever served with a copy of the subpoena to Chase.

8.  Furthermore, CPLR§ 3120 "sets forth the procedure for the service of a subpoena duces tecum on a nonparty witness for the production of documents. This section provides that when disclosure is sought from a nonparty, the nonparty shall be given notice stating the circumstances or reasons such disclosure is sought or required." Morano v. Slattery Skanska, Inc., 846 N.Y.S.2d 881, 884-85 (Sup. Ct. 2007). Citing Velez v. Hunts Point Multi-Service Center, Inc., 811 N.Y.S.2d 5 (1ST Dept. 2006).

9.  Here, the subpoena to Chase fails to identify any reason as to why it is necessary to produce the requested documents to Mr. Houslanger.

10.  Courts have found that subpoenas are facially invalid and unenforceable in instances where all the parties were not served with the subpoena and/or where the language contained therein failed to satisfy the language mandated by CPLR 3101(a)(4). Needleman v. Tornheim, 930 N.Y.S.2d 896 (2nd Dept. 2011); In re Ehmer, , 708 N.Y.S.2d 903 (2nd Dept. 2000).

11.  Aside from the fact that Mr. Houslanger's client, Palisades Acquisitions XVI, LLC ("Palisades") has no standing to issue a subpoena with the backing of this Court as they are not the judgement creditor, (as stated in Defendant's current motion to vacate which was argued before this Court on September 21, 2015), the subpoena requests documents pertaining to the alleged Providian account which was allegedly sold to Centurion Capital Corp., and then further allegedly transferred to Mr. Houslanger's client- Palisades.

12.  Thus, it begs the question; if Mr. Houslanger's client, Palisades, has proper and true ownership of the alleged defaulted Providian account in Mr. Mccrobie's name, why do they need to serve a subpoena to the alleged original creditor to obtain the documents they already purport to possess?

13.  The Court should further note that the subpoena fails to identify the account number of the alleged Providian account and lastly boldly states that is "you are unable to locate a credit account under said account number (which is not provided), please provide **any** documentation under **any** credit accounts for Defendant Christopher Mccrobie." (Emphasis added).

14.  "It is well settled, that a *subpoena duces tecum* may not be used for the purpose of discovery, or to ascertain the existence of evidence." Morano v. Slattery Skanska, Inc., 846 N.Y.S.2d 881, 884 (Sup. Ct. 2007). "Instead, its purpose is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding." Morano at 884. "When addressing a motion to quash a *subpoena duces tecum,* the standard to be applied is whether the requested information is 'utterly irrelevant to any proper inquiry.'" Id.

15.  The motion to vacate is based on lack of jurisdiction and standing grounds. The requested documents have no bearing on the issue of whether Mr. Mccrobie was properly served in accordance with CPLR 308 or if this Court has jurisdiction over Defendant pursuant to N.Y. Uniform City Court Act §213.

16. The documents requested are ones that Mr. Houslanger's client Palisades must already be in possession of in order to have a proper and complete chain of title regarding the alleged defaulted Providian account in Mr. Mccrobies's name. See LVNV Funding v. Guest, 2012 WL 1957715 (N.Y.City Ct.);Citibank v. C. Martin, 807 N.Y.S.2d 284 (Civil Ct New York 2005.)

17. Thus, there is no relevant, ethically permissible reason for Mr. Houslanger to serve this subpoena on Chase.

18. Although, as he has in the past submitted false documentation to the undersigned in the form of an purported valid assignment for the judgment against Mr. Mccrobie from Centurion to Palisades, and then later in opposition to Defendant's motion to vacate the default judgement, provided a different allegedly "true" assignment; one can surmise that the requested information may be intended to be used once again to submit fraudulent documents in an attempt to convince this or another Court that Mr. Houslanger's client, Palisades, has valid and proper ownership of the judgement against Mr. Mccrobies's relating to the alleged Providian account. See Reply Affirmation of Seth J. Andrews, dated September 18, 2015 ¶16-26 – provided to the Court on September 21, 2015 at oral argument.

19. Operating with this notion, it makes perfect sense why Defendant and his counsel would not be provided with a copy of the subpoena as this would have resulted in this motion be filed with the Court at the time the subpoena was first served on Chase.

