# Exhibit K

# HOUSLANGER & ASSOCIATES, PLLC

TODD E. HOUSLANGER*
WILLIAM HOUSLANGER (1919-2013)
JEFFREY M. PARRELLA †

OF COUNSEL:
BRYAN C. BRYKS**
OSVALDO CABAN, JR.
DAVID M. KAUFMAN
SAMANTHA M. SIMCHOWITZ**

*ADMITTED NY, DC & CT
† ADMITTED NY, PA & NJ
** ADMITTED NY & NJ

ATTORNEYS AT LAW
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743
TELEPHONE: 631-427-1140
FACSIMILE: 631-427-1143

WESTCHESTER OFFICE
243 ROUTE 100, SECOND FLOOR
SOMERS, NEW YORK 10589
(914) 666-8100

NEW JERSEY OFFICE
330 CHANGEBRIDGE RD, STE 101
PINE BROOK, NEW JERSEY 07058

E-MAIL: INFO@TODDLAW.COM
WEBSITE: WWW.TODDLAW.COM
NYC DCA LICENSE:2033286-DCA

February 25, 2016

Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, NY  14226

Re: Centurion Capital Corporation Assignee of Providian Financial Co. v. Christopher McCrobie
    Index No.: CV-007295-06/BU
    Our File No.: 168100

Dear Mr. Andrews:

    Pursuant to your letter dated February 22, 2016, we are returning all monies including poundage to your client, Christopher McCrobie. Enclosed herein is our check payable to Christopher McCrobie in the amount of $601.07. Such refund is without prejudice to our Motion to Renew and Reargue the Court's apparent lack of review of all the pertinent pleadings in the matter.

    If you have any questions, please do not hesitate to contact our office.

    This correspondence is from a debt collector. Any information obtained will be used in collection of this debt.

Very truly yours,

HOUSLANGER & ASSOCIATES, PLLC

Todd E. Houslanger, Esq.

TEH/jr
Enclosure

Z:\Joan\168100 Palisades. Centurion Capital Corp. Providian Financial Corp. v. McCrobie, Christopher . return of funds ltr to attorney.docx



```
HOUSLANGER & ASSOCIATES ATTYS.                         1103
IOLA FUND                                           1-32/210 NY
SPECIAL ACCOUNT III                                    60313
372 NEW YORK AVE
HUNTINGTON NY 11743-3311
                                    2.25.16
                                    _____ Date    $ 601 07/100
Pay to the
Order of  Christopher McCrobie
_____ Six Hundred and One 07/100 _____ Dollars
Bank of America
ACH R/T 021000322
For  return # 168100
```

UNITED STATES POSTAGE   PITNEY BOWES   $ 000.48⁵
02 1P
0001685603  FEB 25 2016
MAILED FROM ZIP CODE 11743

Law Offices of Kenneth Hiller
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

HOUSLANGER & ASSOCIATES, PLLC
ATTORNEYS AT LAW
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743



Main Office: 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226
Telephone: (716) 564-3288   Facsimile: (716) 332-1884
Toll Free Number: (877) 236-7366
www.kennethhiller.com

February 22, 2016

**Certified Mail/Return Receipt**
**7014 3490 0001 5849 9451**

Todd Houslanger, Esq.
Houslanger & Associates, PLLC
372 New York Ave.
Huntington, NY 11743

RE:   Centurion Capital Corporation v. Christopher McCrobie
      Index No. 7295-06

Dear Mr. Houslanger:

As you are aware, the Court vacated the judgment against Mr. Mccrobie in the above referenced case. You are instructed to return all monies including poundage within 20 days of the date of this letter. Make the check payable to Christopher Mccrobie and send it to my office.

Should you have any questions please contact our office.

Very truly yours,

Seth J. Andrews, Esq.

SJA/gb

STATE OF NEW YORK
BUFFALO CITY COURT : COUNTY OF ERIE

CENTURION CAPITAL CORPORATION,

Plaintiff,

-vs-

CHRISTOPHER MCCROBIE

Index No. 007295-06

Defendant.

Johnson-Lee, J.

## MEMORANDUM AND ORDER

A court which rendered a judgment may relieve a party of the terms of the judgment if the court lacked jurisdiction to render the judgment. CPLR 5015(a)(4).

On March 9, 2007 a default judgment was entered against the defendant in the amount of $780.12 plus costs of $202. for a total of $982.12. By Motion to Vacate Judgment filed August 28, 2015, defendant moved to vacate the judgment pursuant to CPLR 5015(1)(a)(4). While defendant's motion was based on a claim of lack of *personal* jurisdiction, it is unnecessary to reach that claim since the judgment should never have been entered in the first place. The Court lacked *subject matter jurisdiction* to entertain the action.

The complaint plaintiff filed reads as follows:

"Centurion Capital Corporation...
~~Rockville, Md. 20850~~

-against-

Christopher McCrobie
16 Summit St.
Lancaster, NY 14086"

The complaint further alleges that plaintiff has an office and place for the transaction of business at the address above, and that defendant resides at the address in the caption. No further allegations as to jurisdiction are contained in the complaint.

Section 213 of the Uniform City Court Act sets forth the jurisdictional requirements for actions in Buffalo City Court. These requirements include either residence of plaintiff or defendant within the city or contiguous town, regular employment or place for the regular transaction of business within the city. Plaintiff has failed to allege any jurisdictional basis for the action; it is a foreign corporation and defendant was alleged to be a resident of Lancaster, a town not contiguous to the City of Buffalo. The Court was without authority to enter the judgment which is null and void. See *Lacks v Lacks*, 41 NY2d 71 (1976).

Defendant's motion to vacate the judgment is **GRANTED**. This decision shall constitute the order of this Court and no further order is required.

*[signature]*
Hon. Barbara Johnson-Lee
Buffalo City Court Judge

Dated: Buffalo, New York
February 2, 2016