Exhibit L

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO.,

                                    Plaintiff,

            -against-

CHRISTOPHER MCCROBIE

                                    Defendant.

Index No. 007295-06

**NOTICE OF MOTION**

**Return Date: <u>April 8th 2016</u>**
**Hon. Barbara Johnson-Lee**

<u>ON SUBMISSION</u>

PLEASE TAKE NOTICE THAT upon the annexed affirmation on behalf of Palisades Acquisition XVI, LLC, the Assignee and Successor in Interest to Plaintiff, Centurion Capital Corporation, by TODD E. HOUSLANGER, ESQ., an attorney with the firm of HOUSLANGER & ASSOCIATES, PLLC, its attorneys, sworn to on March 3, 2016, the summons and complaint heretofore served herein and the proposed amended summons and complaint, all of which are annexed hereto, and upon the exhibits annexed hereto, the undersigned will move this Court before the Honorable Barbara Johnson-Lee, Judge of the City Court at the Courthouse located at 50 Delaware Avenue, Buffalo, NY 14202, at Part 10, Suite 550, on the <u>8th</u> day of April, 2016 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel may be heard for an order:

(a) Granting Plaintiff's leave pursuant to CPLR § 2221(b) to reargue the Court's Decision and Order dated February 2, 2016 (*notice of entry received on February 22, 2016*);

(b) Upon re argument, upholding this Court's subject matter jurisdiction over the above captioned matter;

(c) Upon reargument, reversing the Decision and denying defendant's motion to vacate the Judgment in this matter;

(d) Granting plaintiff's motion for leave pursuant to CPLR §§ 305 (c), 2001 and 3025 (c)  to amend the address on the summons and complaint to conform to the

evidence at the time of effectuation of service; and

(e) Granting such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE THAT all parties to this matter are represented by attorneys and upon information and belief no attorney has filed notice of trial and thus this matter is not on any trial calendar.

PLEASE TAKE FURTHER NOTICE THAT pursuant to CPLR §2214, answering affidavits, if any, are required to be served upon the undersigned at least seven (7) days before the return date of this motion.

PLEASE TAKE FURTHER NOTICE THAT attorney for plaintiff requests this matter be heard on submission only where permitted and waives oral argument where permitted.

Dated:  March 3, 2016
        Huntington, New York

Todd E. Houslanger, Esq.
HOUSLANGER & ASSOCIATES, PLLC
*Attorneys for current Judgment Creditor*
PALISADES ACQUISITION XVI, LLC
Assignee and Successor in Interest to Plaintiff
CENTURION CAPITAL CORPORATION
(631) 427-1140
Our file # 168100

TO:    SETH ANDREWS, ESQ.
       *Attorney for Defendant*
       LAW OFFICES OF KENNETH HILLER
       6000 North Bailey Avenue, Suite 1A
       Amherst, NY  14226

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO.,

Index No. 007295-06

                                        Plaintiff,

            -against-

CHRISTOPHER MCCROBIE

                                        Defendant.

**PLAINTIFF'S AFFIRMATION
IN SUPPORT OF MOTION FOR
REARGUMENT AND
AMENDMENT OF THE
SUMMONS AND COMPLAINT**

**TODD E. HOUSLANGER, ESQ.,** an attorney admitted to practice before the Courts of the State of New York, hereby affirms the following, under penalty of perjury:

1.      I am an attorney with the firm of Houslanger & Associates, PLLC ("hereinafter Houslanger & Associates"), attorneys for Palisades Acquisition XVI, LLC ("Palisades" or "plaintiff"), and am familiar with the facts and circumstances of this matter as set forth herein.

2.      This Affirmation is made in support of plaintiff's request for an order: (a) Granting Plaintiff's motion for reargument pursuant to CPLR § 2221(b)  with regards to the Court's Decision and Order dated February 2, 2016 (Hereafter 'Decision'); (b) upon reargument, upholding this Court's subject matter jurisdiction over the above captioned matter; (c) upon reargument, reversing the Decision and denying defendant's motion to vacate the Judgment in this matter; (d) granting plaintiff's motion for leave  pursuant to CPLR §§ 305 (c), 2001 and 3025 (c) to amend the address on the summons and complaint, *nunc pro tunc,* to conform to the evidence at the time of effectuation of service; and (e) granting such other and further relief as this Court may deem just and proper.

## I.      STATEMENT OF PERTINENT FACTS AND PROCEDURAL BACKGROUND

3.      This matter was commenced by service of a Summons and Complaint, upon the

Defendant at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>, completed on October 20, 2006. The summons and complaint was thereafter mailed by the process server to Christopher McCrobie ("McCrobie" or "Defendant") at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>, on October 26, 2006. A second copy of the Summons and Complaint was also mailed to the Defendant at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>, on November 30, 2006[1]

4.     While the summons and complaint contained a technical and immaterial infirmity, placing defendant at <u>16 Summit Street, Lancaster, NY 14086</u>, the affidavit of service demonstrates that defendant was properly served at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>.[2] In fact, this Court received and filed an affirmation from predecessor counsel dated February 28, 2007, specifically demonstrating the jurisdictional propriety of the lawsuit and the affidavit of service, which places defendant at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>.[3]    The affirmation demonstrates that the defendant moved from his prior address of <u>16 Summit Street Lancaster, NY 14086</u> to <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>. Service was diligently performed and completed at the latter address and the defendant's name was still on the mailbox, as sworn to by the process server in her affidavit of service.[4]

5.     Having received no answer or response to the summons and complaint or prior correspondence or any notice of return mail, Affidavits and Verifications were provided to the Clerk of the Court who issued a Judgment in this matter on March 9, 2007 in the sum of $982.12. This Judgment was a public record for nearly 9 years.[5]

---

[1] *See Summons and Complaint and Affidavit of Service annexed hereto as* ***Exhibit "A"***.
[2] *See* ***Exhibit "A"***.
[3] *See affirmation annexed hereto as* ***Exhibit "B"***.
[4] *See Affidavit of Service of Roxanne Edmiston dated October 26, 2006, annexed hereto as* ***Exhibit "A"***.
[5] *See Judgment annexed hereto as* ***Exhibit "C"***.

6.     Centurion Capital Corporation assigned the underlying account and judgment against defendant to Palisades Acquisition XV, which then transferred the account to Palisades Acquisition XVI.[6] On or about 12/12/2012, Houslanger & Associates filed a substitution of counsel, expressly noticing their appearance on behalf of Palisades.[7] On August 27, 2014, an Income Execution was provided to the Erie County Sheriff. The Defendant called our office on October 6, 2014 to inquire why his salary was being garnished, thus demonstrating recent actual notice of the judgment.

7.     On January 6, 2015, almost 9 years after the instant lawsuit was filed and approximately 8 years after judgment was obtained, McCrobie filed a federal lawsuit in the U.S. District Court, Western District of New York against Palisades and Houslanger & Associates, PLLC as well as personally naming Todd Houslanger.[8] McCrobie's fantastical and objectively flawed theory in support of the federal lawsuit is a baseless assertion that Palisades is not the proper judgment creditor, thereby reaching a self-serving non-judicial determination that Palisades and Houslanger & Associates, PLLC did not have the legal right to enforce the judgment against McCrobie.

8.     On July 28, 2015, defendants in the federal action filed an unopposed motion to dismiss McCrobie's first amended complaint pursuant to Fed R. Civ. P. §§ 12(b)(6) and 12(b)(1). On August 27, 2015, McCrobie filed a Motion to once again amend the federal complaint. Both the unopposed motion to dismiss as well as McCrobie's motion to amend are currently pending before the federal court.

9.     Even though the federal lawsuit was filed on January 6, 2015, McCrobie waited approximately eight additional months to bring a motion in the instant Court to vacate the

---

[6] *See Chain of Title, McCrobie Data Fields, and Affidavit, annexed hereto as **Exhibit "D"**.*
[7] *See Consent to Change Attorney, annexed hereto as **Exhibit "E"**.*
[8] *McCrobie v. Palisades Acquisition XVI, LLC et al, W.D.N.Y, (Docket 15-cv-00018-JTC).*

judgment entered in 2007, and over one year since the initial execution was issued before filing his motion to vacate the Buffalo City Court Judgment. Palisades provided written opposition formally opposing the requested relief and oral argument took place on September 21, 2015 before the Honorable Betty Calvo-Torres. During oral argument it was made clear to the Judge that the import of the Defendant's motion to vacate was in furtherance of his claim in Federal Court to seek a financial windfall. However, the Decision[9] granting the defendant's motion to vacate was issued by the Honorable Barbara Johnson-Lee, specifically finding that the Court lacked subject matter jurisdiction under Section 213 of the Uniform City Court Act. Plaintiff received notice of entry of the Court's decision on February 22, 2016.

## II.   PLAINTIFF'S MOTION FOR REARGUMENT SHOULD BE GRANTED

10.    It is well established that "motions for reargument are addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the facts or the law or for some other reason, mistakenly arrived at its determination (see *Butler v City of Rye Planning Com'n*, 114 AD3d 937, 980 NYS2d 831 [2d Dept 2014]; *Anthony J. Carter, DDS, P.C. v Carter*, 81 AD3d 819, 916 NYS2d 821 [2d Dept. 2011]; *Everhart v County of Nassau*, 65 AD3d 1277, 885 NYS2d 765 [2d Dept 2009]; *McDonald v Stroh*, 44 AD3d 720, 842 NYS2d 727 [2d Dept 2007])." *Wells Fargo Bank, N.A. v Mann*, 2016 N.Y. Misc. LEXIS 317, 2016 NY Slip Op 30177(U) (N.Y. Sup. Ct. Jan. 27, 2016). A motion for reargument is designed to give a party a chance to convince the court that relevant facts were overlooked or misapprehended or a controlling principle of law was misapplied. See *Foley v. Roche*, 68 AD2d 558, 567, 418 N.Y.S.2d 588[1st Dept 1979], citing *Fosdick v. Town of Hempstead*, 126 NY 651, 27 N.E. 382, 4 Silv. A. 418 [1891]; *American Trading v. Fish*, 87 Misc

---

[9] *See Decision annexed hereto as Exhibit "F".*

4

2d 193, 383 N.Y.S.2d 943 [NY Sup., 1975]). *JP Morgan Chase v Rajendran*, 50 Misc. 3d 559, 20 N.Y.S.3d 865, 2015 N.Y. Misc. LEXIS 4303, 2015 NY Slip Op 25391 (N.Y. Sup. Ct. 2015).

11.     It is respectfully submitted that, in the present case, the Court overlooked or misapprehended certain key facts and undisputed documents contained in the Court's file, as well as misapplying controlling principles of law. Here, we humbly proffer that the Court overlooked the fact that the address on the Summons and Complaint contained a mere technical and immaterial infirmity, placing defendant at 16 Summit Street, Lancaster, NY 14086. However, the affidavit of service demonstrates that defendant was properly served at 1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216. In conjunction with this technical and immaterial infirmity, the Court received and accepted for filing an affirmation from predecessor counsel dated February 28, 2007, specifically demonstrating the jurisdictional propriety of the lawsuit and the affidavit of service, which places defendant at 1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216.[10] The affirmation demonstrates that the defendant moved from his prior address of 16 Summit Street Lancaster, NY 14086 to 1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216. Service was diligently performed and completed at the latter address and the Defendant's name was still on the mailbox, as sworn to by the process server in her affidavit of service.

12.     Seeing as the Court's Decision to vacate the Judgment was based on the address indicated on the Summons and Complaint, it appears the Court overlooked or misapprehended notification dating back to 2006 that defendant was residing within the Court's jurisdiction and was properly served at 1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216. Furthermore, it is well settled that the failure to comply with the technical pleading requirements promulgated by CPLR §305, are mere irregularities, *not* tantamount to a jurisdictional defect, and thus no dismissal of an action is warranted *unless* there is a demonstration of prejudice. *Cruz v. New*

---

[10] *See Affirmation annexed hereto as **Exhibit "B"**.*

*York City Housing Authority*, 269 AD2d 108 (1st Dept. 2000) (Index number omitted from summons was a mere irregularity, which insofar constituted a failure to comply with CPLR §305(a), did not warrant dismissal absent prejudice.); *Bevona v. Malek*, 224 AD2d 317 (1st Dept. 1996) (Plaintiff's summons, failing to list the date the same was filed with clerk, i.e., the date the index number was purchased, was not, absent prejudice, a basis for dismissal as the same constituted noncompliance with CPLR §305(a).); *City of Amsterdam v. Board of Assessors of the Town of Providence*, 237 AD2d 63 (3rd Dept. 1998); *Maldonado v. County of Suffolk*, 229 AD2d 376 (2nd Dept. 1996); *Cellular Telephone Company v. Village of Tarrytown*, 209 AD2d 57 (2nd Dept. 1995); *Concepcion v. New York City Housing Authority*, 8 Misc 3d 1008(A) (Supreme Court, Bronx County 2005); *Forte v. Long Island Rail Road*, 143 Misc 2d 663 (Supreme Court, New York County 1989) (Summons which omitted basis for venue was not jurisdictionally defective as the same constituted an irregularity for failure to comply with CPLR §305(a) and absent prejudice action could not be dismissed.); *Archer v. Astra Pharmaceutical Products, Inc.*, 133 Misc 2d 804 (Supreme Court, New York County 1986).

13.    These above cited cases are consistent with CPLR §2001 and § 5019 which allow this Court to correct this technical and immaterial infirmity as long as no substantial right of the defendant was prejudiced. See *Wells Fargo Bank, N.A. v Watanabe*, 2016 N.Y. App. Div. LEXIS 1078 (N.Y. App. Div. 4th Dep't Feb. 11, 2016. Also, CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced. See *U.S. Bank N.A. v. Eaddy*, 109 A.D.3d 908  910, 971 N.Y.S.2d 336 (App. Div. 2d Dep't 2013); *see Matter of Tagliaferri v Weiler*, 1 N.Y.3d 605, 606). In addition, "[p]ursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a

party." *Id*. There is no evidence or argument that a substantial right of the defendant was prejudiced or that defendant would have taken different steps if the address on the summons and complaint originally conformed to the affidavit of service – consistent with all mailings (statutory and otherwise) – as well as the affirmation by predecessor counsel.

## Section 213 of the Uniform City Court Act

14.     With regards to the Court's reliance on Section 213 of the Uniform City Court Act in vacating the instant judgment, plaintiff respectfully proffers that the Court misapprehended the law as it relates to subject matter jurisdiction. In fact, this Court has always possessed subject matter jurisdiction, and it was plain error to vacate the judgment on that basis. Not only does UCC § 213(d) clarify that "the requirements of this section shall not be deemed jurisdictional," but as stated by David D. Siegel: "Section 213 requires a local contact of some kind, by the plaintiff or the defendant, before the court will exercise jurisdiction. It is a *forum non conveniens* provision in that it can eject a case even though the court has jurisdiction of the subject matter and of the defendant's person. The objection is waivable, as will be seen, which takes it out of the category of subject matter jurisdiction, which it might otherwise fit." See the Commentary on McKinney's UCCA § 213 (Vol. 29A, Part 3).

