Exhibit N

STATE OF NEW YORK
BUFFALO CITY COURT: COUNTY OF ERIE

---

CENTURION CAPITAL CORPORATION,

                                      Plaintiff,

-vs-
                                                                         Index No. 007295-06

CHRISTOPHER MCCROBIE,

                                      Defendant.

---

## DECISION AND ORDER

It is necessary to first clarify the relevant procedural history of this matter:

On August 11, 2006, an action was commenced in this Court by Centurion Capital Corp. a/a/o Providian Financial Co. against Christopher McCrobie, alleging a credit card debt in the amount of $780.12. McCrobie's address was listed as 16 Summit St., Lancaster NY 14086. In Affirmation in Support of Default Judgment filed March 8, 2007, plaintiff reports that in attempting to serve defendant at that address, the process server was advised by an occupant that defendant did not live there.

Subsequent investigation led the process server to 1201 Hertel Avenue in Buffalo, where defendant's name appeared on the mailbox for the upper rear apartment. This was learned to be the residence of defendant's then-girlfriend, and an adult at that address confirmed to the process server that defendant lived there.

After three unsuccessful attempts to personally serve the defendant at the Hertel address, on October 27, 2006, the summons and complaint were affixed to the door of the residence and thereafter mailed pursuant to CPLR 308(4).

A default judgment in the amount of $982.12 was thereafter entered on March 9, 2007.

In September 2014, defendant learned from his employer that his wages were about to be garnished as a result of this judgment.

On January 6, 2015, defendant filed an action in U.S. District Court for the Western District of New York seeking money damages alleging violation of the Fair Debt Collection Practices Act.

Nearly one year after learning of the judgment, defendant filed a motion with this Court on August 28, 2015, seeking to vacate the judgment. Oral argument on said motion was had before the undersigned on September 21, 2015; decision was reserved.

On October 15, 2015 an Order to Show Cause to stay enforcement of the judgment was signed by the undersigned. Oral argument on the Order to Show Cause was had before the undersigned on November 5, 2015; decision was reserved. [To date, no decision has been rendered.]

On February 22, 2016, a decision granting the August 28, 2015 motion to vacate the judgment was signed *in error* by Hon. Barbara Johnson-Lee. On October 5, 2016, an order vacating the erroneous February 22, 2016 decision was signed by Hon. Johnson-Lee.

Before the Court, then, is the original motion to vacate the judgment. Oral argument was had before the undersigned on November 17, 2016. Notwithstanding the voluminous filings which have taken place, the sole issue before the court is whether or not the judgment should be vacated.

None of the facts are in dispute. In September 2014, after defendant learned from his employer that his wages were about to be garnished, he called plaintiff's counsel. In a recorded telephone conversation, defendant indicated that "he knew about the debt, but that he felt that the statute of limitations had passed, that it was more than ten years and he thought that that was improper." Instead of promptly moving to vacate the judgment, defendant chose to file a federal lawsuit seeking money damages alleging a violation of the Federal Debt Collection Practices Act. In his affidavit in support of his motion to vacate the judgment, defendant offers no explanation for the nearly one year delay in taking any action to vacate the judgment after he knew, without question, of its existence. It is also apparent from his conversation with plaintiff's counsel that defendant knew of its existence prior to September 2014 but believed it had been extinguished by the statute of limitations.

Even with no decisional authority, *laches* alone would dictate the outcome of defendant's motion. But it also well-settled that a defendant seeking to vacate a default must demonstrate first excusable neglect, and if established, a meritorious defense. In *Vardaros v. Zapas*, 105 AD3d 1037 (2d Dept. 2013), citing a more than seven month unexplained delay in moving to vacate a default judgment, the Court denied the motion, noting that the defendant had been aware of the judgment "for a substantial period of time" and took no action until plaintiff moved to hold him in contempt of court for failing to comply with an information subpoena.

-3-

Similarly, in *Dimopoloulas v. Caposella*, 118 AD3d 739 (2d Dept. 2010), the Court considered a nine month delay in moving to vacate a default after defendant became aware of it as evincing "an intentional default, which is not excusable", citing *Vardaros, supra*. Delays more shorter in length as the delay in this case have held to be too long to permit a defendant from successfully moving to vacate a default judgment *Desiderio v. Devani*, 24 AD3d 495 (2d Dept. 2005) [delay less than six months]. See, also, *Eretz Funding, Ltd. v Shalosh Associates et al.*, 266 AD2d 184 (2d Dept. 1999) *Peacock v. Kalikow*, 239 AD2d 188 (1st Dept. 1997).

Failure to demonstrate a valid excuse for the delay in moving to vacate a default, and instead evincing a clear intent to disregard it precludes consideration of any potentially proffered defenses. See, *Valdaros, supra, Maida v. Lessing's Rest. Servs. Inc.*, 80 AD3d 732 (2d Dept. 2011); *O'Donnell v. Frangakis*, 76 AD3d 999 (2d Dept. 2011).

It is, therefore,

ORDERED, ADJUDGED AND DECREED, that defendant's August 2, 2015 motion to vacate the judgment of March 9, 2007, be and the same hereby is DENIED, and it is further

ORDERED, ADJUDGED AND DECREED, that the Order to Show Cause signed by the undersigned on October 15, 2015 be and the same hereby is VACATED, and it is further

ORDERED, ADJUDGED AND DECREED, that any sums received by plaintiff in consequence of the garnishment of defendant's wages and thereafter returned to defendant be RETURNED to plaintiff as having rightfully obtained by execution of a valid judgment.

This decision shall constitute the order of this Court and no other or further order is required.

Dated: May 22, 2017
Buffalo, New York

HON. BETTY CALVO-TORRES, BCCJ