UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MCCROBIE,

                            Plaintiff,

    -against-

PALISADES ACQUISITION XVI, LLC
AND HOUSLANGER & ASSOCIATES, PLLC
AND TODD HOUSLANGER

                            Defendants.
_____

Civil Action No. 15-cv-00018-JTC

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS FIRST AMENDED COMPLAINT

Glenn M. Fjermedal, Esq.
DAVIDSON FINK LLP
*Attorneys for Defendants Houslanger & Associates, PLLC and Todd Houslanger, Esq.*
Office and Post Office Address
28 East Main Street, Suite 1700
Rochester, New York 14614
Telephone: (585) 546-6448

# STATEMENT REGARDING ADOPTION OF CERTAIN PORTIONS OF CO-DEFENDANT PALISADES' OPPOSITION

Defendants Houslanger & Associates, PLLC ("H&A") and Todd Houslanger ("Houslanger") (collectively, "Houslanger Defendants") do hereby inform this Court that each adopts by reference Defendant Palisades Acquisition XVI, LLC's (hereinafter "Palisades") Points I and II of its brief in opposition to Plaintiff Christopher McCrobie's ("Plaintiff") Motion for Leave to Amend his First Amended Complaint ("Motion to Amend"). (DKT. No. 82).

# PRELIMINARY STATEMENT

Houslanger Defendants submit this Memorandum of Law in opposition to Plaintiff's Second Motion to Amend his Complaint. Plaintiff was explicitly ordered by this Court to comply with Local Rule 15(b) when moving to amend his pleadings. *McCrobie v. Palisades Acquisition XVI, LLC et al.,* 359 F. Supp. 3d. 239, 245 (W.D.N.Y. 2019). (DKT. No. 79 pp. 3-4). Rather than comply with this simple directive, Plaintiff's counsel, once again, summarized such pleadings, albeit inconsistently, as opposed to providing this Court with a mandated red-lined copy of the proposed Second Amended Complaint ("SAC"). These repeated failures to comply with Local Rule 15(b), as argued extensively in Defendant Palisades' opposition brief and incorporated by reference herein, warrants denial of Plaintiff's Motion to Amend with prejudice. Moreover, Plaintiff's Motion to Amend is filled with mischaracterized holdings by this Court and now makes references to the contents of the SAC which do <u>not</u> even exist.

Plaintiff's summarized SAC is highly speculative, argumentative and consistent with the following trend of Plaintiff's ever-expanding conclusory claims as set forth in this case chronology:

1. On January 6, 2015, Plaintiff filed a four page individual complaint against H&A and Palisades Acquisition XVI, LLC ("Palisades") only. (DKT. No. 1).

1

2. On May 19, 2015, Plaintiff filed a fifteen page individual First Amended Complaint ("FAC") against Houslanger Defendants and Palisades with twenty-four (24) pages of exhibits. (DKT. No. 7).

3. On August 27, 2015, Plaintiff filed the request for leave to file a Second Amended Complaint ("SAC"), consisting of a thirty-eight (38) page class action complaint, including allegations against Asta Funding, Inc., ("Asta") a non-party publicly traded company, with one-hundred and ninety pages (190) of exhibits, totaling two hundred and twenty eight (228) pages with a plethora of circuitous allegations that fail to state a cause of action despite no changes in Plaintiff's circumstances. (DKT. No.19).

4. On February 15, 2019, the Court ordered Plaintiff to refile his request to amend his SAC for failure to comply with Local Rule 15(b) without prejudice to his filing another request to amend that complies with that rule. (DKT. No. 79).

5. On March 11, 2019, Plaintiff filed its Motion to Amend which mischaracterizes the contents of the SAC as opposed to providing a red-line of the SAC in compliance with Local Rule 15(b) greatly prejudicing the Defendants which have endured a four (4) year delay in this case which remains in the pre-pleadings phase. (DKT. No. 80).

