UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

CHRISTOPHER MCCROBIE,

                                              Plaintiff,

v.                                                   1:15-cv-00018-LJV-MJR

PALISADES ACQUISITION XVI, LLC;
HOUSLANGER & ASSOCIATES, PLLC;
TODD HAUSLANGER

                                              Defendants.

───────────────────────────────────────────────

**DECLARATION OF TIMOTHY HILLER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM DOCKET ENTRY 88-1 AS HAVING BEEN FILED WITH PLAINTIFF'S MOTION TO AMEND NUNC PRO TUNC AND FOR LEAVE TO RE-FILE THE EXHIBITS TO PLAINTIFF'S COMPLAINT.**

1. I am one of the attorneys of record for Plaintiff in the above captioned manner. I declare the following to be true and correct under penalties of perjury.

2. Plaintiff filed a First Motion to Amend his complaint on August 27, 2015. *See* Dkt#19.

3. Plaintiff did not include a red-lined copy along with his filings because it was felt that the complaint was so different from the first Amended Complaint (*compare* Dkt#19-3; *with* Dkt#7) that a red-lined complaint would serve no useful purpose. *See* Dkt#19-2, ¶4. Plaintiff had recently done this, without objection, in at least one other case in this judicial district. *See, e.g. McQueen v. Huddleston*, Civil Action No. 1:13-cv-302-LJV-LGF, Dkt#34-1 (identical language in affidavit in support of motion to amend); *see also* Dkt#47 (granting motion to amend).[1]

---

[1] At the time, this case was pending before the late honorable Judge Curtain, who decided the *McQueen* motion.

4. Counsel for Defendant, Scott Wortman, corresponded by email with Plaintiff on September 2, 2015 demanding a copy of a red-lined complaint. A copy of this email is attached hereto as an exhibit. *See* Exhibit marked "September 2, 2015 email correspondence."

5. In response, Plaintiff, by and through counsel, provided Scott Wortman with a redlined copy of his proposed Second Amended Complaint on September 2, 2015. A copy of this email is attached hereto as an exhibit. *See* Exhibit marked "September 2, 2015 email correspondence."

6. Thus, Counsel for Defendant Scott Wortman has had a redlined copy of Plaintiff's complaint since September 2, 2015.

7. On February 15, 2019 Judge Vilardo issued an order which denied Plaintiff's first motion to amend based on a failure to attach a redlined copy of his complaint to the papers. Judge Vilardo gave Plaintiff 45 days to file a new motion.

8. On March 11, 2019, the undersigned filed a motion to amend. *See* Dkt#82.

9. The undersigned regrets that there were two errors made in filing the motion to amend.

10. First, while the affidavit in support of the motion to amend referred to a redlined copy of Plaintiff's proposed amended complaint, none was attached.

11. Second, Plaintiff's exhibits were filed incorrectly. As a result, exhibits are misidentified or missing.

12. Both errors were oversights of electronic filing.

13. After Defendants' briefs pointed out this oversight, Plaintiff filed a continuation of exhibits with a redlined copy of the proposed amended complaint.

14. Defendant then wrote a letter to this court contending that Plaintiff's continuation of exhibits was inappropriate.

15. As such, Plaintiff files this motion, at Defendant's insistence and to eliminate any question of compliance with the local rules once and for all.

16. As it relates to the exhibits, Defendants have had access to all of the exhibits since Plaintiff filed his first motion to amend back in August of 2017. *See* Dkt# 19 (Exhibits A-K were all previously filed).

17. The undersigned regrets his electronic filing oversights, and is in fact embarrassed of the filing errors. However, given Defendants have had all of the relevant documents, no prejudice would result from Plaintiff being given leaves to correct his motion to amend as requested in this motion.

18. Additionally, granting this motion will allow the Court to consider the motion to amend on the merits and avoid getting bogged down in matters of procedure.

19. Moreover, the idea that the undersigned, his firm, or his co-counsel have a track record of disregard for this Court's local rules is unfounded. The noncompliance with the local rule pertaining to a redlined copy of the proposed complaint was in good faith and without any "conscious disregard" as Mr. Wortman inaccurately claims.

20. Moreover, the undersigned and his firm have been the attorney of record in hundreds of cases in this judicial district covering both administrative appeals and civil litigation. Apart from Judge Vilardo's ruling in this case, the undersigned cannot recall any other instance in which a written decision was issued in which this firm was found to have violated any local rule of this district.

21. Counsel for Palisades, Scott Wortman, has indicated that he intends to oppose this motion.

Respectfully submitted

Dated: May 15, 2019

*/s/ Timothy Hiller, Esq.*
Timothy Hiller, Esq.
Seth Andrews, Esq.
Kenneth Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:   thiller@kennethhiller.com

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
(212) 248-7906