UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER MCCROBIE,

Plaintiff,

    v.                                                                                          No. 15-CV-18 (LJV)(MJR)

PALISADES ACQUISITION XVI, LLC AND
HOUSLANGER & ASSOCIATES, PLLC AND
TODD HOUSLANGER,

Defendants.

_____

**Plaintiff's Reply Memorandum in
Further Support of Plaintiff's Motion to Correct Filings *Nunc Pro Tunc***

Respectfully Submitted,

**Attorneys for Plaintiff**

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, NY 10004
Tel: (212) 248-7906

Seth J. Andrews
Kenneth R. Hiller
Timothy Hiller
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716) 564-3288

Jonathan R. Miller
Law Office of Jonathan R. Miller, PLLC
d/b/a Salem Community Law Office
301 North Main Street, Suite 2415
Winston-Salem, NC 27101
Tel: (336) 837-4437

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**INTRODUCTION** .................................................................................................................................. 1

**ARGUMENT** .......................................................................................................................................... 1

    **Plaintiff's motion to correct the initial motion papers *nunc pro tunc* should be granted because these are the types of clerical mistakes that are routinely corrected, frequently on consent of the parties, and because Defendants have suffered neither prejudice nor unfair surprise** .................... 1

        **I.   Contrary to Defendant Palisades' contention, Plaintiff's *nunc pro tunc* motion should not be decided under Fed. R. Civ. P. 6(b)** .................................................................................. 3

        **II.   Even if the Court were to apply Rule 6(b), Plaintiff should be allowed to make the requested corrections** .................................................................................................................. 4

        **III.   Plaintiff has not repeatedly failed to comply with Court ordered deadlines and the requirements of the local rules** ............................................................................................... 5

        **IV.   The extraneous case law cited by Defendant Palisades does not compel a different result** ..................................................................................................................................... 7

**CONCLUSION** ....................................................................................................................................... 8

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cabisca v. City of Rochester,*
   14-CV-6485, 2018 WL 6680595 (W.D.N.Y. Dec. 19, 2018) ................................................. 5

*Huang v. Caterpillar, Inc.*
   255 F. App'x 996 (7th Cir. 2007) .......................................................................................... 4

*Mitchell v. Overman,*
   103 U.S. 62 ............................................................................................................................ 3

*Pajak v. New York State Office of Temp. & Total Disability,*
   16-CV-899, 2018 WL 4268915 (W.D.N.Y. Sept. 7, 2018) ................................................... 7

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*,
   507 U.S. 380 (1993) ............................................................................................................... 4

*Schwartz v. HSBC Bank USA, N.A.,*
   14-CV-9525 (S.D.N.Y. June 19, 2017), aff'd, 750 F. App'x 34 (2d Cir. 2018) ................... 7

*U.S. v. Local 359, United Seafood Workers,*
   55 F.3d 64 (2d Cir. 1995) ...................................................................................................... 4

*United States v. Ketabchi,*
   17-CR-243-3, 2019 WL 1510444 (S.D.N.Y. Mar. 25, 2019) ................................................ 7

*Williams v. Town of Hempstead,*
   16-cv-1992, 2017 WL 4712219 (E.D.N.Y. Oct. 18, 2017) ................................................... 8

**Other Authorities**

Fed. R. Civ. P. 1 ............................................................................................................................ 1, 2

Fed. R. Civ. P. 4(m) ......................................................................................................................... 7

Fed. R. Civ. P. 6(b) .................................................................................................................. 3, 4, 5

Fed. R. Civ. P. 6(b)(1)(B) ................................................................................................................ 3

Guidelines, Lawyers Duties to Other Counsel, #17, available at
   https://www.nywd.uscourts.gov/sites/nywd/files/WDNY%20Civility%20Principles%
   20Oath%20%28Final%20Version%29.pdf (last accessed June 6, 2019) ............................. 1

Rule 15a ........................................................................................................................................... 6

# INTRODUCTION

Clarity and quality count in legal advocacy. By accidentally failing to attach a redlined copy of the proposed Second Amended Complaint ("SAC"), and by accidentally filing some exhibits to the SAC in incorrect order, Plaintiff's attorneys fell short of their usual standards for clarity and quality. That is something for which Plaintiff's attorneys apologize. That said, Plaintiff's attorneys took prompt, good-faith action to correct that mistake; Defendants can point to no way in which they were prejudiced by the mistake; and justice recoils at the thought that the result of an attorney's CM/ECF filing error ought to be that the claims of thousands of New York State consumers are wiped out. For these reasons and the reasons that follow, Plaintiff respectfully asks that his Motion to Correct Filings *Nunc Pro Tunc* be granted.

