# Exhibit A

CITY COURT OF BUFFALO
COUNTY OF ERIE                                          Index No. CV-007295-06/BU

CENTURION CAPITAL CORPORATION ASSIGNEE OF PROVIDIAN          **Income Execution**
FINANCIAL CO          Plaintiff,

                                                        The People of the State of New York
                                                        TO THE ENFORCEMENT OFFICER, GREETING:
CHRISTOPHER MCCROBIE      Defendant,                    *The Enforcement officer is the Sheriff, Marshall of the City or Constable of*
16 SUMMIT ST                                            *the Town or Village authorized by law to enforce income execution.*
LANCASTER, NY 14086
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

A judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | **Plus interest from |
|---|---|---|---|---|
| CITY COURT OF BUFFALO, ERIE COUNTY | 3/9/2007 | $982.12 | $982.12** | 3/9/2007 |

This judgment was transcribed with the county clerk on:

The judgment was recovered against Defendant(s) entered in the CITY COURT OF BUFFALO ERIE COUNTY on 3/9/2007. This execution is issued against CHRISTOPHER MCCROBIE whose last known address is 16 SUMMIT ST, LANCASTER, NY, 14086 whose social security number is 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 and who is receiving or will receive $240.00 for each weekly pay period from the Employer. "Employer", herein, includes any pay or of money to Judgment Debtor. The Employer's name and address:

UNITED MATERIALS
3949 FOREST PARKWAY #400                            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
NORTH TONAWANDA, NY 14120
7162135832
ATTENTION: PAYROLL / PAYROLL MANAGER

**GARNISHMENT ADDRESS (IF APPLICABLE):**

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to NY CPLR § 5231. The current creditor, as the assignee to whom this debt is owed, is Palisades Acquisition XVI, LLC.

Directions to Judgment Debtor: You are notified and commanded immediately to start paying to the Enforcement officer serving a copy of this Income Execution to you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, set forth below) of any and all salary, wages or other income, including any and all overtime earning, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, set forth below) of any and all salary, wages or other income, including any and all overtime earning, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied. If the Defendant is compensated weekly please pay the installments weekly. If the Defendant is compensations bi-weekly please pay the installments bi-weekly. If the Defendant is compensated any other way please pay the installments bi-weekly.

Dated: August 28, 2014

                                            _Todd E. Houslanger, Esq._
                                            Jeffrey M. Parrella, Esq.
Our File #: 168100                          Houslanger & Associates, PLLC
                                            PO Box 742
                                            Katonah, NY 10536
                                            (914) 666-8100   FAX (914) 232-8101

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Laws and Rules § 5231 and 15 United States Code § 1671 ET seq.

### I. Limitations on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor's weekly disposable earnings are less than the greater of thirty (30) times the current federal minimum hourly wage (currently $7.25* per hour), or $217.50* per week, or the New York State minimum hourly wage ($8.00* per hour) or $240.00*, no deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of the current federal minimum wage ($7.25* per hour), or $217.50*, or the New York State minimum hourly wage ($8.00* per hour) or $240.00*, under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony support or maintenance for family members or former members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deductions can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony support or maintenance for family members or former members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earnings under any orders for alimony support or maintenance for family members or former members or former spouses, cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

Note: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony support or maintenance for family members or former spouses.

*Amounts contained herein refer to the current minimum hourly wages as set forth in the Federal Fair Labor Standards Act of 1938 or section 652 of the New York State Labor Law and are subject to change as forth therein.

### II. Explanation of Limitations

**Definitions: Disposable Earnings** - Disposable Earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.). **Gross Income** - Gross Income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts before any deductions are made from such income.

**Illustrations regarding earnings:**

| If disposable earning is: | Amount to pay or deduct from earnings under this income execution is: |
|---|---|
| (a) 30 times the greater of the federal minimum wage ($217.50*) or the New York State Minimum Wage ($240.00*) or less | No payment or deduction allowed |
| (b) more than 30 times the greater of the federal minimum wage ($217.50*) or the New York State Minimum Wage ($240.00*) and less than 40 times the greater of the federal minimum wage (290.00*) or the New York State Minimum Wage ($320.00*) | The lesser of: the excess over 30 times the federal minimum wage ($217.50*) or the New York State Minimum Wage ($240.00*) in disposable earning or 10% of gross earnings. |
| © 40 times the greater of the federal minimum wage ($290.00*) or the New York State Minimum Wage ($320.00*) or more | The lesser of: 25% of disposable earning or 10% of gross earnings. |

### III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231(i) CPLR § 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person

paying your income. Further YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR § 5231(I) Modification.** At any time the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR § 5240 Modification or protective order: supervision of enforcement** At any time the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

### AMENDMENT TO CPLR 5230

"An execution notice shall state that, pursuant to subdivision (1) of section fifty-two hundred five of this article, two thousand six hundred and twenty-five dollars ($2,625.00) dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (1) of section fifty-two hundred five of this article, is exempt from execution and that the garnishee cannot levy upon or restrain two thousand six hundred and twenty-five dollars in such an account. An execution notice shall likewise state that pursuant to subdivision (i) of section fifty-two hundred twenty-two of this article, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents."

### Return (for Sheriff's or Marshal's use only)

☐ Fully satisfied_____ 20_____      ☐ Unsatisfied
☐ Partially satisfied_____ 20_____  $_____

☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on_____ 20_____    _____

Date and time received:          Marshal, City of_____
                                 Sheriff, County of_____
                                 Constable of the Town / Village of_____

This correspondence is from a debt collector. Any information obtained will be used to collect a debt.