UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER MCCROBIE, individually,
and on behalf of all others similarly situated,

                     Plaintiff,

      v.

PALISADES ACQUISITION XVI, LLC,
ASTA FUNDING, INC., HOUSLANGER
& ASSOCIATES, PLLC, and TODD
HOUSLANGER

                     Defendants.

Civil Action No. 1:15-cv-0018(LJV)(MJR)

## DEFENDANTS HOUSLANGER & ASSOCIATES, PLLC AND TODD HOUSLANGER'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes Defendants Houslanger & Associates, PLLC ("H&A") and Todd Houslanger ("Houslanger," and together with H&A, the "Houslanger Defendants"), by and through counsel, and for its Answer to Plaintiff Christopher McCrobie's ("Plaintiff") Second Amended Complaint (the "Complaint"), states as follows:

1. The Houslanger Defendants admit that the Complaint purports to state claims under the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law ("GBL"), but denies any violation of or liability under either statute. The remaining allegations of Paragraph 1 set forth legal conclusions to which no response is required.

2. The Houslanger Defendants admit that in 2007, Centurion Capital Corporation obtained a default judgment against Plaintiff and that H&A, a law firm acting on behalf of Palisades Acquisition XVI, LLC ("Palisades"), forwarded an income execution to the Buffalo City Marshall's Office, who forwarded it to Plaintiff's employer. The Houslanger Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION & VENUE

3. Paragraph 3 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants admit that this Court has jurisdiction over claims arising under federal law.

4. Paragraph 4 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants admit that this Court, at its discretion, has supplemental jurisdiction over claims arising under state law

5.  The Houslanger Defendants admit that they transact business within the Western District of New York. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

### **PARTIES**

6.  The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore deny the same.

7.  The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore deny the same.

8.  The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore deny the same.

9.  The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore deny the same.

10. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore deny the same.

11. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore deny the same.

12. The Houslanger Defendants admits that it is a New York professional limited liability company and also admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by the FDCPA.

13. The Houslanger Defendants admit that, under certain circumstances, H&A may fall under the definition of "debt collector" as that term is defined in the FDCPA and that it is principally engaged in debt collection.

14. The Houslanger Defendants admit that Houslanger is the owner, founder and managing attorney of H&A. The Houslanger Defendants also admit that, under certain circumstances, H&A may fall under the definition of "debt collector" as that term is

defined in the FDCPA. The Houslanger Defendants deny the remaining allegations set forth in Paragraph 14 of the Complaint, and all subparts thereof.

12.[1] The Houslanger Defendants admit the *second* Paragraph 12 of the Complaint.

## **FACTUAL ALLEGATIONS**

13.[2] The Houslanger Defendants admit the *second* Paragraph 13 of the Complaint and therefore denies the same.

14.[3] The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the *second* Paragraph 14 of the Complaint and therefore denies the same.

15. The Houslanger Defendants admit Paragraph 15 of the Complaint.

16. The Houslanger Defendants, upon information and belief, admit Paragraph 16 of the Complaint.

17. The Houslanger Defendants, upon information and belief, admit Paragraph 17 of the Complaint.

18. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore deny the same.

19. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore deny the same.

20. The Houslanger Defendants, upon information and belief, admit Paragraph 20 of the Complaint.

21. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the default judgment was never reported against

---

[1] The numbering in the Second Amended Complaint is incorrect. There are two paragraphs labeled number 12, this paragraph is intended to respond to the *second* paragraph number 12.
[2] The numbering in the Second Amended Complaint is incorrect. There are two paragraphs labeled number 13, this paragraph is intended to respond to the *second* paragraph number 13.
[3] The numbering in the Second Amended Complaint is incorrect. There are two paragraphs labeled number 14, this paragraph is intended to respond to the *second* paragraph number 14.

Plaintiff's credit and denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. The Houslanger Defendants admit that Palisades retained the services of Houslanger and H&A in this matter and denies the remaining allegations set forth in Paragraph 17 of the Complaint, and therefore deny the same.

