UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHRISTOPHER McCROBIE, individually, and on behalf of others similarly situated, <br>                            Plaintiff, <br><br>    -v- <br><br> PALISADES ACQUISITION XVI, LLC, <br> ASTA FUNDING, INC., <br> HOUSLANGER & ASSOCIATES, PLLC, and <br> TODD HOUSLANGER, <br>                            Defendants. | 15-CV-0018-LJV-MJR <br> AMENDED <br> ORDER OF PRELIMINARY <br> PRETRIAL CONFERENCE |

_____

   This action has been referred to the undersigned by the Hon. Lawrence J. Vilardo for entry of a Scheduling Order, in accordance with Fed.R.Civ.P. ("Rule") 16 and Local Rule 16.

   Each party, including any party appearing without counsel, shall appear before this Court on **10/31/2019** at **11:45 a.m.** for the purpose of entry of a Case Management Order as required by Rule 16(b).

   All parties should note that the case is subject to mandatory pretrial mediation as required by the Court's recently adopted Alternative Dispute Resolution Plan ("the ADR Plan"). The parties are urged to consult the ADR Plan, a copy of which is available from the Clerk of Court and on the Court's website at www.nywd.uscourts.gov.

   As required by Rule 26(f), the parties shall confer at least 21 days prior to the Rule 16(b) hearing as scheduled above for (1) preparation of the required Proposed Discovery Plan, and (2) to propose to the Court a Case Management Order that will establish outside cut-off dates for the further progress of this case (*see* attachment).

   The proposed Discovery Plan and Case Management Order shall, pursuant to Rule 26(f), be submitted to the Court in writing at least 14 days prior to the Rule 16(b) conference. In preparing the proposed Case Management Order, please bear in mind that, absent extraordinary circumstances, dispositive motions are due within 12 months of the Rule 16(b) conference, meaning that all discovery (fact and expert) must be completed prior to that deadline.

   All parties should be prepared to address at the conference any anticipated electronic discovery issues that may arise.

   The parties are encouraged to consider the attached consent to proceed before a United States Magistrate Judge in a civil case pursuant to Title 28 of the United States Code, Section 636(c). If the parties wish to consent, they must execute the consent form and return it to the

Clerk of Court for processing.  The consent form SHOULD NOT be returned to the presiding district judge or to the magistrate judge.  However, no substantive adverse consequences will result should the parties elect not to consent.

    **SO ORDERED**.

DATED:    September 25, 2019
              Buffalo, New York

                                          */s/ Michael J. Roemer*
                                          MICHAEL J. ROEMER
                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOTICE OF RIGHT TO CONSENT TO DISPOSITION
OF A CIVIL CASE
BY A UNITED STATES MAGISTRATE JUDGE

PLEASE TAKE NOTICE pursuant to Title 28 U.S.C. §636(c) that, if all parties to this civil action (or their attorneys) consent, a full-time United States Magistrate Judge of this Court may conduct any or all proceedings therein, including the conducting of a jury or non-jury trial and order entry of a final judgment. A copy of the appropriate consent form is attached.

Your decision to consent or not to consent to a referral of your case to a U.S. Magistrate Judge is entirely voluntary. Unless all parties have consented, no District Court Judge or Magistrate Judge is to be informed of anyone's decision to consent or not to consent. *NO consent form will be accepted for filing unless there is tendered a signed Consent form for EVERY party to the action*. Therefore, in actions involving more than one plaintiff, or more than one defendant, one party must collect all the consents and file them together.

Even though all parties consent to disposition of the case by a Magistrate Judge, this opportunity is subject to the calendar requirements of the Court. Accordingly, it is subject to approval by the District Judge assigned to the case.

Pursuant to Title 28 U.S.C. §636(c)(3 & 4) any appeal from a judgment in a case decided by a Magistrate Judge lies directly to the United States Court of Appeals for the Second Circuit unless the parties further consent at the time the case is referred to the Magistrate Judge to appeal to a District Court Judge.

Procedures relating to these matters are set forth in Local Rule 73 of the Local Rules of Civil Procedure for the Western District of New York.

MARY C. LOEWENGUTH
CLERK OF COURT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

                        Plaintiff,

v.

                        Defendant.

_____

CASE NO.

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have Magistrate Judge Michael J. Roemer conduct any and all further proceedings in the case, including trial, and order the entry of final judgment. Any appeal from the judgment in this case shall be taken to the United States Court of Appeals for the Second Circuit.

Plaintiff(s):
Signature: _____ Date:_____

Print Name: _____

Defendant(s):
Signature: _____ Date:_____

Print Name: _____

_____

**ORDER OF REFERENCE**

IT IS HEREBY ORDERED that the above-captioned matter be referred to Magistrate Judge Michael J. Roemer for all further proceedings and the entry of judgment in accordance with 28 U.S.C. §636(c) and foregoing consent of the parties.

_____                  _____
Date                                                   United States District Judge

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK
_____

**CASE MANAGEMENT ORDER**

              Plaintiff,

v.


              Defendant.
_____

      Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held,

      IT IS **ORDERED** that:

      1.    In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

      2.    Motions to opt out of ADR shall be filed no later than _____.

      3.    Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than _____.

      4.    The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than _____. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with Section 5.4(C)(2) of the ADR Plan.

      5.    All motions to join other parties and to amend the pleadings shall be filed no later than _____.

      6.    The initial mediation session shall be held no later than _____.

---

[1]    A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

7. All motions to compel shall be filed no later than _____. If a discovery disputes arises, the movant must advise the undersigned of the dispute and request a conference by submitting a letter (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery. *See* Rule 16(b)(3)(B)(v). Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8. All fact discovery shall be completed no later than _____.

9. The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

> (a) plaintiffs shall identify any expert witnesses and produce their reports by _____;
>
> (b) defendants shall identify any expert witnesses and produce their reports by _____;
>
> (c) plaintiffs shall identify any rebuttal expert witnesses and produce their reports by _____; and
>
> (d) defendants shall identify any rebuttal expert witnesses and produce their reports by _____.

10. All expert depositions shall be completed no later than _____**.**

11. Pretrial dispositive motions, if any, shall be filed no later than _____. Such motions shall be made returnable before the undersigned.

12. If no pretrial dispositive motions are filed, the parties shall contact the chambers of the Hon. Lawrence J. Vilardo by _____ to schedule a trial date.

13. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until _____. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties**

are reminded that "a finding of 'good cause' depends on the diligence of the moving party". *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

    **SO ORDERED**.

DATED:
    Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge