BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
Hilary F. Korman, Esq.
Scott E. Wortman, Esq.

*Counsel for Asta Funding, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MCCROBIE,<br><br>      Plaintiff,<br> -against-<br><br>PALISADES ACQUISITION XVI, LLC, ASTA FUNDING, INC., HOUSLANGER & ASSOCIATES, PLLC AND TODD HOUSLANGER<br><br>      Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 15-cv-00018-LJV-MJR |

Defendant, Asta Funding, Inc. (hereinafter, "Defendant" or "Asta"), by and through its attorneys, Blank Rome LLP, responds to Plaintiff's Second Amended Complaint [DE 114] (hereinafter the "Complaint") as follows:

## AS TO INTRODUCTION

1. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "1" of the Complaint.

2. Defendant admits that a judgment was initially obtained by Centurion Capital Corporation against Plaintiff. Defendant denies each and every other allegation contained in paragraph "2" of the Complaint.

## AS TO JURISDICTION AND VENUE

3. Admit.

4. Defendant denies each and every allegation contained in paragraph "4" of the Complaint.

5. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "5" of the Complaint.

## AS TO PARTIES

6. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "6" of the Complaint.

7. Defendant admits that Palisades is a foreign limited liability company organized and existing under the laws of the State of New Jersey. Defendant denies each and every other allegation contained in paragraph "7" of the Complaint.

8. Defendant admits only that Palisades is a purchaser of debts. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the Complaint.

9. Defendant admits only that it is a foreign corporation organized and existing under the laws of the State of Delaware. Defendant denies that it is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant denies each and every allegation contained in paragraph "10" of the Complaint.

11. Admit.

12. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of the Complaint.

152157.00601/121966863v.2

14. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of the Complaint. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

12(*).[1] Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12(1)" of the Complaint.

## AS TO FACTUAL ALLEGATIONS

13(*). Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13(1)" of the Complaint.

14(*). Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14(1)" of the Complaint.

15. Admit.

16. Admit.

17. Admit.

18. Defendant denies each and every allegation contained in paragraph "18" of the Complaint. Defendant further avers that Plaintiff attempted to challenge this in the Buffalo City Court action and was unsuccessful.

19. Defendant denies each and every allegation contained in paragraph "19" of the Complaint. Defendant further avers that Plaintiff attempted to challenge this in the Buffalo City Court action and was unsuccessful.

20. Admit.

21. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of the Complaint.

---

[1] The paragraphs which contain this reference (*) were listed twice in the complaint.

152157.00601/121966863v.2

22. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the Complaint.

23. Defendant avers that the CPLR provision speaks for itself and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of the Complaint.

24. Defendant avers that the non-binding cases cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of the Complaint.

25. Defendant avers that the non-binding case and CPLR provision cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of the Complaint.

26. Defendant avers that the statutes cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of the Complaint.

152157.00601/121966863v.2

29. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "33" of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of the Complaint.

38. Defendant denies each and every allegation contained in paragraph "38" of the Complaint. Furthermore, paragraph "38" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

39. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39" of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "40" of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "41" of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42" of the Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43" of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44" of the Complaint.

45. Defendant denies each and every allegation contained in paragraph "45" of the Complaint.

46. The allegations in paragraph 46 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document.

47. The allegations in paragraph 47 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

152157.00601/121966863v.2

48. The allegations in paragraph 48 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

49. The allegations in paragraph 49 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

50. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of the Complaint.

51. Defendant denies each and every allegation contained in paragraph "51" of the Complaint.

52. Defendant denies each and every allegation contained in paragraph "52" of the Complaint.

53. The allegations in paragraph 53 of the Complaint state a legal conclusion to which no response is required. In further answering the allegations contained in paragraph 53 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

54. Defendant denies each and every allegation contained in paragraph "54" of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of the Complaint.

152157.00601/121966863v.2

56. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of the Complaint.

58. The allegations in paragraph 58 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

59. Defendant denies each and every allegation contained in paragraph "59" of the Complaint.

60. The allegations in paragraph 60 of the Complaint state a legal conclusion to which no response is required. In further answering the allegations contained in paragraph 60 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

61. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "61" of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "63" of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "64" of the Complaint.

152157.00601/121966863v.2

65. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" of the Complaint.

66. The allegations in paragraph 66 of the Complaint reference documents [Plaintiff's Exhibits D, E], which speaks for themselves. Defendant denies any factual allegations to the extent inconsistent with the facts supporting the referenced documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

67. The allegations in paragraph 67 of the Complaint reference a document [Plaintiff's Exhibit F], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

68. The allegations in paragraph 68 of the Complaint reference a document [Plaintiff's Exhibit D], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the facts supporting the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

69. The allegations in paragraph 69 of the Complaint reference a document [Plaintiff's Exhibit F], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

70. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "70" of the Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "71" of the Complaint.

152157.00601/121966863v.2

72. The allegations in paragraph 72 of the Complaint reference a document [Plaintiff's Exhibit G], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

73. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" of the Complaint.

74. The allegations in paragraph 74 of the Complaint reference a website, which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced website. In further answering the allegations contained in paragraph 74 of the Complaint, since the website is selectively quoted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

75. Defendant denies each and every allegation contained in paragraph "75" of the Complaint. Furthermore, paragraph "75" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "75" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

76. Defendant denies each and every allegation contained in paragraph "76" of the Complaint. Furthermore, paragraph "76" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "76" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state

its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

77. Defendant denies each and every allegation contained in paragraph "77" of the Complaint.

78. Defendant denies each and every allegation contained in paragraph "78" of the Complaint.

## AS TO COUNT ONE

79. In response to paragraph "79" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "78" by reference.

80. Defendant avers that this paragraph containing a putative class definition does not contain a single allegation against Defendant Asta Funding, and that no response is necessary. To the extent that a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "80" of the Complaint.

81. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" of the Complaint.

82. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of the Complaint.

152157.00601/121966863v.2

83. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "83" of the Complaint.

84. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of the Complaint.

85. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of the Complaint.

86. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86" of the Complaint.

87. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "87" of the Complaint.

88. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "88" of the Complaint.

89. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "89" of the Complaint.

90. Defendant denies each and every allegation contained in paragraph "90" of the Complaint. Furthermore, paragraph "90" contravenes Fed. R. Civ. P. 9(b)'s protection of

reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "90" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

91. Defendant denies each and every allegation contained in paragraph "91" of the Complaint.

92. Defendant denies each and every allegation contained in paragraph "92" of the Complaint.

93. Defendant denies each and every allegation contained in paragraph "93" of the Complaint.

94. Defendant denies each and every allegation contained in paragraph "94" of the Complaint.

95. Defendant denies each and every allegation contained in paragraph "95" of the Complaint. Furthermore, Plaintiff does not distinguish between which factual allegation corresponds to which statutory violation, thereby preventing Defendant from having a fair understanding of what Plaintiff is specifically alleging. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

96. Defendant denies each and every allegation contained in paragraph "96" of the Complaint. Furthermore, Plaintiff's legal allegations are not tied to any of the preceding facts and contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

97. Defendant denies each and every allegation contained in paragraph "97" of the Complaint.

98. Defendant denies each and every allegation contained in paragraph "98" of the Complaint. Furthermore, Plaintiff's legal allegations against Defendant Asta Funding are not tied to any of the preceding facts and Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

## **AS TO COUNT TWO**

99. In response to paragraph "99" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "98" by reference.

100. Defendant avers that this paragraph containing a putative class definition does not contain a single allegation against Defendant Asta Funding, and that no response is necessary. To the extent that a response is necessary, denies each and every allegation contained in paragraph "100" of the Complaint.

101. Defendant denies each and every allegation contained in paragraph "101" of the Complaint.

102. Defendant denies each and every allegation contained in paragraph "102" of the Complaint. Furthermore, paragraph "102" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "102" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

152157.00601/121966863v.2

103. Defendant denies each and every allegation contained in paragraph "103" of the Complaint. Furthermore, paragraph "103" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

104. Defendant denies each and every allegation contained in paragraph "104" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

105. Defendant denies each and every allegation contained in paragraph "105" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

106. Defendant denies each and every allegation contained in paragraph "106" of the Complaint. Furthermore, paragraph "106" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

107. Defendant denies each and every allegation contained in paragraph "107" of the Complaint. Furthermore, paragraph "107" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

108. Defendant denies each and every allegation contained in paragraph "108" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

109. Defendant denies each and every allegation contained in paragraph "109" of the Complaint. Furthermore, paragraph "109" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

110. Defendant denies each and every allegation contained in paragraph "110" of the Complaint.

152157.00601/121966863v.2

111. Defendant denies each and every allegation contained in paragraph "111" of the Complaint.

112. Defendant denies each and every allegation contained in paragraph "112" of the Complaint.

113. Defendant denies each and every allegation contained in paragraph "113" of the Complaint. Furthermore, Plaintiff does not distinguish between which factual allegation corresponds to which statutory violation, thereby preventing Defendant from having a fair understanding of what Plaintiff is specifically alleging. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

114. Defendant denies each and every allegation contained in paragraph "114" of the Complaint. Furthermore, Plaintiff's legal allegations are not tied to any of the preceding facts and contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

115. Defendant denies each and every allegation contained in paragraph "115" of the Complaint. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

116. Defendant denies each and every allegation contained in paragraph "116" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. Defendant is informed and believes, and, based thereon alleges, that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

152157.00601/121966863v.2

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

118. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve, authorize, or ratify, any of the alleged misconduct of any other Defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

119. Plaintiff is barred from any recovery or relief against Defendant because Plaintiff's complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

120. Plaintiff is barred from any recovery or relief against Defendant because of dispositive judicial determinations against Plaintiff in the state court action, and the applicable legal doctrines of collateral estoppel, abstention, and res judicata.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

121. Plaintiff is barred from any recovery or relief against Defendant because Plaintiff does not allege sufficient facts to support the legal standard for piercing Defendant Palisades' corporate veil. Likewise, Plaintiff does not allege facts to support the allegations that Defendant is vicariously liable for the alleged conduct of other parties.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

122. Plaintiff is barred from any recovery or relief against Defendant because Defendant is not a debt collector subject to the FDCPA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

123. Plaintiff is barred from any recovery or relief against Defendant because the allegations and claims asserted by Plaintiff have always been and continue to be objectively frivolous, groundless and without merit as against Defendant.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

124. Plaintiff is barred from any recovery or relief against Defendant by the doctrine of unclean hands. While premised on grounds of consumer protection, Plaintiff's allegations against Defendant are strictly an attempt at unwarranted pecuniary gain.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

125. The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may develop during the course of discovery and Defendant reserves its right to amend and/or supplement its Answer to assert such additional defenses as they become available.

**WHEREFORE**, Defendant requests that the Court enter an order (1) dismissing the complaint with prejudice; (2) awarding Defendant its costs and expenses incurred herein; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 30, 2019

**BLANK ROME LLP**

By: *s/ Hilary F. Korman*
Hilary F. Korman
Scott E. Wortman
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5118
E-mail: hkorman@blankrome.com

152157.00601/121966863v.2

*Attorneys for Defendant Asta Funding, Inc.*

To: All parties of record by ECF