BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
Hilary F. Korman, Esq.
Scott E. Wortman, Esq.

*Counsel for Palisades Acquisition XVI, LLC*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MCCROBIE,<br><br>      Plaintiff,<br> -against-<br><br>PALISADES ACQUISITION XVI, LLC, ASTA FUNDING, INC., HOUSLANGER & ASSOCIATES, PLLC AND TODD HOUSLANGER<br><br>      Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 15-cv-00018-LJV-MJR |

Defendant, Palisades Acquisition XVI, LLC (hereinafter, "Defendant" or "Palisades"), by and through its attorneys, Blank Rome LLP, responds to Plaintiff's Second Amended Complaint [DE 114] (hereinafter the "Complaint") as follows:

## AS TO INTRODUCTION

1. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "1" of the Complaint.

2. Defendant admits that a judgment was initially obtained by Centurion Capital Corporation against Plaintiff. Defendant denies each and every other allegation contained in paragraph "2" of the Complaint.

## AS TO JURISDICTION AND VENUE

3. Admit.

4. Defendant denies each and every allegation contained in paragraph "4" of the Complaint.

5. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "5" of the Complaint.

**AS TO PARTIES**

6. Defendant lacks knowledge or information as to each and every allegation contained in paragraph "6" of the Complaint.

7. Defendant admits that it is a foreign limited liability company organized and existing under the laws of the State of New Jersey. Defendant denies each and every other allegation contained in paragraph "7" of the Complaint.

8. Defendant admits only that it is a purchaser of debts. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the Complaint.

9. Defendant admits only that Asta is a foreign corporation organized and existing under the laws of the State of Delaware. Defendant denies that Asta is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant denies each and every allegation contained in paragraph "10" of the Complaint.

11. Defendant admits that Palisades is a subsidiary of Defendant Asta, but denies that it is directly owned by Defendant Asta.

12. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the Complaint.

152157.00601/121965021v.2

13. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of the Complaint. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

12(*).[1] Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12(1)" of the Complaint.

## AS TO FACTUAL ALLEGATIONS

13(1). Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13(1)" of the Complaint.

14(1). Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14(1)" of the Complaint.

15. Admit.

16. Admit.

17. Admit.

18. Defendant denies each and every allegation contained in paragraph "18" of the Complaint. Defendant further avers that Plaintiff attempted to challenge this in the Buffalo City Court action and was unsuccessful.

19. Defendant denies each and every allegation contained in paragraph "19" of the Complaint. Defendant further avers that Plaintiff attempted to challenge this in the Buffalo City Court action and was unsuccessful.

20. Admit.

---

[1] The paragraphs which contain this reference (*) were listed twice in the complaint.

152157.00601/121965021v.2

21. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of the Complaint.

22. Defendant admits that Palisades, as the lawful current judgment creditor in interest, retained Houslanger & Associates, PLLC for the purpose of enforcing the judgment that prior judgment creditor Centurion Capital Corporation had previously obtained against Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the Complaint.

23. Defendant avers that the CPLR provision speaks for itself and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of the Complaint, especially whether it is applicable in this case.

24. Defendant avers that non-binding cases cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of the Complaint.

25. Defendant avers that non-binding case and CPLR provision cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of the Complaint.

26. Defendant avers that the statutes cited speak for themselves and that no response is necessary. To the extent that it is determined that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "33" of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of the Complaint.

152157.00601/121965021v.2

38. Defendant denies each and every allegation contained in paragraph "38" of the Complaint. Furthermore, paragraph "38" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

39. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39" of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "40" of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "41" of the Complaint.

42. Upon information and belief, admit.

43. Upon information and belief, admit that the attorney signed the Income Execution. Admit that Palisades is the current judgment creditor and that Centurion Capital Corporation is a predecessor in interest.

44. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44" of the Complaint.

45. Defendant denies each and every allegation contained in paragraph "45" of the Complaint.

46. The allegations in paragraph 46 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document.

47. The allegations in paragraph 47 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

48. The allegations in paragraph 48 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

49. The allegations in paragraph 49 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

50. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of the Complaint.

51. Defendant denies each and every allegation contained in paragraph "51" of the Complaint.

52. Defendant denies each and every allegation contained in paragraph "52" of the Complaint.

53. The allegations in paragraph 53 of the Complaint state a legal conclusion to which no response is required. In further answering the allegations contained in paragraph 53 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

152157.00601/121965021v.2

54. Defendant denies each and every allegation contained in paragraph "54" of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of the Complaint.

58. The allegations in paragraph 58 of the Complaint reference a document [Plaintiff's Exhibit A], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

59. Defendant denies each and every allegation contained in paragraph "59" of the Complaint.

60. The allegations in paragraph 60 of the Complaint state a legal conclusion to which no response is required. In further answering the allegations contained in paragraph 60 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

61. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "61" of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "63" of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "64" of the Complaint.

65. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" of the Complaint.

66. The allegations in paragraph 66 of the Complaint reference documents [Plaintiff's Exhibits D, E], which speaks for themselves. Defendant denies any factual allegations to the extent inconsistent with the facts supporting the referenced documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

67. The allegations in paragraph 67 of the Complaint reference a document [Plaintiff's Exhibit F], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

68. The allegations in paragraph 68 of the Complaint reference a document [Plaintiff's Exhibit D], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the facts supporting the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

69. The allegations in paragraph 69 of the Complaint reference a document [Plaintiff's Exhibit F], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

70. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "70" of the Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "71" of the Complaint.

72. The allegations in paragraph 72 of the Complaint reference a document [Plaintiff's Exhibit G], which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation.

73. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" of the Complaint.

