UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



| | |
|---|---|
| CHRISTOPHER MCCROBIE, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 15-cv-0018-LJV-MJR<br>)<br>) |
| v. | )<br>) |
| PALISADES ACQUISITION XVI, LLC, ASTA FUNDING, INC., HOUSLANGER & ASSOCIATES, PLLC, and TODD HOUSLANGER, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## AMENDED STIPULATED PROTECTIVE ORDER

It is hereby stipulated by and between counsel for the parties hereto (the "Parties"), and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that in connection with the discovery in, any hearing in, and the trial of, this action, the following provisions shall govern the disclosure of trade secrets and certain other confidential and/or proprietary information eligible for confidential treatment and treatment "under seal" pursuant to the Federal Rules of Civil Procedure and other applicable law;

1. For the purposes of this Stipulated Protective Order, "Document" is defined as all written, printed, typed, recorded or graphic material however produced, including, without limitation, correspondence, memoranda, books, records, forms, diaries, notes, statements, e-mails and all computer-generated materials, and any other pertinent information stored in any information storage or retrieval system;

2. A Party to this action shall have the right to designate Documents that it produces in this case "Confidential" if the producing Party reasonably and in good faith believes that such Documents contain trade secrets, confidential and/or proprietary business information, or other

highly confidential, non-public, personal or proprietary business information eligible for confidential treatment and treatment "under seal" pursuant to the Federal Rules of Civil Procedure and other applicable law;

3. The Party producing may designate Documents as confidential by placing the following legend or similar legend on the document or thing: "Confidential." In the event that original Documents are produced for inspection, the producing Party may designate such as Confidential and the appropriate legend shall be placed on the Documents in the copying process. In the event either Party produces Documents to the other prior to the execution of this Order, that Party may designate such Documents "Confidential" in accordance with the procedures of paragraph 4;

4. If a producing Party inadvertently produces Confidential Documents without marking them with the appropriate legend, it may give written notice that the Documents are Confidential and they shall thereafter be treated as such, subject to the provisions of paragraph 12;

5. A Party may designate deposition testimony or other testimony as Confidential by indicating on the record what testimony is Confidential at the time it is given or by sending written notice of the testimony deemed Confidential within five (5) days of the date the Party receives the final transcript. All deposition or other testimony shall be deemed Confidential, and shall not be shared with anyone other than "Qualified Persons" identified in paragraph 7 hereto who, as applicable, have executed the form of agreement annexed hereto as Exhibit A, until the time within which it may be designated as Confidential has passed;

6. All Confidential Documents and the confidential information contained therein ("Confidential Information") can be used only for the purposes of prosecuting, defending or

settling this action, or for disclosures that are required to be made by law or in the course of legal process, but shall not be used for any other purpose. This Stipulated Protective Order, however, in no way operates to restrict the disclosure or use of any information that is public record, or that is known or becomes known through means or sources outside of this litigation; Confidential Documents and Confidential Information shall be made available only to "Qualified Persons" as defined in this Order who, as applicable, have executed the form of agreement attached hereto as Exhibit A. No other person shall have access to Confidential Information without the approval of the producing Party or the Court, nor shall any other person be informed of Confidential Information by any person having access to Confidential Information;

7. For the purposes of this Stipulated Protective Order, "Qualified Persons" means: (a) the Parties and their officers, directors, managing agents, or other corporate representatives, or other employees or former employees, who are engaged in the preparation of this action for hearing and/or trial; (b) the Court and its officers; (c) counsel of record and all counsel who are engaged in the preparation of this action for hearing and/or trial, and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or all counsel in the preparation of this action for hearing and/or trial; and (d) independent expert witnesses retained by the Parties in connection with this action, all of whom shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by its provisions. The original of each agreement shall be retained by counsel of record for the party making the disclosure to such individual in accordance with this protective order;

8. Any third party producing Documents or other information may avail themselves of this Order if they agree in writing to be bound by its terms;

9. For the purposes of this Stipulated Protective Order, "Designating Party" refers to the Party or third party that has designated any Documents in question as "Confidential" in keeping with the terms of this Stipulated Protective Order;

10. A Party may file with the Court papers containing Confidential Documents or Confidential Information, provided that the Party planning to use the information makes a motion to file papers under Seal. Papers filed under seal in accordance with the local rules of Civil Procedure of the Western District of New York.

