UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MCCROBIE,

                Plaintiff,

        v.                                      15-cv-00018-LJV-MJR

PALISADES ACQUISITION XVI, LLC;
HOUSLANGER & ASSOCIATES, PLLC;
TODD HOUSLANGER,

                Defendants.
_____

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A THREE-MONTH EXTENSION OF ALL PRE-TRIAL DEADLINES

    Plaintiff submits this memorandum of law in support of his Motion for an Extension of Time under Federal Rule of Civil procedure 16(b)(4). The new proposed deadlines are attached to the accompanying Declaration of Brian L. Bromberg, dated June 23, 2020, as Exhibit A. As discussed below, good cause exists for a three-month extension of all pre-trial deadlines contained in Your Honor's Case Management Order, dated November 19, 2019.

### PLAINTIFF HAS SHOWN GOOD CAUSE FOR EXTENDING PRE-TRIAL DEADLINES.

    Under the Case Management Order and Federal Rule of Civil procedure 16(b)(4), an extension of time will only be granted upon a showing of "good cause." In determining whether "good cause" exists, "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In addition to diligence, courts consider other relevant factors, including any prejudice to the non-moving party. *Id.*

1

There is good cause for Plaintiff's request. The pre-trial deadlines were initially set in November of 2019, before the current pandemic hit the United States and New York in particular. As a result of the pandemic, counsel for Plaintiff are running their offices remotely which has caused significant disruption and delays. More importantly, some of plaintiff's counsel have had to deal with health issues. If the Court requires further detail on these private health issues, Plaintiff is prepared to elaborate in an *ex parte* sealed filing.

Moreover, Plaintiff has diligently engaged in discovery. Plaintiff has propounded discovery requests and reviewed Defendants' initial production. *See Smalls v. Bright*, No. 09-CV-6545CJS, 2011 WL 5419685, at *5 (W.D.N.Y. Nov. 9, 2011) (holding plaintiff "diligently pursued" discovery by, *inter alia*, serving document requests and propounding interrogatories). Nevertheless, the current deadline does not provide sufficient time to complete all required discovery. Additional time will also allow Plaintiff to resolve with Defendants his concerns about their document production so far without needing to file a premature motion to compel.

Finally, an extension of all pre-trial deadlines will not prejudice defendants. *See NL Indus., Inc. v. ACF Indus. LLC*, No. 10CV89A, 2011 WL 4971716, at *2-3 (W.D.N.Y. Oct. 19, 2011) (finding no prejudice to defendant arising from extension of discovery deadlines).

Dated: June 23, 2020

/s/ Brian L. Bromberg
Brian L. Bromberg
*One of Plaintiffs' Attorneys*

Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, New York 10004
(212) 248-7906
brian@bromberglawoffice.com