UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| CHRISTOPHER MCCROBIE, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| PALISADES ACQUISITION XVI, LLC, ASTA FUNDING, INC., HOUSLANGER & ASSOCIATES, PLLC, and TODD HOUSLANGER, | ) ) ) ) ) |
| Defendants. | ) ) |

**No. 15-cv-0018-LJV-MJR**

_____

## DEFENDANTS PALISADES ACQUISITION XVI, LLC AND ASTA FUNDING, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND PRE-TRIAL DEADLINES

Respectfully submitted by BLANK ROME LLP

Scott E. Wortman
Chenxi Jiao
1271 Avenue of the Americas
New York, NY 10020

William L. Purtell
1700 PNC Center
201 E Fifth Street
Cincinnati, OH 45202

*Attorneys for Defendants Palisades Acquisition XVI, LLC and Asta Funding, Inc.*

Defendants Palisades Acquisition XVI, LLC ("Palisades") and Asta Funding, Inc. ("Asta" and with Palisades, collectively, "Defendants") submit this memorandum of law in opposition to Christopher McCrobie's ("Plaintiff") motion to extend pre-trial deadlines set forth in the Court's Second Amended Case Management Order (Dkt. No. 139) by 60-days (the "Third Motion to Extend").

### RELEVANT PROCEDURAL HISTORY

This action was commenced almost six years ago on January 6, 2015.  (Dkt. No. 1.)  After two amendments of the complaint, on November 19, 2019, the Court issued a case management order (the "Case Management Order").  (Dkt. No. 129.)  The Case Management Order set an August 7, 2020 deadline to complete fact discovery.  (*Id.*)

On Friday, June 19, 2020, Plaintiff sent Defendants an email stating:

> "We are planning on requesting a three-month extension from the Court on all deadlines. We are making this request because of problems and disruptions arising from running our offices during the pandemic and the recent unrest. We are also making this request because of health-issues related to the virus and the lockdown. Please advise whether you consent."

(Wortman Decl. ¶ 3.)[1]

On June 23, 2020, without Defendants' consent or input,[2] Plaintiff unilaterally filed a motion for a three-month extension of all pre-trial deadlines (the "First Motion to Extend").  (*Id.* ¶ 4; Dkt. No. 134.)  In addition to the reasons offered by Plaintiff in the June 19th email to Defendants, the First Motion to Extend groundlessly argued that (1) Plaintiff was diligently

---

[1]  "Wortman Decl." refers to the Declaration of Scott E. Wortman, dated November 3, 2020 and submitted in support of Defendants' opposition to the Third Motion to Extend.

[2]  In support of unilaterally filing his First Motion to Extend, Plaintiff declared that "Plaintiff requested Defendants' consent on [Friday] June 19, 2020 but has yet to receive a response [on June 23, 2020]." (Dkt. No. 134-2).

engaged in discovery; (2) additional time would allow Plaintiff to resolve his concerns without our document production without needing to file a premature motion to compel; and (3) the current deadline did not provide sufficient time to complete all required discovery.  (Dkt. No. 134.)  Later that same day, the Court granted the First Motion to Extend [Dkt. No. 135] and subsequently issued an amended case management order (the "Amended Case Management Order").  (Dkt. No. 136).  The Amended Case Management Order set an October 7, 2020 deadline to complete fact discovery. (*Id.*)

On August 24, 2020, the parties filed a joint motion to extend the pre-trial deadlines (the "Second Motion to Extend").  (Wortman Decl. ¶ 5; Dkt. No. 137-1.)  Principally, the Second Motion to Extend focused on (1) the motion to compel deadline of September 7, 2020, (2) Plaintiff's need for additional time to schedule depositions of the Defendants and third parties and (3) conflicts between counsels' observance of Jewish holidays and the Amended Case Management Order. (*Id.*)  The Court granted the Second Motion to Extend and issued a second amended case management order (the "Second Amended Case Management Order").  (Dkt. No. 139.)  The Second Amended Case Management Order set a December 7, 2020 deadline to complete fact discovery and a November 6, 2020 deadline to file motions to compel.  (*Id.*)

Plaintiff filed the Third Motion to Extend on October 30, 2020.  (Dkt. No. 141.)

## ARGUMENT

The Third Motion to Extend should be denied.  As this Court has made clear in each of its case management orders, the pre-trial deadlines will not be extended unless there has been a finding of good cause, which "depends on the diligence of the moving party."  (Dkt. Nos. 129, 136, and 139) (citing *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)).  In his Third Motion to Extend, Plaintiff has not shown (1) that there is good cause to extend the

discovery deadlines (which have already been extended twice before); or (2) that Plaintiff has acted with diligence in completing discovery.

It is true that the parties have responded to discovery, including supplemental requests, and taken Plaintiff's deposition. However, it is disingenuous for Plaintiff to claim that he has diligently pursued discussing the sufficiency of Defendants' supplemental production or scheduling Defendants' depositions. Likewise, Plaintiff has specifically named third-party witnesses dating back to his Rule 26(a)(1) disclosures dated November 18, 2015.[3]

As acknowledged by Plaintiff, Defendants responded to Plaintiff's supplemental discovery demands on September 18, 2020. (Wortman Decl. ¶ 6.) Yet, this motion is the first instance in which Plaintiff, albeit opaquely, refers to supposed deficiencies in Defendants' responses. Insofar as Plaintiff now claims there are deficiencies, Defendants have no notice of these deficiencies. And similar to Plaintiff's First Motion to Extend, Plaintiff raises the prospect of a motion to compel without offering insight into what Plaintiff plans on compelling and when Plaintiff plans on doing so. (Dkt. No. 141.) As for third-parties, Plaintiff's Third Motion to Extend neither identifies these witnesses nor explains why Plaintiff has not issued or served a single subpoena for such information or testimony.[4] (Wortman Decl. ¶ 6.) Accordingly, Plaintiff's claim that this Court

---

[3]    Plaintiff's Rule 26(a)(1) disclosures specifically names "Jeffrey M. Parrella" and "certain agents of Defendant(s) and certain agents of the original creditor…" However, Plaintiff does not specify the name(s) of the third-party witness or witnesses in the instant motion. (Dkt. No. 141-1 at 2.)

