UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER MCCROBIE,                      )
individually, and on behalf of all          )
others similarly situated,                  )
                                            )        **No. 15-cv-0018-LJV-MJR**
                          Plaintiff,        )
            v.                              )
                                            )
PALISADES ACQUISITION XVI,                  )
LLC, ASTA FUNDING, INC.,                    )
HOUSLANGER & ASSOCIATES,                    )
PLLC, and TODD HOUSLANGER,                  )
                                            )
                          Defendants.       )
_____    )

## MEMORANDUM OF LAW OF
## DEFENDANTS PALISADES ACQUISITION XVI, LLC AND ASTA FUNDING, INC. IN
## <u>OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO
## APPOINT CLASS COUNSEL</u>

Respectfully submitted by BLANK ROME LLP

Scott E. Wortman
Chenxi Jiao
1271 Avenue of the Americas
New York, NY 10020

William L. Purtell
1700 PNC Center
201 E Fifth Street
Cincinnati, OH 45202

*Attorneys for Defendants Palisades
Acquisition XVI, LLC and Asta
Funding, Inc.*

**TABLE OF CONTENTS**

**Preliminary Statement**........................................................................................................5

**Legal Standard To Certify A Class Action**......................................................................8

**Argument**............................................................................................................................10

I.  **The Motion Abandons Plaintiff's Central Class Allegations Regarding Palisades' Ownership Of The Underlying Judgment.**...................................10

II.  **Plaintiff's Proposed Class Cannot Be Certified Because It Necessarily Includes Members Lacking Article III Standing, Including The Plaintiff.**...............11

III.  **The Class Members Cannot Satisfy Rule 23(A) Because The Numerous And Acknowledged Differences Among Putative Class Members Preclude Class Certification.**........................................................................................13

    A.  **Commonality**...................................................................................13

    B.  **Typicality**........................................................................................14

IV.  **Plaintiff Is Not An Adequate Class Representative And The Court Should Deny Certification.**.................................................................................16

    B.  **Plaintiff Lacks Knowledge Of This Action And His Role As Class Representative**...............................................................................18

V.  **Individual Considerations Predominate Over Any Class Allegations And A Class Action Is Not The Superior Method To Adjudicate The Controversy.**............20

    A.  **Predominance**..................................................................................20

    B.  **Superiority**......................................................................................21

VI.  **Certification Should Be Denied As To Plaintiff's GBL § 349 Claim Because Plaintiff Does Not Provide Any Evidence Whatsoever Supporting That Claim**........23

**Conclusion**.........................................................................................................................25

1

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) .................................................... 8, 20

*Boykin v. W. Express, Inc.,* No. 12CV7428NSRJCM, 2016 WL 8710481, at *6 (S.D.N.Y. Feb. 5, 2016) ..................................................................................................................................... 17

*Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015).............................................. 13

*Caridad v. Metro–North Commuter Railroad*, 191 F.3d 283, 292 (2d Cir.1999) ......................... 9

*Chase Bank USA, N.A. v. Cardello*, 2010 NY Slip Op 20090, 27 Misc. 3d 791, 794, 896 N.Y.S.2d 856, 858 (Civ. Ct.) ................................................................................................ 13, 13

*Cofimco USA, Inc. v. Mosiewicz,* No. 15-CV-9118 (SAS), 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016)........................................................................................................................... 19

*Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013) ...................................................... 8, 20

*Davis v. Federal Election Comm'n*, 554 U.S. 724, 733, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) ............................................................................................................................................... 12

*Denney v. Deutsche Bank AG,* 443 F.3d 253,263 (2d Cir. 2006) ...................................... 6, 11, 16

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).................................... 14

*Edwards v. Publishers Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 184 (S.D.N.Y. 2010)........ 9

*Fainbrun v. Southwest Credit Systems, L.P.,* 2008 WL 750550 (E.D. N.Y. 2008)...................... 23

*Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 400–01 (W.D.N.Y. 2013) ........... 10, 13

*Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016).............................................. 22

*Gen. Tel. Co. of Sw v. Falcon*, 457 U.S. 147, 157 (1982) ....................................................... 8, 14

*Graff v. United Collection Bureau, Inc.*, 132 F. Supp. 3d 470, 482 (E.D.N.Y. 2016) ................ 23

*Haag v. Hyundai Motor Am.*, 330 F.R.D. 127, 132 (W.D.N.Y. 2019)......................................... 24

*Hively v. Northlake Foods, Inc.,* 191 F.R.D. 661, 669 (M.D. Fla. 2000) .................................... 17

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)............................ 14

*In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007) ................................................ 9

*In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006) .............................................. 9

*In re Petrobras Sec. Litig.,* 862 F.3d 250, 270 (2d Cir. 2017)..................................................... 21

152157.00601/126314174v.2

*In re Visa Check/ MasterMoney Antitrust Litigation*, 280 F.3d 124, 134–35 (2d Cir.2001).......... 9

*Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) ......................................... 13

*Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*, 333 F.R.D. 314, 105 Fed. R. Serv. 3d
    679 (S.D. N.Y. 2019) ................................................................................................................ 23

*Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR, 2016 WL 3844334, at *3 (N.D. Cal. July
    15, 2016) ................................................................................................................................... 17

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) ................................................ 11, 12

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ............................................... 22

*Madden v. Midland Funding, LLC*, 237 F. Supp. 3d 130, 157 (S.D.N.Y. 2017) ........................ 15

*Mascoll v. Strumpf*, 2006 WL 2795175, at *9 (E.D.N.Y. Sept.26, 2006) ................................... 24

*Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077-78 (2d Cir. 1995)........... 16, 18

*Moskowitz v. La Suisse, Societe D'Assurances sur la Vie,* 282 F.R.D. 54, 74 (S.D.N.Y. 2012).. 19

*Myers v. Hertz Corp.,* 624 F.3d 537, 546 (2d Cir. 2010).............................................................. 10

*Newman v. RCN Telecom Servs., Inc.,* 238 F.R.D. 57, 64 (S.D.N.Y. 2006) ............................... 24

*Presbyterian Church of Sudan v. Talisman Energy, Inc.,* 244 F. Supp. 2d 289,334 (S.D.N.Y.
    2003) ......................................................................................................................................... 11

*Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).................................................................. 14

*Rumfelt v. Midland Funding LLC*, No. 18-CV-6420 FPG, 2019 U.S. Dist. LEXIS 71860, at *18
    (W.D.N.Y. Apr. 29, 2019) ........................................................................................................ 15

*Russell v. Forster & Garbus, LLP,* No. 17-CV-4274(JS)(AYS), 2020 WL 1244804, at *4
    (E.D.N.Y. Mar. 16, 2020) ........................................................................................................ 19

*Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)............................. 14

*Scott v. New York City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 355-56
    (S.D.N.Y. 2004) ....................................................................................................................... 19

*Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 95 (S.D.N.Y. 2010) ................................................... 16

*Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 612 (2000) ................................... 24

*Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 201 (2d Cir.
    2008) ........................................................................................................................................... 9

*TransUnion LLC v. Ramirez,* No. 20-297, 2021 WL 2599472 (U.S. June 25, 2021) ........ 6, 11, 12

*United States v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005)........................................................ 17

*Vandehey v. Client Servs., Inc.*, 390 F. Supp. 3d 956, 962 (E.D. Wis. 2019).............................. 22

3

*Vincent v. Money Store*, 304 F.R.D. 446, 455 (S.D.N.Y. 2015) ...................................................... 15

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011) ................................................ 8, 14

*Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) ................................................. 10

**Rules**

Fed. R. Civ. P. 23(a)(2) ................................................................................................................. 8

Fed. R. Civ. P. 23(a)(3) ................................................................................................................. 8

Fed. R. Civ. P. 23(b)(3) ................................................................................................................ 8

152157.00601/126314174v.2

Defendants Palisades Acquisition XVI, LLC ("Palisades") and Asta Funding, Inc. ("Asta" and with Palisades, collectively, the "Palisades Defendants") submit this memorandum of law in opposition to Christopher McCrobie's ("Plaintiff") motion for class certification ("Motion to Certify"), Dkt. No. 163.

## PRELIMINARY STATEMENT

Plaintiff asks this Court to certify a class of consumers subject to legal execution of judgments against their assets by Palisades and its counsel, Houslanger & Associates and Todd Houslanger (collectively the "Houslanger Defendants"), even though Plaintiff cannot demonstrate any class member's entitlement to recovery except through individualized proceedings. Each putative class member was involved in their own collection lawsuit based on their own unique set of facts and circumstances. In denying class certification, this Court should be cognizant that "each of those alleged injuries has the potential to be very different — and could turn on very different proof." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*., 693 F.3d 145, 163 (2d Cir. 2012). The ultimate embodiment of class futility is the Plaintiff himself, who does not even qualify as a member of his own class based on the specific factual rulings made in his underlying collections case in state court[1] as well as the record developed in discovery.

This Court is cognizant that Palisades' ownership of Plaintiff's debt is the seminal issue in this case, as this Court commented that "[i]f that turns out to be the case here, then the defendants will be entitled to judgment—perhaps summary judgment." Dkt. No. 79, pg. 15, fn.6. Discovery has revealed that Palisades is indeed the owner of Plaintiff's debt, for which Houslanger did indeed have the correct documentation for Palisades' ownership of the debt. (Declaration of Scott

---

[1] *Centurion Capital Corporation v. Christopher McCrobie*. (Buffalo City Court Index No. G07295/06)

Wortman ("Wortman Decl."), Ex. A at Houslanger000124-000127). No mention of these facts appears in Plaintiff's Motion to Certify.

Beyond that, an overriding obstacle to class certification is Plaintiff's grossly overbroad class definition, which includes all consumers who were subject to legal execution against them. The Supreme Court recently upheld the requirement that each individual class member suffer a "concrete harm" in order to have standing to sue. *TransUnion LLC v. Ramirez,* No. 20-297, 2021 WL 2599472 (U.S. June 25, 2021). This reinforces established Second Circuit law mandating that a class definition includes only members with Article III standing. *Denney v. Deutsche Bank AG,* 443 F.3d 253,263 (2d Cir. 2006). Nothing in the Plaintiff's class definition requires the executions to be unlawful, excessive, or unauthorized. Of the thousands of judgment debtors who Plaintiff asserts would be class members, there is no Article III standing because they either (i) paid a judgment which was rightfully due and owing to Palisades, or (ii) incurred no damage that is fairly traceable to conduct by the Defendants, if at all. Such an over-encompassing class cannot be certified.

