```
 1                  UNITED STATES DISTRICT COURT

 2                  WESTERN DISTRICT OF NEW YORK

 3   - - - - - - - - - - - - - - X
     CHRISTOPHER MCCROBIE,        )     15CR202
 4   individually and on behalf of
     All others similarly situated
 5                Plaintiffs
     vs.
 6                                      Buffalo, New York
     PALISADES ACQUISITION XVI, LLC;
 7   ASTA FUNDING, INC.; HOUSLANGER
     & ASSOCIATES, PLLC; and TODD
 8   HOUSLANGER                   )     August 12, 2021
                  Defendants.           12:00 p.m.
 9   - - - - - - - - - - - - - - X
     ORAL ARGUMENT
10   All parties appeared via Zoom for Government Platform
     Transcribed from an Electronic Recording Device
11
                      TRANSCRIPT OF PROCEEDINGS
12            BEFORE THE HONORABLE MICHAEL J. ROEMER
                  UNITED STATES MAGISTRATE JUDGE
13

14               BRIAN L. BROMBERG, ESQ.
                 JOSHUA TARRANT-WINDT, ESQ.
15               Bromberg Law Office, P.C.
                 352 Rutledge Road No. 1
16               Brooklyn, New York 11225

17               SCOTT EVAN WORTMAN, ESQ.
                 CHENXI JIAO, ESQ.
18               Blank Rome, LLP
                 One Logan Square
19               130 North 18th Street
                 Philadelphia, PA 19103
20               Appearing on behalf of Defendant
                 Palisades Acquisition XVI, LLC
21
                 JONATHAN B. BRUNO, ESQ.
22               Rivkin Radler, LLP
                 447 Madison Avenue, 20th Floor
23               New York, New York 10022
                 Appearing on behalf of Houslanger &
24               Associates, PLLC

25   COURT REPORTER: Karen J. Clark, Official Court Reporter
                 Karenclark1013@AOL.com
```

|   |   |
|---|---|
| | 1   C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL. |
| | 2                          P R O C E E D I N G |
| | 3 |
| 14:11:36 | 4 |
| 14:15:38 | 5 |
| 14:15:38 | 6 |
| 14:34:57 | 7            MAGISTRATE JUDGE ROEMER:  Go ahead, sir. |
| 14:34:58 | 8            MR. BRUNO:  It does say at the very last |
| 14:35:01 | 9   line:  "The current credit is the assignee to whom the |
| 14:36:07 | 10  debt is owed.  It's Palisades Acquisition, XVI, LLC, but |
| 14:36:17 | 11  you have to kind of piece everything together to try and |
| 14:36:20 | 12  figure out who the current creditor is.  And it comes at |
| 14:36:24 | 13  the same time as the G notice was mailed.  And the |
| 14:36:29 | 14  emphasis of the notice to judgment debtor really has to |
| 14:36:33 | 15  do with what might be exempt; that social security might |
| 14:36:41 | 16  be exempt; Social Security, public assistance might be |
| 14:36:45 | 17  exempt; alimony or child support.  All of that might be |
| 14:36:52 | 18  exempt.  The focus is not on, hey, there has been an |
| 14:37:05 | 19  assignment and this is the person it's been assigned to. |
| 14:37:07 | 20  The focus is entirely on what benefits, like black lung |
| 14:37:13 | 21  benefits and real retirement benefits, might be exempt. |
| 14:37:19 | 22  So to say that gives adequate notice to the least |
| 14:37:26 | 23  sophisticated consumer, that would be a stretch. |
| 14:37:43 | 24            Now, the concept to change attorney form, |
| 14:37:45 | 25  that was interesting.  That was not sent to our clients. |

```
14:37:50   1    C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:37:50   2    That was merely filed with the Court.  No notice was
14:37:53   3    given to our client.  And I believe during the
14:37:56   4    deposition, Mr. Houslander testified that he didn't send
14:37:59   5    it because he didn't have to send it.  So, someone would
14:38:03   6    actually have to go down to the court after their bank
14:38:06   7    account is already being executed on to find out there
14:38:09   8    is some document consent to change attorney.  That is
14:38:13   9    what the defendants are somehow claiming gave notice of
14:38:16  10    an assignment to Palisades Acquisition XVI.  It
14:38:25  11    wasn't -- like I said, it wasn't actually sent to our
14:38:28  12    client it was merely filed with the Court.  Finally, the
14:38:31  13    income execution itself, again, the decision from Judge
14:38:39  14    Geraci, the Lumfeld decision, makes it clear that the
14:38:44  15    collection efforts, that the notice of assignment has to
14:38:48  16    come before the collection efforts.  Once the execution
14:38:51  17    is already taking place it's too late the notice should
14:38:55  18    have come before that.  Okay.
