UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————
CHRISTOPHER MCCROBIE,

                Plaintiff,

        v.                                15-cv-00018-LJV-MJR

PALISADES ACQUISITION XVI, LLC;
ASTA FUNDING, INC.; HOUSLANGER
& ASSOCIATES, PLLC; and TODD
HOUSLANGER,

                Defendants.
———————————————————————

**Supplemental Memorandum of Law in Support of Plaintiff's Motion for
Class Certification and to Appoint Class Counsel**

                          Respectfully submitted,

                          Brian L. Bromberg
                          Joshua Tarrant-Windt
                          Bromberg Law Office, P.C.
                          352 Rutland Road #1
                          Brooklyn, New York 11225
                          (212) 248-7906
                          brian@bromberglawoffice.com
                          joshua@bromberglawoffice.com

                          Timothy Hiller
                          Seth Andrews
                          Kenneth Hiller
                          Law Offices of Kenneth Hiller, PLLC
                          6000 North Bailey Ave., Suite 1A
                          Amherst, NY 14226
                          (716) 564-3288
                          thiller@kennethhiller.com
                          sandrews@kennethhiller.com

**Argument**

Plaintiff Christopher McCrobie and the class have standing to assert the claims at issue in this action against Defendants Palisades Acquisition XVI, LLC ("Palisades"), Asta Funding Inc. ("Asta"), Houslanger & Associates, PLLC ("H&A"), and Todd E. Houslanger ("Houslanger") for violations of the Fair Debt Collection Practices Act ("FDCPA")[1] and the New York General Business Law ("GBL").[2]

### I. Plaintiff Has Standing

Plaintiff has suffered a cognizable injury for damages purposes. This Court has already held that engaging in impermissible collection efforts in violation of the FDCPA causes an injury in fact.[3] Judge Vilardo, in denying Defendants' motions to dismiss the First Amended Complaint, held that "because he has alleged an injury resulting from the defendants' conduct that can be remedied by a favorable decision in this case, McCrobie has standing."[4] Other courts have similarly concluded that failure to provide a notice of assignment before initiating collection efforts creates a cognizable injury.[5] Defendants do not present any "cogent and compelling reason" that would warrant a deviation from the law of the case.[6]

---

[1] Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*
[2] New York General Business Law § 349.
[3] *See McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 247 (W.D.N.Y. 2019).
[4] *Id.*
[5] *See Moukengeschaie v. Eltman, Eltman & Cooper*, P.C., 277 F. Supp. 3d 337, 346 (E.D.N.Y. 2017) ("[T]he Court finds that plaintiff has Article III standing to raise a claim that she was not provided sufficient notice of the assignment of her debt under New York law before defendants attempted to collect on the debt, and therefore has standing to raise FDCPA claims on behalf of a sub-class of individuals . . . ."); *Baltazar v. Houslanger & Assocs., PLLC*, No. 16-4982 (JMA) (AKT), 2018 WL 3941943, at *9 (E.D.N.Y. Aug. 16, 2018), report and recommendation adopted, No. 16CV04982JMAAKT, 2018 WL 4781143 (E.D.N.Y. Sept. 30, 2018) (finding receipt of a restraining notice can give rise to standing for FDCPA claims).
[6] *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002); *see also United States v. Pennick*, No. 17-CR-15-A, 2020 WL 4692475, at *4 (W.D.N.Y. Aug. 13, 2020) ("The Court's

There are multiple alternative grounds to find that Plaintiff has suffered a concrete, particularized injury. First, Defendants took money from Plaintiff's account.[7] Such a monetary loss is a "quintessential injury in fact."[8] Second, although Defendants later returned Plaintiff's money to him, they did not compensate him for the period of time in which he did not have access to that money.[9] That is also sufficient for purposes of establishing standing.[10] Finally, Defendants continue to claim that Plaintiff owes them money,[11] and an outstanding debt is a form of monetary injury.

Although Defendants Palisades and Asta (the "Palisades Defendants") purport to rely on the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*,[12] they do so only to support the proposition that any injury must be "concrete."[13] A requirement for concrete injury is not a new standing requirement.[14] *TransUnion* did clarify that to be "concrete," a harm must have a

---

prior ruling on the standing question is the law of the case and therefore is not to be revisited unless cogent and compelling reasons exist for doing so.").

[7] *See* Declaration of Christopher McCrobie ("McCrobie Reply Decl."), dated July 25, 2021 [Dkt. 178-1], ¶ 3.

[8] *Dhinsa v. Krueger*, 917 F.3d 70, 78 (2d Cir. 2019).

[9] *See* McCrobie Reply Decl., ¶ 4.

