UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MCCROBIE,

               Plaintiff,

      v.                                             15-cv-00018-LJV-MJR

PALISADES ACQUISITION XVI, LLC;
ASTA FUNDING, INC.; HOUSLANGER
& ASSOCIATES, PLLC; and TODD
HOUSLANGER,

               Defendants.
_____

**Sur-Reply in Support of Plaintiff's Motion for
Class Certification and to Appoint Class Counsel**

Respectfully submitted,

Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, New York 11225
(212) 248-7906
brian@bromberglawoffice.com
joshua@bromberglawoffice.com

Timothy Hiller
Seth Andrews
Kenneth Hiller
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
thiller@kennethhiller.com
sandrews@kennethhiller.com

## Argument

Plaintiff Christopher McCrobie and the class have standing to assert the claims at issue in this action against Defendants Palisades Acquisition XVI, LLC ("Palisades"), Asta Funding Inc. ("Asta"), Houslanger & Associates, PLLC ("H&A"), and Todd E. Houslanger ("Houslanger") for violations of the Fair Debt Collection Practices Act ("FDCPA")[1] and the New York General Business Law ("GBL").[2]

### I. Plaintiff Suffered a Concrete Injury, Not a Mere Procedural Violation

### A. Plaintiff Suffered Concrete Monetary Harm

Defendants' failure to provide Plaintiff and class members with a notice of assignment before engaging in post-judgment collection actions is a substantive violation of the FDCPA that resulted in concrete harms to Plaintiff. Plaintiff has alleged, and provided evidence for, concrete monetary harm arising out of Defendants' actions. Defendants H&A and Houslanger (collectively, the "Houslanger Defendants"), however, largely ignore these concrete monetary harms, instead falsely asserting that Plaintiff premises standing on "a mere statutory violation."[3]

The Houslanger Defendants do not dispute that they took Plaintiff's money and, when they later returned that money, did not compensate him for the period in which he was deprived of those funds. Nor do the Houslanger Defendants dispute

---

[1] Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*
[2] New York General Business Law § 349.
[3] Houslanger Defendants' Memorandum of Law in Support of their Argument that there is No Article III Standing and the Action Should be Dismissed ("Houslanger Supp. Br."), dated September 9, 2021 (Dkt. 192), at 5.

that they still claim that Plaintiff owes them money. That alone is sufficient to find that Plaintiff satisfies the requirements of Article III standing.

The Houslanger Defendants do argue that the temporary deprivation of Plaintiff's money was not an injury because Plaintiff did not have a right to that money.[4] The Houslanger Defendants premise the extraordinary claim that Plaintiff did not have any legal right to his own money on the fact that there existed a valid judgment against him. However, the existence of a valid judgment does not allow a debt collector to simply take a judgment debtor's money through improper legal process; the execution of the judgment must also be valid and, under New York law, that includes providing the judgment debtor with a notice of assignment.[5]

In making this argument, the Houslanger Defendants import the merits analysis into standing.[6] Whether Plaintiff had a lawful right to the funds that Defendants took from him turns on whether their post-judgment collection efforts complied with the requirements of New York law. If Defendants violated New York law by garnishing Plaintiff's wages without providing him with a notice of assignment, then Defendants were not entitled to garnish Plaintiff's wages and he

---

[4] *Id.* at 9-10.

[5] *See Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541, at *11 (E.D.N.Y. Mar. 31, 2016) (holding that "under New York law, an assignee may not attempt to collect on an assigned judgment until the consumer has actual notice of the assignment").

[6] *See Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) ("The standing question is distinct from whether [plaintiff] has a cause of action."); *Toretto v. Donnelley Fin. Sols., Inc.*, No. 1:20-CV-2667-GHW, 2021 WL 861138, at *5 (S.D.N.Y. Mar. 5, 2021) (noting that, "[d]espite this clearly established distinction, . . . litigants frequently conflate standing and merits issues.").

2

was injured through deprivation of his own money.

The Houslanger Defendants also assert that an underlying state court decision confirms the validity of their garnishment.[7] The state court decision rejecting Plaintiff's challenge to his default judgment did not hold, as the Houslanger Defendants claim, that the garnishment of Plaintiff's wages was valid. As this Court has previously explained, "the state-court proceedings upon which the defendants seem to rely relate to the validity of McCrobie's underlying debts to Providian Financial and Centurion Capital—not whether the defendants violated the FDCPA in attempting to collect those debts."[8] The state court held that Plaintiff had waited too long and therefore could not challenge the judgment. It did not make any ruling with respect to whether Defendants properly complied with all requirements for valid execution of a judgment.[9]

### B. Plaintiff Suffered a Concrete Non-Monetary Harm by Being Subject to Unlawful Legal Process

Plaintiff has demonstrated a concrete monetary harm but even in the absence of such harm, there would still be an injury sufficient to confer standing. The Supreme Court in *TransUnion LLC v. Ramirez,* recognized that standing may be premised on non-monetary harms that have "a close relationship to harms

---

[7] Houslanger Supp. Br. at 10.
[8] *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 249 (W.D.N.Y. 2019).
[9] If the Houslanger Defendants wish to rely on *res judicata* or collateral estoppel to argue that the validity of the garnishment was already decided in a separate proceeding, then they should make the argument rather than waiving their hands in the general direction of a state court decision that did not address the validity of Defendants' post-judgment execution efforts.

