UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER MCCROBIE,

                Plaintiff,

       v.                                      15-cv-00018-LJV-MJR

PALISADES ACQUISITION XVI,
LLC; ASTA FUNDING, INC.;
HOUSLANGER & ASSOCIATES,
PLLC; and TODD HOUSLANGER,

                Defendants.

---

**Reply to Objections of the Houslanger Defendants to the
Magistrate Judge's Report and Recommendation**

                Respectfully submitted,

                Brian L. Bromberg
                Bromberg Law Office, P.C.
                352 Rutland Road #1
                Brooklyn, New York 11225
                (212) 248-7906
                brian@bromberglawoffice.com

                Timothy Hiller
                Seth Andrews
                Kenneth Hiller
                Law Offices of Kenneth Hiller, PLLC
                6000 North Bailey Ave., Suite 1A
                Amherst, NY 14226
                (716) 564-3288
                thiller@kennethhiller.com
                sandrews@kennethhiller.com
                khiller@kennethhiller.com

## Table of Contents

Table of Authorities ....................................................................................... ii

Argument ........................................................................................................ 1

    I.    Plaintiff has established Article III injury and has standing ......................... 1

    II.   Plaintiff has met the requirements for commonality ................................. 6

    III.   There is predominance ............................................................................ 8

    IV.   Plaintiff has satisfied the typicality and adequacy-of-representation
requirements .............................................................................................. 9

    V.    A class action is the superior method of adjudicating claims and would be
manageable ................................................................................................ 11

Conclusion ................................................................................................... 12

Table of Authorities

Page(s)

**Cases**

*Carver v. City of New York,*
621 F.3d 221 (2d Cir. 2010) ...................................................................... 4

*Demarais v. Gurstel Chargo, P.A.,*
869 F.3d 685 (8th Cir. 2017) ..................................................................... 3

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ........................... 1

*Maddox v. Bank of New York Mellon Trust Co.,*
19 F.4th 58 (2d Cir. 2021) ......................................................................... 1

*McCrobie v. Palisades Acquisition XVI, LLC,*
359 F. Supp. 3d 239 (W.D.N.Y. 2019) ....................................................... 5

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.,*
No. 14-CV-7539 (MKB), 2016 WL 1274541 (E.D.N.Y. Mar. 31, 2016) ................. 3

*MSPA Claims 1, LLC v. Tenet Fla., Inc.,*
918 F.3d 1312 (11th Cir. 2019) ................................................................. 4

*Musah v. Houslanger & Assocs., PLLC,*
962 F. Supp. 2d at 640 ................................................................. 6, 10, 11

*Porsch v. LLR, Inc.,*
380 F. Supp. 3d 418 (S.D.N.Y. 2019) ........................................................ 4

*Rumfelt v. Midland Funding LLC,*
No. 18-CV-6420 FPG, 2019 WL 1902784 (W.D.N.Y. Apr. 29, 2019) ........ 7, 8, 9, 10

*Spokeo, Inc. v. Robins,*
578 U.S. 330 ............................................................................................. 1

*Toretto v. Donnelley Fin. Sols., Inc.,*
No. 1:20-CV-2667-GHW, 2021 WL 861138 (S.D.N.Y. Mar. 5, 2021) ...... 4

*TransUnion LLC v. Ramirez,*
__ U.S. __, 141 S. Ct. 2190, 210 L.Ed.2d 568 (2021) ...................... 1, 2, 3

*Van v. LLR, Inc.,*
962 F.3d 1160 (9th Cir. 2020) ................................................................... 4

*Viernes v. DNF Assocs., LLC,*
    Civ. No. 19-00316, ___ F.Supp.3d ___, 2022 WL 252467 (D. Haw.
    Jan. 27, 2022)..................................................................................................... 2, 3

*Williams v. Williams,*
    246 N.E.2d 333 (N.Y. 1969.................................................................................. 3

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*............................*passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................ 6, 8

