# BROMBERG LAW OFFICE, P.C.

| | |
|---|---|
| Brian L. Bromberg (Admitted in NY & CA) | 352 Rutland Road #1 |
| Joshua Tarrant-Windt, Associate (Admitted in NY) | Brooklyn, NY 11225 |
| | Phone: (212) 248-7906 |
| | Fax:    (212) 248-7908 |

September 13, 2022

<u>VIA ECF</u>
Honorable Lawrence J. Vilardo, U.S.D.J.
United States District Court
Western District of New York
2 Niagara Square
Buffalo, New York 14202

Re:   McCrobie v. Palisades Acquisition XVI, et al.
       Case No. 15-cv-00018-LJV-MJR
       Plaintiff's Response to Defendants Palisades and Asta's August 30 Letter
       <u>Regarding Article III Standing Issue</u>

Dear Judge Vilardo:

      This office, together with co-counsel, represents Plaintiff Christopher McCrobie. I am writing in response to Defendants Palisades and Asta's letter dated August 30, 3022, calling the Court's attention to the recent Fifth Circuit Court of Appeals decision in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, No. 21-50958, ___ F.4th ___, 2022 WL 3355249 (5th Cir. Aug. 15, 2022). Although Defendants did not analyze the case in their letter, it is evident they attached it in order to attempt to undermine Plaintiff's Article III standing argument.

      Plaintiff first notes that *Perez* is an out-of-circuit decision that is not binding on this Court. Even if the Court were to consider *Perez*, however, it would still find that Plaintiff has Article III standing because *McCrobie* is distinguishable from *Perez*. In *Perez*, the Plaintiff had received a letter from the Defendant "demanding that she pay several hundred dollars in delinquent utility debt that she owed to the City of College Station." *Perez*, 2022 WL 3355249, at *1. As it turned out, when the plaintiff had received the letter, the "limitations on that debt had run." *Id.* Because Perez never paid the defendant to satisfy the unenforceable debt, not suffering a monetary harm, and was merely "confused" about the enforceability of the debt, the Fifth Circuit held that Perez did not have standing. *Id.* at *5.

      Here, unlike in *Perez*, McCrobie suffered a monetary harm and was not merely in a state of confusion. As discussed most recently in Plaintiff's Reply to Defendant's Objections to Magistrate Judge's Report and Recommendation, Defendants received over $500 by unlawfully executing on McCrobie's income. ECF No. 212 at 2. Further, Defendants failed to compensate Plaintiff for the time he was

deprived of his money prior to when the default judgment against him was vacated. *Id.* These facts, in addition to Defendants' assertion that they still maintain the right to collect a debt from McCrobie, show that McCrobie suffered an injury-in-fact as a result of the Defendants' unlawful conduct. *Id.*

Given that Plaintiff McCrobie has suffered a concrete injury, this Court should reject any attempt by Defendants to assert that *Perez* defeats Plaintiff's standing.

Respectfully,

*/s/ Brian L. Bromberg*
Brian L. Bromberg

cc: All Counsel of Record (via ECF)