20. Mr. Houslanger and his client, Palisades, were hoping to "sneak" this by opposing counsel in an attempt to "sandbag" Defendant with the existence of "newly discovered" discovered evidence that it would have attempted to introduce at the September 21, 2105 hearing before this Court and most certainly for the case pending in the Western District of New York filed against Mr. Houslanger and Palisades alleging violations of the Fair Debt Collection Practices Act ("FDCPA").

21. The Court should recognize this unsavory tactic and grant Defendant's motion to quash the subpoena as well as issue an order restraining Mr. Houslanger and his client Palisades from taking any post judgment action towards the Defendant including issuing any further subpoenas until the motion to vacate is decided by this Court.

Dated: October 8, 2015

_____
Seth J. Andrews, Esq.

# EXHIBIT A

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO,

                            Plaintiff,

        v.                                      **Index No. 007295-06**

CHRISTOPER MCCROBIE,

                            Defendants.

---

### AFFIRMATION OF SERVICE

Seth J. Andrews, hereby affirms under penalties of perjury, that the following statements are true
and correct to the best of my knowledge, information and belief:

1. That on September 3, 2015, I mailed the Defendants Motion to Vacate Judgment, Affidavit of
   Christopher McCrobie with Exhibits in support of Defendant's Motion to Vacate the
   Judgement and Memorandum of Law upon the attorney of record for Plaintiff by using Fedex
   Express overnight Services, to said attorney to the address designated by them for that
   purpose, to wit:

   Houslanger & Associates, PLLC
   Attorney for the Plaintiff
   372 New York Avenue
   Huntington, New York 11743

Dated:  September 3, 2015

                            _____
                            /Seth J. Andrews

        Sworn to before me this
        3rd day of September, 2015.

        _____
        Notary Public

                LINDA DEDLINE
        NOTARY PUBLIC, STATE OF NEW YORK
            QUALIFIED IN ERIE COUNTY
        MY COMMISSION EXPIRES MAY 18 _2019_

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                    **Plaintiff,**               **Index No. 007295-06**

v.

**CHRISTOPHER MCCROBIE**

                    **Defendant.**

## AFFIDAVIT OF CHRISTOPHER MCCROBIE

Christopher Mccobie being duly sworn, deposes and says:

1.  That I am the defendant in the above entitled action and make this affidavit to clarify and correct an inadvertent error in my prior Affidavit in support of my motion to vacate the Plaintiff's default judgement sworn to on August 27, 2015

2.  In paragraph #2 of that affidavit, the phrase "and leave to file a counterclaim" was never intended to be stated.

3.  This was an oversight and nowhere else in my motion papers do I request relief in the form of a counterclaim.

4.  Thus, to make a clear record for the Court, I am not seeking any counterclaim in this action.

                                        Christopher Mccrobie

Sworn to before me this
____ of October, 2015

SETH J. ANDREWS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
COMMISSION EXPIRES ___9-9-19___

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO.,

Plaintiff,

v.                                                **Index No. 007295-06**

CHRISTOPHER MCCROBIE,

Defendants.

---

**AFFIRMATION OF SERVICE**

Seth J. Andrews, hereby affirms under penalties of perjury, that the following statements are true
and correct to the best of my knowledge, information and belief:

1. That on October 15, 2015, I mailed the Order to Show Cause upon the attorney of record for
   Plaintiff by using Fedex Express overnight services, to said attorney to the address designated
   by them for that purpose, to wit:

   Todd Houslanger, Esq.
   Houslanger & Associates, PLLC
   37 New York Avenue
   Huntington, New York 11743

Dated:  10/15/2015

<br>

_____
Seth J. Andrews, Esq.

Sworn to before me this
15th day of October, 2015.

_____
Notary Public

LINDA DEDLINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAY 18  2019

CIVIL COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE
--------------------------------------------------------------------X          **Index No.: 007295-06**

**CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO**

                                                   **AFFIRMATION IN**
                                     **Plaintiff,**      **OPPOSITION TO**
         **- against -**                                **ORDER TO**
                                                   **SHOW CAUSE**
**CHRISTOPHER MCCROBIE**

                                                   **Return Date:**
                                     **Defendant.**     **October 23, 2015**


--------------------------------------------------------------------X

     **TODD E. HOUSLANGER,** an attorney admitted to practice before the Courts of the State of New York hereby affirms the following under penalty of perjury and pursuant to CPLR 2106:

1.    I am a member of the firm Houslanger & Associates, PLLC, the current attorneys for Palisades Acquisition XVI, LLC, the Assignee and Successor in Interest to Plaintiff, Centurion Capital Corporation. (See Affidavit of Stephen K. Braun, Esq., Assistant Vice President of Operations and Director of Litigation of Palisades Acquisition XV, LLC (predecessor assignor) and Palisades Acquisition XVI, LLC and the bill of sale\ chain of title annexed hereto as Exhibit 'A').