15.     Consistent with the foregoing, the holding of *Lacks v. Lacks*, 41 N.Y.2d 71, 75, 359 N.E.2d 384 (1976), cited by the Court in support of its decision, actually necessitates the opposite conclusion. There, alleged noncompliance with a matrimonial residence requirement (DRL § 230) was argued to have deprived the court of subject matter jurisdiction, mandating vacatur and dismissal of a four year old judgment under CPLR § 5015(a)(4). The Court of Appeals flatly rejected the argument, and stated: "In sum, the overly stated principle that lack of subject matter jurisdiction makes a final judgment absolutely void is not applicable to cases

7

which, upon analysis, do not involve jurisdiction, but merely substantive elements of a cause for relief. To do so would be to undermine significantly the doctrine of *res judicata*, and to eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect." *Id.* at 77.

16.     In conclusion, the Court maintains subject matter jurisdiction over this action and plaintiff's motion for reargument should be granted.

## III.   DEFENDANT'S MOTION TO VACATE SHOULD BE DENIED

17.     It is respectfully submitted that plaintiff's multiple arguments regarding defendant's inexcusable default have not yet been addressed. To that point, a court's discretion to relieve a party from a judgment should not be exercised where that party has demonstrated a lack of good faith or has been dilatory in asserting his or her rights. *See Leibowitz v. Obsessively Clean II, Inc.*, 268 A.D.2d 565 (2nd Dept. 2000); *Spodek v. Feibusch*, 687 N.Y.S.2d 171 (2nd Dept.1999); *Greenwich Sav. Bank v JAJ Carpet Mart*, 126 A.D.2d 451, 452 (1st Dept. 1987); *Whitaker v. McGee*, 95 A.D.2d 938 (3rd Dept.1983). In addition, an objection to jurisdiction based on any ground other than lack of jurisdiction of the subject matter, such as lack of jurisdiction of the person, is usually waived by failure to raise the objection at the first opportunity, or in due or reasonable time. *See Revona Realty Corp. v. Wasserman*, 4 A.D. 2d 444, 448 (3rd Dept. 1957); *Matter of Parkside Limited Liability Company*, 294 A.D.2d 582, 742 N.Y.S.2d 580 (2nd Dept.2002).

18.     In the instant matter, defendant alleges that he did not "live at this residence," without specifically defining the residence at issue. Though regardless of what residence defendant is referring to, defendant casually acknowledges that the residence was the home of a

girlfriend. As demonstrated by predecessor counsel's affirmation,[11] credit reports and various other resources were used to determine that defendant resided at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>. This was confirmed and sworn to by the process server, who diligently noted that Defendant's name was on the mailbox.[12] To this point, it has been held that "assuming the plaintiff complies with the statutory requirements, service will be valid even in the *rare* case in which the defendant does not actually receive the papers." *See Bossuk v. Steinberg*, 58 N.Y.2d 916, 918, 460 N.Y.S. 2d 509, 510 (1983) (emphasis added); *see also Granite Management & Disposition, Inc. v. Sun*, 221 A.D.2d 186, 634 N.Y.S.2d 48 (1st Dept. 1995). These facts, in addition to the demonstrated acts of waiver of the personal jurisdiction defense, sufficiently overcome defendant's bare bones attempts to question service as a matter of law, or to establish an excusable default for failing to respond to the summons and complaint.

19.     Pursuant to CPLR Section 317, a party moving to vacate a default judgment must demonstrate that he or she has met four requirements: (1) that service was made by another method other than personal delivery to the party or agent; and (2) that the party did not receive actual notice of the process in time to defend the action (see, *Maines Paper and Food Service, Inc. v. Farmington Food, Inc.*, 233 A.D. 2d 595 (3d Dep't 1966); *Aloi v. Firebird Freight Service Corp.*, 251 A.D.2d 608, 675 N.Y.S.2d 107 (2d Dep't 1998); *Caba v. Rai*, 63 A.D.3d 578, 581, 882 N.Y.S.2d 56, 59 (1st Dep't 2009); (3) that the party has a meritorious defense to the action; and (4) that the motion to vacate be made within one year after the party learns of entry of the judgment but no later than five years.

20.     Here: (1) service was made via substitute service; (2) defendant has had notice of this action since no later than 2007 when judgment was entered; (3) as described below,

---

[11] See *Affirmation* annexed hereto as ***Exhibit "B"***.
[12] See *Affidavit of Service of Roxanne Edmiston dated October 26, 2006, annexed hereto as **Exhibit "A"***.

defendant does not have a meritorious defense; and (4) this motion is being made more than a year since defendant would have learned of this case and judgment, and either way, it has been far more than five years. Thus, defendant's motion to vacate the judgment returnable 9/25/2014, filed over eight years after entry of judgment is improper under the CPLR.

21.    In addition to defendant failing to demonstrate a reasonable excuse for his default, and despite defendant's lack of showings as to excuse for waiting so long to challenge the judgment, defendant fails to provide a meritorious defense to the plaintiff's action. In fact, courts have held that conclusory allegations have no legal merit and fall short of stating a meritorious defense. *See Barretta Realty Skyline v. A+ Abstract, Inc.*, 32 Misc. 3d 133(A) (N.Y. App. Term 2011); *Palisades Collection, LLC v. Latchman*, 21 Misc. 3d 142(A) (N.Y. App. Term 2008); *Todd Rotwein, D.P.M., P.C. v. Goodson*, 23 Misc. 3d 135(A) (N.Y. App. Term 2009).

22.    Here, the only thing defendant offers in defense of the underlying claim is that "I do not recall ever having any Providian account with any such balance." However, this is entirely inconsistent with McCrobie's statement in the federal action that "[T]he subject [Providian] debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and household purposes."[13] Therefore, McCrobie's federal pleadings unequivocally acknowledge that he possessed, used and benefitted from the underlying account. In light of this, defendant fails to state a legitimate meritorious defense sufficient to overturn an eight-year-old judgment.

---

[13] *See McCrobie's Federal Complaint, at Paragraph 13, annexed hereto as **Exhibit "G"*** (In an effort to conserve resources and paper, only the page containing paragraph 13 is annexed.  The entire complaint can be found annexed as Exhibit "M" of the Affirmation in Opposition of Plaintiff's attorney, Todd E. Houslanger, Esq., dated September 14, 2015, in response to the Defendant's intial motion to vacate.)

## IV.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE ADDRESS ON THE SUMMONS AND COMPLAINT TO CONFORM TO THE EVIDENCE SHOULD BE GRANTED

23.    CPLR §305(c) allows a party to amend the summons in a proceeding and authorizes the Court to "allow any summons or proof of service to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." CPLR § 3025 (c) states that "The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances."  CPLR § 2001 further states that at any stage of an action, a Court may permit a mistake, omission, defect or irregularity to be corrected upon such terms as may be just. In allowing such amendments, the relevant inquiry is whether the correct defendant was actually served, whether the amendment would prejudice the defendant in any way, and whether the correct defendant was on notice that despite the mistake in the caption or summons or complaint, he/she was the entity or person against whom the suit was brought. *Donna Fink v. Regent Hotel, Ltd.*, 234 AD2d 39 (1st Dept. 1996); *Pinto v. House*, 79 AD2d 361 (1st Dept. 1981); *Robert Ober v. Rye Town Hilton*, 159 AD2d (2nd Dept. 1990).

24.    In the instant matter, even though the summons and complaint contained a technical and immaterial infirmity, all the aforementioned evidence unambiguously demonstrates that service took place within this Court's jurisdiction at <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>. Accordingly, plaintiff is moving this court for leave to amend the address on the summons and complaint to consistently appear as <u>1201 Hertel Avenue, Upper Rear, Buffalo, NY 14216</u>, *nunc pro tunc.*

25.    As established by CPLR § 3025, a party may amend a pleading "at any time by leave of court" (CPLR 3025 [b]), "before or after judgment to conform [the pleading] to the

evidence" (CPLR 3025 [c]). A request to amend is determined in accordance with the general considerations applicable to such motion, including the statute's direction that leave "shall be freely given upon such terms as may be just" (CPLR 3025 [b]; see *Murray v City of New York*, 43 NY2d 400, 405-406, 372 NE2d 560, 401 NYS2d 773 [1977]). This favorable treatment applies "even if the amendment substantially alters the theory of recovery" (*Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498, 502-503, 231 NE2d 756, 285 NYS2d 55 [1967], citing CPLR 3025 [b], and *Weinstein-Korn-Miller*, NY Civ Prac ¶¶ 3013.05, 3025.26, 3025.28).

26.    Moreover, "the burden of establishing prejudice is on the party opposing the amendment (see *Caceras v Zorbas*, 74 NY2d 884, 885, 547 NE2d 89, 547 NYS2d 834 [1989]; see also Siegel, *NY Prac* § 404 [5th ed])." *Kimso Apts., LLC v Gandhi*, 24 N.Y.3d 403, 23 N.E.3d 1008, 998 N.Y.S.2d 740, 2014 N.Y. LEXIS 3351, 2014 NY Slip Op 08219 (N.Y. 2014). Also, while a delay in seeking to amend a pleading may be considered by the trial court, it does not bar that court from exercising its discretion in favor of permitting the amendment where there is no prejudice. *Id.*

27. No prior relief to reargue the motion has heretofore been requested.

**WHEREFORE**, the Plaintiff respectfully requests an order: (a) Granting Plaintiff's motion for reargument with regards to the Court's Decision and Order dated February 2, 2016; (b) upon reargument, upholding this Court's subject matter jurisdiction over the above captioned matter; (c) upon reargument, reversing the Decision and denying defendant's motion to vacate the Judgment in this matter; (d) granting plaintiff's motion for leave to amend the address on the summons and complaint to conform to the evidence at the time of effectuation of service; and (e) granting such other and further relief as this Court may deem just and proper.

Dated: March 3, 2016
      Huntington, New York

Todd E. Houslanger, Esq.
**HOUSLANGER & ASSOCIATES, PLLC**
**Attorneys for current Judgment Creditor**
**PALISADES ACQUISITION XVI, LLC**
**Assignee and Successor in Interest to Plaintiff**
**CENTURION CAPITAL CORPORATION**
**(631) 427-1140**

13

# EXHIBIT "A"

262

## CONSUMER CREDIT TRANSACTION

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

607295

CENTURION CAPITAL CORPORATION

ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD
SUITE 507
ROCKVILLE MD 20850

Plaintiff

**SUMMONS**

-against-

CHRISTOPHER MCCROBIE
16 SUMMIT ST
LANCASTER NY 14086

Defendant(s)

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to appear in the City Court located at
50 DELAWARE AVE

BUFFALO        NY 142020000, in the City of BUFFALO        , County of
ERIE        , and State of New York, by serving an answer* to the annexed
complaint upon Plaintiff's attorney at the address stated below, or if there is no
attorney, upon the Plaintiff at address stated above, within the time provided by law
as noted below; upon your failure to so answer, judgment will be taken against you
for the relief demanded in the complaint, together with the costs this action.

Venue is based on the residence of the parties.

Dated:  08/02/06

By:

Allen D. Friedman / Patricia A. Blair / Maria J. Reed
Christa L. Muratore / Sandra H. Chung
Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
Attorneys for Plaintiff
300. Canal View Blvd., 3rd Fl., Rochester, NY 14623
Telephone: 1-800-240-1458 Court Inq: 1-585-413-4020

NOTE: The law provides that:

1. If this summons is served by its delivery to you personally within the County
of ERIE        , you must answer within 10 days after such service; or

2. If this summons is served by delivery to any person other than you personally,
or is served outside the County of ERIE        , or by publication, or by any
means other than personal delivery to you within the County of ERIE        , you
are allowed 30 days after service is complete within which to answer.

*You need not physically go to the court to serve an answer.

263

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

CENTURION CAPITAL CORPORATION

ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD
SUITE 507
ROCKVILLE MD 20850
                           Plaintiff                          COMPLAINT

-against-

CHRISTOPHER MCCROBIE
16 SUMMIT ST
LANCASTER NY  14086

                           Defendant(s)

The Plaintiff for a complaint against Defendant(s) alleges upon information and belief:
    1.    That at all times relevant to this action, the Plaintiff was and still is
A MARYLAND CORPORATION                          , having an office and place for the
regular transaction of business at the address set forth above.
    2.    Upon information and belief, at the time of the commencement of this action
the Defendant(s) resided at the address in the caption of this action in the County
of ERIE              and State of New York.

AS AND FOR A FIRST CAUSE OF ACTION:

    3.    That the Defendant(s) entered into a Credit Card Agreement, account number
4559909723108717        with
wherein credit was extended to Defendant(s) and Defendant(s) agreed to repay any
monies advanced.
    4.    During the past six years, pursuant to said agreement, Defendant(s) or
persons authorized by the Defendant(s) incurred indebtedness through the use of one
or more credit cards issued in the name of Defendant(s) under said agreement.
    5.    Plaintiff has purchased said account for value and is now the owner thereof.
    6.    That Defendant(s) has defaulted in Defendant's obligation under said
agreement and there is now justly due and owing to the Plaintiff from the Defendant(s)
as a result of said default the sum of $   780.12.

AS AND FOR A SECOND CAUSE OF ACTION:

    7.    That prior to the commencement of this action Plaintiff and/or its
predecessor on numerous occasions and on a monthly basis rendered statements of said
claim to the Defendant(s) which the Defendant(s) accepted and retained
without objection.
    WHEREFORE, Plaintiff demands judgment against the Defendant(s) for the sum of
$   780.12 with interest from JUDGMENT   together with the costs and disbursements
of this action.

Dated:  08/02/06

                      By:
                           Allen D. Friedman / Patricia A. Blair / Maria J. Reed
                           Christa L. Muratore / Sandra H. Chung
                           Wolpoff & Abramson, L.L.P.
                           Attorneys in the Practice of Debt Collection
                           Attorneys for Plaintiff
                           300 Canal View Blvd., 3rd Fl., Rochester, NY  14623
                           Telephone: 1-866-241-1468 Court Inq; 1-585-442-

## VERIFICATION

STATE OF MARYLAND        )
COUNTY OF MONTGOMERY    ) SS.:

Beverly Berry, being duly sworn, deposes and says:

I am the ASSISTANT VICE PRESIDENT of the plaintiff herein, CENTURION CAPITAL CORPORATION, I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein states to be alleged upon information and belief and as to those matters I believe it to be true. The books and records maintained by plaintiff are the source of deponent's information and belief.

_Beverly Berry_

Sworn to before me this

13 day of _Aug_ , 2006.

_Peony Charles_
Notary Public

Peony Charles
Notary Public-Maryland
Prince Georges County
My Comm. Exp. Aug. 18, 2009

ATTORNEY        WA            157430917                                                              0

BUFFALO CITY COURT                          RECEIVED              INDEX #  G07295/06
ERIE COUNTY                              BUFFALO CITY COURT        D/O/F    8/10/2006

CENTURION CAPITAL CORPORATION ASSIGNOR OF PROVIDIAN FINANCIAL

                                         *PLAINTIFF-PETITIONER*          **AFFIDAVIT
                                                                            OF
                                                                          SERVICE**

CHRISTOPHER MCCROBIE

                                         *DEFENDANT-RESPONDENT*

Erie County, New York State:
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.         **ROXANNE EDMISTON**            being sworn,
on    **10/20/2006**    at    **11:40 AM**  at    **1201 HERTEL AVE., UPPER REAR, BUFFALO, NY 14216**
Deponent served the within        **SUMMONS AND COMPLAINT**

On    **CHRISTOPHER MCCROBIE**                              DEFENDANT
                                         (Herein after called the recipient) therein  named.