In the SAC's current non-compliant, un-red-lined state, Plaintiff has copied and pasted text, sometimes without citation, from newspapers articles and other sources containing hearsay conclusions which do not explicitly state the way in which Plaintiff seeks to amend his complaint. Now, Plaintiff's Motion to Amend refers to sections of the SAC which did not even exist in the original un-red-lined SAC. Without a red-lined SAC, Plaintiff simply attaches Exhibits A-K of the SAC without any further point of reference. What appears to be Exhibit "E" or "F" of Plaintiff's counsel's Declaration contains a random solicitation or advertisement from an unrelated consumer law attorney Jesse Langel, Esq. who solicits consumer cases against Defendants as well as nearly 100 other New York debt collection agencies and/or law firms. These salacious, self-promoting advertisements of a consumer attorney not involved in this proceeding, have absolutely no bearing to this action which Houslanger Defendants respectfully request be stricken from any proposed pleadings. There is no way for Defendants or this Court to make sense of Plaintiff's SAC without an appropriate red-line of such pleading in accordance with Local Rule 15(b).

Plaintiff is also attempting to conjure legal conclusions merely through the naming of statutes without attaching any substance. In fact, Plaintiff's entire basis for this lawsuit is a shot in the dark conclusion that the state court judgment at issue is invalid and that Palisades is not the proper judgment creditor, thereby reaching a self-serving non-judicial determination that Defendants, as a joint and inseverable group, do not have the legal right to enforce a valid and final judgment entered against Plaintiff. What this lawsuit is really about is circumventing the validity of a state court judgment. To illustrate this point, Plaintiff waited <u>8 ½ years</u> after entry of the default judgment in state court, and <u>8 months</u> after filing the instant action to challenge the underlying judgment in state court, which now is a final judgment subject to no further appeal. What this Court is again being asked to decide upon is a state court issue which has already been extensively briefed on the merits and ruled against Mr. McCrobie in the form of this final judgment. As such, the state court judgment has binding *res judicata* effect precluding the instant action. Plaintiff's entire lawsuit is based procedurally on deficient pleadings, mistaken legal conclusions, and deductions and opinions couched as factual allegations that do not plausibly suggest any entitlement to relief as discussed at greater length in Defendant Palisades' opposition brief and herein.

**ABRIDGED STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Christopher McCrobie is a consumer defendant in a state court matter filed on August 11, 2006 in Buffalo City Court (CV-007295-06/BU) (the "State Court Action") (Fjermedal Decl., Exh. "A"). The State Court Action was filed by Centurion, as assignee of Providian Financial, for the purpose of recovering amounts due on a debt that was not timely paid by McCrobie. *Id.* While McCrobie does not deny receipt or knowledge of the State Court Action pleadings, McCrobie nonetheless defaulted in appearing, and a judgment on McCrobie's debt was obtained in favor of

Centurion against McCrobie on March 8, 2007 (the "Judgment") (*Id*., Exh. "D"). Subsequent to the application for a default judgment, but prior to judgment entry, on March 5, 2007, Centurion sold a pool of accounts under the conditions of a Purchase and Sale Agreement to Palisades as evidenced by Bills of Sale which are attached as exhibits to the September 14, 2015 Affidavit of Palisades' representative Stephen Braun submitted in H&A's opposition to Plaintiff's Motion to Vacate Judgment filed in the State Court Action (*Id.,* Exh."H").

On or about December 10, 2012, H&A sent an initial debt validation notice to the Plaintiff which was not returned as undeliverable (*Id.,* Exh. "E"). The initial debt validation notice shows Palisades as the current creditor and assignee of McCrobie's debt. *Id.* Defendant H&A also filed a substitution of counsel in Buffalo City Court expressly providing notice of its appearance on behalf of Palisades as successor to Centurion (*Id*., Exh. "F"). In 2014, the Buffalo City Marshall also sent a first stage income execution letter which was sent to McCrobie personally which was not returned as undeliverable. (*Id.,* Exh. "G"). The income execution also identifies Palisades as the current creditor and assignee of McCrobie's debt. *Id.* McCrobie remarkably claims that he had no knowledge of the Judgment until around October 7, 2014 when his employer allegedly received a second stage income execution from the Buffalo City Marshall on behalf of Palisades pursuant to the aforementioned state court Judgment (DKT. No. 7, FAC, ¶ 21). This allegation is questionable as both the initial debt validation letter and the Buffalo City Marshall's first stage notice of income execution were both sent to McCrobie, and were <u>not</u> returned as undeliverable and pre-dated McCrobie's employer's receipt of the income execution on or about October 7, 2014.