# ARGUMENT

**Plaintiff's motion to correct the initial motion papers *nunc pro tunc* should be granted because these are the types of clerical mistakes that are routinely corrected, frequently on consent of the parties, and because Defendants have suffered neither prejudice nor unfair surprise**

The civility principles of this Court lay out one possible response to a clerical mistake such as the one at issue here: "We will agree to reasonable requests…for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected."[1] Elsewhere, those same civility principles caution attorneys to be "considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice."[2] Similarly, Fed. R. Civ. P. 1 reads, in relevant part, as follows: "They [*i.e.*, these rules]

---

[1] U.S. District Court Western District of New York, Civility Principles and Guidelines, Lawyers Duties to Other Counsel, #17, available at https://www.nywd.uscourts.gov/sites/nywd/files/WDNY%20Civility%20Principles%20Oath%20%28Final%20Version%29.pdf (last accessed June 6, 2019).

[2] *Id.*, #3.

should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding."³ The Committee added the words "the parties" in 2015 to emphasize that litigants share in the obligation to cooperate "to improve the administration of civil justice" and "to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay."⁴

 As Timothy Hiller, Esq., has conceded, he made an error in his filing of the motion to amend at Docket No. 82. He regrets having made this error and any inconvenience it has caused. But these types of errors happen. At the risk of sounding flippant, to quote Joe E. Brown in the ultimate line of *Some Like It Hot*: "Well, nobody's perfect!"⁵ And attorneys are especially prone to errors when they engage in electronic filing. Therefore, many opposing attorneys will, upon seeing an obvious clerical error, pick up the telephone and ask whether their adversary would like an opportunity to fix their erroneous filing (and in return, perhaps ask for additional time to respond to the corrected filing). Such a route would be in line with the local rules of civility and with the Federal Rule of Civil Procedure quoted above.

 Here Defendants' attorney could have seen, from the first page of Plaintiff's motion and its accompanying affirmation that, but for a clerical error, a redlined copy of the complaint would have been attached to the papers.⁶ Nevertheless, Defendants have opposed Plaintiff's motion to correct the electronic filing mistake. When their papers in opposition to the present motion are read in conjunction with their papers in opposition to Plaintiff's motion to amend,

---

³ Fed. R. Civ. P. 1 (emphasis added).
⁴ Committee Notes on Rule 1 – 2015 Amendment.
⁵ *Some Like It Hot*. (1959). [film] Directed by B. Wilder. Hollywood: United Artists.
⁶ *See* Dkt#82 (mentioning "redlined complaint"); *see also* Dkt# 82-1, ¶3 ("attached hereto is a copy of Plaintiff's proposed second amended complaint").

they appear to be pursuing some sort of "procedural default" in which Plaintiff's entire case is dismissed over electronic filing errors on a motion to amend its complaint.

Plaintiff submits that such an outcome would be inconsistent with the demands of justice. As such, Plaintiff believes that this Court should grant his motion to amend Docket No. 82 *nunc pro tunc*, with leave to re-file Exhibits A-K.

### I. Contrary to Defendant Palisades' contention, Plaintiff's *nunc pro tunc* motion should not be decided under Fed. R. Civ. P. 6(b)

Defendant Palisades claims that this Court should constrain its inherent powers to issues orders *nunc pro tunc* to situations where a movant demonstrates both good cause and excusable neglect under Fed. R. Civ. P. 6(b), which deals with extending time to file papers. But it cites to no case in which a motion for *nunc pro tunc* relief was decided under the Rule 6(b) standard for extending time.[7] In response to Plaintiff's reliance on the U.S. Supreme Court case of *Mitchell v. Overman*,[8] which did not apply the Rule 6(b) standard but instead simply permitted a motion for *nunc pro tunc* to be granted or refused as justice may require, Defendants simply argue that the case is old. And while Defendants note that the rules of civil procedure have been amended since *Mitchell*, they cite to no authority to suggest that *Mitchell* has not survived those changes. In other words, Defendants make no cogent argument as to why *Mitchell* does not remain good law. They simply "ask that the Court decline to follow Plaintiff's feigned reliance on [*Mitchell*], and respectively direct the Court to Fed. R. Civ. P. 6(b)(1)(B)." But Plaintiff is not bringing a motion