23. Paragraph 23 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny any violations of or liability under the CPLR 5019(c).

24. Paragraph 24 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants denies Plaintiff's interpretation of the case law referenced in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny any violations of or liability under the CPLR 5019(c), the FDCPA, GBL or any other statute, rule and/or common law.

26. Paragraph 26 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint as they do not understand the vague and ambiguous allegation "may be issued".

27. Paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself. Further answering, Paragraph 28 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants admit that Exhibit A to the Complaint appears to be a valid Income Execution.

29. Paragraph 29 of the Complaint sets forth a legal conclusion to which no response is required.

30. Paragraph 30 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants admit that in his capacity as a licensed New York State attorney, he is an officer of the court.

31. Paragraph 31 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants denies violations of or liability under any common law.

32. Paragraph 32 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

33. Paragraph 33 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

34. Paragraph 34 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

35. Paragraph 35 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

36. Paragraph 36 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

37. Paragraph 37 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

38. Paragraph 38 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

39. Paragraph 39 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

40. Paragraph 40 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

41. Paragraph 41 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

42. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself. Further answering, the Houslanger Defendants admit that they signed an income execution, which was eventually sent to Plaintiff's employer.

43. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

44. The Houslanger Defendants admit the allegations set forth in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

46. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

47. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

48. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

49. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

50. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself. Further answering, Paragraph 50 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny Plaintiff's recitation of the law and any violation of or liability thereunder.

51. The Houslanger Defendants, upon information and belief, deny the allegations set forth in Paragraph 51 of the Complaint.

52. Houslanger Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to whether the assignor or assignee notified Plaintiff of the assignment of the debt, but denies that the assignee is required to notify Plaintiff of the assignment..

54. The Houslanger Defendants deny the allegations set forth in Paragraph 54 of the Complaint, and therefore deny the same.

55. The Houslanger Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. The Houslanger Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. The Houslanger Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. The Houslanger Defendants state that the document attached to the Complaint as Exhibit A speaks for itself.

59. The Houslanger Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint purports to sets forth a legal conclusion to which no response is required. To the extent a response is required, the Houslanger Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. The Houslanger Defendants state that the document attached to the Complaint as Exhibit B speaks for itself.

62. The Houslanger Defendants state that the documents attached to the Complaint as Exhibits B and C speak for themselves.

63. The Houslanger Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. The Houslanger Defendants state that the document attached to the Complaint as Exhibit B speaks for itself.

65. The Houslanger Defendants state that the document attached to the Complaint as Exhibit B speaks for itself.

66. The Houslanger Defendants state that the documents attached to the Complaint as Exhibits D and E speak for themselves. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint.

67. The Houslanger Defendants state that the document attached to the Complaint as Exhibit F speaks for itself. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of the Complaint, and therefore deny the same.

68. The Houslanger Defendants state that the document attached to the Complaint as Exhibit D speaks for itself. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 68 of the Complaint, and therefore deny the same.

69. The Houslanger Defendants state that the document attached to the Complaint as Exhibit F speaks for itself. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 of the Complaint.

70. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore deny the same.

71. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, and therefore deny the same.

72. The Houslanger Defendants state that the document attached to the Complaint as Exhibit G speaks for itself. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 72 of the Complaint.

73. The Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore deny the same.

74. The Houslanger Defendants state that the document attached to the Complaint as Exhibit H speaks for itself. Further answering, the Houslanger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 74 of the Complaint.

75. The Houslanger Defendants deny the allegations set forth in Paragraph 75 of the Complaint and all subparts thereto.

## CLASS ACTION ALLEGATIONS

76. The Houslanger Defendants admit that the Complaint attempts to allege class-action claims. The remaining allegations of Paragraph 76 set forth legal conclusions to which no response is required. To the extent a further response is required, the Houslanger Defendants deny that Plaintiff meets the requirements for class certification.