74. The allegations in paragraph 74 of the Complaint reference a website, which speaks for itself. Defendant denies any factual allegations to the extent inconsistent with the referenced website. In further answering the allegations contained in paragraph 74 of the Complaint, since the website is selectively quoted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

75. Defendant denies each and every allegation contained in paragraph "75" of the Complaint. Furthermore, paragraph "75" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "75" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

152157.00601/121965021v.2

76. Defendant denies each and every allegation contained in paragraph "76" of the Complaint. Furthermore, paragraph "76" contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "76" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

77. Defendant denies each and every allegation contained in paragraph "77" of the Complaint.

78. Defendant denies each and every allegation contained in paragraph "78" of the Complaint.

## AS TO COUNT ONE

79. In response to paragraph "79" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "78" by reference.

80. Defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "80" of the Complaint.

81. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" of the Complaint.

82. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of the Complaint.

83. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "83" of the Complaint.

84. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of the Complaint.

85. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of the Complaint.

86. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86" of the Complaint.

87. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "87" of the Complaint.

88. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "88" of the Complaint.

89. Defendant avers that the FDCPA speaks for itself and that no response is necessary. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "89" of the Complaint.

90. Defendant denies each and every allegation contained in paragraph "90" of the Complaint. Furthermore, paragraph "90" contravenes Fed. R. Civ. P. 9(b)'s protection of

reputation of individual defendants from the stain of allegations leveled against other parties. In addition, paragraph "90" disregards Fed. R. Civ. P. 10(b), which provides that "[a] party must state its claims and defenses in number paragraphs, each limited as far as practicable to a single set of circumstances." In addition, this paragraph does not provide Defendant fair notice of what the claim is and the ground upon which it rests and should be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).

91. Defendant denies each and every allegation contained in paragraph "91" of the Complaint.

92. Defendant denies each and every allegation contained in paragraph "92" of the Complaint.

93. Defendant denies each and every allegation contained in paragraph "93" of the Complaint.

94. Defendant denies each and every allegation contained in paragraph "94" of the Complaint.

95. Defendant denies each and every allegation contained in paragraph "95" of the Complaint. Furthermore, Plaintiff does not distinguish between which factual allegation corresponds to which statutory violation, thereby preventing Defendant from having a fair understanding of what Plaintiff is specifically alleging. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

96. Defendant denies each and every allegation contained in paragraph "96" of the Complaint. Furthermore, Plaintiff's legal allegations are not tied to any of the preceding facts and contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

152157.00601/121965021v.2

97. Defendant denies each and every allegation contained in paragraph "97" of the Complaint.

98. Defendant denies each and every allegation contained in paragraph "98" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

## AS TO COUNT TWO

99. In response to paragraph "99" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "98" by reference.

100. Defendant denies each and every allegation contained in paragraph "100" of the Complaint.

101. Defendant denies each and every allegation contained in paragraph "101" of the Complaint.

102. Defendant denies each and every allegation contained in paragraph "101" of the Complaint.

103. Defendant denies each and every allegation contained in paragraph "103" of the Complaint.

104. Defendant denies each and every allegation contained in paragraph "104" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

105. Defendant denies each and every allegation contained in paragraph "105" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

106. Defendant denies each and every allegation contained in paragraph "106" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

107. Defendant denies each and every allegation contained in paragraph "107" of the Complaint.

108. Defendant denies each and every allegation contained in paragraph "108" of the Complaint.

109. Defendant denies each and every allegation contained in paragraph "109" of the Complaint.

110. Defendant denies each and every allegation contained in paragraph "110" of the Complaint.

111. Defendant denies each and every allegation contained in paragraph "111" of the Complaint.

112. Defendant denies each and every allegation contained in paragraph "112" of the Complaint.

113. Defendant denies each and every allegation contained in paragraph "113" of the Complaint. Furthermore, Plaintiff does not distinguish between which factual allegation corresponds to which statutory violation, thereby preventing Defendant from having a fair understanding of what Plaintiff is specifically alleging. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

114. Defendant denies each and every allegation contained in paragraph "114" of the Complaint. Furthermore, Plaintiff's legal allegations are not tied to any of the preceding facts and

contravenes Fed. R. Civ. P. 9(b)'s protection of reputation of individual defendants from the stain of allegations leveled against other parties.

115. Defendant denies each and every allegation contained in paragraph "115" of the Complaint. In addition, this paragraph should be stricken for failing to comply with Fed R. Civ. P. 8(a)(2).

116. Defendant denies each and every allegation contained in paragraph "116" of the Complaint. Furthermore, Plaintiff's blanket invocation of "defendants" does not identify any specific act or actors.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve, authorize, or ratify, any of the alleged misconduct of any other Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

118. Plaintiff is barred from any recovery or relief against Defendant because Plaintiff's complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

119. Plaintiff is barred from any recovery or relief against Defendant because of dispositive judicial determinations against Plaintiff in the corresponding state court action, and the applicable legal doctrines of collateral estoppel, abstention, and res judicata.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

120. Plaintiff is barred from any recovery or relief against Defendant because the allegations and claims asserted by Plaintiff have always been and continue to be objectively frivolous, groundless and without merit as against Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

121. The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may develop during the course of discovery and Defendant reserves its right to amend and/or supplement its Answer to assert such additional defenses as they become available.

**WHEREFORE**, Defendant requests that the Court enter an order (1) dismissing the complaint with prejudice; (2) awarding Defendant its costs and expenses incurred herein; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 30, 2019

        **BLANK ROME LLP**

By: *s/ Hilary F. Korman*
Hilary F. Korman
Scott E. Wortman
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5118
E-mail: hkorman@blankrome.com

*Attorneys for Defendant Palisades Acquisition XVI, LLC*

To: All parties of record by ECF