11. Prior to any hearing and/or trial of this action, counsel for all Parties shall determine whether they want to use Confidential Documents and Confidential Information at any such hearing or trial and, if so, shall seek to reach agreement on the handling of Confidential Documents and Confidential Information at the hearing or trial so as to provide the maximum protection possible against public disclosure without in any way infringing upon the rights of the Parties to present all evidence they deem necessary at such hearing or trial. Counsel shall submit the agreement, or proposals if no agreement can be reached, to the Court for its consideration, with the request that the Court enter further orders as necessary to implement the protection of Confidential Documents and Confidential Information at the hearing and/or trial as agreed or as the Court may direct based upon the proposals of counsel;

12. In the event that a Party receiving Documents marked "Confidential" (the "Receiving Party") objects to the designation in writing, the Parties will use their best efforts to resolve the objections between themselves. If the Parties cannot resolve the objections, the materials shall become non-confidential unless within five (5) days of the objection the producing Party moves the Court to declare the propriety of the designation. The producing Party carries the burden of demonstrating that the challenged "Confidential" designations are appropriate;

13. Not later than thirty days after the final disposition of this action, including any appeals, all Confidential Documents shall be returned to counsel for the producing Party or destroyed, at the producing Party's discretion. If destroyed, the Party undertaking destruction will provide a list of the destroyed Confidential Documents and will certify to the manner, time and place of their destruction. If any Confidential Documents are furnished under this Stipulated Protective Order to any expert or to any other person, the attorney for the Party retaining such expert or furnishing the Confidential Documents shall be responsible to ensure that they are returned;

14. The terms of this Stipulated Protective Order shall survive any final disposition of this action;

15. If any Party finds that any of the terms of this Stipulated Protective Order impedes its ability to prepare or present its case, or is otherwise objectionable, that Party may seek appropriate modification of the Order from the Court;

16. This Stipulated Protective Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence;

**IT IS SO ORDERED.**

Dated this 9th day of March, 2020

_____
Judge

The undersigned counsel hereby stipulate to the foregoing Order being entered by the Court.

/s/ William L. Purtell
Scott E. Wortman, Esq.
William L. Purtell, Esq.
Blank Rome LLP
1271 Avenue of the Americas
New York, NY 10020
Phone: 212.885.5359
Email: swortman@blankrome.com
*Attorney for Palisades Acquisition XVI and Asta Funding, Inc.*

/s/ Jonathan R. Miller, by William L. Purtell per written authorization 3/03/20
Jonathan R. Miller, Esq.
Law Office of Jonathan Miller, LLC
449 N. Euclid Street, Ste. 140
St. Louis, MO 63108
(314) 814-4030
Email: jonathan@stlconsumerlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MCCROBIE, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> PALISADES ACQUISITION XVI, LLC, ASTA FUNDING, INC., HOUSLANGER & ASSOCIATES, PLLC, and TODD HOUSLANGER, <br><br> Defendants. | No. 15-cv-0018-LJV-MJR |

## EXHIBIT A

I, _____, have read the foregoing Protective Order dated _____, 2020 (the "Protective Order") in the above-captioned action and agree to be bound by its terms with respect to any documents, material, or information designated as "Confidential" and/or "Highly Confidential" (collectively, "Restricted Material") furnished to be as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or information designated as Restricted Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the Western District of New York, with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or information designated as Restricted Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or information designated as Restricted Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Restricted Material, to the attorney(s) that furnished me with any such documents, materials, or information (a) at the conclusion of the Action (as defined in the Protective Order); (b) at the conclusion of my engagement in connection with the Action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

_____    _____
Signature                                                    Date