[4] In any event, Plaintiff would be unlikely to show how the prospective witness's testimony would be relevant and non-duplicative, such that the Court should extend the discovery deadlines. *See Wega v. Ctr. for Disability Rights Inc.,* 395 F. App'x 782, 786 (2d Cir. 2010) ("Because Appellant did not submit evidence to show that the prospective witness's testimony would be relevant and non-duplicative, and neglected to exercise due diligence in locating the witness prior to the discovery deadline, he failed to establish "good cause" for an extension under Rule 16(b)").

3

should extend discovery because he needs information or testimony from mystery third-party witnesses is speculative and demonstrates a lack of due diligence.

It has now been over a year since the parties' Rule 26(f) conference in October 2019, yet Plaintiff has not filed a single discovery motion in this matter, nor has Plaintiff taken a single deposition. (Wortman Decl. ¶ 11.)  In essence, Plaintiff's vague use of the term "diligence" remains indiscernible and is not corroborated by the facts.

Similarly, Plaintiff's claim that he needs additional time to conduct Defendants' depositions because he "anticipates that some of the deponents may not be available on the dates noticed because of the Thanksgiving holiday period," further demonstrates Plaintiff's lack of due diligence in completing discovery.  (Dkt. No. 141-1 at 3.)  First, Plaintiff, on his own initiative, chose these deposition dates without consulting with Defendants.  (Wortman Decl. ¶ 7.)  Second, Plaintiff does not offer justification for his "anticipation" that Defendant may not be available on the noticed dates. (*Id*.) Third, Plaintiff first served notice of Defendants' depositions on *October 29, 2020,* a full week after Plaintiff notified Defendants of his intent to seek yet another 60-day extension, and exactly one day prior to filing the Third Motion to Extend (*Id.* ¶¶ 7-8.)

With respect to Plaintiff's argument that one of his counsel is in the process of moving offices and residence as a result of the ongoing pandemic, Defendants note that Plaintiff is represented by six attorneys, each of which is capable of reviewing Defendants' document production and taking the necessary depositions.  Furthermore, although Defendants recognize that the pandemic and accordant health issues may cause delays, Defendants reiterate that Plaintiff is represented by six attorneys, four of which are designated as "lead" attorneys, and that each of these attorneys should have acted diligently in moving this matter through discovery. By way of example, data pulled from PACER shows that lead attorney Kenneth R. Hiller has filed more than

4

1,000 cases in this Court since November 19, 2019 (the Case Management Order), with increased

case filings starting in March 2020 and peaking in August 2020.  (Wortman Decl. ¶ 9.)



Similarly, a Westlaw litigation analytics report shows that lead counsel Seth Andrews has

seen moderates gains in WDNY filings for 2020.  (*Id.* ¶ 10.)





To be sure, this is not meant to question or negate the many profound struggles many of us

have endured during this year. But the data is compelling, further establishing that Plaintiff's

arguments lack merit and that Plaintiff's self-inflicted neglect should not be rewarded.

5

This action has been pending for almost six years, and it has been five years since raising our concerns that Plaintiff's missed deadlines and failure to follow the Court's rules would lead to unnecessary and protracted litigation. (Dkt. No. 31.) Unfortunately, Defendants continue to be prejudiced by Plaintiff's lack of diligence and plagued by Plaintiff's baseless claims that accuse Defendants of a massive scheme to harm consumers by enforcing judgments without proper title.

During this period, Defendants have responded in good faith to Plaintiff's bare-minimum fact-finding inquiries.  Plaintiff, however, has not diligently prosecuted this matter.  Nonetheless, without providing any good cause, Plaintiff now seeks a <u>third</u> discovery extension.  Defendants respectfully submit that Plaintiff's request should be denied.  *See Rupp v. City of Buffalo,* 328 F.R.D. 69, 70 (W.D.N.Y. 2018) (denying motion to extend discovery where party did not act due diligence and noting that where one counsel is indisposed, co-counsel should participate in discovery); *Zaratzian v. Abadir,* No. 10 CV 9049 VB, 2012 WL 9512531, at *6 (S.D.N.Y. May 30, 2012) (court "denied plaintiff's motion to extend the discovery deadline, essentially because plaintiff had a sufficient opportunity to take the two depositions prior to the deadline").

## **CONCLUSION**

For the aforementioned reasons, Defendants respectfully request that the Court deny Plaintiff's Third Motion to Extend.

152157.00601/124015556v.4

Dated: New York, New York
November 3, 2020

Respectfully submitted,

**BLANK ROME LLP**

By: *_/s/ Scott E. Wortman_*
    Scott E. Wortman
    Chenxi Jiao
    1271 Avenue of the Americas
    New York, New York 10020
    swortman@blankrome.com
    cjiao@blankrome.com
    (212) 885-5000 (Phone)
    (212) 885-3078 (Fax)

    William L. Purtell
    1700 PNC Center
    201 E Fifth Street
    Cincinnati, OH 45202
    wpurtell@blankrome.com
    513-362-8750 (Phone)

    *Palisades Acquisition XVI, LLC and
    Asta Funding, Inc.*

152157.00601/124015556v.4