A brief procedural history illustrates that Plaintiff's case has grown steadily larger over time in a fruitless attempt by Plaintiff to compensate for factual shortcomings and omissions, and legal insufficiencies. This action was commenced almost six years ago on January 6, 2015 setting forth 26 paragraphs alleging a FDCPA violation because Palisades was not "the proper judgment creditor" and because Palisades and its counsel, the Houslanger Defendants, were "improperly trying to garnish Plaintiff's wages" stemming from a collection action in state court. (Dkt. No. 1, ¶ 25.) The complaint was amended on May 15, 2015 to expand the allegations to forty-four numbered paragraphs alleging the same FDCPA violations, but also adding a NY GBL § 349 claim that Palisades and the Houslanger Defendants, "apparently know that they lack the proper documentation, but enforce the judgments anyways". (Dkt. No. 7, ¶ 42.)

While the first amended complaint was pending, McCrobie filed a motion to set aside the money judgment ("Judgment") rendered in state court in order to vacate Palisades' garnishment of his wages. Two years later, on May 22, 2017, the Buffalo City Court entered a ruling that McCrobie's wages had been "rightfully obtained by execution of a valid judgment". (Dkt. No. 68, *see also*, Wortman Decl., Ex. B at PA001740-001744). This was not mere dicta but was part of a paragraph labelled "ORDERED, ADJUDGED AND DECREED". *Id*. After unequivocally ruling that Palisades' execution was rightful, the state court ordered McCrobie to repay the garnished funds back to Palisades. *Id*. McCrobie never perfected an appeal of this decision, which stands as the final judgment of the state court. (Wortman Decl., Ex. B at PA001746).

McCrobie, who was "rightfully" garnished by Palisades, filed his second amended complaint on August 29, 2019 attempting to champion a class of consumers whose debts were wrongfully garnished by Palisades. (Dkt. No. 114). The second amended complaint, now expanded to one hundred and sixteen numbered paragraphs, contained theories of vicarious liability against Palisades and Asta for the conduct of the Houslanger Defendants in executing upon the Judgment, even though the state court had explicitly upheld that execution. The second amended complaint expanded upon the NY GBL § 349 claim to state that Palisades and Asta used "false, misleading, and deceptive practice of taking money from the wages and bank accounts of Plaintiff and other class members despite the fact that Palisades Acquisition XVI, LLC had no legal right to do so." (Dkt. No. 114, ¶ 103). This claim was made despite the fact that Plaintiff possessed bills of sale between Palisades and its assignors in the Great Seneca Portfolio covering debts owed by members of the putative class.[2] Further, Plaintiff made no mention in the second amended complaint that the Buffalo City Court had given Palisades the legal right to garnish his wages after Plaintiff had

---

[2] These bills of sale were the basis for filing the first amended complaint.

unsuccessfully litigated the garnishment on its merits. Indeed, McCrobie never mentioned the distinctly material fact that the state court had ordered McCrobie to repay those returned garnished amounts to Palisades under a rightful execution of the Judgment.

## LEGAL STANDARD TO CERTIFY A CLASS ACTION

The class proponent must satisfy each of the four prerequisites of Rule 23(a) and also demonstrate that the case fits into one of the permissible categories of class actions listed in Rule 23(b). As relevant here, Rule 23(a) permits certification only if "there are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3)—which in turn require that the "class members 'have suffered the same injury,'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011) (quoting *Gen. Tel. Co. of Sw v. Falcon*, 457 U.S. 147, 157 (1982)). Where, as here, plaintiffs seek certification of a damages class under Rule 23(b)(3), the district court also must also find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (noting that the predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").

"[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013). As the Court explained:

> [Rule 23] does not set forth a mere pleading standard. Rather, a party must not only be prepared to ***prove*** that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy "through

152157.00601/126314174v.2

*evidentiary proof'* [the predominance and superiority requirements] . . . of Rule 23(b).

*Id.* (all emphases added and citations omitted unless otherwise noted). Courts must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 are met. *Id.*

Despite, the Supreme Court's decisions in *Wal-Mart Stores* and *Comcast,* the standard of review used by Plaintiff in his Brief in Support of the Motion for Class Certification urges this Court to apply the requirements of Rule 23 "liberally, not restrictively." (Brief at 6.) Tellingly, however, Plaintiff cites to decades old case law, which pre-date the amendments to Rule 23, the Supreme Court's rulings in *Wal-Mart Stores* and *Comcast*, and the Second Circuit's seminal case of *In re Initial Pub. Offerings Sec. Litig*., 471 F.3d 24 (2d Cir. 2006), *decision clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig*., 483 F.3d 70 (2d Cir. 2007). (Brief at fn. 18, 19, 22.) As the court in *In re Initial Pub. Offerings Sec. Litig*., made clear, courts are required to (1) determine that each Rule 23 requirement has been met and (2) resolve all factual disputes necessary to do so before certifying a class. Consequently, and notwithstanding Plaintiff's contentions, a court may not use the abrogated "some showing" standard from *Caridad v. Metro– North Commuter Railroad*, 191 F.3d 283, 292 (2d Cir.1999), and *In re Visa Check/ MasterMoney Antitrust Litigation*, 280 F.3d 124, 134–35 (2d Cir.2001).[3]