14:38:56  19                MAGISTRATE JUDGE ROEMER:  And let's get back
14:38:58  20    to the -- this argument we're kind of having here is
14:39:02  21    like a summary judgment argument on whether or not there
14:39:05  22    is a case here or not, I guess.  Let's get back to the
14:39:08  23    class certification.  So, for each person in the class,
14:39:13  24    I guess, the Defendant will have to come up with a
14:39:16  25    notification, right?  We notified them or they didn't
```

|   |   |   |
|---|---|---|
| | 1 | C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL. |
| 14:39:20 | 2 | notify them.  I guess I don't see it that complicated. |
| 14:39:23 | 3 | Either they sent them the notice or didn't send them the |
| 14:39:27 | 4 | notice.  They are arguing what to notice or not to |
| 14:39:30 | 5 | notice.  The Court can decide that.  That will be pretty |
| 14:39:32 | 6 | much the same for everybody, I guess.  Am I missing |
| 14:39:35 | 7 | something? |
| 14:39:36 | 8 |     MR. BROMBERG:  No, no, that is our position, |
| 14:39:38 | 9 | your Honor. |
| 14:39:39 | 10 |     MAGISTRATE JUDGE ROEMER:  Okay.  Mr. Bruno. |
| 14:39:42 | 11 |     MR. BRUNO:  Your Honor, going back to the |
| 14:39:44 | 12 | Rule 23 motion, okay.  The argument on the notice, first |
| 14:39:47 | 13 | of all the document, the documents are clear, they speak |
| 14:39:51 | 14 | for themselves.  They are written in plain English. |
| 14:39:54 | 15 |     MAGISTRATE JUDGE ROEMER:  Yeah, I don't |
| 14:39:54 | 16 | think so.  I would tend to disagree with you on that. |
| 14:39:58 | 17 |     MR. BRUNO:  To suggest -- |
| 14:39:59 | 18 |     MAGISTRATE JUDGE ROEMER:  You never sent out |
| 14:40:00 | 19 | a document on that form to that.  Mr. Bromberg was |
| 14:40:06 | 20 | talking about notification of assignment right up in |
| 14:40:09 | 21 | front in English.  You never did that. |
| 14:40:11 | 22 |     MR. BRUNO:  No, we didn't.  And the |
| 14:40:12 | 23 | obligation to do so isn't on the assignee, and, |
| 14:40:16 | 24 | essentially, wasn't on the assignee's counsel; it is on |
| 14:40:20 | 25 | the assignor. |

```
         1    C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:40:22 2               MAGISTRATE JUDGE ROEMER:  I don't know who
14:40:22 3    it's on, but from the debtor's standpoint, they never
14:40:26 4    got the notice, so, technically, they don't have to pay
14:40:30 5    the debt.  That is what has to happen.
14:40:32 6               MR. BRUNO:  No, the Buffalo City Court
14:40:34 7    already validated this; this has been adjudicated.
14:40:37 8               MAGISTRATE JUDGE ROEMER:  I'm not buying
14:40:38 9    that, Mr. Bruno.