[10] *See Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."); *see also Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020) ("[T]he temporary loss of use of one's money constitutes an injury in fact for purposes of Article III."); *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (holding that delay in reimbursing money "is the epitome of 'concrete'" for Article III standing purposes); *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 249 (11th Cir. 2014) ("This loss of the time value of [plaintiff's] money is a sufficient injury to meet the requirements of Article III standing.").

[11] *See* Palisades Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification and to Appoint Class Counsel ("Palisades Mem."), dated July 5, 2021, at 7 (Dkt. 175) (stating that Plaintiff is required to repay the garnished funds).

[12] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)

[13] *See* Palisades Mem. at 6, 11-12.

[14] *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) ("Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent

"common-law analogue" but nevertheless explained that "[p]hysical or monetary harms readily qualify as concrete injuries under Article III, and various intangible harms—like reputational harms—can also be concrete."[15]

As noted above, Plaintiff suffered monetary harm when Defendants took his money and, upon returning it, did not compensate him for the period in which he did not have that money. Plaintiff continues to suffer monetary harm because Defendants continue to assert that Plaintiff owes them money. *TransUnion* therefore poses no obstacle to standing and in fact confirms that Plaintiff suffered a cognizable injury for standing purposes. Further, Plaintiff would have standing even in the absence of monetary harm because unlawful debt collection "is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process."[16]

Plaintiff has more than satisfied Article III's injury-in-fact requirement.

### II.     All Class Members Have Standing

All individuals identified in the class definition have suffered concrete injuries. Specifically, Plaintiff has tailored the class to ensure that it is limited to those on the receiving end of collections efforts by Houslanger and H&A involving income executions or restraining notices, *i.e.*, involuntary post-judgment collection mechanisms that target specific individuals

---

. . . ."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (holding injury must be "concrete and particularized"); *Sierra Club v. Morton*, 405 U.S. 727, 740 n.16 (1972) (judicial review can only occur where there is "a particular, concrete injury").
[15] *TransUnion*, 141 S. Ct. at 2197.
[16] *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017); *cf. Williams v. Williams*, 246 N.E.2d 333, 335 n.1 (N.Y. 1969) (noting that abuse of process applies to "attachment, execution, garnishment, or sequestration proceedings, . . . or even such infrequent cases as the use of a subpoena for the collection of a debt" (internal quotation marks and citation omitted)).

who are thereby harmed.[17] This limitation ensures that class membership is restricted to victims of unlawful collection efforts, which is the violation that matters for standing purposes.

The Palisades Defendants claim that certain, unidentified class members nevertheless lack standing because any collection efforts against those class members were pursuant to a valid judgment and therefore could not result in an injury.[18] In making this argument, the Palisades Defendants ignore that the validity of the underlying judgment is a separate issue from the lawfulness of Defendants' collection efforts. As the Second Circuit has already recognized in this very case, "[t]he underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the FDCPA by making false, deceptive, or misleading communications or using unfair or unconscionable means in the course of attempting to collect on the judgment."[19] The class members' injuries – having their wages garnished or bank account restrained – are not negated just because those unlawful collection efforts are supported by a valid judgment. Were the Palisades Defendants' contention an accurate view of the law, then as long as a debt collector has a valid judgment, a debtor could never suffer a cognizable injury from collection efforts, no matter how misleading or abusive.

Ultimately, the Palisades Defendants' argument about the class members' standing misses the mark because it's not really an argument about standing. The Palisades Defendants are just reframing their substantive, merits-based argument that valid judgments defeat FDCPA liability in the language of standing. Their argument that if Defendants have not acted unlawfully

---

[17] *See Martinez v. Cap. One Bank, N.A.*, No. 10-CV-8028 RJS, 2015 WL 4270172, at *3 (S.D.N.Y. July 13, 2015) (finding standing based on defendant's improper freezing of class members' accounts).
[18] Palisades Mem. at 11-12.
[19] *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016) (summary order).

4

then Plaintiff and the class members have not suffered an "injury" is circular and blurs the line between standing and the merits of Plaintiff's claims.[20] A merits-based criticism that does not present any individualized issues for the class does not create an obstacle to class certification.

## Conclusion

For the above reasons, the proposed classes should be certified.

Dated: August 26, 2021

/s/ *Brian L. Bromberg*
Brian L. Bromberg
Attorney for Plaintiff

---

[20] *See Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) ("The standing question is distinct from whether [plaintiff] has a cause of action."); *Toretto v. Donnelley Fin. Sols., Inc.*, No. 1:20-CV-2667-GHW, 2021 WL 861138, at *5 (S.D.N.Y. Mar. 5, 2021) (noting that, "[d]espite this clearly established distinction, . . . litigants frequently conflate standing and merits issues.").

5