3

traditionally recognized as providing a basis for lawsuits in American courts."[10] It gave the examples of "reputational harms, disclosure of private information, and intrusion upon seclusion."[11] Being subject to unlawful post-judgment collection efforts is a traditionally recognized harm.

As the Eighth Circuit has cogently explained, unlawful debt collection "is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process."[12] New York common law recognizes that improper post-judgment collection efforts can form the basis for a claim for abuse of process.[13] "Courts have required little or no proof with regard to intangible damages for malicious use of process, apparently in the belief that a 'normal person' subjected to wrongful litigation would have suffered at least some damages."[14] Plaintiff is therefore seeking to vindicate a harm – being subject to unlawful legal process – that has been long recognized under the common law.

The Houslanger Defendants attempt to minimize the harm by characterizing the failure to provide a notice of assignment as a procedural violation. However, a notice of assignment is an essential element for serving legal process, the absence of which renders that legal process invalid and unlawful. The New York Court of

---

[10] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).
[11] *Id.*
[12] *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017).
[13] *Williams v. Williams*, 246 N.E.2d 333, 335 n.1 (N.Y. 1969) (noting that abuse of process applies to "attachment, execution, garnishment, or sequestration proceedings, . . . or even such infrequent cases as the use of a subpoena for the collection of a debt" (internal quotation marks and citation omitted)).
[14] *Baglini v. Lauletta*, 338 N.J. Super. 282, 307, 768 A.2d 825, 839 (App. Div. 2001).

Appeals has held that "[a] debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment."[15] It is from this edict that *Musah v. Houslanger & Associates, PLLC*,[16] and its progeny have held that failure to provide this notice gives rise to a claim under the FDCPA. In the instant case, there was no valid notice of assignment and Plaintiff was therefore harmed by being subject to an unlawful garnishment.

The Houslanger Defendants' focus on CPLR 5019(c) is misplaced.[17] It is misplaced first because most of their discussion of that provision is irrelevant to Plaintiff's standing. Whether the burden of providing notice falls on just the assignor or both assignor and assignee is a question of law that goes to the merits of Plaintiff's claims.[18] Second, it is misplaced because the requirement of a notice of

---

[15] *Tri City Roofers, Inc. v. Ne. Indus. Park*, 61 N.Y.2d 779, 780, 461 N.E.2d 298 (1984).
[16] *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 641 (S.D.N.Y. 2013).
[17] Houslanger Supp. Br. at 6-8.
[18] Albeit this is a question that has already been decided in Plaintiff's favour in numerous decisions following *Musah. See Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541, at *11 (E.D.N.Y. Mar. 31, 2016) (holding that even though "it is the assignor's obligation to provide" the notice of assignment under New York law, the assignee still has an obligation to ensure that the judgment debtor has received a notice of assignment); *Baltazar v. Houslanger & Assocs., PLLC*, No. 16-4982 (JMA) (AKT), 2018 WL 3941943, at *8 (E.D.N.Y. Aug. 16, 2018) ("[E]ven though the duty to notify falls to the assignor an attorney seeking to collect a judgment, which includes that of the assignee, has an independent duty to conduct a meaningful review of the file, which should include a determination of whether the debtor received notice of the assignment." (internal citation omitted)), report and recommendation adopted, No. 16CV04982JMAAKT, 2018 WL 4781143 (E.D.N.Y. Sept. 30, 2018). The Houslanger Defendants' citation of *Hackett v. Midland Funding LLC*, No. 18-CV-6421 FPG, 2019 WL 1902750, at *6 (W.D.N.Y. Apr. 29, 2019), for the proposition that there is "no valid cause of action under the FDCPA for the debt collector-assignee's failure to give the plaintiff notice of assignment" is deeply misleading. Houslanger Supp. Br. at 6-7. That statement

5

assignment is informed by CPLR 5019(c) but is an altogether different requirement. As Defendants note, courts have routinely held that failure to comply with CPLR 5019(c) does not bar enforcement of that judgment. However, many of the same decisions then go on to hold that enforcement is barred because of a failure to provide actual notice of the assignment of the judgment.[19]