U.S. Const. art. III, § 2 ............................................................................................ 1

<strong>Argument</strong>

Plaintiff Christopher McCrobie respectfully submits these responses to the Houslanger Defendants' ("Houslanger Defendants" or "Defendants"), objections to the Report and Recommendation (the "Report") of the Honorable Michael J. Roemer, U.S. Magistrate Judge, dated March 4 2022.[1]

## I.   Plaintiff has established Article III injury and has standing

Under the United States Constitution, federal courts' judicial power is limited to Cases or Controversies.[2] That constitutional limitation requires a plaintiff to have standing.[3] Standing has three elements: the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[4] In order to show an injury-in-fact, a plaintiff must demonstrate "the invasion of a (1) legally protected interest that is (2) concrete and particularized and (3) actual or imminent, not conjectural or hypothetical."[5] Although Defendants purport to rely on the Supreme Court's 2021 decision in *TransUnion LLC v. Ramirez*,[6] they do so only to support the proposition that any injury must be

---

[1] Dkt No. 200.

[2] U.S. Const. art. III, § 2

[3] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)

[4] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (citing *Lujan*, 504 U.S. at 560-61, 112 S.Ct. 2130; *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)).

[5] *Maddox v. Bank of New York Mellon Trust Co.*, 19 F.4th 58, 62 (2d Cir. 2021)

[6] *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 210 L.Ed.2d 568 (2021).

"concrete."[7] *TransUnion* does clarify that to be "concrete," a harm must have a "common-law analogue" but nevertheless explained that "[p]hysical or monetary harms readily qualify as concrete injuries under Article III, and various intangible harms—like reputational harms—can also be concrete."[8]

Defendants assert that "Plaintiff has suffered no concrete injury stemming from any alleged false, misleading, or deceptive conduct by the Houslanger Defendants, nor has he suffered any particularized harm that affects him in a personal and individual way."[9] The Report, however, clearly dismissed the notion that the facts alleged by Plaintiff do not signify a concrete injury suffered by Plaintiff.[10] In fact, Magistrate Judge Roemer noted how Plaintiff's assertion that "Defendants received over $500 by unlawfully executing on McCrobie's income" demonstrates a concrete injury suffered by Plaintiff.[11]

Plaintiff also suffered monetary harm when Defendants took his money and, upon returning it, did not compensate him for the period in which he did not have that money. He continues to suffer monetary harm because Defendants continue to assert that Plaintiff owes them money. "Monetary harm is an obvious example of a concrete harm."[12] "And the 'loss of even a small amount of money,' i.e., $13.70, 'is

---

[7] Houslanger Defendants Objections (Dkt No. 207) at 3.
[8] *TransUnion*, 141 S. Ct. at 2197.
[9] Houslanger Defendants Objections at 6.
[10] Report at 29.
[11] *Id.*
[12] *Viernes v. DNF Assocs., LLC*, Civ. No. 19-00316, ___ F.Supp.3d ___, 2022 WL 252467, at *11 (D. Haw. Jan. 27, 2022) (citing *TransUnion*, 141 S.Ct. at 2204).

ordinarily an injury' for purposes of Article III."[13] *TransUnion* therefore poses no obstacle to standing and in fact confirms that Plaintiff suffered a cognizable injury for standing purposes. Further, Plaintiff would have standing even in the absence of monetary harm because unlawful debt collection "is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process."[14]

The Defendants also contend that the temporary deprivation of Plaintiff's money was not an injury because Plaintiff did not have a right to that money.[15] The Defendants premise the extraordinary claim that Plaintiff did not have any legal right to his own money on the fact that there existed a judgment against him. But the existence of a judgment does not allow a debt collector to simply take a judgment debtor's money through improper legal process; the execution of the judgment must also be valid and, under New York law, that includes providing the judgment debtor with legally sufficient notice of assignment.[16]

---

[13] *Id.* (citing *Czyzewski v. Jevic Holding Corp.*, ___ U.S. ___, 137 S.Ct. 973, 983, 197 L.Ed.2 398 (2017)).