2.    This Affirmation is in Opposition to the Defendant's Order to Show Cause dated October 15, 2015.

3.    The Defendant seeks to a quash a subpoena duces tecum issued by the undersigned to the Original Creditor in this matter seeking documentation of the underlying matter in this case. (There is no dispute that Chase acquired Providian.)

4.    Defendant's main contention is that the documents requested are not relevant or material to facts at issue. In Gertz v Richards, 233 A.D.2d 366 (1996), the Second Department set forth that "(t)he standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is "utterly irrelevant" to any proper inquiry. Moreover, the burden of establishing that the requested documents and records are utterly irrelevant is on the person being subpoenaed (see, Ayubo v Eastman Kodak Co., 158 A.D.2d 641; Matter of Abrams v Thruway Food Mkt., 147 A.D.2d 143." the standard used to determine whether the requested documents are relevant is if they are "utterly irrelevant to any proper inquiry". Morano v. Slattery Skanska, Inc., 846 N.Y.S.2d 881, 884 (Sup. Ct. 2007).

5.    The Defendant's motion to vacate the underlying Judgment in this matter is based, among other issues, upon jurisdictional issues. The documents requested would show the address of the Defendant, the fact that they were receiving correspondence at that address, the fact that they were aware of the underlying account in this matter and

further demonstrate that the transactions occurred in a location that gave rise to the jurisdiction.  Such documents could not be more relevant.

6.  In a matter where the movant is claiming that a debt is not their debt, it is completely irrational to claim that documents showing they were receiving statements in their name and at their address would not be relevant.

7.  There is a reason why the movant is grasping at straws to quash the subpoena and that is because they are well aware that such documents would demonstrate that their Jurisdictional objections are frivolous.

8.  In the case that the Defendant relies heavily upon, Morano v. Slattery Skanska, Inc. , 846 N.Y.S.2d 881, 884 (Sup. Ct. 2007), the Court found the subpoenaed documents to be relevant.  In that case, the Court also addressed another issue that the Defendant relies on herein, that they were not given notice of the subpoena and that the subpoena did not contain the reasons why the documents were being sought.

9.  The Court in Morano stated "to quash the subpoena on such technical grounds would be inappropriate" because the party requesting the documents had already been told by their adversary that they did not possess the requested documents.  In this case, the Defendant has denied that this debt is his in the papers attached to the Motion to Vacate the judgment, currently under consideration by this Court.  The Defendant and does not "recall ever having any Providian account with any such balance."  It is therefore obvious such documents could not be obtained through discovery from the Defendant.  Furthermore, the Defendant also requested, in the alternative,  (and a possible outcome of such motions are that the matter be restored to the trial calendar) that he be able to file a counterclaim.

10.  The purpose of the notice provision of the subpoena process is to allow the person served to either timely move for a protective order or to attempt to quash the subpoena.  The fact that the Defendant may not have had actual notice of the subpoena is now a moot point.  The Defendant obviously has, as demonstrated herein, the opportunity to attempt to quash and is now attempting to do so.  To require a resubmission of the subpoena with notice would be an obvious waste of judicial resources.

11.  It should also be mentioned that the reason our client is not in possession of the documents we are seeking is because this matter was reduced to a Judgment nine years ago in 2006.  Retention of such documents for more than 7 years is neither required and to maintain documents for that long a period of time is not practical in most cases, especially when the relevant document and the 'Law of the Case' is now a valid Judgment duly entered by the Court. (See Judgment annexed as exhibit 'B" hereto.)

12.  That part of the Subpoena requesting any other documentation is included to address circumstances where the account number may have changed for the same underlying account, such as when a theft of the card occurs, for numerous security reasons or when the product changes, such as from a regular to premium, green to gold account.