## AFFIXING TO DOOR

By affixing a true copy of each to the door of said premesis which is defendants   actual place of residence
Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

10/12/06 @ 7:08 PM        10/17/06 @ 7:49 AM        10/20/06 @ 11:40 AM

## MAILING

Within 20 days of such delivery, or affixing, deponent  enclosed a copy of same in a postpaid envelope properly addressed to defendant at
defendant's  last known residence at
1201 HERTEL AVE., UPPER REAR, BUFFALO, NY 14216                              On    10/26/2006
and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The
envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the
communication was from an attorney or concerned an action against the defendant.

*The defendant was served with a copy of the summons and complaint which had the index number and the date of filing endorsed thereon.*

VERIFICATION THAT ADDRESS IS GOOD:        NAME ON MAILBOX

Upon information and belief defendant is not in the military service of the United States or the State of New York.

Sworn to before me on        **Thursday, October 26, 2006**

_____
Jillina A. Kwiatkowski
Notary Public - State of New York
Qualified in Erie County
Reg. # 01KW6057316
My Commission Expires 04/16/07

                                              *Roxanne Edmiston*
                                              ROXANNE EDMISTON
                                              AFF. #  75289

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

Index # G07295/06

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD.
SUITE 503
ROCKVILLE, MD 20850

                    Plaintiff,

        -against-                                AFFIDAVIT OF MAILING

CHRISTOPHER MCCROBIE
1201 HERTEL AVE
UPPER REAR
BUFFALO, NY 14216

                    Defendant(s).

STATE OF NEW YORK )
COUNTY OF MONROE )

Sonja Holmes, being duly sworn deposes and says:

I am over 18 years of age and am employed by the attorney for the Plaintiff herein.

On or about November 30, 2006, in accordance with the additional notice provisions of the CPLR, I enclosed a copy of the Summons & Complaint in a properly addressed stamped envelope directed to the Defendant at:

CHRISTOPHER MCCROBIE
1201 HERTEL AVE
UPPER REAR
BUFFALO, NY 14216

The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or that it concerned a debt.

More than twenty days have elapsed since the Summons & Complaint have been mailed and Plaintiff is in compliance with C.P.L.R. 3215(g)(3)(i).

Dated: February 28, 2007

                                                _____
                                                Sonja Holmes

Sworn to before me on
28th day of February, 2007

                                                W&A# 157430917

**EXHIBIT "B"**

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

Index no. G07295/06

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD.
SUITE 503
ROCKVILLE, MD 20850

Plaintiff,

-against-

CHRISTOPHER MCCROBIE
1201 HERTEL AVE
UPPER REAR
BUFFALO, NY 14216

Defendant(s).

## AFFIRMATION IN SUPPORT
## OF FILING DEFAULT JUDGMENT

Allen D. Friedman, Esq./Patricia A. Blair, Esq./Christa L. Muratore, Esq./Maria J. Reed, Esq./Fatimat O. Balogun, Esq., as attorney for Plaintiff, affirms as follows:

1.   I am the attorney for Plaintiff in this action and as such, I am familiar with the facts of this case.  I make this affirmation in support of Plaintiff's application for a default judgment.

2.   This is an action to recover the balance due from Defendant to Plaintiff resulting from Defendant's use of a credit card.

3.   On August 10, 2006, my office commenced suit on behalf of Plaintiff against Defendant by filing a summons and complaint with the Buffalo City Court.

4.   That said summons and complaint listed Defendant's address as 16 SUMMIT ST, `, LANCASTER, NY 14086.

5.   That thereafter said pleading was sent to our process server to effectuate service upon Defendant.

6.   That while attempting to effectuate service, Plaintiff's process server discovered that Defendant did not reside at 16 SUMMIT ST, `, LANCASTER, NY 14086 and that according to current resident, Defendant is unknown.

7.   That deponent's office utilized available skip tracing tools including online resources and credit reports to ascertain a new home address for Defendant of 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216.

RECEIVED BUFFALO CITY COURT 2011 MAR -8 PM 3:11

8.      That the process server proceeded to 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216 and
        made contact with an adult of suitable age and discretion thereat who confirmed that Defendant did
        reside at 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216.

9.      That said process server thereafter effectuated service upon Defendant by Substitute Service at 1201
        HERTEL AVE, UPPER REAR, BUFFALO, NY 14216.

10.     That deponent's office was advised that in order to proceed with entry of a default judgment an affirmation
        confirming the address discrepancy and re-direction was required.

**Wherefore**, Plaintiff requests leave to proceed with Plaintiff's application for a default judgment.

Dated:  February 28, 2007

                                                        Allen D. Friedman, Esq.
                                                        Patricia A. Blair, Esq.
                                                        Christa L. Muratore, Esq.
                                                        Maria J. Reed, Esq.
                                                        Fatimat O. Balogun, Esq.
                                                        Wolpoff & Abramson, L.L.P.
                                                        Attorneys for Plaintiff
                                                        300 Canal View Blvd., Third Floor
                                                        Rochester, New York 14623
                                                        (585) 413-4020

*W&A File Number: 157430917*

RECEIVED
BUFFALO CITY COURT
2007 MAR -8  PM 3: 13

# EXHIBIT "C"

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

Index # G07295/06

**COPY**

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD.
SUITE 503
ROCKVILLE, MD 20850

Plaintiff

v.

CHRISTOPHER MCCROBIE
1201 HERTEL AVE
UPPER REAR
BUFFALO, NY 14216

Defendant(s)

## AFFIRMATION OF REGULARITY AND DEFAULT JUDGMENT

The undersigned, attorney-at-law of the State of New York and attorney of record for the Plaintiff herein affirms under penalties of perjury:

1. The summons and verified complaint in this action was:
   ( X ) served by substitute service on the Defendant, CHRISTOPHER MCCROBIE, on October 20, 2006 with the affidavit of service filed with the clerk on October 27, 2006.

2. The additional notice requirements as set forth in CPLR 3215(g) (3) have been complied with.

3. The time of the Defendant(s) to appear or answer has expired and the Defendant(s) has not appeared or answered herein.

4. The sums sought and the disbursements set forth below are true and accurate. The disbursements have been or will be made accurate. The disbursements have been or will necessarily be made or incurred herein and are reasonable in amount.

| AMOUNT CLAIMED IN COMPLAINT $780.12 | | |
|---|---|---|
| INTEREST at 0% from February 28, 2007 to February 28, 2007 | | $780.12 |
| SUBTOTAL | | $0.00 |
| | | $780.12 |
| COSTS BY STATUTE | | |
| INDEX NUMBER FEE | $20.00 | |
| TRANSCRIPTS AND DOCKETING | $45.00 | |
| SERVICE OF SUMMONS & COMPLAINT | $16.00 | |
| POSTAGE | $35.00 | |
| SHERIFF'S FEES ON EXECUTION | $0.00 | |
| TOTAL COSTS | $86.00 | |
| TOTAL JUDGMENT AMOUNT | $202.00 | |
| | | $982.12 |

5. Wherefore, it is required that judgment be entered accordingly.

Dated: February 28, 2007

/S/

Allen D. Friedman, Esq./Patricia A. Blair, Esq.
Christa L. Muratore, Esq./Maria J. Reed, Esq.
Fatimat O. Balogun, Esq.

Now, on motion of Wolpoff & Abramson, L.L.P. an attorney for Plaintiff, 300 Canal View Blvd., 3rd Floor, Rochester, New York, it is adjudged that Plaintiff, CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN FINANCIAL at 700 KING FARM BLVD, SUITE 503, ROCKVILLE, MD 20850 do recover on the Defendant(s) CHRISTOPHER MCCROBIE, herein residing at 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216, the sum of $780.12 with interest of $0.00, together with costs and disbursements of $202.00, amounting in all to the sum of **$982.12** and that the Plaintiff have execution therefore.

*Sharon Thomas*

W&A# 157430917

MAR - 9 2007

_____
Clerk

**EXHIBIT "D"**

**AFFIDAVIT OF WITNESS**
**OF PLAINTIFF/JUDGMENT CREDITOR**

State of _Pennsylvania_ County of _Montgomery_ .

_Stephen K. Braun_ being duly sworn, deposes and says:

1. I am over 18 and not a party to this action. I am the _Assistant VP of company / Director of Litigation_ (title) of both Palisades Acquisition XV, LLC (predecessor assignor) and Palisades Acquisition XVI, LLC (plaintiff). In that position I am the custodian of the books and records and am aware of the procedures used for the import and storage of records and the assignment of electronically stored business records.

2. Based upon the attached Bill of Sale, on March 5, 2007 Centurion Capital Corporation sold a pool of accounts under the conditions of a Purchase and Sale Agreement to Palisades Acquisition XV, LLC. As part of that sale, electronic records of individual accounts kept in the in the ordinary course of business of Centurion Capital Corporation were transferred to Palisades Acquisition XV.

3. Christopher McCrobie's Providian Financial account, which is the subject of this lawsuit and judgment was included in the purchase, and Palisades Acquisition XV, LLC received account records of Christopher McCrobie.

4. Based upon the attached Bill of Sale, Christopher McCrobie's Providian Financial account, which is the subject of this lawsuit and judgment was then assigned by Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

5. As part of that sale, electronic records specific to Christopher McCrobie's Providian Financial account were provided to Palisades Acquisition XVI, LLC. These records were incorporated into Palisades Acquisition XVI, LLC's records and kept in the regular course of business.

The above statements are true to the best of my knowledge.

Signed this ___14___ day of _September_ , _2015_ .

_____
(Name of Affiant)

Sworn before me this ___14th___ day of _September_ , _2015_ .

_____
(Notary Stamp)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARIA C DAVIDSON
Notary Public
CONSHOHOCKEN BORO, MONTGOMERY COUNTY
My Commission Expires Oct 16, 2018

{903924.1 }

**CITY COURT OF BUFFALO**
**COUNTY OF ERIE**

-----------------------------------------------------------X

**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDIAN FINANCIAL CO,**

**INDEX NO.: CV-007295-06/BU**

                    Plaintiff(s),

**CERTIFICATE OF**
**CONFORMITY**

          -against-

**CHRISTOPHER MCCROBIE,**

                    Defendant(s).

-----------------------------------------------------------X

I, JEFFREY M. PARRELLA, ESQ., an attorney-at-law admitted in both the State of New York and the Commonwealth of Pennsylvania, am fully acquainted with the laws of the Commonwealth Pennsylvania, pertaining to the acknowledgement or proof of deeds of real property to be recorded therein, do hereby certify that I am duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York and hereby certify that the acknowledgement or proof upon the foregoing document was taken by MARIA C. DAVIDSON, ESQ., a notary public in the Commonwealth of Pennsylvania , in the manner prescribed by the laws of the Commonwealth of Pennsylvania and conforms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature, this **14**th day of **September, 2015.**

By:  _____
        Jeffrey M. Parrella, Esq.
        Attorney at Law
        State of New York and
        Commonwealth of Pennsylvania

## <u>BILL OF SALE</u>

THIS BILL OF SALE is dated as of March 5___, 2007 between CENTURION CAPITAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule I.

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

CENTURION CAPITAL CORPORATION,
Seller

By: _____
(Signature)
Name: <u>Daniel Varner</u>
Title: <u>President</u>

PALISADES ACQUISITION XV, LLC
Buyer

By: _____
(Signature)
Name: _____
Title: _____

10024/81
03/01/2007 2111414.01

## BILL OF SALE

THIS BILL OF SALE is dated as of March 5, 2007 between CENTURION CAPITAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer")

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule 1

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

CENTURION CAPITAL CORPORATION,
Seller

By: _____
      (Signature)
Name: _____
Title: _____

PALISADES ACQUISITION XV, LLC
Buyer

By: _____
      (Signature)
Name: _Mitchll Ch___
Title: _Manager____

10024/81
05/03/2007 2111414.82

## BILL OF SALE

Subject to the terms and conditions of that certain Sale Agreement, dated as of March 5, 2007 (the "Agreement"), between PALISADES ACQUISITION XV, LLC ("Seller"), a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 and PALISADES ACQUISITION XVI, LLC ("Buyer"), a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and for the consideration set forth in the Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller does hereby sell, convey, assign, transfer, set over and deliver to Buyer all of Seller's right, title and interest in all of the Receivable Assets, which such Receivable Assets are more fully described in the Agreement:

This Bill of Sale is being delivered pursuant to the Agreement and is subject to each of the terms set forth therein.

This Bill of Sale shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

*[signature page follows]*

10024/81
03/01/2007 3112999.01

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be executed on its behalf by its duly authorized officer as of this _5_ day of March, 2007.

PALISADES ACQUISITION XV, LLC

By: _____

Name: _Mitchell Sh_

Title: _Manager_

-2-

# EXHIBIT "E"

----------------------------------------------------X

CENTURION CAPITAL CORPORATION

Plaintiff(s)

- against –

CHRISTOPHER MCCROBIE
15068776

Defendant(s).

----------------------------------------------------X

Index no:  G07295/06

**CONSENT TO
CHANGE
ATTORNEY**

Client ref #

IT IS HEREBY CONSENTED THAT, Houslanger & Associates, PLLC, with offices located at
372 New York Avenue, Huntington, NY  11743 (631) 427-1140 file #168100 be substituted as attorney(s) of
record for the Plaintiff/Judgment Creditor in the above entitled action in place and stead of the undersigned
attorney(s) as of the dated thereof:

Dated:

_Cheryl E. Rose_

Outgoing Attorney – _____

CHERYL E. ROSE, ESQ RECEIVER MANN BRACKEN
. as agent
for WOLPOFF & ABRAMSON
GAITHERSBURG, MD  20878
12154 Darnestown Rd, BOX 623

_(signature)_

Incoming Attorney -Todd E. Houslanger, Esq.
Houslanger & Associates, PLLC
P.O. Box 742
Katonah, NY 10549
(914) 666-8100

_Susan Kohl_

CURRENT CREDITOR

_Palisades Acquisition—XVI_ as successor to CENTURION CAPITAL
CORPORATION- 9341284

UNIFORM ACKNOWLEDGEMENT

State of **New Jersey**          }
County of **Bergen**            }  ss:

On the 12 day of December in the year 2012 before me, the undersigned, a Notary Public in and for said State, personally
appeared _____Susan Kohn__ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s)
whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument.

Sworn to before me on 12/12/2012

_(signature)_

JUDITH JOSEPH STONE.
NOTARY PUBLIC STATE OF NEW JERSEY
MY COMMISSION EXPIRES JAN 20 2017

# EXHIBIT "F"

STATE OF NEW YORK
BUFFALO CITY COURT  :  COUNTY OF ERIE

CENTURION CAPITAL CORPORATION,

        Plaintiff,

      -vs-

CHRISTOPHER MCCROBIE

        Defendant.