On January 6, 2015, Plaintiff filed the instant Federal Action. (DKT. No. 1). Following the filing of this action, Houslanger Defendants engaged in settlement discussions with Plaintiff that Houslanger Defendants treated as confidential under Section 408 of the Federal Rules of Evidence.

During these confidential settlement discussions, Todd Houslanger inadvertently provided Plaintiff with the incorrect chain of title documents. Though once the inadvertent oversight was identified, it was promptly supplemented. Thereafter, on May 19, 2015, Plaintiff filed his FAC, selectively relying on and exploiting these confidential settlement discussions as the basis for the FAC. (DKT. No. 7). While the original complaint consisted of just over four (4) pages, Plaintiff filed a fifteen page (15) FAC with twenty-four (24) pages of exhibits filled with slanderous, unsubstantiated insults aimed at Houslanger Defendants serving no purpose other than to deride Mr. Houslanger's integrity. (DKT. No.7).

On July 28, 2015, Defendants filed a Motion to Dismiss Plaintiff's FAC pursuant to Fed R. Civ. P. §§ 12(b)(6) and 12(b)(1). Instead of opposing Defendants' motion, on August 27, 2015 (one day before a response to Defendants' motion was due), Plaintiff filed a Motion to Amend totaling two hundred and twenty-eight (228) pages of circuitous and speculative allegations in his attached SAC, while attempting to turn Plaintiff's individualized allegations into a putative class despite no changes in circumstances to warrant the same at great prejudice to Defendants. The SAC also attempts to expand the universe of Defendants to include Asta, a publicly traded company that has no discernable link to this action. (DKT. No. 19).

Once again, the SAC pleadings are filled with serious allegations of unlawful and unethical conduct against Defendant Todd Houslanger without factual and legal support and any meaningful analysis. Just a few examples of Plaintiff manufacturing allegations against Mr. Houslanger not supported by Plaintiff's pleadings or existing law, include, but are not limited to the following:

  1. Falsely alleging that courts have found Todd Houslanger has an established practice of enforcing post judgment remedies many years after the original judgment was taken without sufficient documentation;

5

2. Falsely alleging that Todd Houslanger filed assignments of judgment with so many defects and in such large numbers that a court was forced to intervene on the basis of due process protections;

3. Falsely alleging that Todd Houslanger (a) ignored court orders, (b) did not respond to requests by a court, (c) and that sanctions were imposed due to unlawful and unethical actions by Todd Houslanger;

4. Falsely alleging that Todd Houslanger admitted that his client did not have standing to pursue any post judgment remedies in the instant matter;

5. Creating legal contentions not supported by any existing law that Todd Houslanger is somehow personally responsible for a plethora of violations under 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(9), 1692410), 1692f, 1692411 1692f(5), 1692f(6) and N.Y. Gen. Bus. Law § 349;

6. Falsely alleging that Todd Houslanger has personally committed fraud;

7. Falsely alleging that Todd Houslanger's fraudulent conduct has caused economic and emotional damages to Plaintiff,

8. Wholly ignoring the facts of certain cases in an attempt to make it appear that Todd Houslanger has been found liable for misconduct, which is a completely specious allegation;

9. Casting dispersions against Todd Houslanger that grossly mischaracterize facts and the law to further support an unsupportable complaint against Todd Houslanger[1].

---

[1] (DKT. No. 19, SAC, Introduction and ¶¶ 68-71.)