---

[7] The lack of case law may indicate that few attorneys oppose motions to fix e-filing errors *nunc pro tunc*.
[8] *Mitchell v. Overman,* 103 U.S. 62, 65, 13 Otto 62, 1880 WL 18766, at *2, 26 L.Ed. 369 (1880).

to extend the time permitted to file a document; Plaintiff is asking the Court to use its inherent power to permit it to fix a clerical error with electronic filing that was made timely.[9]

### II. Even if the Court were to apply Rule 6(b), Plaintiff should be allowed to make the requested corrections

Even if Rule 6(b) is the applicable standard here, Plaintiff's motion should be granted. Federal Rule of Civil Procedure 6(b) provides, in relevant part,

> (b) Extending Time.
>   (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>   (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
>   (B) on motion made after the time has expired if the party failed to act because of excusable neglect....[10]

To demonstrate excusable neglect, "the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith."[11] The question of what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."[12] As the Supreme Court explained in *Pioneer*, excusable neglect under Rule 6(b) "is a somewhat 'elastic

---

[9] *See also Huang v. Caterpillar, Inc*. 255 F.App'x 996, 997 (7th Cir. 2007) (not for publication) ("It is within a district court's inherent powers to correct a ministerial error through a nunc pro tunc order") (*citing Transamerica Ins. Co. v. South*, 975 F.2d 321,325-326 (7th Cir. 1992); *U.S. v. Local 359, United Seafood Workers*, 55 F.3d 64, 68 (2d Cir. 1995) (retroactively extending term of an administrator *nunc pro tunc* based on a late request to extend that term by the government based on inherent powers of the Court).
[10] Fed. R. Civ. P. 6(b).
[11] *Id*. (*citing Steward v. City of New York*, No. 04-CV-1508 CBA RML, 2007 WL 2693667, at *5 (E.D.N.Y. Sept. 10, 2007)).
[12] *Id*. quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd*., 507 U.S. 380, 395 (1993).

concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[13]

Based on the record before this Court, it is clear that Plaintiff meets this elastic standard. Neither Palisades nor Houslanger can offer any cogent explanation as to why granting the present motion would prejudice them. Indeed, they do not deny Plaintiff's statement that they have had copies of the redlined complaint and of Exhibits A-K since September 2015. Moreover, as soon as Plaintiff learned of the deficiency with his filing of the motion to amend, he has fastidiously undertaken efforts to correct that mistake—only to meet resistance every step of the way from Defendants—who, as previously mentioned, suffered no prejudice. Finally, Plaintiff has acted in good faith as set forth in Timothy Hiller's affidavit in support of the motion to correct *nunc pro tunc*.[14]

### III. Plaintiff has not repeatedly failed to comply with Court ordered deadlines and the requirements of the local rules

Defendants claim that Plaintiff has "repeatedly failed to comply with Court ordered deadlines and the requirements of the local rules." But the examples they cite do not support this claim. For instance, Defendant notes that one of the memoranda filed in this complaint exceeded 25 pages.[15] This is true. Yet Defendant fails to note that Plaintiff moved to exceed the page-limit,

---

[13] *Id*. (citing *Pioneer*, 507 U.S. at 391-92).
[14] *Cabisca v. City of Rochester*, 14-CV-6485, 2018 WL 6680595, at *2 (W.D.N.Y. Dec. 19, 2018) ("Taking into account all the relevant circumstances, including the (1) lack of prejudice to the City of Rochester which was always going to represent and indemnify all of the defendants -- including Officer Wengert before he passed away and now his Estate -- for any and all damages that may be awarded the individual defendants; (2) the relatively brief delay in serving the co-executors with the motion to substitute and (3) the apparent good faith exhibited by plaintiff's counsel in trying to ascertain and serve the proper representatives of the estate, I find it equitable and just to extend the time for plaintiff to make the motion to substitute").
[15] *See* Dkt#19-1.