77. The Houslanger Defendants admit that the Complaint attempts to allege class-action claims. To the extent a further response is required, the Houslanger Defendants deny that Plaintiff meets the requirements for class certification.

78. The Houslanger Defendants admit that the Complaint attempts to allege class-action claims. To the extent a further response is required, the Houslanger Defendants deny that Plaintiff meets the requirements for class certification.

## COUNT ONE

79. All allegations re-alleged and re-incorporated by reference in Paragraph 79 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

80. The Houslanger Defendants admit that the Complaint attempts to allege class-action claims. The remaining allegations of Paragraph 80 set forth legal conclusions to which no response is required. To the extent a further response is required, the Houslanger Defendants deny that Plaintiff meets the requirements for class certification.

81. Paragraph 81 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

82. Paragraph 82 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

83. Paragraph 83 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

84. Paragraph 84 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

85. Paragraph 85 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

86. Paragraph 86 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

87. Paragraph 87 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

88. Paragraph 88 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

89. Paragraph 89 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the Houslanger Defendants deny that they violated and/or are liable under the FDCPA.

90. The Houslanger Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. The Houslanger Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. The Houslanger Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

97. The Houslanger Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98. The Houslanger Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

## COUNT TWO

99. All allegations re-alleged and re-incorporated by reference in Paragraph 99 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

100. The Houslanger Defendants admit that the Complaint attempts to allege class-action claims. The remaining allegations of Paragraph 100 set forth legal conclusions to which no response is required. To the extent a further response is required, the Houslanger Defendants deny that Plaintiff meets the requirements for class certification.

101. The Houslanger Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. The Houslanger Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103. The Houslanger Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104. The Houslanger Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105. The Houslanger Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106. The Houslanger Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107. The Houslanger Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108. The Houslanger Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109. The Houslanger Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110. The Houslanger Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114. To the extent the allegations are applicable to the Houslanger Defendants, the Houslanger Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115. The Houslanger Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116. The Houslanger Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring one or more of the claims set forth in the Complaint.

3. Plaintiff may have failed to join all parties proper, necessary and indispensable for a just adjudication of this matter.

4. The Houslanger Defendants did conduct a meaningful review of the file before taking steps to enforce the judgment.

5. Any violation by the Houslanger Defendants, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6. The Houslanger Defendants affirmatively allege that they acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

7. The Houslanger Defendants affirmatively allege that they did not make any false or misleading representations to Plaintiff or anyone else relating to this matter.

8. The Houslanger Defendants affirmatively allege that Plaintiff did not rely on any alleged false or misleading representations made by the Houslanger Defendants, which are specifically denied.

9. The Houslanger Defendants affirmatively allege that any alleged false or misleading representations, which are specifically denied, were not material.

10. The Houslanger Defendants affirmatively allege that if they performed any wrongful acts, which are specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

11. Plaintiff has not suffered any actual or compensable damages as a result of the Houslanger Defendants' actions or inactions.

12. Plaintiff has failed to mitigate his damages, if any.

13. If Plaintiff was injured or damaged, such injury or damage was caused by the sole actions of Plaintiff and/or third-parties over whom the Houslanger Defendants have no control, right to control, responsibility, or reason to anticipate.

14. The Houslanger Defendants respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of these proceedings.

15. The Houslanger Defendants affirmatively alleges that claims alleged in Plaintiff's Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

WHEREFORE, the Houslanger Defendants respectfully request that this Honorable Court dismiss the Complaint at Plaintiff's cost, and that the Houslanger Defendants be awarded their reasonable attorneys' fees and costs as provided for under applicable law.

Dated: New York, New York
September 23, 2019

Respectfully submitted,

RIVKIN RADLER LLP
*Attorneys for Defendants Houslanger & Associates, PLLC and Todd Houslanger, Esq.*

By: _____
Jonathan B. Bruno
477 Madison Avenue, 20th Floor
New York, New York 10022-3338
Tel: (212) 455-9555
Fax: (212) 687-9044
File No. 4079-21

To: All parties of record via ECF

4556522 v3