Accordingly, to succeed in certifying a class, Plaintiff must prove that he has met the Rule 23 requirements by a preponderance of the evidence. *See Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 201 (2d Cir. 2008) ("we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish

---

[3] "In consequence, plaintiffs' authorities are of limited precedential value in this case as they were decided under a different—and generally less restrictive—standard which, among other things, required district courts to accept the plaintiff's factual allegations as true." *Edwards v. Publishers Circulation Fulfillment, Inc*., 268 F.R.D. 181, 184 (S.D.N.Y. 2010).

Rule 23's requirements"); *see also, Myers v. Hertz Corp.,* 624 F.3d 537, 546 (2d Cir. 2010) ("party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met").

As discussed below, Plaintiff cannot meet this burden because he lacks factual support for each of his bald allegations. Indeed, "a district court may only certify a class if it is satisfied, after a rigorous analysis, that the requirements of Rule 23 are met."  *Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 400–01 (W.D.N.Y. 2013).

## ARGUMENT

### I.  THE MOTION ABANDONS PLAINTIFF'S CENTRAL CLASS ALLEGATIONS REGARDING PALISADES' OWNERSHIP OF THE UNDERLYING JUDGMENT.

In the Motion to Certify, Plaintiff states, at multiple points, that the claims at issue here *only* address the post-judgment conduct of Defendants.  (Brief at 1, 3, 5, 14.)  However, the SAC does not allege that the Palisade Defendants' alleged liability arises from their own post-judgment conduct.  (*See* SAC at ¶¶ 66-74.)  Rather, as recognized by this Court in denying the Palisades Defendants' motion to dismiss the FAC, the *only reason* that the Palisades Defendants remain in this case is that Plaintiff pled that the Palisades Defendants "did not own or have the right to collect Centurion Capital Corporation's judgment because that judgment never was assigned to any other person or entity at all, and certainly not to Palisades XVI, LLC."[4]

This unilateral amendment is an implicit acknowledgement by Plaintiff that his factual allegations in support of certification have collapsed, abandoning any attempt to show that Palisades did not own McCrobie's judgment and that Palisades did not have legal grounds to

---

[4] *See, Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) ("party may not amend [a] pleading through statements in briefs."); *Fadem v. Ford Motor Co*., 352 F.Supp.2d 501, 516 (S.D.N.Y.2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs).

enforce said judgment. Consequently, Plaintiff's *only* remaining class claims against the Palisades

Defendants are premised on an unstructured and vague theory of vicarious liability.

## II.   PLAINTIFF'S PROPOSED CLASS CANNOT BE CERTIFIED BECAUSE IT NECESSARILY INCLUDES MEMBERS LACKING ARTICLE III STANDING, INCLUDING THE PLAINTIFF.

Plaintiff defines the purported class solely as consumers with New York addresses for

whom Houslanger issued a judgment execution on behalf of Palisades. Article III prohibits

certification of such a grossly overbroad class. As summarized by the Supreme Court, "No

concrete harm, no standing." *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *3

(U.S. June 25, 2021). The law is settled that "no class may be certified that contains members

lacking Article III standing." *Denney,* 443 F.3d at 264. Filing a suit as a class action "does not

relax [the] jurisdictional requirement" of Article III. *Id.* "The class must therefore be defined in

such a way that *anyone within it would have standing." Id.* (citing *Presbyterian Church of Sudan*

*v. Talisman Energy, Inc.,* 244 F. Supp. 2d 289,334 (S.D.N.Y. 2003)) ("[E]ach member of the class

must have standing ....")). The "irreducible constitutional minimum" of standing requires: (1) an

injury in fact, (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) that is

likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-

61 (1992).

As discussed above, Plaintiff's Motion to Certify excises the central claim against the

Palisades Defendants that (1) Palisades did not own McCrobie's judgment, and that (2) Palisades

did not have legal grounds to enforce said judgment. Furthermore, Plaintiff acknowledges that

"[i]n 2007, the Palisades Defendants purchased millions of judgments on the secondary market."

(Brief at 2.) Thus, Plaintiff's proposed class includes all persons, including those subject to legal

execution of a judgment owned by Palisades. As succinctly stated by the Supreme Court,  "the

public interest that private entities comply with the law cannot be converted into an individual

right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." *TransUnion LLC v. Ramirez*, supra at *9.