14:40:39 10              MR. BRUNO:  Let's go to commonality, your
14:40:42 11   Honor.  We would have to have individual inquiries as to
14:40:46 12   every debtor and what notice they received, how it was
14:40:49 13   delivered to them --
14:40:50 14              MAGISTRATE JUDGE ROEMER:  You either sent
14:40:51 15   them a notice --
14:40:52 16              MR. BRUNO:  -- and when it was.
14:40:53 17              MAGISTRATE JUDGE ROEMER:  You sent them a
14:40:55 18   notice.
14:40:55 19              MR. BRUNO:  That would require
14:40:56 20   individualized inquiries and adjudications, your Honor.
14:41:01 21   So for the purposes of Rule 23 --
14:41:03 22              MAGISTRATE JUDGE ROEMER:  I don't see that,
14:41:05 23   either.  You're making this argument how the Plaintiff
14:41:07 24   here got notice.  I can't imagine there would be too
14:41:14 25   many iterations of that argument.  The Court will decide
```

```
              1   C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:41:16      2   that as a matter of law whether or not it constituted a
14:41:18      3   sufficient notice or it didn't.  I don't know why there
14:41:23      4   would have to be all these different things.  I mean I
14:41:29      5   think it's pretty clear you didn't send this notice.
14:41:31      6   I'm having trouble understanding your arguments about
14:41:34      7   how that was a sufficient notice.
14:41:36      8               MR. BRUNO:  Well, your Honor, you know, I'll
14:41:39      9   rely on the papers, but the law is clear that it's not
14:41:44     10   on the part of the assignee.
14:41:45     11               MAGISTRATE JUDGE ROEMER:  Thank you, sir.
14:41:46     12   You can rely on the papers.
14:41:47     13               MR. BRUNO:  No, not on that.
14:41:49     14               MAGISTRATE JUDGE ROEMER:  No, that is what
14:41:50     15   you said, sir.
14:41:51     16               MR. BRUNO:  On that one issue, your Honor.
14:41:54     17   We're just addressing the notice.
14:41:56     18               MAGISTRATE JUDGE ROEMER:  What else do you
14:41:56     19   want to talk about?  What other issue do you want to
14:41:59     20   talk about?
14:42:00     21               MR. BRUNO:  It's Mr. Bromberg's motion,
14:42:00     22   Judge.
14:42:03     23               MAGISTRATE JUDGE ROEMER:  So you're done.
14:42:04     24               Anybody else for the Defendants want to
14:42:06     25   speak?
```

```
                1     C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:42:07        2              MR. WORTMAN:  Yeah, your Honor.  This is
14:42:08        3     Scott Wortman.  Sorry about the technical difficulties
14:42:12        4     before.  I thought I would come into the office to make
14:42:14        5     things easier, and, instead, it actually complicated
14:42:18        6     things.  I do apologize about that.
14:42:20        7              We represent the defendants Palisade
14:42:26        8     Acquisition XVI.  And, as an initial matter, listening
14:42:28        9     to the arguments, a purely procedural question over the
14:42:33       10     interpretation of the CPLR, the Civil Practice Laws and
14:42:39       11     Rules of New York, is insufficient to establish Article
14:42:43       12     III standing.  It certainly is not enough to show
14:42:46       13     injury, especially here where the state court has
14:42:49       14     already.
14:42:50       15              MAGISTRATE JUDGE ROEMER:  You're making an
14:42:51       16     argument now there is no standing for the entire case,
14:42:55       17     the whole case should be tossed?  That is in your
14:42:57       18     papers?
14:42:57       19              MR. WORTMAN:  Yes.
14:42:59       20              MAGISTRATE JUDGE ROEMER:  That is in the
14:43:00       21     papers?
14:43:01       22              MR. WORTMAN:  It's in the papers, yes.
14:43:03       23              MAGISTRATE JUDGE ROEMER:  That is not even a
14:43:04       24     class argument, that this is to be dismissed for lack of
14:43:08       25     subject matter jurisdiction.