Moreover, being subject to an unlawful garnishment is very different from the injuries at the heart of the various out-of-Circuit decisions on which the Houslanger Defendants rely. In every case the Houslanger Defendants cite, the court found that confusion or anxiety arising from a misleading or deceptive letter or voice message did not give rise to a concrete harm.[20] None of the cases involved unlawful legal process which are inherently coercive instruments, the abuse of which is actionable at common law. By contrast, Defendants' failure to provide Plaintiff with a notice of assignment rendered its attempt to garnish Plaintiff's wages unlawful and receiving unlawful legal process is well within the sort of

---

was made in the context of assigning debts as opposed to judgments and the decision explicitly affirmed the reasoning of *Musah* that failure to provide a notice of assignment is actionable when dealing with assignment of a judgment.
[19] *See Moukengeschaie*, 2016 WL 1274541, at *11 ("[U]nder New York law, an assignee may not attempt to collect on an assigned judgment until the consumer has actual notice of the assignment . . . ."); *Musah*, 962 F. Supp. 2d at 639 (S.D.N.Y. 2013) (holding that CPLR 5019(c) does not bar enforcement of judgment but failure to provide notice of assignment does).
[20] *See Garland v. Orlans, PC*, 999 F.3d 432, 435 (6th Cir. 2021) (letters); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665 (7th Cir. 2021) (letter and phone call); *Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021) (letters); *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 360 (6th Cir. 2021) (voice messages); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020) (letters)

traditionally recognized harm that *TransUnion* contemplated. In addition, these cases are not binding on this Court and their holdings are at odds with precedent from within this Circuit.[21]

## II. Plaintiff Did Not Have Notice of the Assignment of Judgment

Finally, the Houslanger Defendants assert that Plaintiff had notice of the assignment of the judgment to Defendant Palisades, and therefore Plaintiff could not have been injured by the absence of this notice.[22] The Houslanger Defendants effectively re-purpose one of their substantive arguments for denial of class certification but dress it up in the garb of a challenge to Plaintiff's standing. This argument fails because Plaintiff did not receive any notice of assignment.

The Houslanger Defendants point to a letter dated December 21, 2012 as providing Plaintiff with a notice of assignment. Unfortunately for the Houslanger Defendants, Plaintiff testified that he did not recall ever receiving the letter at his house.[23] It is true that McCrobie initially thought that the letter looked familiar but he immediately clarified that it might be from his review of case documents. The

---

[21] *Compare Wadsworth*, 12 F.4th at 665 (holding that "emotional harms" are insufficient to confer standing under Article III) *with Haynes v. Transunion, LLC*, No. 19-CV-7157(JS)(ARL), 2021 WL 3185581, at *4 (E.D.N.Y. July 28, 2021) (finding, post-*TransUnion*, that emotional distress is a cognizable injury); *compare also Markakos*, 997 F.3d at 780 (holding, based on *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), that receipt of a letter that did not clearly identify the creditor does not cause Article III injury) *with Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (holding, based on *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), that receipt of a letter that did not clearly identify the creditor is sufficient to confer Article III standing).
[22] Houslanger Supp. Br. at 8-9.
[23] Deposition of Christopher McCrobie ("McCrobie Dep."), dated September 3, 2020, at 216, 218 (Dkt 163-3).

Houslanger Defendants insinuate that Plaintiff was coached by counsel during a break in the deposition but offer no basis for this accusation.[24] In fact, Plaintiff's claim that he did not receive the letter is consistent with his earlier deposition testimony that he had not heard of Defendant Palisades before obtaining the garnishment.[25] Plaintiff has separately sworn under penalty of perjury that he did not receive any notice of assignment from any of the Defendants in this case.[26]

In addition, the December 21, 2012 letter is insufficient to provide a notice of assignment as a matter of law even if Plaintiff had received the letter. First, the notice of assignment must pre-date all post-judgment collection efforts and the December 21, 2012 letter is itself a post-judgment collection effort. Second, *Musah* noted that the contents of an essentially identical letter had "nothing to do with . . . the requirement to give a debtor notice that the debt has been assigned."[27] Like the many arguments that the Houslanger Defendants raise, however, this goes to the merits of Plainitff's claims, not whether he had suffered a cognizable injury for purposes of Article III.

---

[24] In fact, counsel for the Houslanger Defendants questioned Plaintiff at the time about what was discussed during this break and Plaintiff answered openly and honestly. McCrobie Dep. at 216-17. The Houslanger Defendants provide no reason to doubt Plaintiff's testimony.
[25] McCrobie Dep. at 207.
[26] Declaration of Christopher McCrobie, dated June 4, 2021 (Dkt. 163-1), ¶¶ 13-14.
[27] *Musah*, 962 F. Supp. 2d at 640.

8

## Conclusion

For the above reasons, the proposed classes should be certified.

Dated: October 1, 2021

>/s/ *Brian L. Bromberg*
>Brian L. Bromberg
>Attorney for Plaintiff

9