[14] *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017); *cf. Williams v. Williams*, 246 N.E.2d 333, 335 n.1 (N.Y. 1969) (noting that abuse of process applies to "attachment, execution, garnishment, or sequestration proceedings, . . . or even such infrequent cases as the use of a subpoena for the collection of a debt" (internal quotation marks and citation omitted)).

[15] Houslanger Defendants Objections at 6.

[16] *See Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541, at *11 (E.D.N.Y. Mar. 31, 2016) (holding that "under New York law, an assignee may not attempt to collect on an assigned judgment until the consumer has actual notice of the assignment").

In making this argument, the Houslanger Defendants import the merits analysis into standing.[17] Whether Plaintiff had a lawful right to the funds that Defendants took from him turns on whether their post-judgment collection efforts complied with the requirements of New York law. If Defendants violated New York law by garnishing Plaintiff's wages without providing him with a notice of assignment, then Defendants were not entitled to garnish Plaintiff's wages. Further, Magistrate Judge Roemer correctly relied on *Porsch v. LLR, Inc.*,[18] *Van v. LLR, Inc.*,[19] and *MSPA Claims 1, LLC v. Tenet Fla., Inc.*,[20] when he determined that the failure of Defendants to compensate Plaintiff for the period of time he was deprived of his money constituted a concrete injury under Article III.[21]

The Defendants also assert that an underlying state court decision confirms the validity of their garnishment.[22] The state court decision rejecting Plaintiff's

---

[17] *See Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) ("The standing question is distinct from whether [plaintiff] has a cause of action."); *Toretto v. Donnelley Fin. Sols., Inc.*, No. 1:20-CV-2667-GHW, 2021 WL 861138, at *5 (S.D.N.Y. Mar. 5, 2021) (noting that, "[d]espite this clearly established distinction, . . . litigants frequently conflate standing and merits issues.").
[18] *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019).
[19] *Van v. LLR, Inc.*, 962 F.3d 1160 (9th Cir. 2020).
[20] *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312 (11th Cir. 2019).
[21] See *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("[T]he temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article Ill standing."); *Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020) (a temporary loss of use of one's money constitutes an injury in fact for purposes of Article Ill, since the inability to have and use money to which one is entitled is a concrete injury); *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (holding that delay in reimbursing money is an economic injury, which "is the epitome of concrete" for Article Ill standing purposes).
[22] Houslanger Defendants Objections at 6.

4

challenge to his default judgment did not hold, as the Defendants claim, that the garnishment of Plaintiff's wages was valid. As this Court has previously explained, "the state-court proceedings upon which the defendants seem to rely relate to the validity of McCrobie's underlying debts to Providian Financial and Centurion Capital—not whether the defendants violated the FDCPA in attempting to collect those debts."[23] The state court held that Plaintiff had waited too long and therefore could not challenge the judgment. It did not make any ruling with respect to whether Defendants properly complied with all requirements for valid execution of a judgment.[24]

Finally, Defendants allege that "because Plaintiff had actual notice, he cannot possibly have suffered a concrete injury under the statute because he cannot possibly have been misled or deceived by a lack of notice."[25] But Defendants' assertion that Plaintiff received actual notice is false for the reasons discussed in Part II. Further, Defendants' contention that Plaintiff received actual notice is not unique to Plaintiff, is resolvable as a matter of law, and can be resolved on a class-wide basis.

Plaintiff therefore has standing.

---

[23] *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 249 (W.D.N.Y. 2019).
[24] If the Houslanger Defendants wish to rely on *res judicata* or collateral estoppel to argue that the validity of the garnishment was already decided in a separate proceeding, then they should make the argument rather than waiving their hands in the general direction of a state-court decision that did not address the validity of Defendants' post-judgment execution efforts.
[25] Houslanger Defendants Objections at 4-5.