13.     Finally, it is unbecoming of an attorney to besmirch his adversary and cast
aspersions in effort to bolster his arguments.  Such behavior is inflammatory
and unprofessional and the undersigned has complete confidence that this Court
will not countenance such tactics manifested by the Defendants attorneys.  I
also telephoned Mr. Andrews to request an adjournment of the return date for
one week and he did not provide me with the courtesy of a return call, despite
personal messages left with his staff on three occasions!

WHEREFORE, the undersigned respectfully requests this Court deny the Order to
Show Cause with costs thereof and allow the subpoena process to proceed.

Dated: October 20, 2015
        Huntington, New York

**Todd E. Houslanger, Esq.**
**HOUSLANGER & ASSOCIATES, PLLC**
*Attorneys for current Judgment Creditor*
 **Palisades Acquisition XVI, LLC, Assignee**
**and Successor in Interest to Plaintiff,**
**Centurion Capital Corporation**
*372 New York Avenue*
*Huntington, New York 11743*
*(631) 427-1140*

**TO:     Law Offices of Kenneth Hiller**
**6000 North Bailey Avenue**
**Amherst, New York 14226**

# EXHIBIT "A"

**AFFIDAVIT OF WITNESS**
**OF PLAINTIFF/JUDGMENT CREDITOR**

State of _Pennsylvania_ County of _Montgomery_ .

_Stephen K. Braun_ being duly sworn, deposes and says:

1. I am over 18 and not a party to this action. I am the Assistant Vp of manager/ Director of Litigation (title) of both Palisades Acquisition XV, LLC (predecessor assignor) and Palisades Acquisition XVI, LLC (plaintiff). In that position I am the custodian of the books and records and am aware of the procedures used for the import and storage of records and the assignment of electronically stored business records.

2. Based upon the attached Bill of Sale, on March 5, 2007 Centurion Capital Corporation sold a pool of accounts under the conditions of a Purchase and Sale Agreement to Palisades Acquisition XV, LLC. As part of that sale, electronic records of individual accounts kept in the in the ordinary course of business of Centurion Capital Corporation were transferred to Palisades Acquisition XV.

3. Christopher McCrobie's Providian Financial account, which is the subject of this lawsuit and judgment was included in the purchase, and Palisades Acquisition XV, LLC received account records of Christopher McCrobie.

4. Based upon the attached Bill of Sale, Christopher McCrobie's Providian Financial account, which is the subject of this lawsuit and judgment was then assigned by Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

5. As part of that sale, electronic records specific to Christopher McCrobie's Providian Financial account were provided to Palisades Acquisition XVI, LLC. These records were incorporated into Palisades Acquisition XVI, LLC's records and kept in the regular course of business.

The above statements are true to the best of my knowledge.

Signed this ___14___ day of _September_ , _2015_ .

_____
(Name of Affiant)

Sworn before me this ___14th___ day of _September_ , _2015_ .

_____
(Notary Stamp)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARIA C DAVIDSON
Notary Public
CONSHOHOCKEN BORO, MONTGOMERY COUNTY
My Commission Expires Oct 16, 2018

{903924.1 }

**CITY COURT OF BUFFALO**
**COUNTY OF ERIE**
------------------------------------------------------------------X

CENTURION CAPITAL CORPORATION                    INDEX NO.: CV-007295-06/BU
ASSIGNEE OF PROVIDIAN FINANCIAL CO,

                    Plaintiff(s),                    **CERTIFICATE OF**
                                                                          **CONFORMITY**

        -against-

**CHRISTOPHER MCCROBIE,**

                 Defendant(s).
------------------------------------------------------------------X

      I, JEFFREY M. PARRELLA, ESQ., an attorney-at-law admitted in both the State of New York and the Commonwealth of Pennsylvania, am fully acquainted with the laws of the Commonwealth Pennsylvania, pertaining to the acknowledgement or proof of deeds of real property to be recorded therein, do hereby certify that I am duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York and hereby certify that the acknowledgement or proof upon the foregoing document was taken by MARIA C. DAVIDSON, ESQ., a notary public in the Commonwealth of Pennsylvania , in the manner prescribed by the laws of the Commonwealth of Pennsylvania and conforms to the laws thereof in all respects.