Index No. 007295-06

Johnson-Lee, J.

## MEMORANDUM AND ORDER

A court which rendered a judgment may relieve a party of the terms of the judgment if the court lacked jurisdiction to render the judgment.  CPLR 5015(a)(4).

On March 9, 2007 a default judgment was entered against the defendant in the amount of $780.12 plus costs of $202. for a total of $982.12.  By Motion to Vacate Judgment filed August 28, 2015, defendant moved to vacate the judgment pursuant to CPLR 5015(1)(a)(4). While defendant's motion was based on a claim of lack of *personal* jurisdiction, it is unnecessary to reach that claim since the judgment should never have been entered in the first place.  The Court lacked *subject matter jurisdiction* to entertain the action.

The complaint plaintiff filed reads as follows:

"Centurion Capital Corporation. . .
Rockville, Md. 20850

-against-

Christopher McCrobie
16 Summit St.
Lancaster, NY 14086"

The complaint further alleges that plaintiff has an office and place for the transaction of business at the address above, and that defendant resides at the address in the caption. No further allegations as to jurisdiction are contained in the complaint.

Section 213 of the Uniform City Court Act sets forth the jurisdictional requirements for actions in Buffalo City Court. These requirements include either residence of plaintiff or defendant within the city or contiguous town, regular employment or place for the regular transaction of business within the city. Plaintiff has failed to allege any jurisdictional basis for the action; it is a foreign corporation and defendant was alleged to be a resident of Lancaster, a town not contiguous to the City of Buffalo. The Court was without authority to enter the judgment which is null and void. See *Lacks v Lacks*, 41 NY2d 71 (1976).

Defendant's motion to vacate the judgment is **GRANTED.** This decision shall constitute the order of this Court and no further order is required.

Hon. Barbara Johnson-Lee
Buffalo City Court Judge

Dated: Buffalo, New York
February 2, 2016

-2-

# EXHIBIT "G"

5. Defendant, Palisades Acquisition XVI, LLC, (alternatively referred to as "Palisades") is a foreign limited liability company organized and existing under the laws of the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Palisades Acquisition XVI, LLC regularly attempts to collect debts alleged to be due another.

7. Defendant, Houslanger & Associates, PLLC is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Houslanger & Associates, PLLC regularly attempts to collect debts alleged to be due another.

9. Defendant Todd Houslanger is an attorney who is employed by Houslanger & Associates, PLLC. On information and belief he is also the owner of Houslanger & Associates PLLC

10. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant(s).

## FACTUAL ALLEGATIONS

12. Plaintiff allegedly incurred a credit card debt to Providian Financial. This debt will be referred to as "the subject debt."

13. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Plaintiff thereafter allegedly defaulted on the subject debt.

5

Index No.: 007295-06

**CITY COURT OF THE CITY OF BUFFALO**
**COUNTY OF ERIE**
------------------------------------------------------------------X

**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDIAN FINANCIAL CO**

                              Plaintiff,

                              *-against-*

**CHRISTOPHER MCCROBIE**

                              Defendant.

--------------------------------------------------------------------------

### AFFIDAVIT OF SERVICE BY MAIL

**STATE OF NEW YORK**     }
                         } SS.:
**COUNTY OF SUFFOLK**     }

    **Sandy Lynn Riefberg** being duly sworn, deposes and says:

    Deponent is not a party to this action, is over 18 years of age and resides in HUNTINGTON, NY 11743.

    On the _8th_ day of March, 2016 deponent mailed the within

### NOTICE OF MOTION AND PLAINTIFF'S AFFIRMATION IN SUPPORT OF MOTION FOR REARGUMENT AND AMENDMENT OF THE SUMMONS AND COMPLAINT

Upon the following person:

**TO:**    SETH ANDREWS, ESQ.
        *Attorney for Defendant*
        **LAW OFFICES OF KENNETH HILLER**
        **6000 North Bailey Avenue, Suite 1A**
        **Amherst, NY 14223**

the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a first class regular mail wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                    SANDY LYNN RIEFBERG

*Sworn to before me this*

_8th_ *day of* March, 2016

NOTARY PUBLIC

                            JEFFREY M PARRELLA
                    NOTARY PUBLIC-STATE OF NEW YORK
                       No. 02PA6304646
                    Qualified in Suffolk County
               My Commission Expires June 02, 2018

Index No.: 007295-06

**CITY COURT OF THE CITY OF BUFFALO**
**COUNTY OF ERIE**
----------------------------------------------------------------X

**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDIAN FINANCIAL CO**

                              Plaintiff,

                              -against-

**CHRISTOPHER MCCROBIE**

                              Defendant.

----

**NOTICE OF MOTION AND PLAINTIFF'S AFFIRMATION IN SUPPORT OF**
**MOTION FOR REARGUMENT AND AMENDMENT OF THE SUMMONS AND**
**COMPLAINT**

----

**HOUSLANGER & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
**372 New York Avenue**
**Huntington, New York 11743**
**Tel. (631) 427-1140**
**Our File No.: 168100**

----

Service of a copy of the within is hereby admitted

Date:

To:

Attorney(s) for:

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 002.740
0001685603 MAR 08 2016
MAILED FROM ZIP CODE 11743

HOUSLANGER & ASSOCIATES, PLLC
ATTORNEYS AT LAW
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743

*To*

Clerk of the Court
City Court of Buffalo
50 Delaware Avenue
Buffalo, NY 14202

Law Offices of
# Kenneth
# Hiller PLLC

Main Office: 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226
Telephone: (716) 564-3288 Facsimile: (716) 332-1884
Toll Free Number: (877) 236-7366
www.kennethhiller.com

April 1, 2016

Todd Houslanger, Esq.
Houslanger & Associates, PLLC
37 New York Avenue
Huntington, New York 11743

**RE:** **Centurion Capital Corporation Assignee of Providan Financial CO
v. Christopher McCrobie Index No. 007295-06**

Dear Mr. Houslanger:

Enclosed please find Defendant's Opposition to Plaintiff's Motion for Reargument for the above mentioned matter.

Should you have any question please contact our office.

Very truly yours,

Seth J. Andrews

SJA/gb

*Social Security Disability, Consumer Litigation and Long Term Disability*

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                            **Plaintiff,**                  **Index No. 007295-06**

v.

**CHRISTOPHER MCCROBIE**

                            **Defendant.**

---

## AFFIRMATION OF SETH J. ANDREWS, ESQ.

Seth J. Andrews, an attorney at law, duly licensed to practice in the State of New York, hereby affirms that the following statements are true under penalties of perjury:

1. That I am an attorney with the Law Office of Kenneth Hiller PLLC, the attorneys for the Defendant herein.

2. That this affirmation is made in opposition to Plaintiff's motion to reargue as well as Plaintiff's motion to amend the Summons *nunc pro tunc.*

3. This Court, in granting Defendant's motion to vacate the default judgment, ruled that the judgment should never have been granted in the first place as the Court did not have jurisdiction over the matter pursuant to Uniform City Court Act §213.

4. The Court held in its Memorandum and Order of February 2, 2016 that the action could not be heard before the Court as the jurisdictional requirements of Uniform City Court Act §213 were not satisfied.

5. Plaintiff is now attempting to fix these defects post hoc.

6. The Court should deny Plaintiff's motions for numerous reasons.

7. First, Plaintiff is asking the Court to correct a jurisdictional defect; something the Court cannot do. Coleman v. Vansteen, 643 N.Y.S.2d 264, 265 (4th Dept. 1996). (Finding the lower court lacked authority to grant the motion to amend the summons and complaint because it never 'acquired jurisdiction to begin with').

8. The summons states that the Defendant's address is 16 Summit St. Lancaster NY 14086. The summons is the document which serves to notify a defendant of the alleged jurisdiction of the court to adjudicate the issues stated in the accompanying complaint. Minimum standards of due process require that an assertion of personal jurisdiction over an individual must be predicated upon a proper jurisdictional basis, adequate notice and an opportunity to be heard (*World-Wide Volkswagen Corp. v. *147 Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490; *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865).

9. "…Service of a summons upon a defendant in a civil action serves both to commence the action and to establish jurisdiction of the court over him." Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 502 N.Y.S.2d 479, 488 (2nd Dept. 1986). If the summons does not provide for the proper jurisdiction, then the mater cannot be heard before that court.

10. This is not a "technical or immaterial infirmity" as characterized by the Plaintiff in its motion papers. See Paragraph 24 of the Affirmation of Todd Houslanger dated March 3, 2016.

11. The address of the Defendant is the sole basis for this Court's jurisdiction in this matter as plead by the Plaintiff's complaint. As the 4th Department has ruled, a party cannot seek leave of court to amend when the court does not have the authority to even consider the motion in the first place.

12. Furthermore, Plaintiff's arguments do not adhere to basic principles of logic. Plaintiff's judgment has been vacated and the complaint is dismissed. Plaintiff now moves for a motion to reargue based upon a motion to amend the summons to cure the jurisdictional defect. Once the Court issued its February 2, 2016 Memorandum and Order, there ceased to be any existing complaint. There is no present action before this Court. There is nothing to amend. Plaintiff's motion to amend should be denied as moot and consequently its motion to reargue should be denied as a result.

13. Plaintiff's motion to reargue is based entirely on attempting to remedy this jurisdictional defect. In Defendant's opposition papers to Plaintiff's motion to vacate, the issue of the defect in the Defendant's address is never raised despite the Defendant's reliance on Uniform City Court Act §213 to convince this Court to vacate the default judgment. Plaintiff could have opposed the Defendant's motion to vacate and simultaneously moved this Court for leave to amend the summons. However, Plaintiff did not follow this course of action. Thus, this is an entirely new argument that is rising before this Court.

14. A motion for reargument is not available where the movant seeks only to argue a new theory of law not previously advanced. DeSoignies v. Cornasesk House Tenants' Corp., 800 N.Y.S.2d 679 (1st Dept. 2005). See Frisenda v. X Large Enters, 720 N.Y.S.2d 187 (2d Dept. 2001).

15. Hence, the Court should deny Plaintiff's motions as they are based on facts and law which were know at the time the Defendants' motion to vacate was first field with this Court.

16. However, even if the Court overlooks the above arguments and grants Plaintiff's motion to amend the summons to alter the Defendant's address to 1201 Hertel Ave., Buffalo, NY 14216, this does not change the fact the Court would still lack jurisdiction in this matter.

17. As detailed in paragraph 9 of the affidavit of Christopher Mccrobie, sworn to August 27, 2015, Mr. Mccrobie has resided at 6 Maple Drive, Bowmansville NY 14026 from June 28, 2006 to present. Attached as **Exhibit A** is a copy of Defendant's prior motion to vacate in its entirety, including the August 27, 2015 Affidavit of Christopher Mccrobie wherein he attaches both a copy of the deed for the above listed property as well as a copy of his home owner's insurance binder.

18. It is an undeniable fact that this address is not physically located in the City of Buffalo and is located in a town not contiguous to the City of Buffalo.

19. The summons and complaint were filed on August 10, 2006 and service was made at the Hertel address on October 20, 2006. See the Affidavit of service attached as Exhibit C to August 27, 2015 Affidavit of Christopher Mccrobie. Mr. Mccrobie was living in his home in Bowmansville at the date of filing and service.

20. Thus, given Mr. Mccrobie's residence and the Court's prior ruling relative to Uniform City Court Ac t §213, it is clear that the Court does not have jurisdiction over Mr. Mccrobie even if it were to allow the summons to be amended to state the Hertel address.

21. Lastly, as also raised in Defendant's motion to vacate, Mr. Houslanger's client, Palisades Acquisition PLLC ("Palisades") is not the judgment creditor. They were not the Plaintiff in this case. They did not file the complaint or arrange for service of process. They did not enter the default judgment. They are a debt buyer who has not offered any admissible proof that they had ownership of the Centurion Capital Corporation ("Centurion") judgement that this Court vacated.

22. Rather than reiterate the prior arguments relative to the fact that Palisades had no standing to attempt to satisfy the default judgment much less even argue in opposition to Defendant's motion, Defendant attaches his Reply papers to his motion to vacate as **Exhibit B** and incorporates the arguments made therein to his present opposition to Plaintiff's motions before this Court. (The Court should take particular note if paragraphs 16 through 36 of the Reply as well as all the exhibits attached thereto).

23. It is clear Plaintiff and its counsel's goal is to obfuscate, confuse and muddle the real issues before this Court in hopes that the Court will be distracted by the verbal diarrhea Plaintiff's counsel continues to spew forth regarding the same tedious and tried arguments made in its latest papers as it previously stated in its opposition to Defendant's motion to vacate the default judgment.

24. Plaintiff respectfully requests that Court not give any consideration to these transparent arguments and instead pay special attention to the two facts which Plaintiff and its counsel refuse to address as they know they have no viable rebuttal: 1) the Court does not have jurisdiction over Mr. Mccrobie as he has resided in Bowmansville NY since June 28, 2006 and 2) there isn't a single document offered into evidence by Plaintiff that is legally sufficient to establish that Palisades had ownership of the Centurion judgment.

25. Wherefore all the reasons above, Defendant respectfully requests that the Court deny Plaintiff's motion to reargue as well as Plaintiff's motion to amend the Summons *nunc pro tunc*.

Dated: April 1, 2016

Seth J. Andrews, Esq.

# EXHIBIT "A"

**CITY COURT OF THE CITY OF BUFFALO**
**COUNTY OF ERIE**

---

**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDAN FINANCIAL CO**

                              **Plaintiff,**                **Index No. 007295-06**

**v.**

**CHRISTOPHER MCCROBIE**

                              **Defendant.**

---

| | |
|---|---|
| **MOTION MADE BY:** | Seth J. Andrews, Law Offices of Kenneth Hiller PLLC, *Attorneys for Defendant,* 6000 North Bailey, Suite 1A, Amherst, New York 14226. |
| **DATE, TIME AND PLACE OF HEARING:** | September 21, 2015, at 9:30 AM before Honorable Betty Calvo-Torres, 50 Delaware Ave Buffalo, New York. |
| **SUPPORTING PAPERS:** | Annexed Affidavit of Christopher Mccrobie with Exhibits in Support of Plaintiff's Motion to Vacate the Judgment, and Memorandum of Law in support thereof. |
| **RELIEF REQUESTED:** | An Order Vacating the Judgment against the Defendant and dismissing the complaint in its entirety. |
| **GROUNDS:** | CPLR §§ 317, 3211(a)(1), 3211(a)(2), 3211(a)(3), 3211(a)(8), and 5015(a)(4) |
| **ANSWERING PAPERS:** | Pursuant to CPLR §2214(b), Plaintiff demands that answering papers, if any, be served upon the undersigned at least seven days before the return date of this motion. |
| **ORAL ARGUMENT:** | Requested. |

AUG 28 2015

DATED:     Amherst, New York
           August 27, 2015

                                             Sean J. Andrews, Esq.
                                             Law Offices of Kenneth Hiller, PLLC
                                             *Attorneys for the Defendant*
                                             6000 North Bailey Ave., Suite 1A
                                             Amherst, NY 14226
                                             (716) 564-3288
                                             Email: sandrews@kennethhiller.com

TO:     Houslanger & Associates, PLLC
        Attorney for the Judgment Creditor
        P.O. Box 742
        Katonah, NY 10536
        914-666-8100

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                                 **Plaintiff,**           Index No. 07295-06

v.