In September, 2015, Plaintiff filed a Motion to Vacate the Judgment entered in the City Court of Buffalo. (Fjermedal Decl., Exh. "H"). On February 2, 2016, Buffalo City Court Judge Barbara Johnson-Lee granted McCrobie's Motion to Vacate the Judgment (*Id.,* Exh. "J"). Thereafter, H&A Defendants returned all garnished monies plus poundage to the Plaintiff (*Id.,* Exh. "K"). In response, on or about March 8, 2016, Palisades filed a Motion for Reargument briefing all of the issues as to the validity of the subject debt which was granted on October 6, 2016, thereby reinstating the Judgment against McCrobie in favor of Palisades (*Id.,* Exhs. "L and M"). The Motion for Reargument took place before Buffalo City Court Judge Betty Calvo-Torres on November 17, 2016 which was denied in her Order of April 26, 2018 thereby further validating the existing Judgment. (*Id*. Exh. "O"). On June 22, 2018, Christopher McCrobie filed a Notice of Appeal which the Buffalo City Court, Appellate Term seeking reversal of the Judgment entered in Buffalo City Court (*Id*. Exh. "P"). On September 5, 2018, the matter was heard by the Buffalo City Court's Appellate Term, and the appeal was dismissed for Mr. McCrobie's failure to timely perfect the appeal. (*Id*. Exh. "Q"). As such, the Judgment against McCrobie in favor of Palisades is now <u>final</u>, <u>fully</u> <u>enforceable</u> and <u>not subject to further attack</u>. The Plaintiff should be precluded from revisiting issues in the instant action which were previously ruled against him by the Buffalo City Court.

On March 25, 2016, Judge Curtin granted Defendants' Motion to Dismiss and denied Plaintiff's Motion to Amend. (DKT. No. 41). Final judgment was entered on March 28, 2016, and McCrobie filed his Notice of Appeal on April 22, 2016. (DKT. Nos. 42 and 43). On appeal, the Second Circuit Court of Appeals determined that the District Court erred in applying the Rooker-Feldman doctrine, and remanded the case back to this Court "so that it can consider in the first

instance the parties' remaining arguments." *McCrobie v. Palisades Acquisition XVI, LLC*, 2016 U.S. App. LEXIS 20266 (2d Cir. 2016).

On February 15, 2019, after supplemental briefing by all parties, the Court denied Plaintiff's motion to amend without prejudice to amend in a motion that complies with Local Rule 15(b). Plaintiff failed to comply with the Court's directive when filing its Motion to Amend. (DKT. No. 79). Houslanger Defendants now join in Palisades opposition brief (DKT. No. 85) and submit their own limited brief opposing Plaintiff's Motion to Amend for the reasons herein stated.

## STANDARD OF REVIEW

This Court explicitly held that Local Rule 15(b), clearly mandates that "[u]nless the movant is proceeding pro se, the amendment(s) or supplement(s) to the original pleading shall be identified in the proposed pleading through the use of a word processing redline function or other similar markings that are visible in both electronic and paper format." (DKT. No. 79, pp. 3-4). Plaintiff, once again, has decided that Local Rule 15(b) does not apply. (DKT. No. 80). This rule, however, is not optional, and it is far from fair or practical for the Court to have to decipher, in the hundreds of pages, what changes were made and what may be objectionable. For this reason alone, the motion for leave to file a SAC should be denied with prejudice.[2]

---

[2] Houslanger Defendants respectfully adopt by reference, in its entirety, "Points I. A. B. and C." of Palisades' opposition brief as it pertains to Plaintiff's repeated failure to comply with Local Rule 15(b) (DKT. No.80). They also join in arguments made in Palisades' Point II that Plaintiff's "shotgun pleadings" strategy violates the short and plain meaning requirements under Fed. R. Civ. P. § 8(a)(2) also warranting dismissal of Plaintiff's pleadings.