and this request was granted by the Court.[16] Defendant also rehashes its longstanding mantra that Plaintiff's somehow failed to oppose its motion to dismiss at Docket No. 17. But Defendants raised this procedural argument repeatedly before both the Second Circuit and Judge Vilardo and failed to convince either court that there was any impropriety on Plaintiff's part or that Plaintiff somehow did not respond to Defendants' motion to dismiss. Defendants note that Plaintiff missed a deadline to respond to its opposition to Plaintiff's first motion to amend. Yet, once again Plaintiff did not disregard the scheduling order but moved for and was granted relief by the Court.[17] Defendants claim that Plaintiff "unilaterally disregarded the Court's direction for all parties to file supplemental briefs" with reference to Docket No. 58. It is not clear what Defendant is referring to. The docket entry in question is a response to a letter-motion made by Defendant Palisades. It violates no local rules or court-ordered deadlines. Finally, Defendants accuses Plaintiff of unilaterally deciding that Rule 15a was inapplicable. On this charge, Plaintiff's attorneys admit they made a mistake and they have already apologized. Moreover, Judge Vilardo noted that Plaintiff was acting honestly,[18] and Plaintiff **had provided** a redlined copy to Defendants on September 2, 2015.[19]

In sum, Defendant Palisades is not correct when it accuses Plaintiff of disregard for court orders and deadlines.

---

[16] *See* Dkt#23.
[17] *See* Dkt#30. Amazingly, Defendants moved to reconsider this *text order*. *See* Dkt#31.
[18] *See* Dkt#79, p. 3 ("narrow pleading rules should not be applied to foil an honest plaintiff's efforts to gain redress") (citing *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968).
[19] *See* Dkt#93-1, ¶4-6.

**IV.   The extraneous case law cited by Defendant Palisades does not compel a different result**

Defendant cites a variety of cases which have nothing to do with this motion. For instance, it cites to the district court opinion in *Schwartz v. HSBC Bank USA, N.A.*[20] That case, however, involved a motion to amend the complaint filed simultaneously with a motion to reconsider the court's prior dismissal of the complaint. As such, the movant was required to show that denial of his motion for reconsideration and motion to amend would result in "manifest injustice." Thus, the court's analysis, and the out-of-context quotation plucked by Defendant, does not apply here.

Defendant Palisades also cites to *United States v. Ketabchi*.[21] That matter was a criminal case that is now on appeal, governed by the rules of criminal procedure, and is completely inapplicable. Moreover, the government was prejudiced by the Defendant's request in that case to delay sentencing because it had a "significant interest in the finality of the verdict and in getting [defendant] sentenced."[22] Here, Defendant has suffered no prejudice whatsoever, much less prejudice comparable to the frustration of a significant governmental interest.

Defendant cites to *Pajak v. New York State Office of Temp. & Total Disability*.[23] That case, currently pending appeal, had to do with failure to timely effectuate service under Fed. R. Civ. P. 4(m), and not the inadvertent failure to correctly e-file documents, which Defendants were in possession of since September 2, 2015, to a March 11, 2019 motion to amend.

---

[20] *Schwartz v. HSBC Bank USA, N.A.*, 14-CV-9525, at *6 (S.D.N.Y. June 19, 2017), aff'd, 750 F. App'x 34 (2d Cir. 2018) (summary order).
[21] *United States v. Ketabchi*, 17-CR-243-3, 2019 WL 1510444, at *4 (S.D.N.Y. Mar. 25, 2019) (appeal pending).
[22] *Id*. at 2.
[23] *Pajak v. New York State Office of Temp. & Total Disability*, 16-CV-899, 2018 WL 4268915, at *7 (W.D.N.Y. Sept. 7, 2018) (appeal pending).

Finally, Defendant Palisades cites to *Williams v. Town of Hempstead*.[24] That case concerned a motion that was brought more than nine months after a court-ordered deadline to bring such a motion. Here, Plaintiff merely moves to attach documents that the parties are already in possession of to a motion that was incorrectly filed using the e-filing system.

It bears repeating that when Defendants filed their opposition memorandum here, they had knowledge that a clerical error had occurred, and they had already had a redlined copy of the complaint in their possession for years and they had copies of the exhibits to the complaint—in the correct order—in their possession. In other words, Defendants knew that an e-filing error had been made, they knew what the error was, and they had copies of the documents showing the correct exhibits.

## CONCLUSION

For all the foregoing reasons, Plaintiff's request to correct the filings *nunc pro tunc* should be granted.

Dated: June 21, 2019

/s/ Brian L. Bromberg
Brian L. Bromberg

---

[24] *Williams v. Town of Hempstead*, 16-cv-1992, 2017 WL 4712219, at *3 (E.D.N.Y. Oct. 18, 2017).