In addition, Plaintiff's proposed class, on its face, includes consumers who were lawfully and properly garnished by Houslanger and thus lack Article III standing. Such class members are not hypothetical. Significantly, Plaintiff himself was found by the state court to have been properly notified of the collections suit against him and properly garnished by Palisades. Therefore, Plaintiff did not suffer a concrete harm, and his claims to the contrary are unavailing. Likewise, Plaintiff's putative class cannot be so overbroad that it would include a consumer who litigated their execution in state court, had the execution declared "rightful", and was ordered to pay back the garnished funds to Palisades. (*i.e., the Plaintiff, Christopher McCrobie*).[5] In effect, Plaintiff is asking this Court to "presume a material risk of harm,"[6] and to assume standards by which to establish Article III standing for a putative class without providing any cognizable path or evidence in support.[7]

---

[5] "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation. A plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation." *TransUnion LLC v. Ramirez*, No. 20-297, at *10 (U.S. June 25, 2021), citing *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008); *Lujan*, 504 U.S., at 561, 112 S.Ct. 2130.

[6] A court "cannot simply presume a material risk of concrete harm." *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *14 (U.S. June 25, 2021) (citation omitted).

[7] In support of standing, the plaintiffs in *TransUnion* thus contend that the TransUnion mailings were formatted incorrectly and deprived them of their right to receive information in the format required by statute. But the plaintiffs have not demonstrated that the format of TransUnion's mailings caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts. *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *15 (U.S. June 25, 2021)

III.  **THE CLASS MEMBERS CANNOT SATISFY RULE 23(A) BECAUSE THE NUMEROUS AND ACKNOWLEDGED DIFFERENCES AMONG PUTATIVE CLASS MEMBERS PRECLUDE CLASS CERTIFICATION.**

A.  <u>**COMMONALITY**</u>

"Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (citation omitted). Plaintiff presents two "common" questions for the putative class, "(1) whether the potential class members received adequate notice of the assignment of a judgment to the Palisades Defendants and, (2) if not, whether the post-judgment collection efforts of the Houslanger Defendants violate the FDCPA." *Motion to Certify*, pg. 10. Plaintiff makes the bold proclamation that "answer to these questions will be the same for all class members." *Id.* However, Plaintiff has it backwards: the question asked of all putative class members may be the same, but their individual answers to these questions will differ drastically based on their circumstance. Here, it would take mini-hearings on the merits of each individual case to determine the answer for each individual class member. This is untenable and contrary to Rule 23's inherent "ascertainability" requirement that a class be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015).[8]

Critically, Plaintiff is not even referring to the "conduct or practice" of Palisades or Houslanger when formulating the common questions for the class. Plaintiff cites to *Chase Bank USA, N.A. v. Cardello*, 2010 NY Slip Op 20090, 27 Misc. 3d 791, 794, 896 N.Y.S.2d 856, 858 (Civ. Ct.) regarding the appropriate notice to be sent to a judgment debtor when the judgment is

---

[8] "A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class." *Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 401 (W.D.N.Y. 2013).

assigned. *Cardello* put the onus on the *assignor* of the judgment to provide this notice to the consumer, not on Palisades. *Id*. at ¶ 3 ("due process requires that notice of the assignment be given to the debtor by the assignor and not by the assignee.") Plaintiff has never alleged that Palisades, as assignee, was legally responsible for notifying each consumer of the assignment of each judgment. The only commonality of the class is that Palisades purchased their judgments. The legally actionable facts, the failure of the assignor to send notice of the assignment or the debtor's failure to receive such notice, does not involve Palisades or Houslanger.

The commonality requirement in Rule 23(a)(2) compels "the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  *Dukes*, 131 S. Ct. at 2551 (quoting *Falcon*, 457 U.S. at 157).  Plaintiff's proposed class cannot be certified because it revolves around each class member's unique resolution of actions taken by parties other than Palisades, Asta, or Houslanger. There is no commonality fairly traceable to the actions of the defendants to this action.

## B. <u>TYPICALITY</u>

Rule 23(a) requires putative class representatives to establish that they seek to vindicate the same basic wrong as the absent class members.  *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977); *see also*, *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members").  Here, Plaintiff is unique amongst the potential class members in that Plaintiff's legal rights were adjudicated and decided against him in state court. (Dkt. No. 68). Generally, "[t]o establish typicality under Rule 23(a)(3), the party seeking certification must show that each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (citing *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (internal quotation marks omitted). Typicality is not met "where a

14

putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Madden v. Midland Funding, LLC*, 237 F. Supp. 3d 130, 157 (S.D.N.Y. 2017), citing to *Vincent v. Money Store*, 304 F.R.D. 446, 455 (S.D.N.Y. 2015).

If the course of events for all class members were identical to the Plaintiff's journey through this case, the results would be disastrous for the purported class. First, Plaintiff is not claiming that he was "threatened" with an unlawful collection, or that he received any false communications. Instead, Plaintiff had no knowledge of Houslanger's collection efforts until the garnishment had already been served on his employer. (Dkt no. 163-1, at ¶ 14). Plaintiff therefore lacks a cause of action for false threats or misleading communications, as the execution on the Judgment was not a threat of collection but simply the action of collection itself. See, *Rumfelt v. Midland Funding LLC*, No. 18-CV-6420 FPG, 2019 U.S. Dist. LEXIS 71860, at *18 (W.D.N.Y. Apr. 29, 2019).("because the plain language of § 1692e(5) extends only to threats and not actions already taken, the filing of a complaint—an action already taken—did not violate the statute.") Second, Plaintiff litigated the garnishment and underlying Judgment on the merits, for which the state court ruled that Palisades' garnishment on the Judgment was "rightful", for which Plaintiff was ordered to repay all sums back to Palisades. (Dkt no. 68). Lastly, Palisades possesses the bill of sale showing that it did indeed purchase the Plaintiff's specific debt, destroying any allegations that Palisades made 'false' claims about being the creditor to whom the Judgment was owed. (Wortman Decl., Ex. A at Houslanger000124-000127).