```

```
            1    C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:43:09    2              MR. WORTMAN:  Well, it is, but an argument
14:43:12    3    that is properly raised at the time of class.
14:43:17    4              MAGISTRATE JUDGE ROEMER:  Well, subject
14:43:17    5    matter jurisdiction can be raised at any time.
14:43:20    6              MR. WORTMAN:  That's correct.  And the
14:43:22    7    Supreme Court --
14:43:22    8              MAGISTRATE JUDGE ROEMER:  That is your
14:43:23    9    argument, subject matter jurisdiction?
14:43:25   10              MR. WORTMAN:  Subject matter jurisdiction,
14:43:28   11    yes, prior to citing the merits of class certification.
14:43:36   12              MAGISTRATE JUDGE ROEMER:  It goes to the
14:43:37   13    whole case.  Either I have jurisdiction or I don't have
14:43:40   14    jurisdiction, right?  The Court doesn't have anything to
14:43:42   15    do with the class certification, you're making a
14:43:46   16    different argument.
14:43:46   17              MR. WORTMAN:  No, as part of class
14:43:48   18    certification, we humbly submit, the Court should
14:43:53   19    analyze whether or not McCrobie suffered or can
14:44:07   20    demonstrate any concrete harm, especially when it's
14:44:11   21    already been established, as matter of law, by the
14:44:14   22    Buffalo City Court that no such harm was suffered.  Here
14:44:18   23    the Plaintiff is asking the Court to rely on a concept
14:44:21   24    of hypothetical jurisdiction.  That was already soundly
14:44:27   25    rejected by the Supreme Court.  And as we said, the
```

|  |  |  |
|--|--|--|
|  | 1 | C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL. |
| 14:44:30 | 2 | Court always has the authority to determine |
| 14:44:32 | 3 | jurisdiction. |
| 14:44:33 | 4 | MAGISTRATE JUDGE ROEMER: You know, we're |
| 14:44:34 | 5 | six years into this case, we've already had motions to |
| 14:44:37 | 6 | dismiss, it went up to the Second Circuit, I believe and |
| 14:44:40 | 7 | came back and this is the first time, there is a subject |
| 14:44:44 | 8 | matter jurisdiction. |
| 14:44:45 | 9 | MR. WORTMAN: This is not the first time, |
| 14:44:47 | 10 | but this is the first time since the *Ramirez* decision |
| 14:44:51 | 11 | decided by the Supreme Court just a couple of weeks ago |
| 14:44:54 | 12 | where they were very clear that a purely procedural |
| 14:44:58 | 13 | question over interpretation, such as the CPLR, is |
| 14:45:01 | 14 | insufficient to establish Article III standing as |
| 14:45:05 | 15 | concisely put in the *Ramirez* decision no concrete harm, |
| 14:45:08 | 16 | no standing. And here the record unequivocally |
| 14:45:13 | 17 | demonstrates that McCrobie did not suffer a concrete |
| 14:45:16 | 18 | harm traceable to any of the Defendant's conduct. |
| 14:45:19 | 19 | Plaintiff himself -- |
| 14:45:20 | 20 | MAGISTRATE JUDGE ROEMER: Well, the whole |
| 14:45:21 | 21 | purpose behind the statute is to give him notice that |
| 14:45:25 | 22 | the debt was assigned so he would know what he was |
| 14:45:28 | 23 | supposed to do. Here you went ahead and got the default |
| 14:45:31 | 24 | judgment, never letting him know it was assigned to |
| 14:45:34 | 25 | another person. |

```
                1    C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:45:35        2              MR. WORTMAN:  Your Honor, the statute -- I'm
14:45:37        3    sorry, but I respectfully disagree.
14:45:40        4              MAGISTRATE JUDGE ROEMER:  The statute
14:45:40        5    doesn't say you have to give notification of assignment?