## II.    Plaintiff has met the requirements for commonality

Fed. R. Civ. P. 23 governs applications to certify a class. Rule 23 is divided

into sections (a) and (b). Because Plaintiff meets the requirements of numerosity,

commonality, typicality, and adequacy, and because common questions predominate

over any individual questions and a class action is superior to other methods to

adjudicate the controversy, the proposed classes should be certified.[26]

Defendants argue that the issue of whether "the proposed class members

received adequate notice of the assignment of their judgments" cannot be a basis for

commonality because Plaintiff "received notice."[27] They point to three ways in which

Plaintiff may have had notice of the assignment: (1) through initial communications

under U.S.C. § 1692g; (2) through Consent to Change Attorney forms in the

underlying state court proceedings and (3) through legal process such as income

executions.[28]

None of these communications satisfy the requirements for a notice of

assignment laid out in *Musah* and subsequent cases. Notices sent pursuant to §

1692g do not satisfy the requirements of notice.[29] Similarly, a notice of a change in

attorney does not adequately inform a judgment debtor that a judgment has been

assigned—especially when almost all class members will have received a default

---

[26] Fed. R. Civ. P. 23(a) and (b)(3).
[27] Houslanger Defendants Objections at 7.
[28] *Id.*
[29] *See Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d at 640 (finding that requirements of Section 1692g "has nothing to do with . . . the requirement to give a debtor notice that the debt has been assigned").

judgment and therefore would not have known that a change of attorney form had even been filed, let alone the significance of such a form. Finally, the execution notice itself cannot prove notice of assignment because notice must come before the new owner of the judgment attempts to collect on it.[30] Regardless, the sufficiency of these purported notices of assignment is a question of law that can be resolved equally as to all class members; it does not present individualized issues that would defeat certification.

In light of this evidence, there is a common answer to the Defendants' question about how Plaintiff can prove that each class member did not receive a notice of assignment: if neither the assignors nor Defendants sent out notices of assignment then there is nothing for the class members to have received.

Defendants also claim that "any purported commonality is subservient to the numerous individualized inquiries that will be required."[31] But the Report found that no individual issues in this case would predominate over the common questions of fact and law presented in this class.[32] Indeed, here, as in any class action, certain defenses or proof may be required of some class members but not others. But, "to prohibit certification of a class on the basis of such speculation" would "wholly

---

[30] *See Rumfelt v. Midland Funding LLC*, No. 18-CV-6420 FPG, 2019 WL 1902784, at *6 (W.D.N.Y. Apr. 29, 2019) ("[A] debtor could state an FDCPA claim against an assignee for conducting collection activities before the debtor had been given notice of assignment." (emphasis added)).

[31] Houslanger Defendants Objections at 8.

[32] Report at 25.

7

negate the utility of the class action device and undermine the policy that Rule 23 is intended to promote."[33]

### III.   There is predominance

Defendants claim that there is a lack of predominance because "there will need to be individualized inquiries into whether each potential class member received noticed in the first place and in what form."[34] The Court, however, has already rejected the argument that there is a need for individualized inquiries in this case.[35] According to the Report, "The record reflected that the Palisades defendants purchased the class members' judgments in a single transaction when they acquired the Great Seneca Portfolio.[36] The Sale and Purchase Agreement expressly stated that it would be the responsibility of Palisades, the buyer or assignee, to send notices to the debtors regarding the assignment of their judgments to Palisades."[37] Palisades did not send adequate notice, to any of the judgment debtors, pursuant to the Sales and Purchase Agreement.[38] Neither the sellers nor assignors ever sent such notices.[39] Further, Palisades never sent a notice of assignment to McCrobie that satisfied the requirements of New York law.[40] Thus,

---

[33] *Id.*
[34] Houslanger Defendants Objections at 10.
[35] Report at 16.
[36] *Id.* at 16-17.
[37] *Id.* at 17.
[38] *Id.*
[39] *Id.*
[40] *Id.*