      IN WITNESS WHEREOF, I have hereunto set my signature, this **14**[th] day of **September, 2015.**

                                      _____

      By:     Jeffrey M. Parrella, Esq.
              Attorney at Law
              State of New York and
              Commonwealth of Pennsylvania

## BILL OF SALE

THIS BILL OF SALE is dated as of March 5 , 2007 between CENTURION CAPITAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule I.

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

CENTURION CAPITAL CORPORATION,          PALISADES ACQUISITION XV, LLC
Seller                                   Buyer

By: _____                    By: _____
        (Signature)                              (Signature)
Name: Daniel Varner                       Name: _____
Title:  President                         Title: _____

## BILL OF SALE

THIS BILL OF SALE is dated as of March 5 , 2007 between CENTURION CAPITAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer")

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule 1

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

CENTURION CAPITAL CORPORATION,          PALISADES ACQUISITION XV, LLC
Seller                                                                Buyer


By: _____          By: _____
          (Signature)                                 (Signature)
Name: _____        Name: _____
Title: _____       Title: _____

## BILL OF SALE

Subject to the terms and conditions of that certain Sale Agreement, dated as of March 5, 2007 (the "Agreement"), between PALISADES ACQUISITION XV, LLC ("Seller"), a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 and PALISADES ACQUISITION XVI, LLC ("Buyer"), a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and for the consideration set forth in the Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller does hereby sell, convey, assign, transfer, set over and deliver to Buyer all of Seller's right, title and interest in all of the Receivable Assets, which such Receivable Assets are more fully described in the Agreement.

This Bill of Sale is being delivered pursuant to the Agreement and is subject to each of the terms set forth therein.

This Bill of Sale shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

*[signature page follows]*

10024/81
03/01/2007 2112999.01

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be executed on its behalf by its duly authorized officer as of this  5  day of March, 2007.

PALISADES ACQUISITION XV, LLC

By:_____
    Name: Mitchell Slater
    Title: Manager

-2-

**EXHIBIT "B"**

**BUFFALO CITY COURT**
**COUNTY OF ERIE**
**STATE OF NEW YORK**                                        **Index # G07295/06**

**COPY**

| | |
|---|---|
| **CENTURION CAPITAL CORPORATION** | **CHRISTOPHER MCCROBIE** |
| **ASSIGNEE OF PROVIDIAN FINANCIAL** | **1201 HERTEL AVE** |
| **700 KING FARM BLVD.** | **UPPER REAR** |
| **SUITE 503** | **BUFFALO, NY 14216** |
| **ROCKVILLE, MD 20850** | |

V.                        Defendant(s)

Plaintiff

## AFFIRMATION OF REGULARITY AND DEFAULT JUDGMENT

The undersigned, attorney-at-law of the State of New York and attorney of record for the Plaintiff herein affirms under penalties of perjury:

1.       The summons and verified complaint in this action was:
         ( X ) served by substitute service on the Defendant, CHRISTOPHER MCCROBIE, on October 20, 2006 with the affidavit of service filed with the clerk on October 27, 2006.
2.       The additional notice requirements as set forth in CPLR 3215(g) (3) have been complied with.
3.       The time of the Defendant(s) to appear or answer has expired and the Defendant(s) has not appeared or answered herein.
4.       The sums sought and the disbursements set forth below are true and accurate. The disbursements have been or will be made accurate. The disbursements have been or will necessarily be made or incurred herein and are reasonable in amount.

| | | |
|---|---|---|
| AMOUNT CLAIMED IN COMPLAINT $780.12 | | $780.12 |
| INTEREST at 0% from February 28, 2007 to February 28, 2007 | | $0.00 |
| SUBTOTAL | | $780.12 |
| COSTS BY STATUTE | $20.00 | |
| INDEX NUMBER FEE | $45.00 | |
| TRANSCRIPTS AND DOCKETING | $16.00 | |
| SERVICE OF SUMMONS & COMPLAINT | $35.00 | |
| POSTAGE | $0.00 | |
| SHERIFF'S FEES ON EXECUTION | $86.00 | |
| TOTAL COSTS | $202.00 | |
| TOTAL JUDGMENT AMOUNT | | $982.12 |

5.       Wherefore, it is required that judgment be entered accordingly.
Dated: February 28, 2007

/S

Allen D. Friedman, Esq./Patricia A. Blair, Esq.
Christa L. Muratore, Esq./Maria J. Reed, Esq.
Fatimat O. Balogun, Esq.