CHRISTOPHER MCCROBIE

                               **Defendant.**

## Affidavit of Christopher Mccrobie in support of Plaintiff's Motion to Vacate the Judgment and Dismiss Plaintiff's Complaint

Christopher Mccrobie, being duly sworn, deposes and says:

1.     I am the defendant in the above-captioned action.

2.     I am making this affidavit in support of my motion to vacate the default judgment against me and leave to file an Answer and Counterclaim.

3.     On March 9, 2007 a judgment for $982.12 was entered against me in favor of the plaintiff in the office of the Clerk of this Court. A copy of the judgment is attached to this Affidavit as <u>Exhibit A</u>.

4.     I was never served with a copy of the Summons and Complaint in this matter. <u>I did not even know that this action had been commenced.</u>

5.     I first learned that a judgment had been entered against me when I received notice in or about September 2014 from my employer that my wages were going to be garnished.

6.    I have reviewed the Summons and Complaint in this action, a copy of which is attached to this Affidavit as <u>Exhibit B</u>.

7.    I have reviewed the Affidavit of Service in this action, a copy of which is attached to this Affidavit as <u>Exhibit C</u>.

8.    The Affidavit of Service states that on October 20, 2006, the process server served the Summons and Complaint at 1201 Hertel Ave., Buffalo, NY 14216 by affixing the summons and complaint to the door of the afore-mentioned residence.

9.    At the time of the alleged service, I did not live at this residence. In fact, I never lived at this address as it was the home of an ex-girlfriend.  At the time of the alleged service, I was residing at 6 Maple Drive, Bowmansville, NY 14026. I have lived at this address since June 28, 2006 which is when it was purchased. A copy of the deed and insurance binder for the afore-mentioned property evidencing ownership in mine and my wife's name is attached as <u>Exhibit D</u>.

10.    I never received a copy of the Summons and Complaint by the process server.

11.    Thus, I was never personally served with the Summons and Complaint.

12.    My attorney has informed me that I must be served with a copy of the Summons and Complaint.

13.    I was never afforded an opportunity to defend myself in the action.

14.    I was never served with a copy of the Judgment.

15.  Because service was never made, I respectfully suggest that the Court lacks jurisdiction. I believe that I must be served with a copy of Summons and Complaint, and be afforded an opportunity to defend myself.

16.  Furthermore, at the time this action was filed, I lived in Bowmansville which is in Lancaster NY.

17.  The Town of Lancaster is not located in the city limits of Buffalo nor is it contiguous to the City of Buffalo.

18.  N.Y. Uniform City Court Act §213 states that in money actions, either the Defendant or the Plaintiff must be a resident of the city in which the action was commenced or reside in a town contiguous to that city.

19.  Thus, this Court does not have jurisdiction to hear the Plaintiff's claim.

20.  The Court should also be aware that I do not owe any money to Centurion Capital Corp.

21.  I do not have and never have had any kind of contract or business relationship with Centurion Capital Corp.

22.  Centurion Capital Corp., in its Complaint, alleges that it acquired a Providian Financial account in which I allegedly defaulted on. The complaint alleges that I owe $780.12.

23.  I do not recall ever having any Providian account with any such balance.

24.  In sum, I request that the Court vacate the Judgment and dismiss the action in its entirety.

25.  There have been no prior applications for the relief requested herein.

3

WHEREFORE, it is respectfully requested that my motion to vacate the default judgment and dismiss the Plaintiff's complaint in its entirety be granted, together with such other relief as the court deems proper.

Christopher Mccrobie

Sworn to before me this

27 day of August 2015

LINDA DEDLINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAY 18 __2019__

4

# Exhibit A

**BUFFALO CITY COURT**
**COUNTY OF ERIE**
**STATE OF NEW YORK**                          Index # G07295/06

CENTURION CAPITAL CORPORATION          CHRISTOPHER MCCROBIE
ASSIGNEE OF PROVIDIAN FINANCIAL        1201 HERTEL AVE
700 KING FARM BLVD.                    UPPER REAR
SUITE 503                              BUFFALO, NY 14216
ROCKVILLE, MD 20850
                              V.       Defendant(s)

Plaintiff

## AFFIRMATION OF REGULARITY AND DEFAULT JUDGMENT

The undersigned, attorney-at-law of the State of New York and attorney of record for the Plaintiff herein affirms under penalties of perjury:

1.   The summons and verified complaint in this action was:
     ( X ) served by substitute service on the Defendant, CHRISTOPHER MCCROBIE, on October 20, 2006 with the affidavit of service filed with the clerk on October 27, 2006.
2.   The additional notice requirements as set forth in CPLR 3215(g) (3) have been complied with.
3.   The time of the Defendant(s) to appear or answer has expired and the Defendant(s) has not appeared or answered herein.
4.   The sums sought and the disbursements set forth below are true and accurate. The disbursements have been or will be made accurate. The disbursements have been or will necessarily be made or incurred herein and are reasonable in amount.

| | | |
|---|---|---|
| AMOUNT CLAIMED IN COMPLAINT $780.12 | | $780.12 |
| INTEREST at 0% from February 28, 2007 to February 28, 2007 | | $0.00 |
| SUBTOTAL | | $780.12 |
| COSTS BY STATUTE | $20.00 | |
| INDEX NUMBER FEE | $45.00 | |
| TRANSCRIPTS AND DOCKETING | $16.00 | |
| SERVICE OF SUMMONS & COMPLAINT | $35.00 | |
| POSTAGE | $0.00 | |
| SHERIFF'S FEES ON EXECUTION | $86.00 | |
| TOTAL COSTS | $202.00 | |
| TOTAL JUDGMENT AMOUNT | | $982.12 |

5.   Wherefore, it is required that judgment be entered accordingly.

Dated: February 28, 2007

Allen D. Friedman, Esq./Patricia A. Blair, Esq.
Christa L. Muratore, Esq./Maria J. Reed, Esq.
Fatimat O. Balogun, Esq.

Now, on motion of Wolpoff & Abramson, L.L.P. an attorney for Plaintiff, 300 Canal View Blvd., 3rd Floor, Rochester, New York, it is adjudged that Plaintiff, CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN FINANCIAL at 700 KING FARM BLVD, SUITE 503, ROCKVILLE, MD 20850 do recover of the Defendant(s) CHRISTOPHER MCCROBIE, herein residing at 1201 HERTEL AVE, UPPER REAR, BUFFALO, NY 14216, the sum of $780.12 with interest of $0.00, together with costs and disbursements of $202.00, amounting in all to the sum of $982.12 and that the Plaintiff have execution therefore.

MAR - 9 2007                          Sharon Thomas
                                      Clerk

W&A# 157430917

# Exhibit B

262

CONSUMER CREDIT TRANSACTION

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

607295

CENTURION CAPITAL CORPORATION


ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD
SUITE 507
ROCKVILLE MD 20850                                              **SUMMONS**
                            Plaintiff

-against-

CHRISTOPHER MCCROBIE
16 SUMMIT ST
LANCASTER NY 14086

                        Defendant(s)

_____

TO THE ABOVE NAMED DEFENDANT(S):

      YOU ARE HEREBY SUMMONED and required to appear in the City Court located at
50 DELAWARE AVE

BUFFALO          NY 142020000, in the City of BUFFALO        , County of
ERIE          , and State of New York, by serving an answer* to the annexed
complaint upon Plaintiff's attorney at the address stated below, or if there is no
attorney, upon the Plaintiff at address stated above, within the time provided by law
as noted below; upon your failure to so answer, judgment will be taken against you
for the relief demanded in the complaint, together with the costs this action.

      Venue is based on the residence of the parties.

Dated:  08/02/06

                    By: _____
                    Allen D. Friedman / Patricia A. Blair / Maria J. Reed
                    Christa L. Muratore / Sandra H. Chung
                    Wolpoff & Abramson, L.L.P.
                    Attorneys in the Practice of Debt Collection
                    Attorneys for Plaintiff
                    300 Canal View Blvd., 3rd Fl., Rochester, NY 14623
                    Telephone: 1-800-241-1458 Court Inq: 1-585-413-4020

NOTE:  The law provides that:

  1.  If this summons is served by its delivery to you personally within the County
of ERIE        , you must answer within 10 days after such service; or
  2.  If this summons is served by delivery to any person other than you personally,
or is served outside the County of ERIE        , or by publication, or by any
means other than personal delivery to you within the County of ERIE        , you
are allowed 30 days after service is complete within which to answer.

*You need not physically go to the court to serve an answer.

263

BUFFALO CITY COURT
COUNTY OF ERIE
STATE OF NEW YORK

CENTURION CAPITAL CORPORATION

ASSIGNEE OF PROVIDIAN FINANCIAL
700 KING FARM BLVD
SUITE 507
ROCKVILLE MD 20850                                    COMPLAINT
                        Plaintiff

-against-

CHRISTOPHER MCCROBIE
16 SUMMIT ST
LANCASTER NY 14086

                        Defendant(s)

The Plaintiff for a complaint against Defendant(s) alleges upon information and belief:
    1.    That at all times relevant to this action, the Plaintiff was and still is
A MARYLAND CORPORATION                    , having an office and place for the
regular transaction of business at the address set forth above.
    2.    Upon information and belief, at the time of the commencement of this action
the Defendant(s) resided at the address in the caption of this action in the County
of ERIE          and State of New York.

AS AND FOR A FIRST CAUSE OF ACTION:

    3.    That the Defendant(s) entered into a Credit Card Agreement, account number
4559909723108717       with
wherein credit was extended to Defendant(s) and Defendant(s) agreed to repay any
monies advanced.
    4.    During the past six years, pursuant to said agreement, Defendant(s) or
persons authorized by the Defendant(s) incurred indebtedness through the use of one
or more credit cards issued in the name of Defendant(s) under said agreement.
    5.    Plaintiff has purchased said account for value and is now the owner thereof.
    6.    That Defendant(s) has defaulted in Defendant's obligation under said
agreement and there is now justly due and owing to the Plaintiff from the Defendant(s)
as a result of said default the sum of $   780.12.

AS AND FOR A SECOND CAUSE OF ACTION:

    7.    That prior to the commencement of this action Plaintiff and/or its
predecessor on numerous occasions and on a monthly basis rendered statements of said
claim to the Defendant(s) which the Defendant(s) accepted and retained
without objection.
    WHEREFORE, Plaintiff demands judgment against the Defendant(s) for the sum of
$   780.12 with interest from JUDGMENT   together with the costs and disbursements
of this action.

Dated:  08/02/06
                                      By:
                                      Allen D. Friedman / Patricia A. Blair / Maria J. Reed
                                      Christa L. Muratore / Sandra H. Chung
                                      Wolpoff & Abramson, L.L.P.
                                      Attorneys in the Practice of Debt Collection
                                      Attorneys for Plaintiff
                                      300 Canal View Blvd., 3rd Fl., Rochester, NY  14623
                                      Telephone: 1-866-241-1458 Court Inc: 1-585-413-4000

# Exhibit C

ATTORNEY        WA              157430917

**BUFFALO CITY COURT**                                     INDEX #  G07295/06

**ERIE COUNTY**                                            D/O/F    8/10/2006

**CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN FINANCIAL**

*PLAINTIFF/PETITIONER*                                     **AFFIDAVIT**
                                                           **OF**
                                                           **SERVICE**

**CHRISTOPHER MCCROBIE**

*DEFENDANT/RESPONDENT*

Erie County, New York State;                    **ROXANNE EDMISTON**         being sworn.

says: Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.

on    **10/20/2006**        at    **11:40 AM**   at    **1201 HERTEL AVE., UPPER REAR, BUFFALO, NY 14216**
Deponent served the within     **SUMMONS AND COMPLAINT**

On   **CHRISTOPHER MCCROBIE**                              DEFENDANT

                                                           (Herein after called the recipient) therein named.

### AFFIXING TO DOOR

By affixing a true copy of each to the door of said premeais which is defendants   actual place of residence
Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

**10/12/06 @ 7:08 PM**      **10/17/06 @ 7:49 AM**      **10/20/06 @ 11:40 AM**

### MAILING

Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at
defendant's last known residence at
**1201 HERTEL AVE., UPPER REAR, BUFFALO, NY 14216**                          On    **10/26/2006**

and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.  The
envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the
communication was from an attorney or concerned an action against the defendant.

The defendant was served with a copy of the summons and complaint which had the index number and the date of filing endorsed thereon.

VERIFICATION THAT ADDRESS IS GOOD:         NAME ON MAILBOX

Upon information and belief defendant is not in the military service of the United States or the State of New York.

Sworn to before me on    **Thursday, October 26, 2006**

Jillina A. Kwiatkowski
Notary Public - State of New York
Qualified in Erie County
Reg. # 01KW6057316
My Commission Expires 04/16/07

ROXANNE EDMISTON
AFF. #  75289

# Exhibit D

Box 460

**THIS INDENTURE**, made the 28 Day of June, Two Thousand Six

**BETWEEN**

Wells Fargo Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2004-FF5, by Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. 4708 Mercantile Drive North, Fort Worth, TX 76137-3605, as attorney in fact

party of the first part, and

Christopher McCrobie and Diana McCrobie, husband and wife
16 Summit Street, Lancaster, NY 14086

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL THAT TRACT OR PARCEL OF LAND, situate in the ~~Village~~ of ~~Lancaster~~ Town of Lancaster, County of Erie and State of New York, being part of Lot Number 7, Section 12, Township 11 and Range 6 of the Holland Land Company's Survey and according to map filed under Cover Number 1189 is known as Subdivision Lot Number 5 in Block Number 1.

AND ALSO, ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Lancaster, County of Erie and State of New York, bounded and described as follows:

Being part of Farm Lot 7, Section 12, Township 11, Range 6 under Map Cover No. 1189, Genesee Villa Subdivision, known as Lot 4 in Block 1, North Street, 101.9 feet north of Main Street, 73.26 feet by 140.58 feet.

BEING the same premises conveyed to grantor herein by QuitClaim Deed of Deutsche Bank Trust Company Americas, dated April 29, 2006 and recorded in the Erie County Clerk's Office simultaneously herewith.