**POINT I:  THE INSTANT ACTION IS BARRED BY THE DOCTRINE OF *RES JUDICATA*[3].**

Under the doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them, such final judgment constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action by such parties and their privies. *Eadie v. Town Bd. of Town of North Greenbush*, 22 A.D.3d 1025, 803 N.Y.S.2d 262 (3d Dep't 2005), *aff'd*, 7 N.Y.3d 306 (2006); *City of New York v. Welsbach Elec. Corp.*, 9 N.Y.3d 124 (2007). Thus, when there is a valid final judgment, any future litigation between the same parties on the same cause of action is barred under the doctrine of *res judicata*. *Magliochetti v. Di Bello*, 4 A.D.3d 755, 772 N.Y.S.2d 152 (4th Dep't 2004); *In re Hunter,* 4 N.Y.3d 260 (2005); *Hodes v. Axelrod*, 70 N.Y.2d 364 (1987). In order to apply the doctrine of *res judicata*, the second action must involve the same cause of action involved in the prior litigation. *Reilly v. Reid*, 45 N.Y.2d 24 (1978). In resolving *res judicata* questions, the New York courts have adopted the transactional analysis approach, under which, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or seeking a different remedy. *Josey v. Goord*, 9 N.Y.3d 386 (2007); *In re Hunter,* 4 N.Y.3d 260 (2005); *O'Brien v. City of Syracuse,* 54 N.Y.2d 353 (1981).

The *res judicata* doctrine deprives this Court of subject matter jurisdiction here because Plaintiff's FAC or un-red-lined SAC complains of injuries directly caused by an alleged deficient State-Court Judgment and because continuance of this action would require this Court to pass

---

[3] This Court's Order clearly states "[t]he defendants may not re-argue on a future *motion to dismiss* any argument that has been rejected in this order, nor may the defendants raise for the first time on *a future motion to dismiss* any argument that was previously available but not raised on this motion to dismiss." (DKT. No. 80 p. 26) (*emphasis added*). Houslanger Defendants did not make a *res judicata* argument in its prior dismissal briefings as the Judgment was not final at the time of such briefings.

judgment on the same State Court Judgment which is now fully adjudicated and final against Mr. McCrobie. (Fjermedal Decl., Exh. "Q"). For example, McCrobie specifically disputes Palisades' claims based upon defenses such as defective service of process, lack of jurisdiction, lack of validity or ownership of the debt and lack of standing or capacity to sue. (Fjermedal Decl., Exh. "H", pp. 000019 – 000024 and 000220 – 000228 McCrobie Memorandum of Law and Reply Affirmation of Seth Andrews in support of his Motion to Vacate Judgment). For example, McCrobie's counsel specifically argued in this Reply Affirmation as to "no standing" for Palisades to bring suit (*Id.,* p. 000223, ¶ 16) and "lack of assignment of judgment" to Palisades (*Id.,* pp. 000223 – 000224, ¶¶ 19-21). Defendant Palisades, through its counsel, opposed all of these contested points in its counter Memorandum of Law arguing that none of the above defenses assert a meritorious defense. (*Id.,* pp. 000034 - 000035). After an initial vacatur of the Judgment, Defendant Palisades moved to reargue which was opposed by Mr. McCrobie, again addressing the above-referenced defenses. (*Id.,* Exh. "L"). After extensive oral argument on all of the defenses, the Buffalo City Court ultimately concluded that the Judgment should not be vacated (*Id.,* Exh. "N"). After McCrobie's failure to perfect the appeal, the Judgment is now final, fully enforceable and not subject to further attack. Such final adjudication all claims relied upon in the instant action, i.e., the validity of the subject debt and standing of Palisades to bring suit and enforce the Judgment against McCrobie. Again, this was explicitly argued in Plaintiff's counsel's Reply Affirmation who contested both lack of standing and proper notice of assignment. (*Id.,* Exh. "H", pp. 000223 – 000224). Simply put, the Buffalo City Court has determined with finality that the State Court Judgment is valid and enforceable factoring in Mr. McCrobie's lack of standing and notice of assignment defenses. Plaintiff cannot now take a second or now third bite of the apple to litigate these same issues in the instant action. Accordingly, the Buffalo City Court's decision is final and

binding and has *res judicata* effect upon the instant suit which warrants dismissal of this instant action and any proposed amended complaint with prejudice.