Plaintiff's unique position vis-à-vis the state court Judgment, the garnishment, and the correct bill of sale for his debt have become the focus of this litigation. Plaintiff therefore lacks any typicality concerning his proposed class of injured consumers.

15

## IV.    PLAINTIFF IS NOT AN ADEQUATE CLASS REPRESENTATIVE AND THE COURT SHOULD DENY CERTIFICATION.

"[T]he adequacy requirement is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006). The Court may also consider "(1) whether the proposed plaintiffs are credible; (2) whether the proposed plaintiffs have adequate knowledge of the case and are actively involved; and (3) whether the interest of the proposed plaintiffs are in conflict with those of the remainder of the class." *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 95 (S.D.N.Y. 2010).

In cases where the proposed representative of a putative class has "so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys," they are an inadequate representative and the Court should deny class certification. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077-78 (2d Cir. 1995). Plaintiff is not an adequate representative of the putative class ███████████████████████████████, his lack of understanding of what a class action is and his duties in that role, and lack of knowledge related to this action and the related state court matter.





17

**B.  PLAINTIFF LACKS KNOWLEDGE OF THIS ACTION AND HIS ROLE AS CLASS REPRESENTATIVE**

Plaintiff further is an inadequate class representative because he lacks knowledge and understanding of the allegations made in the SAC.  Indeed, he has "so little knowledge or involvement in the class action that [he] would be unable or unwilling to protect the interests of the class against the possibly competing interest of the attorneys."  *Maywalt v. Parker & Parsley Petroleum Co*., 67 F.3d 1072, 1078 (2d Cir. 1995).

Regarding the instant lawsuit, Plaintiff testified that it is:

"A: "Just a general lawsuit that a debt collection was put against me, was wrongfully filed in the Credit -- it was the -- was it Credit Act, and there were things that were done improperly, and they garnished my wages against it."

(Dkt. No. 163-3, McCrobie Trans. at 10:16-22.)  Likewise, as seen in the deposition testimony, McCrobie has a very limited understanding of what a class action is and his role as a class representative.  (*Id.* at 137:18-140:6). Correspondingly, Plaintiff, **(1)** does not know who the defendants are in this action or their roles, including why Asta was added as a defendant, *id.* at 10:23-11:3, 135:17-137:9, 154:14-155:13, **(2)** did not conduct any investigation regarding the claims in this action, *id.* at 123:13-126:14, **(3)** was not involved in drafting the complaints and did not request any revisions, *id.* at 193:17-194:2, and **(4)** did not know why he amended his complaint, *id.*at 119:15-20.

Plaintiff apparently does not have any input on the strategic decisions of this matter.  ("I have to say, to my best knowledge, probably not much [input on the strategy of the case and prosecution of the action]"). (*Id.* at 140:7-15). Moreover, Plaintiff had no information, knowledge or understanding as to, **(1)** the distinction between the federal and state court matters, and why he waited eight months after filing the instant federal lawsuit to challenge the state court judgment, *id.* at 68:9-69:11, 72:22-76:19, 93:13-97:3, **(2)** the state court's decision against McCrobie and

18

dismissal of his appeal, *id.* at 100:23-106:25, **(3)** why Asta was added as a defendant in this action, *id.*, at 134:16-137:9, 154:14-155:17, **(4)** Defendants' Offer of Judgment, dated August 5, 2015, *id.* at 156:22-158:2, and **(5)** his potential responsibility for the costs of this action if unsuccessful, *id.* at 143:13-144:5.

This testimony demonstrates that Plaintiff was not involved in the commencement of this action as a putative class action, has not stayed updated on developments in this matter, and lacks even a rudimentary substantive understanding of the legal issues.[9] Thus, McCrobie is not an adequate class representative for the putative class. *See Moskowitz v. La Suisse, Societe D'Assurances sur la Vie,* 282 F.R.D. 54, 74 (S.D.N.Y. 2012) (finding plaintiffs to be inadequate class representatives where "lack of knowledge of the litigation is not simply a matter of ignorance. None of the plaintiffs stayed abreast of the litigation and there is a stark lack of substantive discussion with their attorneys"); *see also Scott v. New York City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 355-56 (S.D.N.Y. 2004) (denying class certification where proposed representative lacked "a general understanding of the nature of class-action litigation," and had a substantial lack of knowledge of the case that "threaten[ed] to undermine plaintiffs' case as a whole."); *Russell v. Forster & Garbus, LLP,* No. 17-CV-4274(JS)(AYS), 2020 WL 1244804, at *4 (E.D.N.Y. Mar. 16, 2020) (denying certification where "Plaintiff did not speak with his