14:45:44        6              MR. WORTMAN:  Actually, it says the
14:45:46        7    assignor.  The assignor must give notification, not the
14:45:50        8    assignee.  We represent the assignee and the Buffalo
14:45:53        9    City Court already looked at this issue and found that
14:45:56       10    the execution of the judgments, all of this was in front
14:45:57       11    of the Buffalo City Court and --
14:45:59       12              MAGISTRATE JUDGE ROEMER:  Did the Buffalo
14:46:01       13    City Court issue a written decision?
14:46:03       14              MR. WORTMAN:  A written decision, yes.
14:46:05       15              MAGISTRATE JUDGE ROEMER:  Mr. Bromberg.
14:46:06       16              MR. BROMBERG:  Okay.  Your Honor, first of
14:46:08       17    all, with respect to the Article III standing issue, the
14:46:12       18    defendants took $572.45 from our clients.  They
14:46:18       19    eventually returned it to our client, but they never
14:46:22       20    compensated him for the period when he used on the -- -
14:46:31       21    that was Palisades and Asta and Houslanger and
14:46:34       22    Houslanger & Associates taking that money.  So he was
14:46:37       23    never compensated for the period when he didn't have
14:46:41       24    that money.  Secondly, the defendants still continue to
14:46:44       25    claim that the Plaintiff owes the money to Palisades
```

```
              1    C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:46:48      2    Acquisition XVI, LLC, and to Asta.  So there is still an
14:46:52      3    ongoing claim that he owes the money to those fellows,
14:46:56      4    and that somehow there has been a proper notice of
14:47:01      5    assignment.  It's something more than procedural.  They
14:47:03      6    took the money and there was a period when our client
14:47:07      7    was denied the money and he was never compensated for
14:47:11      8    the period he was denied the money and they still claim
14:47:15      9    he owes them the money.  With respect to the obligations
14:47:18     10    claiming that the obligations fall solely on the
14:47:20     11    assignor, there is a confidential section, I don't want
14:47:27     12    to complicate things for the Court, I could point the
14:47:30     13    Court to the section of the agreement, the purchase
14:47:33     14    agreements, purchase and sale agreement between Great
14:47:38     15    Seneca Financial Corporation, Platinum Financial
14:47:42     16    Services Corporation.
14:47:43     17                 MAGISTRATE JUDGE ROEMER:  Prior to the
14:47:44     18    assignment, was it the assignee that was supposed to
14:47:48     19    notify the debtor, is that what you're telling me?
14:47:51     20                 MR. BROMBERG:  Yes, exactly.  Section 6.1
14:47:54     21    that has been marked "confidential," I want to make that
14:47:58     22    clear, I want to maintain the confidentiality.  Yes,
14:48:01     23    section 6.1.
14:48:03     24                 MAGISTRATE JUDGE ROEMER:  That was in the
14:48:03     25    papers, I believe.
```

```
           1      C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:48:05   2                MR. BROMBERG:  That was in the papers, yes.
14:48:07   3                MAGISTRATE JUDGE ROEMER:  Yes.
14:48:07   4                MR. BROMBERG:  And there has been no
14:48:09   5      determination that the money is due to, from the state
14:48:13   6      court, that the money is due to Palisades XVI, LLC were
14:48:18   7      to ask that.
14:48:20   8                MAGISTRATE JUDGE ROEMER:  Have you briefed
14:48:21   9      this issue regarding subject matter jurisdiction?
14:48:23  10                MR. BROMBERG:  It was briefed in the papers
14:48:25  11      in passing.  I could point to -- I mean, it was raised
14:48:30  12      for the first time in the opposition when, frankly, I
14:48:34  13      think it should have been the subject of a separate Rule
14:48:38  14      12 motion rather than being dealt with --
14:48:41  15                MAGISTRATE JUDGE ROEMER:  That was the point
14:48:42  16      I was trying to make earlier.  That is beyond whether or
14:48:45  17      not there should be a class.  That is whether or not
14:48:47  18      there should be a case, I guess.
14:48:49  19                MR. BROMBERG:  Yes, it's really not fair to
14:48:52  20      raise it in passing in a motion.