"there is every indication that Palisades' alleged failure to send notices of assignment to class members is susceptible to class-wide proof."[41]

The Report goes on to explain that, "to the extent that Palisades intends to offer evidence that it did, in fact, send a notice of assignment to McCrobie, such evidence would presumably apply to all or many of the class members whose debts were purchased by Palisades, together with McCrobie's debt, in the Great Seneca Portfolio.[42] Likewise, the issue of whether any purported notices sent by Palisades satisfied the requirements of the FDCPA and/or New York law is a legal argument or defense that would govern each class members' claim in the same manner, and therefore could also be resolved on a class-wide basis."[43]

Thus, there is predominance.

## IV. Plaintiff has satisfied the typicality and adequacy-of-representation requirements

Defendants argue that two issues should "render Plaintiff an inadequate class representative with interests that are antagonistic to the putative class."[44] The first regards their claim Plaintiff lacks standing under Article III.[45] And the second relates to their assertion Plaintiff received actual notice of the assignment of his debt.[46]

---

[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] Houslanger Defendants Objections at 12.
[45] *Id.*
[46] *Id.*

As discussed, Plaintiff has standing under Article III. Defendants attempt to reason that Plaintiff cannot have standing because he and the class did not suffer the same injury.[47] In the Report, however, Magistrate Judge Roemer found that Plaintiff's claims and the proposed class members' claims stem "from the same course of conduct, raise common issues of law and fact, and are based on the same legal theories."[48]

In terms of notice, Defendants point to a letter dated December 21, 2012 as providing Plaintiff with a notice of assignment.[49] Unfortunately for Defendants, Plaintiff testified that he did not recall ever receiving the letter at his house.[50] In addition, the December 21, 2012 letter is insufficient to provide a notice of assignment as a matter of law even if Plaintiff had received the letter. First, the notice of assignment must pre-date all post-judgment collection efforts and the December 21, 2012 letter is itself a post-judgment collection effort. Second, *Musah* noted that the contents of an essentially identical letter had "nothing to do with . . . the requirement to give a debtor notice that the debt has been assigned."[51] Like the many arguments that Defendants raise, however, this goes to the merits of Plaintiff's claims, not whether he had suffered a cognizable injury for purposes of Article III.

---

[47] *Id.*
[48] Report at 15.
[49] Houslanger Defendants Objections at 4.
[50] Deposition of Christopher McCrobie ("McCrobie Dep."), dated September 3, 2020, at 216, 218 (Dkt 163-3).
[51] *Musah*, 962 F. Supp. 2d at 640.

Plaintiff has therefore satisfied the typicality and adequacy of representation requirements.

### V.    A class action is the superior method of adjudicating claims and would be manageable

Defendants argue that a class action is not the superior method to adjudicate the claims in this case because "the need for mini-trials on the resolution of each class member's claims and the applicability of affirmative defenses detracts from the superiority of the class action device."[52] As discussed, Defendants claim that "mini-hearings on the merits of each individual case" are necessary is unfounded. To the contrary, each of the common questions that this case poses are amenable to common answers through class-wide evidence.

Defendants also claim that the "Report ignores the significant individualized issues raised by the Houslanger Defendants that predominate over any common questions."[53] Defendants point to "unique defenses and a myriad of individual inquiries" that will need to be addressed by the Court.[54] As discussed, however, none of the purported individual issues would predominate over the common questions of fact and law presented in this class.

Plaintiff has therefore shown that a class action is the superior method of adjudicating the claims and would be manageable in this case.

---

[52] Houslanger Defendants Objections at 13.
[53] *Id.*
[54] *Id.*

## Conclusion

For the above reasons, the proposed class should be certified.

Date: May 25, 2022

/s/ *Brian L. Bromberg*
Brian L. Bromberg
Attorney for Plaintiff

12