Now on motion of Wolpoff & Abramson, L.L.P. an attorney for Plaintiff, 300 Canal View Blvd., 3rd Floor, Rochester, New York, it is adjudged that Plaintiff, CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN FINANCIAL at 700 KING FARM BLVD, SUITE 503, ROCKVILLE, MD 20850 do recover of the Defendant(s) **CHRISTOPHER MCCROBIE**, herein residing at 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216, the sum of $780.12 with interest of $0.00, together with costs and disbursements of $202.00, amounting in all to the sum of **$982.12** and that the Plaintiff have execution therefore.

*Sharon Thomas*

W&A# 157430917                    MAR - 9 2007                    Clerk

CITY COURT OF BUFFALO
COUNTY OF ERIE
----------------------------------------------------------------X

CENTURION CAPITAL CORPORATION                    INDEX NO.: CV-007295-06/BU
ASSIGNEE OF PROVIDIAN FINANCIAL CO,

Plaintiff(s),

-against-

CHRISTOPHER MCCROBIE,

Defendant(s).
----------------------------------------------------------------X

AFFIDAVIT OF SERVICE BY FACSIMILIE

STATE OF NEW YORK      ]
                       ] ss.:
COUNTY OF SUFFOLK      ]

SANDY LYNN RIEFBERG deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides in HUNTINGTON, NY 11743.

On the ___20^th___ day of **October, 2015,** deponent served the within

AFFIRMATION IN OPPOSITION

upon the following attorney(s):

TO:   Seth J. Andrews, Esq.
      Law Offices of Kenneth Hiller, PLLC
      6000 North Bailey Avenue, Suite 1A
      Amherst, NY 14226

the address designated by said attorneys for that purpose by transmitting via telecopier a true copy of same to fax number (716)-332-1884, the fax number provided by said attorney on their cover letter pursuant to Order of this Court, and received proof of the transmission.

Sandy Lynn Riefberg

Sworn to before me this
___20^th___ day of **October, 2015**

NOTARY PUBLIC

SARA MUSTAFA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MU6314224
Qualified in Suffolk County
My Commission Expires November 10, 20___

# Dell™ C2665dnf Color MFP

## Monitor Report

| | | | Date/Time: 10/20/2015 18:28 |
|---|---|---|---|
| Fax Number | : | 6314271143 | Page:1(Last Page) |
| Fax Header Name | : | Houslanger & Associates | |

The documents were sent.

| No. | Job# | Remote Station | Start Time | Dura. | Pages | Mode | Contents | Result |
|---|---|---|---|---|---|---|---|---|
| 001 | 0056 | 17163321884 | 10/20/2015 18:25 | 2'28" | 14/ 14 | SG3 | | Done |

HOUSLANGER & ASSOCIATES, PLLC
ATTORNEYS AT LAW
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743
TELEPHONE: 631-427-1140
FACSIMILE: 631-427-1143

## FAX COVER SHEET

**DATE:** 10/20/2015

**FROM:** TODD E. HOUSLANGER, ESQ.

**TO:** **Seth J. Andrews, Esq.**
**ATTN:**

**OUR FAX NO.:** 631-427-1143

**YOUR FAX NO:** 716-332-1884

**NO. OF PAGES:** (14) INCLUDING COVER SHEET

**Re:** CENTURION CAPITAL CORPORATION AAO PROVIDIAN v.
CHRISTOPHER MCCROBIE
Index No.: CV-007295-06/BU

**COMMENTS:**

        Attached is an Affirmation of Opposition in the above
captioned matter.

        Please contact our office should you have any questions.
Thank you.

                                        Sandy Lynn Riefberg
                                        Legal Secretary

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THIS OFFICE. CONFIDENTIALITY NOTE: THE INFORMATION CONTAINED IN
THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDLOGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPY OF THIS TELECOPY IS PROHIBITED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE.

INDEX NO.: CV-007295-06/BU

CITY COURT OF BUFFALO
COUNTY OF ERIE
-------------------------------------------------------------------X
CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO,

Plaintiff(s),

-against-

CHRISTOPHER MCCROBIE,

Defendant(s).