This transfer does not constitute all or substantially all of the assets of the corporation.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

LAND - Som.
SP - 143380 - 46
D 18 - 2

MCCROCHR

# ACORD. INSURANCE BINDER

| | |
|---|---|
| | DATE 08/20/06 |

**THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.**

| PRODUCER | PHONE (A/C, No, Ext): 716-648-5000 |
|---|---|
| | FAX (A/C, No): 7166481287 |

NIA/Guastella Group, LLC
P.O. Box 240
Athol Springs, NY 14010

| COMPANY Preferred Mutual Insuran | BINDER # unassigned |
|---|---|

| | EFFECTIVE | | | EXPIRATION | |
|---|---|---|---|---|---|
| | DATE 06/28/06 | TIME 12:01 | X AM PM | DATE 07/28/06 | TIME X 12:01 AM NOON |

| CODE: | SUB CODE: |
|---|---|
| AGENCY CUSTOMER ID: 158174 | |

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY PER EXPIRING POLICY #:

| INSURED | Christopher D & Diana McCroble 6 Maple Street Bowmansville, NY 14026 |
|---|---|

DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (including Location)
Loc#1: 6 Maple Street;, Bowmansville, NY 14026

## COVERAGES

| | | | LIMITS | |
|---|---|---|---|---|
| **TYPE OF INSURANCE** | COVERAGE/FORMS | | | AMOUNT |

| PROPERTY | CAUSES OF LOSS | | | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|---|---|
| BASIC | BROAD | X SPEC | Dwelling | 500 | | $215,000 |
| | | | Other Structures | AP | | $21,500 |
| | | | Unscheduled Personal Property | | | $150,500 |
| | | | Loss of Use | | | $43,000 |

COPY

| GENERAL LIABILITY | | | | |
|---|---|---|---|---|
| COMMERCIAL GENERAL LIABILITY | | EACH OCCURRENCE | $300,000 |
| CLAIMS MADE | OCCUR | DAMAGE TO RENTED PREMISES | $ |
| | | MED EXP (Any one person) | $ 1,000 |
| X Personal Liab. | | PERSONAL & ADV INJURY | $ |
| X Med. Payments | | GENERAL AGGREGATE | $ |
| AUTOMOBILE LIABILITY | RETRO DATE FOR CLAIMS MADE: | PRODUCTS - COMP/OP AGG | $ |
| ANY AUTO | | COMBINED SINGLE LIMIT | $ |
| ALL OWNED AUTOS | | BODILY INJURY (Per person) | $ |
| SCHEDULED AUTOS | | BODILY INJURY (Per accident) | $ |
| HIRED AUTOS | | PROPERTY DAMAGE | $ |
| NON-OWNED AUTOS | | MEDICAL PAYMENTS | $ |
| | | PERSONAL INJURY PROT | $ |
| | | UNINSURED MOTORIST | $ |

| AUTO PHYSICAL DAMAGE | DEDUCTIBLE | ALL VEHICLES | SCHEDULED VEHICLES | | |
|---|---|---|---|---|---|
| COLLISION: | | | | ACTUAL CASH VALUE | |
| OTHER THAN COL: | | | | STATED AMOUNT | $ |
| GARAGE LIABILITY | | | | OTHER | |
| ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | OTHER THAN AUTO ONLY: | |
| | | | | EACH ACCIDENT | $ |
| | | | | AGGREGATE | $ |

| EXCESS LIABILITY | | | |
|---|---|---|---|
| UMBRELLA FORM | | EACH OCCURRENCE | $ |
| OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE: | AGGREGATE | $ |
| | | SELF-INSURED RETENTION | $ |

| WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY | | | |
|---|---|---|---|
| | | WC STATUTORY LIMITS | |
| | | E.L. EACH ACCIDENT | $ |
| | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | E.L. DISEASE - POLICY LIMIT | $ |

| SPECIAL CONDITIONS/ OTHER COVERAGES | "Disclaimer - The abbreviated outline of coverages used throughout this binder (See attached Spec Conditions/Other Covs page.) | FEES | $ |
|---|---|---|---|
| | | TAXES | $ |
| | | ESTIMATED TOTAL PREMIUM | $ |

## NAME & ADDRESS

Lakeshore Savings Bank
Its Successors &/or Assigns
128 East Fourth Street
Dunkirk NY 14048

| MORTGAGEE | ADDITIONAL INSURED |
|---|---|
| LOSS PAYEE | |
| LOAN # | |

AUTHORIZED REPRESENTATIVE
*[signature]*

ORD 75 (2001/01) 1 of 2

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO

                          **Plaintiff,**             **Index No. 007295-06**

v.

CHRISTOPHER MCCROBIE

                          **Defendant.**

## Memorandum of Law

This Memorandum of Law is respectfully submitted in support of Defendant's

motion to vacate judgment and dismiss the Plaintiff's complaint. Defendant seeks

an Order under CPLR §§ 3211(a)(1), 3211(a)(2), 3211(a)(3), 3211(a)(8), and

5015(a)(4)) vacating the judgment and dismissing the action in its entirety on the

grounds that (1) this Court does not have jurisdiction over Defendant, and (2)

Plaintiff does not have standing.

### Argument

I.    **The Court should vacate the judgment and dismiss the complaint because
defendant was not properly served**

Based upon the Defendant's affidavit and documentation, copies of which are

attached as exhibits to Defendant's accompanying affidavit, sworn to on August 27,

2015, it is clear that the Defendant was never served with a copy of the Summons

and Complaint. Basic fairness and Defendant's right to due process demand that

Defendant have an opportunity to defend herself. Without proper service, the Court

lacks jurisdiction to enter a judgment. Therefore, the judgment should be vacated and the case dismissed.

As set forth in Defendant's accompanying affidavit, he was never served with the Summons and Complaint.[1]

According to the Affidavit of Service, the process server claims to have served the Plaintiff with a copy of the Summons and Complaint on October 20, 2006 by affixing a copy to1201 Hertel Ave., Buffalo, NY 14216.[2] However, Plaintiff never received the Summons and Complaint as he never lived at the above residence. Thus, Plaintiff failed to serve the Defendant under CPLR 308.

A.    **Without proper service the court has no jurisdiction, the judgment is void, and the complaint must be dismissed**

In *McMullen v. Arnone*, the Second Department wrote: "It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void."[3] The *McMullen* Court went on to state that a judgment entered in the course of the proceedings, even though entered on default, is a nullity and binds no one."[4]

In *Citibank v. Horst*, the Second Department wrote: "If service had not been duly effected, the court would have no jurisdiction over the defendant and the

---

[1] *See* accompanying Affidavit in Support of "Mccrobie Affidavit." sworn to on August 27, 2015.
[2] *See* Exhibit C to the Mccrobie Affidavit.
[3] 79 A.D.2d 496 (2d Dept. 1981); *also see, Feinstein v. Bergner*, 48 N.Y.2d 234; *Royal Zenith Corp. v. Continental Ins. Co.* 63 N.Y.2d 976; *Mayers v. Cadman Towers*, 89 A.D.2d 844 (2d Dept. 1983).
[4] 79 A.D.2d at 499.

2

default judgments would be nullities.[5] Thus, "Once a movant demonstrates the lack

of jurisdiction, a default judgment must be unconditionally vacated."[6] Moreover,

absent jurisdiction, the Court is without authority to take any action other than to

dismiss the complaint.[7] In the alternative, the Defendant respectfully requests that

merely vacate the Judgment and allow for him to interpose an Answer.

B.      **Presenting a meritorious defense is not necessary to vacate a judgment**

In *Johnson v. Deas*, the First Department stated that "where there is a

defense of lack of personal jurisdiction, a defendant need not show a reasonable

excuse and meritorious defense" to vacate a default judgment.[8] In *Shaw v. Shaw*,

the Second Department wrote:

> Absent proper service, a default judgment is a nullity, and,
> once it is shown that there was not service, the judgment must
> be unconditionally vacated (see *McMullen v. Arnone*, 79 A.D.2d
> 496). Whether or not the defendant has a meritorious defense
> is irrelevant to the questions of whether the judgment should
> be vacated for lack of jurisdiction." (*Pine v. Town of Hoosick*, 56
> A.D.2d 692; *Queensborough Leasing v. Resnick*, 78 Misc. 2d
> 919.). The existence of a meritorious defense only becomes
> significant in determining whether to open a default once it is
> clear that service has been properly made (*Mayers v. Cadman
> Towers*, 89 A.D.2d 844). A judgment obtained without proper
> service of process is invalid, even when the defendant has
> actual notice of the lawsuit, because as a prophylactic measure
> such a rule is necessary to prevent "sewer service" (see
> *Feinstein v. Bergner*, 48 NY 2d 234, 239-241).[9]

In any event, Defendant sets forth in his Affidavit that he was never served with

summons and complaint; and meritorious defenses are set forth below.

---

[5] 133 A.D.2d 63 (2d Dept. 1987).

[6] *Id.* at 64.

[7] *Community State Bank v. Paul Haakonson*, 94 A.D. 2d. 838 (3d Dept. 1983).

[8] 32 A.D.3d 253, 254 (1st Dept. 2006).

[9] 97 A.D.2d 403 (2d Dept. 1983).

3

C.    Presenting a reasonable excuse is not necessary to vacate a judgment

Plaintiff will undoubtedly claim that Defendant must show a reasonable

excuse for failing to answer the complaint. But such claims are incorrect. This

motion to vacate is based, *inter alia*, upon the Court's lack of personal jurisdiction

due to ineffective service under CPLR 5015 (a)(4), which does not require a showing

of a reasonable excuse. In *Ciprano v. Hank*, the Court stated: "Defendant's lack of a

reasonable excuse, however, is obviated if the court is without personal jurisdiction

over defendant, and all subsequent proceedings would be rendered null and void."[10]

Issues of excusable default are only raised on a motion under CPLR

5015(a)(1) once it is established that the Defendant has been served and the Court

has jurisdiction. In *Shaw v. Shaw*, the Court noted that the legislature specifically

delineated separate provisions of CPLR 5015, and that reasonable excuse is not

necessary if the Court lacks jurisdiction.[11] The Court, however, further notes that a

petitioner's failure to serve process would of itself likely constitute reasonable

excuse, and would likely meet the requirements of CPLR 5015(a)(1) in any case.

D.    Liberal construction of CPLR 5015

The Courts have always been liberal in granting relief from judgments. The

obvious reason for this is to ensure that a case be decided on the merits. In *Home

Insurance Company v. Meyers Parking System*, the Court noted the "strong public

---

[10] 197 A.D.2d 295 (1st Dept. 1994) (citing *McMullen v. Arnone*, 19 A.D.2d 496).
[11] 97 A.D.2d 403 (2d Dept. 1983).

policy favoring dispositions on the merits."[12] And the leading treatise on New York

Civil Practice expands on the liberal construction of CPLR 5015:

> New York Courts have always been extremely permissive in granting
> relief from judgments and orders. CPLR 5015 in no way changed this
> liberal approach. Like Federal Rule of Civil Procedure 60, from which
> much of its language is derived, CPLR 5015 is liberally construed and
> applied.[13]

### E. This Court lacks jurisdiction over the defendant pursuant to N.Y. Uniform City Court Act §213

Plaintiff filed this action in a court that does not have personal jurisdiction over

the Defendant.  N.Y. Uniform City Court Act §213 states that in money actions,

either the Defendant or the Plaintiff must be a resident of the city in which the

action was commenced or reside in a town contiguous to that city.

Here, neither the Plaintiff nor the Defendant resided in the City of Buffalo at the

commencement of this action. Plaintiff is a limited Liability Company whose

business address is in Rockville, MA. Defendant is an individual who at the time of

filing of the complaint, resided in Lancaster NY. Lancaster is not contiguous to the

City of Buffalo. Thus, the Defendant's filing of the action to collect on the subject

debt against Plaintiff in the City of Buffalo was improper and the Court lacks

jurisdiction over the Plaintiff.

---

[12] 186 A.D.2d 497 (1st Dept. 1992).
[13] Weinstein, Korn & Miller, *New York Civil Practice:* CPLR ¶5015.02 (David L.
Ferstendig ed., LexisNexis Matthew Bender, 2d ed. 2005).

II.   The Court should dismiss the complaint because the Plaintiff has no contractual or other relationship with the Defendant, and therefore lacks standing or capacity to sue.

As set forth in Defendant's accompanying affidavit, he has never had any relationship with Plaintiff and does not owe it any money. In Citibank (South Dakota), N.A. v. Martin the court explains that an assignee has the burden of "tender[ing] proof of assignment of a particular account." Here, Plaintiff does not offer any admissible evidence to prove liability on the alleged defaulted account Instead, Plaintiff merely recites that it purchased ownership of Defendant's alleged account with no supporting documents whatsoever.

The appellate division has made clear that mere conclusory assertions of fact, without any evidentiary basis, are insufficient to prove a claim. Therefore, because Plaintiff's complaint contains mere conclusory assertions of fact and fails to attach any documents to support those assertions, it is of no probative value. Thus, without privity or admissible evidence of valid assignment Plaintiff lacks standing or capacity to sue.

6

## Conclusion

For the foregoing reasons, it is respectfully requested that the Court vacate the Judgment entered against the Defendant and dismiss the Plaintiff's complaint in its entirety, together with such other relief as the court deems proper

Dated:      August 27, 2015
            Amherst, New York


Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Defendant*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

7

**EXHIBIT "B"**

**CITY COURT OF THE CITY OF BUFFALO**
**COUNTY OF ERIE**

**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDAN FINANCIAL CO**

|                          |                          |
|--------------------------|--------------------------|
| **Plaintiff,**           | **Index No. 007295-06**  |

v.

**CHRISTOPHER MCCROBIE**

                                        **Defendant.**

---

### Reply Affirmation of Seth J. Andrews, Esq.
### in support of Defendant's Motion
### to Vacate the Judgment

       Seth J. Andrews, an attorney at law, affirms that the following statements are true and correct to the best of his knowledge, information and belief under penalties of perjury:

    1.    I am an attorney at law duly licensed to practice in the State of New York and I am associated with the Law Offices of Kenneth Hiller PLLC, attorneys for the Defendant. As such, I am fully familiar with the facts and proceedings pertaining to this motion.

    2.    I am making this Reply affirmation in support of Defendant's motion to vacate the default judgment and to dismiss the complaint in its entirety.

    3.    First, the Court should not even consider Plaintiff's opposition papers as it was not timely served in accordance with CPLR 2103(b)2 and 2214b. Mr. Houslanger's office was served with Defendant's motion on September 3, 2015. A copy of the proof of service is attached as **Exhibit A**. As such, Plaintiff was required to serve its opposition at least seven (7) days prior to the return date for the motion. The motion is returnable September 21, 2015, so Plaintiff would have had to serve

1

the Defendant by September 14, 2015. There is no affidavit of service contained in Plaintiff's opposition papers. My office received the opposition papers on Friday, September 18, 2015. It does not take 5 days to receive mail from Long Island, NY (Plaintiff's counsel's office) to Amherst NY (Defendant counsel's office). Hence, it is clear that the opposition was not served timely based on when the opposition papers were received at my office

4.     However, even if the Court sees fit to overlook the Plaintiff's neglect in timely service of its opposition papers, the Court still must grant the Defendant's motion because the Court lacks jurisdiction over the Defendant on two separate grounds.

5.     The first is that service was never properly effectuated under CPLR 308. Plaintiff's arguments never address this pivotal issue. Under section 308 of the CPLR, service can be made by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state"

6.     "The 'nail and mail' provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the defendant's "'actual place of business, dwelling place or usual place of abode'. While there may be some question as to whether there is a distinction between 'dwelling place' and "usual place of abode', there has never been any serious doubt that neither term may be equated with the 'last known residence' of the defendant." Feinstein v. Bergner, 48 N.Y.2d 234, (1979)

7.     In Ferstein, the Court of Appeals held that service was "ineffective, since the plaintiff failed to comply with the specific mandates of CPLR 308. The

2

summons here was affixed to the door of defendant's last known residence rather than his actual abode." <u>Feinstein at</u> 241.