> **POINT II:** **PLAINTIFF'S PROPOSED SAC IS FUTILE AS PLAINTIFF DOES NOT INCLUDE ANY COHERENT ALLEGATIONS ASSERTING VIABLE CAUSES OF ACTION AGAINST THE HOUSLANGER DEFENDANTS.**

Assuming the Court looks past Plaintiff's failure to comply with Local Rule 15(b), leave to amend should be denied as Plaintiff's proposed allegations against Houslanger Defendants are futile and would severely prejudice the Defendants. "Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, 'it is not an abuse of discretion to deny leave to amend.' The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. The proposed amended claim must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.' Rather, it must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Eldridge v. Rochester City Sch. Dist.,* 968 F. Supp. 2d 546, 553–54 (W.D.N.Y. 2013) (citations omitted).

In the SAC's current non-compliant, un-red-lined state, Plaintiff has copied and pasted text, sometimes without citation, from newspapers articles and other sources containing hearsay conclusions which do not explicitly state the way in which Plaintiff seeks to amend his complaint. Now, Plaintiff's Motion to Amend refers to sections of the SAC which did not even exist in the original un-red-lined SAC. Without a red-lined SAC, Plaintiff simply attaches as exhibits a random solicitation or advertisement from an unrelated consumer law attorney Jesse Langel, Esq. who solicits consumer cases against Defendants as well as nearly 100 other New York debt collection agencies and/or law firms. These salacious, self-promoting advertisements of a

consumer attorney not involved in this proceeding have absolutely no bearing to this action which Houslanger Defendants respectfully request be stricken from any proposed pleadings. Moreover, misallegations in the SAC against Mr. Houslanger individually, identified in Item Nos. 1-9 on pages 5 and 6 herein, are simply dispersions of his professional character which grossly mischaracterizes facts and the law to support an unsupportable pleading against the Houslanger Defendants.

A court may deny a motion to amend a complaint because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 556 (E.D.N.Y. 2013), aff'd, 560 F. App'x 6 (2d Cir. 2014), citing *Straker v. Metro. Transit Auth.*, 333 F.Supp.2d 91, 102–03 (E.D.N.Y.2004). The Court's Rules provide an agreement of understanding to the litigation, and following these Rules is a foundational necessity to avoiding gratuitous and unreasonably protracted litigation. Looking through the docket history, Plaintiff's apparent disregard for the Rules has been a consistent theme throughout the four (4) year scope of this action which has failed to go beyond the pre-pleadings phase. This has caused great prejudice to the Houslanger Defendants which have spent great time and money defending a suit premised on defenses rejected in the prior State Court Action. Due to the multiple and repeated failures on the part of Plaintiff to comply with the requirements of the Local Rules, Plaintiff's Motion and any proposed amended complaint against Houslanger Defendants should be denied with prejudice.

# CONCLUSION

For the reasons set forth above and for the reasons in Palisades' Memorandum of Law in Opposition to Plaintiff's Second Motion to Amend his Complaint, Houslanger Defendants respectfully request that the Court deny Plaintiff's Motion to Amend and dismiss the claims asserted in Plaintiff's SAC with prejudice, and any such other and further relief that the Court deems necessary and proper.

Dated:      Rochester, New York
              April 25, 2019

Respectively Submitted:
/s/: Glenn M. Fjermedal
Glenn M. Fjermedal, Esq.
DAVIDSON FINK LLP
*Attorneys for Defendants*
*Houslanger & Associates, PLLC and*
*Todd Houslanger, Esq.*
28 East Main Street, Suite 1700
Rochester, New York 14614
Telephone: (585) 546-6448