---

[9]   Further, although Plaintiff attempts to rehabilitate his status of an adequate class representation through the declaration he submits in support of this Motion, that declaration has little probative value because it is self-serving, lacks specific factual detail, and contradicts his sworn deposition testimony. *See Cofimco USA, Inc. v. Mosiewicz,* No. 15-CV-9118 (SAS), 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016) (giving self-serving declarations little evidentiary weight when they state legal conclusions without providing any supporting details).

attorney before initiating this action and then had no communication with his attorney for nearly a

year and a half after this action was filed"). [10]

## V.   INDIVIDUAL CONSIDERATIONS PREDOMINATE OVER ANY CLASS ALLEGATIONS AND A CLASS ACTION IS NOT THE SUPERIOR METHOD TO ADJUDICATE THE CONTROVERSY.

In addition to the requirements of Rule 23(a), Plaintiff must establish that any "questions

of law or fact common to class members predominate over any questions affecting only individual

members," and that a "class action is superior to other available methods for fairly and efficiently

adjudicating the controversy."   Fed. R. Civ. P. 23(b)(3).   Even if Plaintiffs could rely on a

supposedly "uniform" course of conduct to satisfy Rule 23(a), they would still be required to show

that the variation among class members would not require "individual[ized]" inquiries of the sort

that "will inevitably overwhelm questions common to the class."  *Comcast Corp. v. Behrend*, 133

S. Ct. 1426, 1433 (2013).  While Rule 23(a) requires that class members and class representatives

seek to vindicate essentially the same wrong, Rule 23(b)(3) "tests" in even more stringent fashion

"whether the proposed classes are sufficiently cohesive to warrant adjudication by representation."

*Amchem*, 521 U.S. at 623.  Plaintiffs cannot show such cohesion here.

### A.  PREDOMINANCE

Plaintiff fails to meet the "far more demanding" requirement (*Amchem*, 521 U.S. at 623–

24) that the general facts applicable to Palisades and Houslanger predominate over the individual

facts of each class member. "This "predominance" requirement is satisfied if: (1) resolution of any

material legal or factual questions . . . can be achieved through generalized proof, and (2) these

[common] issues are more substantial than the issues subject only to individualized proof. The

---

[10]   In determining the adequacy of class counsel pursuant to Fed. R. Civ. P. 23(g), it should be noted that Plaintiff submits the qualifications of Brian Bromberg and Seth Andrews, but not the qualifications for his other four counsel in this matter.

distinction between "individual" and "common" questions is thus central to the predominance analysis. *In re Petrobras Sec. Litig.,* 862 F.3d 250, 270 (2d Cir. 2017) (internal quotations and citations omitted).

Plaintiff claims that predominance is more easily shown in cases involving "consumer or securities fraud." (*Motion to Certify*, at 13). However, this is not a fraud case, and Plaintiff undercuts his own predominance argument by referring to his specific situation: "Because the classes are limited to debt collection efforts that are similar or identical to the debt-collection action pursued against Plaintiff, the Court will only need to decide liability with regard to one set of facts." (*Motion to Certify*, at 14). As argued extensively above, Plaintiff's unique set of facts were brought about by extended litigation in the state court which resulted in an ultimate finding that the garnishment of the Plaintiff's wages by Palisades was "rightful", for which Plaintiff was ordered to pay the garnished funds back to Palisades. (Dkt. No. 68) Plaintiff has unambiguously proven that his individualized trip through the state court process was far more meaningful than a generalized determination of the actions taken by Houslanger to enforce the judgment on behalf of Palisades. Thus and so, the predominant legal and factual issues will be unique to each class member and will not rely on generalized facts associated with the conduct of Palisades or Houslanger.

"Where individualized questions permeate the litigation, those fatal dissimilarit[ies] among putative class members make use of the class-action device inefficient or unfair." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 270 (2d Cir. 2017) (internal quotations and citations omitted). Therefore, a class action is inappropriate in this case as individual allegations and individual proofs will predominate over any common facts shared by the class.

**B.  SUPERIORITY**

21

Plaintiff assumes, ***without citation to any facts***, that a class action will be superior to any individual suit under the FDCPA. (*Motion to Certify* at 16-17). Plaintiff relies on a 7th Circuit decision for the proposition that the class is superior because the FDCPA statutory damages recoveries of up to $1,000 "assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). However, the court in *Vandehey v. Client Servs., Inc.*, 390 F. Supp. 3d 956, 962 (E.D. Wis. 2019) points out that "*Mace* did not say that the likelihood of only a de minimis recovery for class members is never a proper consideration in deciding whether to certify an FDCPA class under Rule 23." Furthermore, *Vandehey* went on to note that "[c]lass certification under these circumstances is likely to benefit only the attorneys whose fees would be expected to increase substantially if a suit on behalf of one person is transformed into a class action on behalf of 6,814. It is not the purpose of the FDCPA, however, to benefit attorneys." *Id*. at 963.