14:48:56  21                MAGISTRATE JUDGE ROEMER:  But if it's an
14:48:56  22      issue, it's an issue.  We can't keep jurisdiction over a
14:49:01  23      case we don't have subject matter jurisdiction over.
14:49:03  24      And counsel mentioned a case.  What, the *Rodriguez* case?
14:49:07  25                MR. BROMBERG:  *Ramirez*.
```

```
           1     C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:49:09   2              MR. WORTMAN:  Thank you, your Honor.
14:49:11   3              MAGISTRATE JUDGE ROEMER:  That case.  When
14:49:12   4     was that case decided?
14:49:13   5              MR. BROMBERG:  About two weeks ago, your
14:49:13   6     Honor.
14:49:16   7              MAGISTRATE JUDGE ROEMER:  So, I don't know
14:49:16   8     that anybody briefed that.  All of the briefs were in
14:49:19   9     already or whatever.
14:49:22  10              MR. BROMBERG:  We addressed the issues on
14:49:24  11     page 9 and 10 of our brief.
14:49:26  12              MAGISTRATE JUDGE ROEMER:  Okay.  I want you
14:49:27  13     to do a better job.  I want you to really address the
14:49:31  14     issue of subject matter jurisdiction in detail, so I'm
14:49:34  15     going to give you two weeks to file a memorandum
14:49:39  16     regarding the subject matter jurisdiction.  And I'll
14:49:43  17     give the defendants two weeks to respond.
14:49:45  18              Rosalie, what is the two weeks?
14:49:47  19              THE CLERK:  August 26th.
14:49:51  20              MR. WORTMAN:  Thank you, your Honor.
14:49:51  21              MR. BROMBERG:  Your Honor, I'm just
14:49:53  22     wondering if it should be the other way around, that
14:49:55  23     they are the ones raising the issue.
14:49:57  24              MAGISTRATE JUDGE ROEMER:  They say they
14:49:59  25     raised the issue already in their papers.
```

```
        1      C. MCCROBIE VS. PALISADES ACQUISITION XVI, LLC ET AL.
14:50:01  2              MR. BROMBERG:  Okay.  We'll put in something
14:50:03  3    on Ramirez.
14:50:04  4              MAGISTRATE JUDGE ROEMER:  Okay.  All right.
14:50:05  5    And then the Defendant response, Rosalie.
14:50:08  6              THE CLERK:  September 9th.
14:50:11  7              MAGISTRATE JUDGE ROEMER:  September 9th.
14:50:13  8              MR. BRUNO:  I apologize.  Can you give me
14:50:14  9    the dates again?  Sorry, ma'am.
14:50:16 10              THE CLERK:  August 26th and September 9th.
14:50:19 11              MR. BRUNO:  Thank you so much.
14:50:20 12              THE CLERK:  You're welcome.
14:50:22 13              MAGISTRATE JUDGE ROEMER:  I'll tell you
14:50:23 14    right now, if I have -- if the Court has subject matter
14:50:27 15    jurisdiction, I'm tending towards granting the motion
14:50:30 16    for class certification, just so everybody knows that.
14:50:33 17    So, do a good job on the subject matter jurisdiction
14:50:36 18    issue.  All right?  Anything else anybody wanted to say?
14:50:42 19              MR. BROMBERG:  No, your Honor.
14:50:43 20              MAGISTRATE JUDGE ROEMER:  Okay.  Have a good
14:50:44 21    day.  Stay safe.
14:50:46 22              MR. BROMBERG:  Thank you, your Honor.
14:50:47 23              MR. BRUNO:  Thank you, your Honor.
         24
         25
```

```
 3                         *   *   *

 4                    CERTIFICATE OF REPORTER

 6      I certify that the foregoing is a correct transcript
 7  of the record to the best of my ability of proceedings
 8  transcribed from the audio in the above-entitled matter.

10  S/ Karen J. Clark,   RPR
11  Official Court Reporter
```