---

**AFFIRMATION IN OPPOSITION**

---

**HOUSLANGER & ASSOCIATES, PLLC**
*Attorney for Plaintiff/Judgment Creditor*
**PALISADES ACQUISITION XVI, LLC**
**Assignee and Successor in Interest to**
**CENTURION CAPITAL CORPORATION**
**372 New York Avenue**
**Huntington, NY  11743**
**Tel.  (631) 427-1140**
**Fax.  (631) 427-1143**
**Our File No.: 168100**

---

Service of a copy of the within is hereby admitted

Dated:

To:

Attorney(s) for

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                                **Plaintiff,**                  **Index No. 007295-06**

**v.**

**CHRISTOPHER MCCROBIE**

                                **Defendant.**

---

## AFFIRMATION SETH J. ANDREWS, ESQ.

Seth J. Andrews, an attorney at law, duly licensed to practice in the State of New York, hereby affirms that the following statements are true under penalties of perjury:

1. That I am an attorney with the Law Office of Kenneth Hiller PLLC, the attorneys for the Defendant herein.

2. First it should be noted that upon Mr. Houslanger calling my office, the undersigned emailed Scott Wortman, Esq. who represents Mr. Houslanger in the Western District of New York lawsuit filed by Mr. Mccrobie alleging violations of the Fair Debt Collection Practices Act in order to obtain his confirmation that any direct communications with Mr. Houslanger was appropriate. In the email, the undersigned requested that any further direct communication to or from Mr. Houslanger be made in writing. This was done to safe guard against any allegation of improper communication with Mr. Houslanger. Mr. Wortman was asked to confirm the above understanding of the parties but to date has not responded to my email. A copy of the email is attached as **Exhibit A**.

3. Thus, when Mr. Houslanger states in his papers that Defendant's counsel is unprofessional, he should first inquire with Mr. Wortman regarding his proclivity for tardiness in failing to respond to the aforementioned email before making any future ill-advised and inaccurate statements.

4. The opposition papers filed by Mr. Houslanger completely ignores the Defendant's prior arguments and contains blatant admissions that are damning to his arguments in opposition to the Order to Show Cause.

5. Mr. Houslanger fails to address the fact that the subpoena is facially deficient as it does not provide in the texts, the reason for the subpoena. See Needleman v. Tornheim, 930 N.Y.S.2d 896 (2nd Dept. 2011); In re Ehmer, , 708 N.Y.S.2d 903 (2nd Dept. 2000).

6.  Now for the first time, Mr. Houslanger in his papers states that the purpose of the subpoena was to acquire documents that would relate to the jurisdictional issues Defendant has raised in his motion to vacate. This is completely disingenuous. The documents Chase may be in possession of would have no bearing on whether or not Mr. Mccrobie resided at the address he was allegedly served at with Centurion Capital Corporation's complaint.

7.  In theory, just because Chase might have had an address on file for Mr. Mccrobie, it doesn't then follow that the address on file was his actual place of abode or residence. As Mr. Mccrobie had already demonstrated that he was living in Bowmansville at the time of the alleged service of the summons and complaint, what relevant document could Chase possess that would invalidate or call into question the deed and insurance binder that Mr. Mccrobie attached to his motion papers to in order to prove his residence at the time of the alleged service? See Affidavit of Christopher Mccrobie, Paragraph 9, sworn to August 27, 2015 submitted in support of Defendant's motion to vacate the default judgment.

8.  The Court need only look to Mr. Houslanger's admission that his client, Palisades, doesn't possess the necessary documents to establish ownership of the judgment to uncover the real reason Mr. Houslanger issued the subpoena to Chase. See paragraph 11 of Mr. Houslanger's affirmation dated October 20, 2105.

9.  It is transparent that Mr. Houslanger's goal was to obtain documentation that he could use to attempt to patch together another fraudulent and concocted document that he could claim supports his client, Palisades', contention they have ownership of the Centurion judgment against Mr. Mccrobie. This would not be the first time Mr. Houslanger has proffered a suspect document in this case. See Affirmation of Seth J. Andrews Paragraphs 21-23, dated September 18, 2015 submitted in support of Defendant's motion to vacate the default judgment.