8.      Here, the Defendant was not living at the address where the process server affixed the summons. He never lived at that address. <u>See</u> Affidavit of Christopher Mccrobie, para, 9. At the date of service, he was living at 6 Maple Drive, Bowmansville NY. He purchased this home 3 months prior to the date of service. <u>Id.</u>

9.      Thus, service like in <u>Ferstein</u> was ineffective as the summons was never affixed to Defendant's residence.

10.      The second issue that the Plaintiff conveniently fails to respond to is that this Court lacks jurisdiction over Defendant pursuant to N.Y. Uniform City Court Act §213.

11.      Defendant's home and is located in Lancaster not the City of Buffalo. It is undisputable that this address is nowhere near the city limits of Buffalo.

12.      The rest of the Plaintiff's opposition papers focus on allegation of the Defendant's motion being untimely and having no meritorious defense.

13.      The Plaintiff has missed the point. The Court has no jurisdiction over the Defendant and as such the current judgment must be vacated under CPLR 5015 (a)4.

14.      Vacating a judgment under CPLR 5015(a)4 doesn't necessitate that the motion is to be filed within a year of the entry of the judgment nor does it need a meritorious defense. <u>See</u> *CPLR 5015,Commentary, C5015:3. Time for CPLR 5015(a) Application.* "Under paragraph 4, where want of jurisdiction is the ground, the

motion may of course be made at any time. Laches can't confer on a court jurisdiction it doesn't have."

15.    Plaintiff's entire argument focus on CPLR 317 and ignores the remedy available under CPLR 5015(a)4. Plaintiff fails to address this section because it knows it has no counter to it. So instead, Plaintiff attempts to strawman Defendant's argument so it can then easily dispose of them.

16.    Lastly, and most damning, is that Mr. Houslangers' client, Palisades Acquisition PLLC (Palisades") has no standing to even oppose the Defendant's motion.

17.    The action was originally filed by Centurion Capital Corporation as assignee of Providian Financial ("Centurion"). This entity obtained a judgement against the Defendant on March 9, 2007.

18.    Mr. Houslanger's office filed a notice of consent to change attorney on January 2, 2013. In this notice, Mr. Houslanger states he represents the current creditor, Palisades.

19.    However, there is no assignment of judgement filed with the clerk of this Court. Mr. Houslanger has not attached an assignment of judgment to the opposition papers. There is no admissible proof before this Court that Palisades owns the Centurion judgment.

20.    The bill of sale attached to the opposition papers are suspect and quite possibly fraudulent.

21.    On March 23, 2015, Mr. Houslanger was asked to provide proof of his Palisades ownership via an email from the undersigned to Mr. Houslanger. On

4

April 20, 2105, Mr. Houslanger responded by attaching a purported bill of sale.

However, the bill of sale that was produced on April 20, 2015, is not the same set of

documents that he is now proffering as evidence of ownership to this Court. The bill

of sale that was provided on April 20, 2015 was from Great Seneca Financial Corp.

("Great Seneca"). Upon receipt of these documents, the undersigned emailed Mr.

Houslanger and stated that none of the documents provided mention a sale of Mr.

Mccrobie's account from Centurion to Palisades. Mr. Houslanger in a responding

email, stated "this is the assignment." This was for a pool of matter in which you

client was included. This is how they did things at the time of assignment."

Attached as **Exhibit B** are copies of the four aforementioned emails with the Great

Seneca attached bill of sale.

22.    It is fascinating to counsel that after Plaintiff filed his motion to vacate

the judgement, Mr. Houslanger suddenly provides to this Court a different set of

documents purporting to be the true bill of sale of Mr. Mccrobies' account at

Centurion. The Court should take special note that "Daniel Varner" is listed as

President of Centurion but there is no affidavit attached to either bill of sale. The

same "Daniel Varner" is the person who signed the bill of sale from Great Seneca.

23.    Highly coincidental that Mr. Varner is president of both companies.

The bill of sale is not notarized and the signature of "Daniel Varner" on the Great

Seneca bill of sales is different than on the Centurion bill of sale. (The "d" appears

to be different). Mr. Houslanger appears to stand for the proposition that Defendant

and this Court should just accept that Daniel Varner is who he holds himself out to

24.    Leaving aside the veracity of this "new" bill of sale, it still fails to mention Mr. Mccrobie's account. All it establishes is that on March 5, 2007, accounts were transferred from Centurion to Palisades. It doesn't specify what so ever what accounts were transferred.

25.    Mr. Houslanger attempts to cure this defect with an affidavit from Stephen K. Braun, Assistant VP Operations/Director of Litigation. He claims that he is the custodian of records for Palisades and is aware of their procedure used to import and storage of records and assignment of electronically stored business records. He states that on March 5, 2007, Centurion sold a pool of account to Palisades and that Mr. Mccrobie's account was included in that purchase.

26.    First, the Court should take note of the date of this affidavit, which is September 14, 2015. Most convenient that the document Mr. Houslanger is relying on to substantiate his claim that Palisades owns the judgement was created after the Defendant filed his motion to vacate the judgement. Once again, it calls into question the veracity of the claim that Palisades has any ownership of Mr. Mccrobie's account.

27.    While Mr. Braun's title is impressive, his affidavit is worthless as it is hearsay. It does not meet the requirements to be admitted into evidence as a business record exception to the hearsay rule.

28.    "A business record is admissible if 'it was made in the regular course of any business and ... it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.' A proper foundation for the admission of a business record must be

6

provided by someone with personal knowledge of the maker's business practices and procedures.'" Palisades Collection, LLC v. Kedik, 890 N.Y.S.2d 230, 231 (4th Dept. 2009) (Citations omitted).

29.    Mr. Braun cannot overcome the hearsay rule by simply stating in an affidavit that there are electronic records pertaining to Mr. Mccrobie's account and that he knows this because they are kept in Palisades' ordinary course of business.

30.    In order for the business exception rule to apply, the actual documents to which the affiant is basing his knowledge must be produced. The foundation must be laid expressing what the documents(s) purport to be, how they are maintained in the regular course of business, and how the affiant has knowledge of these documents(s).

31.    Here, Mr. Braun's affidavit fails to set for any of the above requirements. He doesn't attach the business records that were allegedly obtained from Centurion. He doesn't state that he has reviewed these records in the regular course of business and that his sworn statement is based upon a review of these records. He merely states that there is a purported bill of sale on March 5, 2007 between Centurion and Palisades wherein Mr. Mccrobie's account was included in a pool of accounts.

32.    CPLR 4518 states that, "any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make

7

it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. An electronic record, as defined in section three hundred two of the state technology law, used or stored as such a memorandum or record, shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record. N.Y. C.P.L.R. 4518 (McKinney).

33.     Here, the electronic records are not provided as mandated by CPLR 4518. Mr. Braun's affidavit itself is not even admissible as it was not made in the regular course of business, at the time the alleged purchase of the accounts were made by Palisades from Centurion. It would have had to been created in March of 2006, not September of 2015 for it to have been created in the normal course of business.

34.     The undersigned or even your Honor could supply the same affidavit as it does nothing except reiterate what the bill of sale already states.

35.     Even if the Court were to ignore the serious deficiencies in Mr. Houslanger's papers regarding the purported transfer of Mr. Mccrobie's account from Centurion to Palisades, it still should grant the Defendant's motion as the Plaintiffs papers fail to include the alleged prior assignment of the subject debt from the original creditor Providian Financial to Centurion. Therefore, the chain of custody is incomplete and Plaintiff has failed to establish it is the rightful owner of the alleged account it claims contains the Defendant's debt. See LVNV Funding v. Guest, 2012 WL 1957715 (N.Y.City Ct.);Citibank v. C. Martin, 807 N.Y.S.2d 284 (Civil Ct New York 2005.).

8

36.     Plaintiff's jumbled mess of an argument is akin to throwing everything but the kitchen sink and hoping that something resonates with this Court. It ignores the fact that this Court does not have jurisdiction over the Defendant and further, that the purported Plaintiff, Palisades, has failed to demonstrate as a matter of law it has ownership of the default judgement entered against the Defendant by Centurion.

WHEREFORE, it is respectfully requested that Defendant's motion to vacate the default judgment be granted, dismiss the action in its entirety, together with such other relief as the court deems proper.

DATED:  September 18, 2015

Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for Defendant*
6000 North Bailey Ave., Suite 1A
Amherst, New York 14226
(716) 564-3288
sandrews@kennethhiller.com

9

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO,

                       Plaintiff,

     v.                                **Index No. 007295-06**

CHRISTOPER MCCROBIE,

                       Defendants.

## AFFIRMATION OF SERVICE

Seth J. Andrews, hereby affirms under penalties of perjury, that the following statements are true and correct to the best of my knowledge, information and belief:

1. That on September 3, 2015, I mailed the Defendants Motion to Vacate Judgment, Affidavit of Christopher McCrobie with Exhibits in support of Defendant's Motion to Vacate the Judgement and Memorandum of Law upon the attorney of record for Plaintiff by using Fedex Express overnight Services, to said attorney to the address designated by them for that purpose, to wit:

    Houslanger & Associates, PLLC
    **Attorney for the Plaintiff**
    372 New York Avenue
    Huntington, New York 11743

Dated: September 3, 2015

                                    Seth J. Andrews

    Sworn to before me this
    3rd day of September, 2015.

    Notary Public

                LINDA DEDLINE
        NOTARY PUBLIC, STATE OF NEW YORK
         QUALIFIED IN ERIE COUNTY
     MY COMMISSION EXPIRES MAY 18 2019

## BILL OF SALE

THIS BILL OF SALE is dated as of March _5_ , 2007 between GREAT SENECA FINANCIAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule I.

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

GREAT SENECA FINANCIAL CORPORATION,   PALISADES ACQUISITION XV, LLC
Seller                                                        Buyer


By: _Daniel Varner_                                  By: _____
     (Signature)                                                   (Signature)
Name: _Daniel Varner_                            Name: _____
Title: _President_                                      Title: _____

## BILL OF SALE

THIS BILL OF SALE is dated as of March 5 , 2007 between GREAT SENECA FINANCIAL CORPORATION organized under the laws of the State of Maryland, located at 700 King Farm Blvd, Rockville, MD 20850 ("Seller") and PALISADES ACQUISITION XV, LLC, a Delaware limited liability company organized under the laws of the State of Delaware with its headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 ("Buyer")

For value received and subject to the terms and conditions of the Purchase and Sale Agreement (the "Agreement") dated February 5, 2007, between Buyer and the Sellers (as defined in the Agreement), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the accounts of Seller included in the Accounts described in Section 1.2 of the Agreement, attached hereto as Schedule I.

This Bill of Sale is executed without recourse and without representations or warranties including, without limitation, any warranties as to collectibility, except as set forth in the Agreement.

GREAT SENECA FINANCIAL CORPORATION,
Seller

By: _____
        (Signature)
Name: _____
Title: _____

PALISADES ACQUISITION XV, LLC
Buyer

By: _____
        (Signature)
Name: Mitchell Cohn
Title: Manager

1002-1781
C9/022007 2111407.63

**Seth Andrews**

| | |
|---|---|
| **From:** | Todd E. Houslanger, Esquire <TEH@Toddlaw.com> |
| **Sent:** | Monday, April 20, 2015 5:16 PM |
| **To:** | 'Seth Andrews' |
| **Subject:** | RE: Christopher McCrobie v Palisades and Houslanger - WDNY 15CV 018 -   H&A file # 168100 |

Seth,

I thought I forwarded this you previously, but upon review, I see that I had not.  I apologize.  Please see the attached presently.

Kindly contact me after your review so we may resolve this matter.

Much appreciated,

Todd



Chain of Title -
Great Seneca ...

Todd E. Houslanger, Esquire
HOUSLANGER & ASSOCIATES, PLLC
372  New York Avenue
Huntington, New York  11743
631-427-1140
TEH@TODDLAW.COM

**From:** Seth Andrews [mailto:sandrews@kennethhiller.com]
**Sent:** Monday, March 23, 2015 12:12 PM
**To:** TEH@Toddlaw.com
**Subject:** RE: Christopher McCrobie v Palisades and Houslanger - WDNY 15CV 018 - H&A file # 168100

Todd,

Thank you for the various cases that you provided in your email. However, in order for us to properly evaluate Defendants' liability, we need to examine the alleged assignment of judgment. Please forward this to me at your earliest convenience.

-Seth

Seth Andrews
Attorney

1

## BILL OF SALE

Subject to the terms and conditions of that certain Sale Agreement, dated as of March
5, 2007 (the "Agreement"), between PALISADES ACQUISITION XV, LLC ("Seller"), a
Delaware limited liability company organized under the laws of the State of Delaware with its
headquarters/principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey
07632 and PALISADES ACQUISITION XVI, LLC ("Buyer"), a Delaware limited liability
company organized under the laws of the State of Delaware with its headquarters/principal place
of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and for the
consideration set forth in the Agreement and for other good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, Seller does hereby sell, convey, assign,
transfer, set over and deliver to Buyer all of Seller's right, title and interest in all of the
Receivable Assets, which such Receivable Assets are more fully described in the Agreement.

This Bill of Sale is being delivered pursuant to the Agreement and is subject to each of
the terms set forth therein.

This Bill of Sale shall be binding upon, and shall inure to the benefit of, the parties hereto
and their respective successors and assigns.

Capitalized terms not otherwise defined herein shall have the meanings ascribed to such
terms in the Agreement.

*[signature page follows]*

10024/81
03/01/2007 2112999.01

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be executed on its behalf by its duly authorized officer as of this _5_ day of March, 2007.

PALISADES ACQUISITION XV, LLC

By: _____

Name: _Mitchell Sk_

Title: _Manager_

## Seth Andrews

| | |
|---|---|
| **From:** | Todd E. Houslanger, Esquire <TEH@Toddlaw.com> |
| **Sent:** | Thursday, May 07, 2015 4:43 PM |
| **To:** | 'Seth Andrews' |
| **Subject:** | RE: Christopher McCrobie v Palisades and Houslanger - WDNY 15CV 018 - H&A file # 168100 |

That is the assignment. This was for a pool of matters in which your client was included.
This how they did things at the time of the assignment.

Your client was notified of the assignment and the assignee in our demand letter to him when we initially received the matter.

We would like to get some closure to this matter.

Please be advised that I shall be away from the office on vacation from tomorrow until May 19, 2014.

I hope we can it resolve it upon my return.  Thanks.

Regards,

Todd

Todd E. Houslanger, Esquire
HOUSLANGER & ASSOCIATES, PLLC
372  New York Avenue
Huntington, New York  11743
631-427-1140
TEH@TODDLAW.COM

---

**From:** Seth Andrews [mailto:sandrews@kennethhiller.com]
**Sent:** Wednesday, April 22, 2015 1:43 PM
**To:** TEH@Toddlaw.com
**Subject:** RE: Christopher McCrobie v Palisades and Houslanger - WDNY 15CV 018 - H&A file # 168100

Todd,

I am in receipt of the attached bill of sales, none of which mention Centurion Capital Corp. nor identify the alleged judgment  against my client.