In assessing superiority subject to an FDCPA class recovery calculation, this Court must look at the inverse relationship between <u>numerosity</u> (amount of putative class members) and <u>superiority</u> (amount of recovery). The greater the class size, the less monetary relief available for the class. Plaintiff anticipates that the class will comprise between 8,800 to 11,000 total members. (*Motion to Certify* at 8). Statutory damages are capped at the *lesser* of either 1% of the debt collector's *net* worth or $500,000. 15 U.S.C. § 1692k(a)(2)(B). The cap on damages signifies that each member of class faces diminishing returns based on the total number of class members.

The burden for proving superiority is on Plaintiff, who must establish that all aspects of superiority have been fully met. See generally, *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016) ("Denial of certification was within the range of permissible decisions where it

152157.00601/126314174v.2

appeared that the intended result of the settlement was "mass indifference, a few profiteers, and a quick fee to clever lawyers.") *See also Fainbrun v. Southwest Credit Systems, L.P.,* 2008 WL 750550 (E.D. N.Y. 2008) (superiority requirement not satisfied due to de minimis recovery); *Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*, 333 F.R.D. 314, 105 Fed. R. Serv. 3d 679 (S.D. N.Y. 2019) (Class action not superior method of litigation "even though allowing class action would be efficient way of resolving claim that involved relatively small recovery and concentrating case in one forum would improve fairness, since proposed settlement could result in de minimis recovery for putative class members, as opposed to recovery of statutory maximum damages if they proceeded in individual actions and prevailed on merits.")

Here, discovery closed five months ago after fifteen months of discovery. Yet Plaintiff does not offer any evidence concerning the net worth of the Defendants nor any anticipated recovery. Essentially, Plaintiff is asking the proposed class to waive claims of allegedly significant value in exchange for an undisclosed amount of consideration. *See Graff v. United Collection Bureau, Inc.*, 132 F. Supp. 3d 470, 482 (E.D.N.Y. 2016) ("To hold otherwise would result in a settlement that is not "fair, adequate and reasonable" vis-à-vis class members, who would be waiving claims of potentially significant value in exchange for no consideration."). Plaintiff has therefore failed to carry his burden to prove, that a class action would be superior to individual validation of each class member's rights.

## VI.   CERTIFICATION SHOULD BE DENIED AS TO PLAINTIFF'S GBL § 349 CLAIM BECAUSE PLAINTIFF DOES NOT PROVIDE ANY EVIDENCE WHATSOEVER SUPPORTING THAT CLAIM

In addition to his failure to meet his burden on the Rule 23 factors, Plaintiff also fails to adduce any evidence to certify a class based on the Palisades Defendants' alleged New York General Business Law ("GBL") § 349 violations.  (*Motion to Certify* at 1.)  Plaintiff's brief contains a single sentence regarding the GBL in which Plaintiff claims that there is a common

question of Defendants violation of the FDCPA "by engaging in post-judgment collection efforts without the class members receiving proper notice of assignment," WHICH also "constitutes a deceptive and unconscionable practice or false or misleading representation in violation of GBL § 349." (*Id.* at 4-5.)

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any servicing in this state."  N.Y.G.B.L. § 349(a).  However, GBL § 349 does not contain identical parameters as the FDCPA.  Rather, GBL § 349 "requires a plaintiff to prove three elements: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Mascoll v. Strumpf*, 2006 WL 2795175, at *9 (E.D.N.Y. Sept.26, 2006); *see Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 612 (2000) (under GBL § 349 plaintiff "must show that the defendant's 'material deceptive act' caused the injury").

The Motion to Certify lacks any argument, let alone any supporting evidence, regarding how Plaintiff suffered harm after the Palisades Defendants' purported GBL § 349 violation. Furthermore, Plaintiff also fails to explain the purported harm to the putative class and how his injury was the same as theirs.  For this reason, class certification as to Plaintiff's GBL § 349 claim should be denied.  *See Newman v. RCN Telecom Servs., Inc.,* 238 F.R.D. 57, 64 (S.D.N.Y. 2006) (on GBL § 349 claim denying class certification because lead plaintiff "was not harmed by the misrepresentations/omissions he alleges to have injured the class and is atypical of the class in this regard"); *Haag v. Hyundai Motor Am.*, 330 F.R.D. 127, 132 (W.D.N.Y. 2019) (denying class certification of GBL § 349 class where plaintiff failed to make showing that "common issues predominate with respect to the injuries allegedly suffered by the class members").

## **<u>CONCLUSION</u>**

For the aforementioned reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Certify a Class and Appoint Class Counsel.

152157.00601/126314174v.2

Dated: New York, New York          Respectfully submitted,
July 6, 2021                                **BLANK ROME LLP**

             By: */s/ Scott E. Wortman*
                 Scott E. Wortman
                 Chenxi Jiao
                 1271 Avenue of the Americas
                 New York, New York 10020
                 swortman@blankrome.com
                 cjiao@blankrome.com
                 (212) 885-5000 (Phone)
                 (212) 885-3078 (Fax)

                 William L. Purtell
                 1700 PNC Center
                 201 E Fifth Street
                 Cincinnati, OH 45202
                 wpurtell@blankrome.com
                 513-362-8750 (Phone)

                 *Palisades Acquisition XVI, LLC and*
                 *Asta Funding, Inc.*