10. He further admits that a copy of the subpoena was never properly served on Mr. Mccrobie giving him an opportunity to quash the subpoena. See paragraph 8 of Mr. Houslanger's affirmation dated October 20, 2105. Clearly, Mr. Houslanger intentionally failed to provide notice to Mr. Mccrobie because he desired to avoid a motion to quash from being filed by him.

11. It is convenient for Mr. Houslanger to have acted improperly and then when called to task on it, simply state that the Court should not quash the subpoena because its moot since the Defendant is now aware of it. The Court should ponder the following inquiry: what if Chase had not unilaterally provided a copy of the subpoena to Mr. Mccrobie? Would Mr. Mccrobie have **ever** been notified by Mr. Houslanger of the subpoena to Chase? Mr. Houslanger position is akin to granting a reprieve to a thief who steals your wallet and the returns it to you after you discovery he stole it. The Court should not tolerate this blatant disregard for the law and unethical conduct.

12. Even if this Court were to ignore the deficiencies in both the service of the copy of the subpoena on Mr. Mccrobie as well as the subpoena's lack of purposing language, Mr. Houslanger issued a subpoena with the inherent backing of the power of this Court when he had no authority to do so. His client, Palisades has not demonstrated a complete chain of title for the Centurion

judgment that they purport to own. Therefore, Mr. Houslanger has improperly utilized a vehicle of this Court without his client having the standing to be recognized as the judgment creditor.

13. In conclusion, for the above reasons as well as the Defendant's other arguments in his prior papers, this Court should grant Defendant his relief sought by quashing the subpoena issued by Todd Houslanger on behalf of Palisades Acquisition XVI, LLC as well as any other further relief the Court deems fit.

Dated: October 22, 2015

Seth J. Andrews, Esq.

# Exhibit A

**Seth Andrews**

| | |
|---|---|
| **From:** | Seth Andrews <sandrews@kennethhiller.com> |
| **Sent:** | Tuesday, October 20, 2015 12:08 PM |
| **To:** | 'Wortman, Scott E.' |
| **Subject:** | Centurion Capital Corporation v. Christopher Mccrobie; Index 7295-06- Buffalo City Court |

Scott,

Your client, Todd Houslanger, called my office and left me a voicemail pertaining to an order to show cause that was filed in Buffalo City Court for the above referenced action. As he is the counsel of record for the purported judgment creditor in that action, I am writing to you to confirm the understanding that this communication and any further communications with my office pertaining to the City Court case are not improper. As Mr. Houslanger is a defendant in a lawsuit filed by office in the W.D.N.Y., I want to insure that any direct communications with Mr. Houslanger are appropriate. In order to safe guard against any allegation of improper communication, I propose that any further direct communication between Mr. Houslanger and my office be reduced to writing. Please confirm this is agreeable.

-Seth

Seth Andrews
Attorney

Law Offices of
**Kenneth**
**Hiller**

6000 N Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716)564-3288
Fax: (716)332-1884
Toll Free: 1-877-236-7366
sandrews@kennethhiller.com

LEGAL DISCLAIMER: No attorney-client relationship exists between the sender and receiver of this email, and no such relationship should be presumed to exist by virtue of the sending of this email. The information contained in this email does not constitute legal advice and should not be relied on as such. If you want legal advice, you should consult a lawyer. While we would welcome the opportunity to be that lawyer, we do not accept clients or render advice until the completion of our client intake process and a signed retainer agreement.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to seth@kennethhiller.com or by telephone at 1-888-322-9399 and destroy the original transmission and its attachments without reading or saving in any manner.

1

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO.,

Plaintiff,

v.                                      **Index No. 007295-06**

CHRISTOPHER MCCROBIE,

Defendants.

---

## AFFIRMATION OF SERVICE

Seth J. Andrews, hereby affirms under penalties of perjury, that the following statements are true
and correct to the best of my knowledge, information and belief:

1. That on October 22, 2015, I mailed the Defendant's Reply to Plaintiff's Opposition to Order to
   Show Cause upon the attorney of record for Defendant by using Fedex Express overnight
   services, to said attorney to the address designated by them for that purpose, to wit:

   Todd Houslanger, Esq.
   Houslanger & Associates, PLLC
   37 New York Avenue
   Huntington, New York 11743

Dated: 10/22/2015

Seth J. Andrews, Esq.

Sworn to before me this
22nd day of October, 2015.

Notary Public

LINDA DEDLINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAY 18 2019