-Seth

Seth Andrews
Attorney
<< OLE Object: Picture (Device Independent Bitmap) >>
6000 N Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716)564-3288
Fax: (716)332-1884
Toll Free: 1-877-236-7366

1

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDAN FINANCIAL CO,

                              Plaintiff,

          v.                                         **Index No. 007295-06**

CHRISTOPHER MCCROBIE,

                              Defendants.

---

### AFFIRMATION OF SERVICE

Seth J. Andrews, hereby affirms under penalties of perjury, that the following statements are true
and correct to the best of my knowledge, information and belief:

That on April 1, 2016, I mailed Defendant's Opposition to Plaintiff's Motion for
Reargument upon the attorney of record Plaintiff by using United States postal services, to
said attorney to the address designated by them for that purpose, to wit:

Todd Houslanger, Esq.
Houslanger & Associates, PLLC
37 New York Avenue
Huntington, New York 11743

Dated 4/1/2016

                                        Seth J. Andrews, Esq.

Sworn to before me this
1st  day of April, 2016.

        Notary Public

LINDA DEDLINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAY 18 2019

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE

CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO.

      Plaintiff,

v.

CHRISTOPHER MCCROBIE,

      Defendant

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REARGUMENT**

**LAW OFFICES OF KENNETH HILLER**
*Attorneys for Plaintiff*
6000 North Bailey Avenue, Suite 1A
Amherst NY 14226

Telephone: (716) 564-3288
Facsimile: (716) 564-3288



Todd Houslanger, Esq.
Houslanger & Associates, PLLC
37 New York Avenue
Huntington, New York 11743

RECEIVED
APR 06 2016

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE
-----------------------------------------------------X
CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO                    Index No.: 007295-06

                              Plaintiff,              REPLY AFFIRMATION IN
                                                      SUPPORT OF MOTION TO
                                                      REARGUE AND AMEND

              -against-

                                                      Return Date: April 8, 2016

CHRISTOPHER MCCROBIE,

                              Defendant.
-----------------------------------------------------X

        **TODD E. HOUSLANGER,** an attorney admitted to practice before the Courts of the State

of New York, hereby affirms the following, pursuant to CPLR §2106.

        1.      I am the managing member of the firm HOUSLANGER & ASSOCIATES, PLLC,

attorneys for Palisades Acquisition XVI, LLC, the Assignee and Successor in Interest to Plaintiff,

Centurion Capital Corporation ("the Plaintiff"), in the aforementioned matter, and am fully familiar

with the facts and circumstances herein.

        2.      This Affirmation is made in reply to the Affirmation in Opposition of Seth J.

Andrews, Esq. and in further support of the instant motion.

        3.      Ironically, Defendant's counsel sent their Affirmation in opposition to an incorrect

address[1]. The envelope containing their Affirmation was sent to "37 New York Avenue," yet our

correct address is "372 New York Avenue". Whether intentional or not, this caused delay. The

envelope was eventually delivered to our correct address, but not until April 8th (the return date of

the Motion). Defendant's counsel, being the purported address sticklers they claim to be, would

surely agree that Plaintiff was never properly served based on their own previous arguments. Thus,

---
[1] Defendant's main contention in opposition is with a purported mistake in address.

1

this reply affirmation is being submitted after the return date for the aforementioned reason (See "Mailing Envelope" annexed hereto as **Exhibit "A"**).

4.    The Opposition by Defendant's attorney focuses on issues in this matter other than what the Court's original decision was based on. They seem to be using this opportunity to just re-argue their motion to vacate. In doing so Defendant's attorney unnecessarily attaches irrelevant documents as exhibits to their opposition papers. However, the one actual important document, the Courts Memorandum and Order was not attached, as to do so would highlight the fact that the decision was based on one issue; that Lancaster, NY is not located in or contiguous to Buffalo, NY.

5.    Reliance upon the above address is incorrect. Put simply, it is Plaintiff's contention that the Court based their decision to vacate the Judgment in this matter on the mistaken belief that the Defendant was outside of the territorial jurisdiction of the City Court of Buffalo. That was not the case. Even though the Summons had a previous address of the Defendant's listed on it at the inception of the matter the Defendant was properly served within the city of Buffalo as demonstrated by the Affidavit of Service. Thus, the undisputed fact that the Defendant was served at an address within Buffalo which is within the territorial jurisdiction of the City Court of Buffalo was a detail that was apparently missed by the Court.

6.    The Defendant, lacking any argument by which to oppose the Plaintiff's motion, is reduced to setting up straw men and pretending that the Decision includes numerous layers of arguments that do not exist. The Defendant attempts to create the fiction that the Memorandum and Order was a comprehensive decision discussing a myriad of topics. That was not the case, the entire Order dealt solely with the issue of whether the City Court of Buffalo had jurisdiction over a Defendant served in Lancaster, NY. We agree with the Court's holding that a Defendant residing in Lancaster, NY would not be subject to the jurisdiction of the City Court of Buffalo. Our purpose

2

here is to point out that the Court mistakenly overlooked the fact that the Defendant was served at 1201 Hertel Ave, Upper Rear, Buffalo, NY 14216, which is, unequivocally, well within the Court's jurisdiction, and not at the address the Court discussed in their Order.

7.     Not surprisingly, the Defendant completely mischaracterizes the first case they cite, Coleman v. Vansteen 227 A.D. 2d 919 (4th Dep. 1996). Not only is this case completely irrelevant to the issue at hand, but the decision in that case bears no resemblance to what the Defendant claims it states. In Coleman the Court was presented with a case where a Plaintiff initiated a matter in city court and later moved the Supreme Court to amend the summons and complaint and to give the higher court jurisdiction to increase the monetary liability limit of the claim. The Plaintiff in that matter purchased an index number in the City Court, served the Defendant with papers demonstrating that the City Court was the venue where the matter would be heard, then tried to amend the Summons to grant the Supreme Court jurisdiction. It is quite a stretch to claim that this decision somehow stands for the principal that having an old address of the Defendant's on the Summons would somehow destroy the City Court's jurisdiction if served within that Court's jurisdictional boundaries. Further, the Defendant has not indicated any way in which allowing Plaintiff's request to amend the summons would prejudice him, in regard to the actual address of service, which was within the Buffalo City Court limits.

8.     It is appropriate to point out that all other information on the Summons was correct, thus providing Defendant adequate notice of the forum of this action. Jurisdiction was proper in fact as the Defendant resides and was served therein. Had the name of the Court been incorrect, that would be deemed an incurable defect, but not the address of the Defendant. Balogh v Civil Service Employees Association 30 Misc. 3d 809, 915 NYS 2d 799 (Sup. Ct. Rensselaer 2011). It is entirely conceivable and realistic that a Defendant can change their address between the date that the Court

3

papers are drafted and the date they are served. In the Affirmation of Defendant's attorney, paragraphs 9 and 10, Mr. Andrews confuses the matter by indicating that the summons contains a jurisdictional defect relative to the Court, an incurable defect, when the only error was that of Defendant's address, an error that can be cured. In this case, as pointed out in Exhibit 'B' in the affirmation in support of the motion, the attorney for the Plaintiff at that time, in 2007, explained the change of address to the satisfaction of the clerk who granted the judgment in default. This change of address was properly discussed and resolved contemporaneously with the application. Defendants improperly argue the import of the jurisdictional defect of a wrong address as the same and to the same extent of the jurisdictional defect as an improper Court or improper party. The rule for amending a Summons and Complaint, as stated by the Appellate Division in <u>Achtziger v Fuji Copian Corp.</u> 299 A.D. 2d 946 at 947, 750 N.Y.S. 2d 413 (4th Dept. 2002) is: "Amendment of a summons and complaint to reflect the proper name of a defendant should be permitted only if "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (<u>*Ober v Rye Town Hilton,* 159 AD2d 16, 20</u>; *see* <u>*Balderman v Capital City/Am. Broadcasting Co.,* 233 AD2d 861, 862</u>; <u>*Hayes v Apples & Bells,* 213 AD2d 1000, 1001</u>).

9.       Almost laughably, in a paragraph that begins by claiming the Plaintiff's arguments do not "adhere to basic principles of logic", the Defendant claims that because the Court granted their vacatur motion there is no longer anything to amend. This "logic" completely ignores the purpose of a motion to reargue and would render every such motion moot, not to mention every appeal. We are not arguing a different interpretation of the Court's Order; we are claiming that the decision was based on a mistaken fact. Importantly, our belief that the Court was mistaken as to a

4

fact is not inferred or nebulous. The Court actually spelled out the exact address in Lancaster, NY that they were basing the jurisdictional matter on.

10.    Furthermore, the Court cites Section 213 of the Uniform City Court Act which includes that the defendant must reside in Buffalo to have jurisdiction. The address in which the Defendant was served was within the requirements as set forth in Section 213. In this case the address listed on the Summons is irrelevant when applying this Section because as mentioned above the technical infirmity of the wrong address on the Summons was explained to the satisfaction of the Clerk before a default judgment was granted. Furthermore, the Defendant's actual residence (where he was served) is controlling in applying this Section and determining jurisdiction.

11.    As a final word, in the Civil Practice in the State of New York, Courts frown upon attorneys using pleadings filed in Court as a means to insult, chide and speak ill of their adversary, and this Court should not condone the comments made in paragraph 23 of the Affirmation of the Defendant. NY Standards of Civility I (B) states that "Effective representation does not require antagonistic or acrimonious behavior. Whether orally or in writing, lawyers should avoid vulgar language, disparaging personal remarks or acrimony toward other counsel..." 22 NYCRR part 1200, Appendix A, readily available to Defendant's Counsel for their convenient review at https://www.nycourts.gov/press/old_keep/stnds.shtml.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the motion for re-argument, amend the Summons to reflect the correct address where the Defendant was served, and upon re-argument deny the Defendants motion to vacate the judgment, together with such other and further relief as to this Court seems just and proper.


Dated: April 11, 2016
       Huntington, New York

5

Todd E. Houslanger, Esq.
Houslanger & Associates, PLLC
Attorney for Plaintiff,
Palisades Acquisition XVI, LLC, the Assignee
and Successor in Interest to Plaintiff, Centurion
Capital Corporation
372 New York Avenue
Huntington, NY  11743
(631) 427-1140
Our File No.: 168100

TO:   Seth J. Andrews, Esq.
      Law Offices of Kenneth Hiller, PLLC
      Attorney for Defendant
      6000 North Bailey Avenue, Ste 1A
      Amherst, New York 14226

6

**EXHIBIT "A"**



Todd Houslanger, Esq.
Houslanger & Associates, PLLC
37 New York Avenue
Huntington, New York 11743

**CITY COURT OF THE CITY OF BUFFALO**
**COUNTY OF ERIE**
-----------------------------------------------------------------X

**CENTURION CAPITAL CORPORATION**          **Index No.: 007295-06**
**ASSIGNEE OF PROVIDIAN FINANCIAL CO**

                     **Plaintiff,**

           *-against-*

**CHRISTOPHER MCCROBIE,**

                    **Defendant.**
-----------------------------------------------------------------X

### AFFIDAVIT OF SERVICE BY MAIL

**STATE OF NEW YORK**   ]
                   ] **ss.:**
**COUNTY OF SUFFOLK**   ]

      **JOAN ROUTLEY** deposes and says:

      Deponent is not a party to this action, is over 18 years of age and resides in HUNTINGTON, NY 11743.

      On the 12ᵗʰ day of **April   2016,** deponent served the within

## REPLY AFFIRMATION IN SUPPORT OF MOTION TO REARGUE AND AMEND

Upon the following person:

**TO:**   **SETH J. ANDREWS, ESQ.**
       **LAW OFFICES OF KENNETH HILLER, PLLC**
       **6000 NORTH BAILEY AVENUE, SUITE 1A**
       **AMHERST, NY  14226**

the address designated by said person for that purpose by depositing a true copy of same, enclosed in a first class regular mail wrapper, bearing the legend "PERSONAL/CONFIDENTIAL", and not indicating that the correspondence is from an attorney, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                     Joan Routley

*Sworn to before me this*
12ᵗʰ *day of* **April   2016**

**NOTARY PUBLIC**

                   BRYAN C. BRYKS
              Notary Public-State of New York
                No. 01BR6182323
              Qualified in Queens County
         My Commission Expires February 25, 20 20

Index No.: 007295-06

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE
-----------------------------------------------------------------------X
CENTURION CAPITAL CORPORATION
ASSIGNEE OF PROVIDIAN FINANCIAL CO

                                            Plaintiff,

                     -against-

CHRISTOPHER MCCROBIE,

                                            Defendant.

---

**REPLY AFFIRMATION IN SUPPORT OF MOTION TO REARGUE AND AMEND**

---

**HOUSLANGER & ASSOCIATES, PLLC**
*Attorney for Current Plaintiff*
**CENTURION CAPITAL CORPORATION**
**ASSIGNEE OF PROVIDIAN FINANCIAL CO**
**372 New York Avenue**
**Huntington, NY  11743**
**Tel.  (631) 427-1140**
**Fax.  (631) 427-1143**
**Our File No.  168100**

---

Service of a copy of the within is hereby admitted

Dated:

To:

Attorney(s) for



$ 000.88⁵
APR 12 20
0001685603
MAILED FROM ZIP CODE 117
UNITED STATES POSTAGE
PITNEY BOWES

**HOUSLANGER & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
372 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743

*To*

SETH J. ANDREWS, ESQ.
LAW OFFICES OF KENNETH HILLER, PLLC
6000 NORTH BAILEY AVENUE, SUITE 1A
AMHERST, NY 14226

**FedEx Express**

Package US Airbill

FedEx Tracking Number: 8092 4559 6044

**1 From** Please print and press hard.

Date 4-12-16

Sender's FedEx Account Number 1312-3333-7

Sender's Name Todd E. Houslanger, Esq   Phone (631) 423-1140

Company HOUSLANGER & ASSOCIATES, PLLC

Address 372 NEW YORK AVE

Dept./Floor/Suite/Room

City HUNTINGTON   State NY   ZIP 11743-3311

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.
#168100

**3 To**

Recipient's Name Honorable Barbara Johnson-Lee   Phone 716.845.2600

Company City Court of Buffalo

Dept./Floor/Suite/Room

Address 50 Delaware Avenue

City Buffalo   State NY   ZIP 14202

0121437453

**Ship it. Track it. Pay for it. All online.**
Go to fedex.com.

0235

**4 Express Package Service** *To most locations.

Packages up to 150 lbs.
For packages over 150 lbs, use the FedEx Express Freight US airbill.

**Next Business Day**

☐ FedEx First Overnight

☐ FedEx Priority Overnight

☑ FedEx Standard Overnight

**2 or 3 Business Days**

☐ FedEx 2Day A.M.

☐ FedEx 2Day

☐ FedEx Express Saver

**5 Packaging** *Declared value limit $500.

☑ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options** Fees may apply. See the FedEx Service Guide.

☐ Saturday Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without obtaining a signature for delivery.

☐ Direct Signature

☐ Indirect Signature

**Does this shipment contain dangerous goods?**
One box must be checked.

☑ No   ☐ Yes   ☐ Yes   ☐ Dry Ice   ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☑ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value†

611